*Summons Issued w*
*H/C att*
ORIGINAL
*H/C to atty.*

*Rec 134138*
*Dauphin Co.*

**In The United States District Court**
**For The Middle District Of Pennsylvania**

# 1:CV-01-1057

| | | |
|---|---|---|
| Barbara A. Wilhelm | : | Civil Action Law |
| | : | |
| Plaintiff, | : | |
| | : | Jury Trial Demanded |
| v. | : | |
| | : | |
| Commonwealth of PA, Pennsylvania State Police, | : | |
| Colonel Paul J. Evanko, Commissioner, | : | |
| Lieutenant Colonel Thomas K. Coury, | : | |
| Captain Michael D. Simmers | : | |
| | | |
| Defendants | | |

**COMPLAINT**

FILED
HARRISBURG

JUN 1 4 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## JURISDICTION

1.    This action is brought to pursuant to 42 U.S.C. §§ 1983 and 1988 redress

violations of plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, and the Equal Pay Act of 1963, 29 U.S.C. § 206 (d), as

well as independent actions under Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e and the Equal Pay Act of 1963, 29 U.S.C. § 206 (d), and the

Pennsylvania Human Relations Act, 43 Pa. C. S § 955, and the Whistleblower Law, 43

Pa. C.S. § 1421 et seq.  The United States District Court for the Middle District of

Pennsylvania has jurisdiction over this cause of action pursuant to 28 U.S.C. § §1331

and 1334, and 42 U.S.C. § 2000e. The United States District Court for the Middle

District of Pennsylvania has supplemental jurisdiction over the pendant state

claim pursuant to 28 U.S.C. § 1367 (a).

VENUE

2.      United States District Court for the Middle District of Pennsylvania is the proper venue for this cause of action by reason of the activities of the defendants complained of herein having occurred in the geographical confines of this Court's jurisdiction.

PARTIES

3.      The plaintiff Barbara A. Wilhelm is an adult female, residing at 1941 Clarks Valley Road Dauphin, Pennsylvania 17018.

4.      The defendant Pennsylvania State Police (hereinafter, "Department") is an executive agency of the Commonwealth of Pennsylvania, with headquarters located at 1800 Elmerton Avenue, Harrisburg, Pennsylvania  17110.

5.      The defendant Colonel Paul J. Evanko (hereinafter, "Colonel Evanko"), an adult male, is currently, and was at all times complained of herein, the Commissioner of the Pennsylvania State Police, with headquarters at 1800 Elmerton Avenue, Harrisburg, Pennsylvania 17110.

6.      The defendant Lieutenant Colonel Thomas K. Coury (hereinafter, "Lt. Colonel Coury"), an adult male, is the Deputy Commissioner of Operations, and was at all times complained of herein, Deputy Commissioner of Administration, Pennsylvania State Police, with headquarters at 1800 Elmerton Avenue, Harrisburg, Pennsylvania 17110.

7.      The defendant Captain Michael D. Simmers (hereinafter, "Captain Simmers"), an adult male, is the Executive Officer to Lt. Colonel Hawthorne N. Conley, Deputy Commissioner of Administration, previously to Lt. Colonel Coury, was at

all times complained of herein, Assistant Legislative Liaison, Legislative Affairs Office of the Pennsylvania State Police, with headquarters at 1800 Elmerton Avenue, Harrisburg, Pennsylvania 17110.

**COUNT ONE**
*Defendants Pennsylvania State Police Department and*
*Colonel Paul J. Evanko, Commissioner*
**Equal Pay Act Violation**

8.      The plaintiff incorporates by reference herein Paragraphs 1 through 7 of this Complaint as fully as though the same were set forth herein at length.

9.      In November 1978, Ms. Wilhelm was hired by the Commonwealth of Pennsylvania, Department of General Services, Bureau of Police and Safety as a Police Officer.

10.     In June 1989, Ms Wilhelm was recruited by the Office of Inspector General, Governor's Office to be a Special Investigator.

11.     As a Special Investigator, Ms. Wilhelm was entrusted with supervising and conducting highly sensitive and complex investigations throughout the Commonwealth of Pennsylvania.

12.     In November 1989, Ms. Wilhelm, through special assignment, was appointed as the first female Director of the Bureau of Police and Safety, which governs Capitol Police operations.

13.     By 1992, Ms. Wilhelm was promoted to Chief of Operations for the Office of Inspector General, Governor's Office.

14.     In September 1996, Ms. Wilhelm was hired by the Pennsylvania State Police as an Intelligence Analyst 2, Analytical Unit, Intelligence Section, Bureau of

Criminal Investigation.

15.    On or about January 10, 1998, Ms. Wilhelm was appointed to the newly created position of Legislative Specialist 1, in the Legislative Affairs Office, an Executive Office in the Pennsylvania State Police.

16.    Captain Simmers, who was titled Assistant Legislative Liaison and classified as a Legislative Liaison 3, was designated as Ms. Wilhelm's' immediate supervisor.

17.    Captain Simmer's immediate supervisor was Major Richard D. A. Morris (hereinafter, "Major Morris"), Director of the Legislative Affairs Office, who was classified as a  Legislative Liaison 3.

18.    Upon Ms. Wilhelm's appointment to the State Police Legislative Office, she began performing many duties that had been performed or were being performed by Captain Simmers and Major Morris.

19.    Upon Ms. Wilhelm's appointment to the State Police Legislative Office, she became responsible for providing training and guidance to Captain Simmers regarding modern office methods and techniques, use of the personal computer, use of software, use of related peripherals, preparation of formal and informal correspondence, articulation of contents of correspondence, and interpretation of office operations.

20.    Captain Simmers regularly and routinely delegated his duties and assignments as Assistant Legislative Liaison to Ms. Wilhelm.

21.    Said duties and assignments included, but were not limited to: researching issues affecting agency operations which require legislative mandate for implementation; providing information and being a liaison between the agency and the

4

General Assembly to explain agency goals and initiatives; conferring with special interest groups, other state agencies, and local government officials to discuss legislative initiatives; analyzing the impact of proposed legislation on agency programs and goals; and developing agency legislative initiatives.

22.    Said duties and assignments are identical to the duties and responsibilities of employees classified as a Legislative Liaison 3. A true and correct copy of the class specifications for the Legislative Liaison 3 is attached as Exhibit "A" and made a part hereof.

23.    On occasions, during the period January 10, 1998 through March 17, 2000, when Captain Simmers was assigned as Acting Director in Major Morris's absence, Captain Simmers was given an increase in pay on the orders of Colonel Evanko and the Department.

24.    On those same occasions when Captain Simmers was assigned as Acting Director in Major Morris's absence, Captain Simmer's delegated his duties and assignments as Acting Director to Ms. Wilhelm, in addition to the other duties delegated to Ms. Wilhelm.

25.    On those same occasions when Captain Simmers was assigned as Acting Director and he delegated those duties to Ms. Wilhelm, she never received a comparable increase in pay.

26.    Following the reassignment of Captain Simmers, during the period March 17, 2000 until Ms. Wilhelm's termination, May 1, 2000, Ms. Wilhelm continued performing the duties of employees classified as a Legislative Liaison 3.

27.    Following the reassignment of Captain Simmers, during the period March

5

17, 2000 until Ms. Wilhelm's termination, May 1, 2000, when Ms. Wilhelm continued performing the duties of employees classified as a Legislative Liaison 3, she was not given any increase in pay.

28.    At all times relevant to this complaint, Ms. Wilhelm's salary was lower than a similarly situated male employee, Ronald E. Plesco, Jr., classified as an Executive Policy Specialist 2 in the Legislative Affairs Office, despite regularly and routinely performing the duties of a Legislative Liaison 3.

29.    The employment practices, as specified hereinbefore, constitute a violation of the Equal Pay Act of 1963, 29 U.S.C. § 206 (d).

30.    As a direct result of the intentional and willful violations of her rights under the Equal Pay Act of 1963, 29 U.S.C. § 206 (d), committed by the defendants, as specified hereinbefore, Ms. Wilhelm has lost wages and other compensation and has suffered embarrassment, humiliation, mental anguish, to her great damage and loss.

31.    As a direct result of the intentional and willful violations of her rights under the Equal Pay Act of 1963, 29 U.S.C. § 206 (d), committed by the defendants, as specified hereinbefore, Ms. Wilhelm has incurred counsel fees and court and other costs in an effort to seek redress for the violations of her civil rights.

32.    As a direct result of the intentional and willful violations of her rights under  the Equal Pay Act of 1963, 29 U.S.C. § 206 (d), committed by the defendants, as specified hereinbefore, the defendants are liable to Ms. Wilhelm for all injuries, damages, losses suffered, and all counsel fees and all costs incurred by Ms. Wilhelm in this action for the deprivation and violation of her civil rights.

33.    As a direct result of the intentional and willful violations of her rights

under the Equal Pay Act of 1963, 29 U.S.C. § 206 (d), committed by the defendants, the defendants are subject to the imposition of damages, including punitive damages, back pay and front pay by this Court.

**WHEREFORE**, the plaintiff, Ms. Wilhelm, demands judgment against the defendants, the Pennsylvania State Police Department and Colonel Paul J. Evanko, Commissioner, in an amount in excess of $100,000, with interest and costs, plus reasonable counsel fees.

COUNT TWO

*Defendants Pennsylvania State Police Department and*
*Colonel Paul J. Evanko, Commissioner*
Equal Pay Violation

34.     The plaintiff incorporates by reference herein Paragraphs 1 through 33 of this Complaint as fully as though the same were set forth herein at length.

35.     The employment practices, as specified hereinbefore, constitute a violation of the Pennsylvania Human Relations Act, 43 Pa. C. S § 955.

36.     As a direct result of the intentional and willful violations of her rights under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the defendants, as specified hereinbefore, Ms. Wilhelm has lost wages and other compensation and has suffered embarrassment, humiliation, and mental anguish, to her great damage and loss.

37.     As a direct result of the intentional and willful violations of her rights under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the defendants, as specified hereinbefore, Ms. Wilhelm has incurred counsel fees and court and other costs in an effort to seek redress for the violations of her civil rights.

38.     As a direct result of the intentional and willful violations of her rights

under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the defendants, as specified hereinbefore, the defendants are liable to Ms. Wilhelm for all injuries, damages, losses suffered, and all counsel fees and all costs incurred by Ms. Wilhelm in this action for the deprivation and violation of her civil rights.

39.     As a direct result of the intentional and willful violations of her rights under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the defendants, the defendants are subject to the imposition of damages, including punitive damages, back pay and front pay by this Court.

**WHEREFORE**, the plaintiff, Ms. Wilhelm, demands judgment against the defendants, the Pennsylvania State Police Department, and Colonel Paul J. Evanko, Commissioner, in an amount in excess of $100,000, with interest and costs, plus reasonable counsel fees.

<u>COUNT THREE</u>
*Defendants Pennsylvania State Police Department,*
*Colonel Paul J. Evanko, Commissioner, and*
*Lieutenant Colonel Thomas K. Coury*
Discriminatory Employment Practices

40.     The plaintiff incorporates by reference herein Paragraphs 1 through 39 of this Complaint as fully as though the same were set forth herein at length.

41.     At all times relevant to this complaint, Ms. Wilhelm was not assigned an automobile.

42.     At all times relevant to this complaint, Mr. Plesco and other similarly situated male employees were assigned an automobile.

43.     At all times relevant to this complaint, Ms. Wilhelm was held accountable for leave usage and attendance.

44.     At all times relevant to this complaint, similarly situated male employees

were not held accountable for leave usage and attendance.

45.     At all times relevant to this complaint, Ms. Wilhelm was required to perform duties outside of her job classification.

46.     At all times relevant to this complaint, similarly situated male employees were not required to perform duties outside of their respective job classifications.

47.     At all times relevant to this complaint, Colonel Evanko prohibited Ms. Wilhelm from attending his staff meetings.

48.     At all times relevant to this complaint, similarly situated male employees were permitted to attend Colonel Evanko's staff meetings.

49.     After July 29, 1999, Ms. Wilhelm was prohibited from attending selected Legislative related functions.

50.     After July 29, 1999, similarly situated male employees were permitted to attend selected Legislative related functions.

51.     From 1998 through May 2000, Ms. Wilhelm submitted correspondence to and/or orally notified the following Department employees of disparate treatment referenced hereinbefore:  Colonel Evanko: Major Morris and Barbara L. Christie Chief Counsel, who each reported to Colonel Evanko; Major Virginia L. Smith-Elliott, Equal Employment Opportunity Office, Major R. Dane Merryman (hereinafter, "Major Merryman"), Director, Bureau of Professional Responsibility, Corporal Garret L. Rain (hereinafter, "Corporal Rain"), Internal Affairs, Central Section, Bureau of Professional Responsibility, Lt. William A. Horgas, Systems and Process Review Division, Central Section, Bureau of Professional Responsibility, Sergeant Janet A. McNeal, Systems and Process Review Division, Central Section, Bureau of Professional Responsibility,

and Stanley Burkholder, Personnel Analyst 3, Bureau of Personnel, who each were under Lt. Colonel Coury's supervision. True and correct copies of correspondence are attached as Exhibits "B", "C", "D", "E" , "F"  and "G" and made a part hereof.

52.    On or about July 1998, Ms. Wilhelm met with Major Merryman and notified him of examples of the disparate treatment referenced hereinbefore.

53.    Captain Simmers learned of Ms. Wilhelm's complaint  to Major Merryman, which is contrary to Department's procedure as set forth in Administrative Regulation - 425.08 Section F, Paragraph 9, regarding notification of subject of investigation.

54.    No like breach of Department procedure was committed with respect to complaints filed by similarly situated male employees.

55.    On or about June 1999, Ms. Wilhelm met with Corporal Rain to discuss and review correspondence addressing the disparate treatment referenced hereinbefore.

56.    Captain Simmers learned of Ms. Wilhelm's complaint to Corporal Rain, which is contrary to Department's procedure as set forth in Administrative Regulation - 425.08 Section F, Paragraph 9, regarding notification of subject of investigation.

57.    No like breach of Department procedure was committed with respect to complaints filed by similarly situated male employees.

58.    Colonel Evanko and Lt. Colonel Coury approved this investigative procedure despite their knowledge that Captain Simmers was found by the Department to have harassed witnesses in a sexual harassment case filed against him and had to be banned from the floor on which the witnesses worked.

59.    Colonel Evanko refused to take any action to remedy the discrimination,

despite Captain Simmers' acknowledgement that he was found to have engaged in sexual harassment and was disciplined by the Department.

60.     On or about September 1999, Major Morris informed Ms. Wilhelm that she was the subject of the review being conducted by the Systems and Process Review Division, Bureau of Professional Responsibility.

61.     The Systems and Process Review Division, Bureau of Professional Responsibility reported to Lt. Colonel Coury.

62.     During the course of the investigation conducted by the Systems and Process Review Division, Ms. Wilhelm identified various Department rules violated by Captain Simmers.

63.     On or about January 12, 2000, Captain Simmers allowed  Ms. Wilhelm to read,  but not copy,  the Executive Summary Report prepared by the Systems and Process Review Division.

64.     Captain Simmers instructed Ms. Wilhelm to direct any response to the report directly to him, despite the fact that the he was the subject of her complaints.

65.     On or about March 16, 2000, Ms. Wilhelm received a written notification from Major Ralph M. Periandi, Director, Bureau of Criminal Investigations, of an adjudication of an investigation prompted by a complaint made by Ms. Wilhelm against Captain Simmers.

66.     The finding of the investigation was that Ms. Wilhelm's charges were unfounded. A true and correct copy of the notification is attached as Exhibit "H" and made a part hereof.

67.     Said adjudication was rendered without notifying Ms. Wilhelm that an

11

investigation was being conducted or contacting her as a complainant and witness, which is in violation of Department Administrative Regulation 425.10, Section D, Paragraph 5.

68.    By way of a memorandum dated January 3, 2000, Ms. Wilhelm notified Colonel Evanko that she was obtaining private legal counsel. A true and correct copy of the memorandum is attached as Exhibit "I" and mad a part hereof.

69.    By way of a memorandum dated July 14, 1999, Ms. Wilhelm notified the Department that complaint information would be discussed with an independent entity within state government.  A true and correct copy of the memorandum is attached as Exhibit "J" and made a part hereof.

70.    On or about May 1999, Ms. Wilhelm contacted Elizabeth S. Shuster, Chief Counsel, Pennsylvania Human Relations Commission to discuss the Department's discriminatory practices.

71.    On or about January 7, 2000, Major Morris retired.

72.    On or about January 19, 2000, Ms. Wilhelm told Linda M. Bonney Director, Bureau of Personnel for the Department, that she was interested in applying for the vacant Director, Legislative Affairs Office position.

73.    On or about January 19, 2000, Ms. Bonney informed Ms. Wilhelm that she was not sure if bids would be accepted for the position and that she had not heard anything about the position.

74.    On or about March 3, 2000, Ms. Wilhelm was required to train Captain Jeffrey Miller ("hereinafter, Captain Miller"), a male, on the duties and responsibilities of the Director for the Legislative Affairs Office.

75.     On or about March 17, 2000, Captain Miller was appointed as the new Director for the Legislative Affairs Office based on the recommendation or direction of the Department and Colonel Evanko.

76.     The Department and Colonel Evanko did not recommend any females for the position of the Director of Legislative Affairs Office.

77.     In March 2000, Ms. Wilhelm learned that the position of Assistant Legislative Liaison would be vacant due to the reassignment of Captain Simmers.

78.     In March 2000, Ms. Wilhelm contacted Ms. Christie and informed her that she was interested in being considered for the vacant Assistant Legislative Liaison position.

79.     Ms. Wilhelm was not given an opportunity to apply for the vacant Assistant Legislative Liaison position.

80.     On or about April 1, 2000, Sergeant William J. McHale, a male, was appointed as Assistant Legislative Liaison by the Department and Colonel Evanko.

81.     On or about April 1, 2000, Ms. Wilhelm was required to train Sergeant McHale on the duties and responsibilities of the Assistant Legislative Liaison.

82.     The employment practices, as specified hereinbefore, constitute a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

83.     As a direct result of the intentional and willful violations of her rights under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, committed by the defendants, as specified hereinbefore, Ms. Wilhelm has lost wages and other compensation and has suffered embarrassment, humiliation, and mental anguish, to her great damage and loss.

84.    As a direct result of the intentional and willful violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, committed by the defendants, as specified hereinbefore, Ms. Wilhelm has incurred counsel fees and court and other costs in an effort to seek redress for the violations of her civil rights.

85.    As a direct result of the intentional and willful violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, committed by the defendants, as specified hereinbefore, Ms. Wilhelm is entitled to be appointed as the Director of the Legislative Office or Assistant Legislative Liaison, and the defendants are liable to Ms. Wilhelm for all injuries, damages, losses suffered, and all counsel fees and all costs incurred by Ms. Wilhelm in this action for the deprivation and violation of her civil rights.

86.    As a direct result of the intentional and willful violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, committed by the defendants, the defendants are subject to the imposition of damages, including punitive damages, back pay and front pay by this Court.

**WHEREFORE**, the plaintiff, Ms. Wilhelm, demands judgment against the defendants, the Pennsylvania State Police Department, Colonel Paul J. Evanko, Commissioner, and Lieutenant Colonel Thomas K. Coury, in an amount in excess of $100,000, with interest and costs, plus reasonable counsel fees, and appointment as Director of the Legislative Office or Assistant Legislative Liaison.

## COUNT FOUR
Pennsylvania State Police Department
Colonel Paul J. Evanko, Commissioner, *and*
Lieutenant Colonel Thomas K. Coury
### Discriminatory Employment Practices

87.    The plaintiff incorporates by reference herein Paragraphs 1 through 86 of this Complaint as fully as though the same were set forth herein at length.

88.    The employment practices, as specified hereinbefore, constitute a violation of the Pennsylvania Human Relations Act, 43 Pa. C. S § 955.

89.    As a direct result of the intentional and willful violations of her rights under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the defendants, as specified hereinbefore, Ms. Wilhelm has lost wages and other compensation and has suffered embarrassment, humiliation, and mental anguish, to her great damage and loss.

90.    As a direct result of the intentional and willful violations of her rights under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the defendants, as specified hereinbefore, Ms. Wilhelm has incurred counsel fees and court and other costs in an effort to seek redress for the violations of her civil rights.

91.    As a direct result of the intentional and willful violations of her rights under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955 committed by the defendants, as specified hereinbefore, Ms. Wilhelm is entitled to be appointed as the Director of the Legislative Office or Assistant Legislative Liaison, and the defendants are liable to Ms. Wilhelm for all injuries, damages, losses suffered, and all counsel fees and all costs incurred, by Ms. Wilhelm in this action for the deprivation and violation of her civil rights.

92.    As a direct result of the intentional and willful violations of her rights

under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the

defendants, the defendants are subject to the imposition of damages, including punitive

damages, back pay and front pay by this Court.

**WHEREFORE**, the plaintiff, Ms. Wilhelm, demands judgment against the

defendants, the Pennsylvania State Police Department, Colonel Paul J. Evanko,

Commissioner Lieutenant Colonel Thomas K. Coury, in an amount in excess of

$100,000, with interest and costs, plus reasonable counsel fees, and appointment as

Director of the Legislative Office or Assistant Legislative Liaison.

<u>COUNT FIVE</u>
*Defendants Pennsylvania State Police Department*
*Colonel Paul J. Evanko, Commissioner,*
*Lieutenant Colonel Thomas K. Coury, and*
*Captain Michael D. Simmers*
Wrongful Discharge and Retaliation

93.    The plaintiff incorporates by reference herein Paragraphs 1 through 92 of

this Complaint as fully as though the same were set forth herein at length.

94.    Colonel Evanko, Lt. Colonel Coury, and Captain Simmers initiated a series

of investigations and administrative actions in an effort to destroy Ms. Wilhelm's career

and in retaliation for making complaints, obtaining private legal counsel, and discussing

complaint information with an independent entity within state government.

95.    No similarly situated male employee was subjected to such investigations

or administrative actions.

96.    At all times relevant to this complaint Ms. Wilhelm received an Employee

Performance Evaluation and was rated "outstanding" in the performance of all duties

assigned to her.  A true and correct copy of her 1998 and 1999 Employee Performance

Evaluations are attached as Exhibits "K" and "L" and made a part hereof.

97.    On May 1, 2000, Ms. Wilhelm's employment was terminated.

98.    The letter of termination given to Ms. Wilhelm provides that the termination was necessary due to the reorganization of the Legislative Office. A true and correct copy of the letter of termination is  attached as Exhibit "M" and made a part hereof.

99.    The Legislative Office did not reorganize.

100.    As early as April 1999, Major Morris asked Ms. Wilhelm to draft a job description to be used to hire a clerical employee. A true and correct copy of the job description is  attached as Exhibit "N" and made a part hereof.

101.    Major Morris told Ms. Wilhelm that she would supervise the clerical person when the position was filled.

102.    From April 1999 until the date of her termination, Ms. Wilhelm was lead to believe she would supervise the clerical employee who was to be hired.

103.    In or about July 2000, a clerical employee was hired.

104.    The Department practice had been to notify employees adversely affected by a reorganization of the date of the reorganization prior to the date of termination.

105.    Ms. Wilhelm was not given advanced notice of her termination.

106.    All males within the Legislative Affairs Office, and Captain Simmers, were given advance notice of Ms. Wilhelm's termination.

107.    Ms. Wilhelm was terminated and less qualified males were hired to perform the duties and responsibilities she had performed since January 10, 1998.

108.    On or about June 15, 2000, Ms. Wilhelm obtained  information disclosing

the true basis for her termination.

109.    On or about June 15, 2000, Ms. Wilhelm learned that her termination was listed as a dismissal in a Pennsylvania State Police Department Directive, Personnel Order 00 -13, dated June 15, 2000. A true and correct copy of Personnel Order 00-13 is attached as Exhibit "O" and made a part hereof.

110.    Said Department Directive was drafted at the direction of the Department and Colonel Evanko.

111.    Said Department was circulated among Department employees.

112.    The designation of a termination as a dismissal is a derogatory designation used to denote a dismissal for cause.

113.    The designation of Ms. Wilhelm's termination as a dismissal was an intentional act designated to publicly humiliate her, destroy her reputation and to discourage other woman from complaining about discriminatory employment practices within the Department.

114.    On or about December 6, 2000, Ms. Wilhelm obtained documents which indicated that the Department entered the code "02200" into the Commonwealth of Pennsylvania's database for personnel actions. True and correct copies of the documents are attached as Exhibit "P" and "Q" and made a part hereof.

115.    All Commonwealth of Pennsylvania hiring managers have access to said personnel database.

116.    On or about March 2001, Ms. Wilhelm learned that code "02200" is routinely used as a means to inform other Commonwealth of Pennsylvania hiring managers that the termination was for cause.

117.    The designation of Ms. Wilhelm's termination as a dismissal was an intentional act designed to publicly humiliate her, destroy her reputation and to prevent her from obtaining employment with other Commonwealth of Pennsylvania agencies.

118.    No similarly situated male employee was terminated in such an intentionally misleading manner.

119.    The Department's stated reason for Ms. Wilhelm's termination - a reorganization of the Legislative Affairs Office - was a pretext for a discriminatory and retaliatory motive.

120.    The defendants retaliated against Ms. Wilhelm for complaining about the discriminatory employment practices.

121.    The employment practices, as specified hereinbefore, constitute a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

122.    As a direct result of the intentional and willful violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, committed by the defendants, as specified hereinbefore, Ms. Wilhelm has lost wages, lost pension benefits, and other compensation and has suffered embarrassment, humiliation, and mental anguish, to her great damage and loss.

123.    As a direct result of the intentional and willful violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, committed by the defendants, as specified hereinbefore, Ms. Wilhelm has incurred counsel fees and court and other costs in an effort to seek redress for the violations of her civil rights.

124.    As a direct result of the intentional and willful violations of her rights

under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, committed by the defendants, as specified hereinbefore, the defendants are liable to Ms. Wilhelm for all injuries, damages, losses suffered, and all counsel fees and all costs incurred, by Ms. Wilhelm in this action for the deprivation and violation of her civil rights.

125.    As a direct result of the intentional and willful violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, committed by the defendants, Ms. Wilhelm is entitled to reinstatement, and the defendants is subject to the imposition of damages, including punitive damages, back pay and front pay by this Court.

**WHEREFORE**, the plaintiff, Ms. Wilhelm, demands judgment against the defendants, the Pennsylvania State Police Department, Colonel Paul J. Evanko, Commissioner, Lieutenant Colonel Thomas K. Coury, Captain Michael D. Simmers, in an amount in excess of $100,000, with interest and costs, plus reasonable counsel fees, and reinstatement.

## COUNT SIX

*Defendants Pennsylvania State Police Department,*
*Colonel Paul J. Evanko, Commissioner*
*Lieutenant Colonel Thomas K. Coury, and*
*Captain Michael D. Simmers*
Wrongful Discharge and Retaliation

126.    The plaintiff incorporates by reference herein Paragraphs 1 through 125 of this Complaint as fully as though the same were set forth herein at length.

127.    The employment practices, as specified hereinbefore, constitute a violation of the Pennsylvania Human Relations Act, 43 Pa. C. S § 955.

128.    As a direct result of the intentional and willful violations of her rights under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the

defendants, as specified hereinbefore, Ms. Wilhelm has lost wages, lost pension benefits and other compensation and has suffered embarrassment, humiliation, and mental anguish, to her great damage and loss.

129.   As a direct result of the intentional and willful violations of her rights under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the defendants, as specified hereinbefore, Ms. Wilhelm has incurred counsel fees and court and other costs in an effort to seek redress for the violations of her civil rights.

130.   As a direct result of the intentional and willful violations of her rights under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the defendants, as specified hereinbefore, the defendants are liable to Ms. Wilhelm for all injuries, damages, losses suffered, and all counsel fees and all costs incurred, by Ms. Wilhelm in this action for the deprivation and violation of her civil rights.

131.   As a direct result of the intentional and willful violations of her rights under the Pennsylvania Human Relations Act, 43 Pa. C. S § 955, committed by the defendants, Ms. Wilhelm is entitled to reinstatement, and the defendants are subject to the imposition of damages, including punitive damages, back pay and front pay by this Court.

**WHEREFORE**, the plaintiff, Ms. Wilhelm, demands judgment against the defendants, the Pennsylvania State Police Department, Colonel Paul J. Evanko, Commissioner, Lieutenant Colonel Thomas K. Coury, and Captain Michael D. Simmers in an amount in excess of $100,000, with interest and costs, plus reasonable counsel fees, and reinstatement.

## COUNT SEVEN
*Defendants Pennsylvania State Police Department and*
*Colonel Paul J. Evanko, Commissioner*
Whistleblower Violation

132.   The plaintiff incorporates by reference herein Paragraphs 1 through 131 of this Complaint as fully as though the same were set forth herein at length.

133.   The employment practices, as specified hereinbefore, constitute a violation of the Whistleblower Law, 43 Pa. C.S. § 1421 et seq.

134.   As a direct result of the intentional and willful violations of her rights under the Whistleblower Law, 43 Pa. C.S. § 1421 et seq., committed by the defendants, as specified hereinbefore, Ms. Wilhelm has lost wages, lost pension benefits and other compensation and has suffered embarrassment, humiliation, and mental anguish, to her great damage and loss.

135.   As a direct result of the intentional and willful violations of her rights under the Whistleblower Law, 43 Pa. C.S. § 1421 et seq., committed by the defendants, as specified hereinbefore, Ms. Wilhelm has incurred counsel fees and court and other costs in an effort to seek redress for the violations of her civil rights.

136.   As a direct result of the intentional and willful violations of her rights under the Whistleblower Law, 43 Pa. C.S. § 1421 et seq., committed by the defendants, as specified hereinbefore, Ms. Wilhelm is entitled to reinstatement, and the defendants are liable to Ms. Wilhelm for all injuries, damages, losses suffered, and all counsel fees and all costs incurred by Ms. Wilhelm in this action for the deprivation and violation of her civil rights.

137.   As a direct result of the intentional and willful violations of her rights under the Whistleblower Law, 43 Pa. C.S. § 1421 et seq., committed by the defendants,

Ms. Wilhelm is entitled to reinstatement, and the defendants are subject to the imposition of damages, including punitive damages, back pay and front pay by this Court.

**WHEREFORE**, the plaintiff, Ms. Wilhelm, demands judgment against the defendants, the Pennsylvania State Police Department and Colonel Paul J. Evanko, Commissioner, in an amount in excess of $100,000, with interest and costs, plus reasonable counsel fees, and reinstatement.

Respectfully Submitted,

Nathan C. Pringle, Jr.
Atty. ID # 30142
3601 N. Progress Avenue
Suite 200
Harrisburg, Pennsylvania 17110
(717) 909-8520
Attorney for Plaintiff

Dated: June 14, 2001

23

07243

05/87

LEGISLATIVE LIAISON 3

DEFINITION:  This is professional liaison and legislative analysis work in facilitating the review and advocacy of legislative initiatives for departments with multiple programs characterized by high public visibility, impact and sensitivity to Commonwealth citizens.

An employe in this class is responsible for planning, organizing and coordinating and integrated program of legislation review, legislation development, and legislative information and advocacy in cooperation and consultation with the Governor's Office of Legislative Affairs.  Work involves the gathering and analysis of program and legislative data; coordinating the development of proposed legislation; providing information to the General Assembly on proposed legislation; recommending legislative strategies to the agency head; and coordinating activities with the Governor's Office.  Work also involves representing the agency at legislative committee meetings and hearings.  Work is performed under the general direction of the agency head who evaluates the work for effectiveness and adherence to departmental goals.

EXAMPLES OF WORK:  Plans, organizes and coordinates a large-scale legislative analysis and liaison program for an agency with multiple programs characterized by high public visibility, impact and sensitivity to Commonwealth citizens.

Advises the agency head of state and federal legislative issues which affect agency programs, and develops agency legislative initiatives to attain goals and objectives.

Analyzes the impacts of proposed legislation on agency programs and goals, and recommends advocacy strategies or alternatives for the consideration of top management in cooperation and consultation with the Governor's Office of Legislative Affairs.

Provides information and liaison between the agency and the General Assembly to explain agency goals and initiatives, including the development of position papers and representing the agency at legislative committee meetings and hearings.

Confers with Governor's Office officials, special interest groups, other state agencies, and local government officials to discuss legislative initiatives and coordinate support activities.

Researches and directs the research of issues affecting agency operations which require legislative mandate for implementation.

Performs related duties as required.


LEGISLATIVE LIAISON 3  (CONTD)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNSYLVANIA STATE POLICE**

**DATE:**          September 13, 1999

**SUBJECT:**       Review of the Legislative Affairs Office

**TO:**            Lieutenant William A. Horgas
                   Commander
                   Systems and Process Review Division, Central Section
                   Bureau of Professional Responsibility

**FROM:**          Barbara A. Wilhelm
                   Legislative Specialist 2
                   Legislative Affairs Office

1.    The purpose of the memorandum is to request a confidential meeting with you and Major Richard D. A. Morris, Director, Legislative Affairs Office, upon the return of Major Morris to the office, and when convenient to both parties.

2.    I am asking for this meeting to bring to your attention matters which involve an enlisted employee within the Legislative Affairs Office.

3.    The matters include but are not limited to the following: gross incompetence, computer illiterate, work hours abuse, absence without submitting leave, use of unearned compensatory time, shirking from responsibility, misuse of state vehicle, failure to perform as a supervisor, temporary assignment to higher rank and failing to meet the minimum experience and training, shifting the burden of responsibility for executing or failing to execute an assignment, improper handling of service weapon, and creating a hostile/harassing work environment.

4.    Additionally, I would like to suggest the review of long distance toll records regarding the routine use of the Centrex line.

5.    Finally, I would like to address the employees alleged physical limitations and the use of the Commissioner's exercise room as a potential liability for the Department and potential Workers' Compensation matter.

6.    Please inform me as to when it would be convenient to discuss these matters.

COMMONWEALTH OF PENNSYLVANIA
PENNSYLVANIA STATE POLICE

DATE:        July 30, 1999

SUBJECT:     Supervisory Responsibility

TO:          Major Richard D. A. Morris
             Director
             Legislative Affairs Office

FROM:        Barbara A. Wilhelm
             Legislative Specialist 2
             Legislative Affairs Office

    1.    I am writing this memorandum in regard to your pre-scheduled vacation leave from Monday, August 2, 1999, through Monday, August 16, 1999. Because of my Whistleblower complaint, I am requesting your consideration, that in your absence, you once-again identify a temporary, supervisor that will not include Captain Michael D. Simmers.

    2.    Thank you for your consideration regarding this sensitive matter.

cc:    File

STD-501X (9-86)

**COMMONWEALTH OF PENNSYLVANIA**

**DATE:**        July 30, 1999

**SUBJECT:**     Supervisory Responsibility

**TO:**          Barbara A. Wilhelm
                 Legislative Specialist 2

**FROM:**        Major Richard D.A. Morris
                 Director
                 Legislative Affairs Office

1.     I am writing in response to your July 30, 1999 subject memorandum.  During my absence, August 2, 1999, through August 16, 1999, Captain Michael D. Simmers will be temporarily assigned to a higher rank, Acting Director, Legislative Affairs Office, per AR 4-11, at the direction of Commissioner Paul J. Evanko.

ℰ

**COMMONWEALTH OF PENNSYLVANIA**
**PENNSYLVANIA STATE POLICE**

**DATE:**      July 19, 1999

**SUBJECT:**   Accountability of Staff

**TO:**        Major Richard D. A. Morris
               Director
               Legislative Affairs Office

**FROM:**      Barbara A. Wilhelm
               Legislative Specialist 2
               Legislative Affairs Office

1.      This memorandum is being submitted to expand on my request to develop a more formal reporting method for the staff members within the Legislative Affairs Office thus making each employee accountable for their own whereabouts.

2.      Since my appointment to the Legislative Affairs Office on January 12, 1998, the accountability of staff has been a very serious problem.

3.      As an employee that routinely remains at the worksite unless pulled away for a work-related reason, I continue to remain the source for Legislative staff to "yell in" and identify the location as to where they are allegedly going.  By the same token, I am routinely the source that employees/visitors go to when they attempt to visit a staff member that is not at their worksite.

4.      I am very uncomfortable with this procedure due to the past practice and pattern of staff not going to the location of where they claim to be going and using that location as an opportunity to go elsewhere.  As an example, an employee that states he is going down to PICS departs and sometime later, a Trooper from PICS comes looking for him, states he was there for only a few minutes and eventually the employee is tracked down sometime later having lunch at his home.   Another common example is an employee stating he is picking–up the mail, departs and does not return to the worksite for 2 ½ hours or later.

5.      Thank you for taking my concerns into consideration.

cc:    File



**COMMONWEALTH OF PENNSYLVANIA**
**PENNSYLVANIA STATE POLICE**

DATE:        December 20, 1998

SUBJECT:     Addendum to Employee Initiated Position Reclassification

TO:          Stanley Burkholder
             Personnel Analyst 3
             Classification and Organizational Development Section
             Bureau of Personnel

FROM:        Barbara A. Wilhelm
             Legislative Specialist 1
             Legislative Affairs Office

1.     This correspondence is based on the recent discussion and review of my classification and your request for pertinent information to be brought to your attention regarding the position.

2.     As requested, a second job description (submitted 12/11/98) reflecting the recent organizational reporting changes in the office, signed by the Director, Legislative Affairs Office, was forwarded for your review. As a direct result of the organizational reporting changes within the Legislative Affairs Office, I am requesting that a Classification Survey of the Legislative Affairs Office be conducted to better recognize the actual duties and responsibilities of each position within the office, prior to arriving at a recommendation for my position.

3.     Additionally, I am bringing to your attention that the (Captain) Assistant Legislative Liaison, Legislative Affairs Office has been communicating that the Commissioner is making the Legislative Specialist position an Administrative Officer 1, pay grade 6 and then will move it up to a pay grade 7. In that the Governor's Management Directive addressing Processing of Reclassification Actions mandates all agencies under the Governor's jurisdiction to conduct, fair, thorough, technically competent and timely review of requests, I can only assume that these communications are malicious and serve no legitimate purpose. This information is being brought to your attention for appropriate action by the Bureau of Personnel and/or as deemed necessary, the Bureau of Professional Responsibility.

cc:    Major Richard D. A. Morris, Director, Legislative Affairs Office

G

**COMMONWEALTH OF PENNSYLVANIA**
**PENNSYLVANIA STATE POLICE**

**DATE:** January 3, 2000

**SUBJECT:** Response to Use of Compensation Leave

**TO:** Major Richard D. A. Morris
Director
Legislative Affairs Office

**FROM:** *Barbara A. Wilhelm*
Barbara A. Wilhelm
Legislative Specialist 2
Legislative Affairs Office

**ENCLOSURE:** (1) Copy of e-mail forwarded to Major Morris for response.

1. On Wednesday, December 8, 1999, at 2:15 p.m. I forwarded an e-mail to you requesting information regarding the use of compensation leave. You had responded by reflecting on the PSP Collective Bargaining Unit and Master Agreement in relation to Annual and Personal Leave. Subsequently, I sent the enclosed e-mail to reiterate, by asking for policy/procedures that you have shared with my co-workers that guide their active participation in the Legislative Affairs Office compensation leave program. To date, I have not received a response.

2. As you are well aware, I routinely work long hours which includes working through break periods, lunch periods and remaining well after the completion of the work day. Historically, I have e-mailed you and on occasion, we have discussed situations that have had a direct affect on me and occurred because Captain Simmers is unfamiliar with office operations and does not access the legislative databases which ultimately results in assignments not be equitably distributed. In essence, I have earned a great deal of compensation leave.

3. I clearly remember both of us meeting with two members of the Pennsylvania State Police, Bureau of Professional Responsibility, Systems and Process Review Division, Central Section where I initiated the topic of compensation leave, of course, in relation to usage by Captain Simmers. The three of you responded in *unison* that there is no compensation leave in the State Police.

STD-501, 9-86

COMMONWEALTH OF PENNSYLVANIA
PENNSYLVANIA STATE POLICE

DATE:        March 14, 2000

SUBJECT:     Personnel Investigation  IAD-1999-663
             Subject: Capt. Michael D. SIMMERS
                      Executive and Administrative Offices

TO:          Barbara A. WILHELM
             Legislative Specialist 2

FROM:        Major Ralph M. PERIANDI
             Director
             Bureau of Criminal Investigation


        1.  The Subject Personnel Investiagtion was initiated following an official complaint filed on your behalf by Mjr. Richard MORRIS (retired).

        2.  After careful review of same it was my determination that the allegations were unfounded.

        3.  This is your official notification of the adjudication of this investigation.  The Subject Personnel Investigation has been closed.

COMMONWEALTH OF PENNSYLVANIA
PENNSYLVANIA STATE POLICE


**DATE:**          January 3, 2000

**SUBJECT:**       Systems and Process Review Division Reports

**TO:**            Major Richard D. A. Morris
                   Director
                   Legislative Affairs Office

**FROM:**          *Barbara A. Wilhelm*
                   Barbara A. Wilhelm
                   Legislative Specialist 2
                   Legislative Affairs Office

**ENCLOSURE:**     (1)    Copy of e-mail forwarded to Major Morris for response.


1.    As you are aware, I forwarded an e-mail to you reminding you that back in November you stated to me that you would provide each staff member with a copy of the response that you prepared relating to the Review done by the Pennsylvania State Police, Bureau of Professional Responsibility, Systems and Process Review Division, Central Section. Thank you for letting me remind you once-again, that to date, I have not received a copy of your response.

2.    Regarding the remaining issues in the enclosed e-mail, specifically, the selective sharing of confidential information with my co-workers by the Department, your statement to me telephonically, that I need to know the Review was about me, and the targeted investigation led by employee Simmers are being addressed by my legal counsel.


cc:    Colonel Paul J. Evanko, Commissioner
       Major Virginia L. Smith-Elliott, Director, Equal Employment Opportunity Office
       File

July 14, 1999

Corporal Garret L. Rain
Internal Affairs Division, Central Section
Bureau of Professional Responsibility
Pennsylvania State Police

Dear Corporal Rain:

This letter is in regard to the complaint that I have prepared under the Whistleblower Law, Act 1986-169.

To ensure the best interest of all parties, the Whistleblower Complaint will be appropriately provided, for impartial review, to an independent entity within State Government.

Sincerely,


Barbara A. Wilhelm
Legislative Specialist 2
Legislative Affairs Office
Pennsylvania State Police

# EMPLOYE PERFORMANCE REVIEW

(Rev. 5-9-)                                                                    020 5006

**GENERAL INFORMATION**

| TYPE REPORT | | | | |
|---|---|---|---|---|
| [X] ANNUAL | | [ ] PROBATIONARY | | [ ] INTERIM |

| | AGENCY | EMPLOYE NUMBER |
|---|---|---|
| **YE NAME**<br>ELM, BARBARA A. | 020 STATE POLICE | 111045 |

| T<br>SPCST 1 | [ ] SUPERVISOR<br>[ ] NON-SUPERVISOR | STATUS<br>[ ] CIVIL SERVICE  [X] NCS |
|---|---|---|

| IZATION<br>LEG LIAISON OFFICE | RATING PERIOD<br>FROM 03/97          TO 03/98 |
|---|---|

## GENERAL INSTRUCTIONS

Verify/Complete General Information.  Indicate whether employe is a supervisor or non-supervisor.

Review the employe's job description for the rating cycle.  Review/discuss job standards (expectations/objectives/duties), to ensure appraisal relates to the specific responsibilities, job assignments and standards which have been conveyed to the employe for the rating cycle.  Update the job description and essential job functions for the next rating cycle.

Indicate when you conveyed job standards to the employe and when progress review(s) was conducted.

Base the appraisal on the employe's performance during the entire review period, not isolated incidences or performance prior to current review period.

The comments sections should be used to: support performance ratings, indicate problem areas and provide guidance to employes on how to improve performance.  Comments MUST be provided for outstanding, needs improvement and unsatisfactory rating, but are highly recommended for all other ratings.  (ATTACH ADDITIONAL 8 1/2 X 11 PAPER IF NEEDED.)

## PERFORMANCE RATING DEFINITIONS

**Outstanding:** Results are achieved on a consistent basis and significantly surpass job standards.

**Commendable:** The employe clearly exceeds job standards on a regular basis and demonstrates a high degree of initiative and quality of work.

**Satisfactory:** The employe meets the standards of the employe's job in a fully adequate manner.

**Needs Improvement:** The employe meets many of the standards of the employe's job in a satisfactory manner.  Improvement is expected.

**Unsatisfactory:** Excessive performance deficiencies exist and must be corrected.

## COMMUNICATION OF PERFORMANCE STANDARDS

Performance standards (objectives, duties, expectations, etc.) for this rating period were conveyed to employe on ___3/23/97___
                               date(s)

Progress Review(s) was conducted on ___3/23/98___ (at least one during rating cycle)
                                        date(s)

## JOB FACTORS

### 5. INTERPERSONAL RELATIONS/AFFIRMATIVE ACTION

This factor measures the employee's demonstrated ability to develop and maintain positive and constructive internal/external relationships. Consideration should be given to the employee's demonstrated willingness to function as a team player, give and receive constructive criticism, resolve conflicts, recognize needs and sensitivities of others and treat others in a fair and equitable manner. Supervisors also are to be assessed on their demonstrated commitment to Affirmative Action.

| OUTSTANDING | COMMENDABLE | SATISFACTORY | NEEDS IMPROVEMENT | UNSATISFACTORY |
|---|---|---|---|---|
| | [X] | | | |
| Consistently promotes and maintains harmonious work environment. Exhibits understanding of needs of others that is reflected in attitude in dealing with them. Is respected and trusted. Actively promotes/adheres to Affirmative Action program activities/requirements. | Maintains cooperative and positive work relationships. Handles conflict constructively. Promotes team work and cooperation, and fair and equitable treatment of others. Promotes/adheres to Affirmative Action program activities and requirements. | Interacts in a cooperative, positive manner. Avoids disruptive behavior. Deals appropriately with anger, frustration, conflict etc. Treats others fairly and equitably. Adheres to Affirmative Action policy/administrative requirements. | Usually gets along with others. Allows personal bias to affect job relationships. Requires occasional reminders regarding needs and sensitivities of others. Does not consistently adhere to Affirmative Action policy/administrative requirements. | Interpersonal relationships are counter productive to work unit functions as described in comments. Generally ignores Affirmative Action policy/administrative requirements. |

Comments:

See Attached.

### 6. WORK HABITS

This factor measures the employee's demonstrated ability to utilize proper conduct, speech and ethical behavior in the work environment. Compliance with Commonwealth/agency/work unit policies and procedures such as attendance, punctuality, safety, security, housekeeping and other norms are assessed, as well as proper care and maintenance of assigned equipment.

| OUTSTANDING | COMMENDABLE | SATISFACTORY | NEEDS IMPROVEMENT | UNSATISFACTORY |
|---|---|---|---|---|
| [X] | | | | |
| Work is planned/organized to cover all phases of job assignments. Work meets/exceeds deadlines and turnarounds. Unusual situations are anticipated. Equipment and supplies are cared for wisely and in accord with procedure. Employe serves as role model for other employes with regard to work rules. | Work is planned/organized to accomplish job assignments effectively and in a timely manner including those of unusual nature. Scheduled meetings/deadlines are met with few exceptions. Personal care is taken in use of equipment, with minimal waste. Employe adheres to organizational rules and procedures. | Work is planned to meet routine volume and timeliness. Employe adheres to organizational work rules and procedures with rare exceptions. Appropriate care is taken in use of equipment. | Organization and planning of work is infrequently demonstrated. Work often requires revisions resulting in decreased productivity or missed deadlines. Employe needs improvement in complying with rules, regulations and/or care of equipment. | Employe regularly fails to meet expected work results due to lack of effective organization, use of equipment or adherence to established rules/regulations. |

Comments:

See Attached.

### 7. SUPERVISION/MANAGMENT

(Required for all supervisors/managers) This factor measures the supervisor's demonstrated ability to assign work responsibility and authority to subordinates, establish monitoring activities and systems to ensure work progresses to completion, ensure compliance with established procedures/regulations, and take corrective action when necessary. It also assesses the supervisor's adherence to or completion of personnel/administrative requirements, i.e. timely performance evaluations, appropriate discipline, managment of overtime, leave etc.

| OUTSTANDING | COMMENDABLE | SATISFACTORY | NEEDS IMPROVEMENT | UNSATISFACTORY |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |
| Manages/supervises employes and work activities to consistently achieve a smooth/timely work flow, high level of quality and quantity. Continuously strives to improve operations, staff and builds team spirit. Strongly complies with personnel/administrative requirements. | Manages/supervises employes to achieve effective and timely work products. Delegates work effectively and appropriately to achieve maximum results. Provides adequate direction and training. Complies with personnel and administrative requirements. | Manages/supervises employes adequately to achieve satisfactory or normal work production and effectiveness. Meets personnel and administrative requirements. | Inconsistent effective supervision or managment of staff. At times, fails to direct/train staff within existing means. Less than adequate quality and quantity of production. Inconsistent adherence to personnel and administrative requirements. | Ineffective supervision or managment of staff. Fails to establish appropriate monitoring/control activities. Production is poor in quality and/or quantity. Often ignores personnel and administrative requirements. |

Comments:

### EMPLOYE PERFORMANCE REVIEW (Barbara A. Wilhelm)

## 1. JOB KNOWLEDGE/SKILLS

You are newly assigned to this position of Legislative Specialist 1, and even though you have only been here a short time (January 10, 1998) you display a thorough knowledge of the position and demonstrate those skills to perform the job. I believe some of this knowledge and skill can be attributed to your seventeen years of previous state employment. The knowledge involving State Police Rules & Regulations will be completely learned in time.

## 2. WORK RESULTS

You can be depended upon to complete any project assigned to you in a professional and timely manner. You exhibit a high quality product that goes beyond normal expectations. Throughout this short rating period you have demonstrated both accuracy and thoroughness while performing your newly assigned duties.

## 3. COMMUNICATIONS

You are extremely talented and proficient in organizing and presenting both written and oral communications. Listening is one area that needs a little work , you are sometimes performing so diligently to get the job done that you do not always hear all the requirements that have been relayed to you.

## 4. INITIATIVE/PROBLEM SOLVING

You are in control of all situations and very action oriented. You also demonstrate exceptional knowledge in identifying and resolving problems. Your planning and organizational skills have assisted in the Legislative Office becoming a very proficient work place.

## 5. INTERPERSONAL RELATIONS/ AFFIRMATIVE ACTION

You have already established a cooperative and positive work relationship within the PSP Legislative Office and with the Staff Members of the General Assembly. However, in your zeal to accomplish a task or get a job completed you sometimes forget the chain of command or the administrative policies and procedures within other organizational segments of the Department. This too will be learned in due time with the Department.

## 6. WORK HABITS

In the short period of time that you have been assigned to the Legislative Office, you consistently exceed the standards for all major responsibilities and objectives. You have also developed sound action plans to accomplish these goals.

## TRAINING AND DEVELOPMENT RECOMMENDATIONS

You have requested and will be attending Computer Training at MPOETC dealing with Power Point Software. I support this and any other training requests along these lines when you can demonstrate that it will assist you in the performance of any of your duties.

## COMMENTS AND SIGNATURES

It has been a real pleasure working with you up to this date and I hope that our working relationship continues on such a positive note in the future. You are a definite asset to this office and to the Department.

This Performance Review was based in part from input received from your prior Supervisor and Bureau Director at my request, due to the fact that you were under their Command for the majority of the past rating period.

AR 4-22
4/10/96

## IDENTIFICATION OF ESSENTIAL JOB FUNCTIONS/ADA

**Employee Name:**  BARBARA ANN WILHELM

**Classification:**    Legislative Specialist 1

**Essential Job Functions:**

1.  Assist members of the General Assembly in dealing with and/or resolving constituent problems involving the department.

2.  Receives and analyzes proposed legislation.  Prepares position papers for the Commissioner's signature.

3.  Seeks clarification of legislative intent and tracks bills through the General Assembly.

4.  Establishes and maintains PC data bases and utilizes various types of office equipment.

5.  Communicates in a clear, concise manner orally and in writing.

_Cpt. M. D. Simmons_                              _5/11/98_
**Supervisor or Manager Signature**                          **Date**

# ANNUAL EMPLOYEE PERFORMANCE REVIEW

Wilhelm, Barbara A.                                    Employee Number 111045

## Employee Comments:

It is gratifying that with the creation of the Legislative Specialist position, the Legislative Office has become a self-contained operation and no longer requires assistance from members within the Bureau of Research and Development and support staff within the Executive Office.

I look forward to the office continuing to expand both in manpower and duties to allow for an increased focus on the academic assignments and the special projects that will enhance the operation and the Department.

Also, I look forward to attending professional training to remain competitive and to ensure professional growth, particularly, in areas of computer technology.

**Intelligence Analyst, Bureau of Criminal Investigation  (Sept. 30, 1996 - Jan. 9, 1998)**

Although this Annual Performance Evaluation partially covers my job classification as an Intelligence Analyst, there were numerous contributions made to the Bureau and the Department that were beyond the scope of my job description.

From March 97 through October 97, eleven Transient Crime Training Classes were administered statewide to approximately 300 law enforcement officers.  The training was unprecedented in the use of the Microsoft Power Point application in preparing customized lesson plans, handouts, computerized graphs, and charts. (Familiarity with the application was self-initiated since the Department was unable to provide equipment or expertise.)

Also, I compiled the first PSP Transient Criminal Activity Report.  The 20-page publication was distributed to law enforcement officers throughout the Commonwealth to include private industry.

Additionally, the first PSP Transient Crime, Press Conference/Training Seminar was administered which included the Commissioner other cabinet officials, speakers and attendees from the private sector.
    (Based on these accomplishments, a "Commissioner's Letter of Appreciation" was received.)

Other Specialized Training Programs were developed to assist the Bureau, which included topics such as: The Intelligence Function, Field Intelligence, and Bureau Management Initiatives.

Finally, I prepared several presentations at the request of the Commissioner for functions both within and outside the agency.

# EMPLOYE PERFORMANCE REVIEW

363+ (Rev. 6/98)

020 5006

| GENERAL INFORMATION | TYPE REPORT | ☐ PROBATIONARY (CS/NCS union covered) | ☐ INTERIM | ☒ ANNUAL |
| | | ☐ PROBATIONARY (CS non-union) | | |

| EMPLOYE NAME | AGENCY | EMPLOYE NUMBER |
|---|---|---|
| WILHELM, BARBARA A. | 020 STATE POLICE | 111045 |

| CLASS TITLE | | STATUS | |
|---|---|---|---|
| LEG SPCST 2 | ☐ SUPERVISOR ☐ NON-SUPERVISOR | ☐ CIVIL SERVICE ☒ NCS ☐ SMS | |

| ORGANIZATION | RATING PERIOD | |
|---|---|---|
| 5006  LEG LIAISON OFFICE | FROM 03/98 | TO 03/99 |

## GENERAL INSTRUCTIONS

Verify/Complete General Information.  Indicate whether employe is a supervisor or non-supervisor.

Review the employe's job description for the rating cycle.  Review/discuss job standards (expectations/objectives/duties), to ensure appraisal relates to the specific responsibilities, job assignments and standards which have been conveyed to the employe for the rating cycle.  Update the job description and essential job functions for the next rating cycle.

Indicate when you conveyed job standards to the employe and when progress review(s) was conducted.

Base the appraisal on the employe's performance during the entire review period, not isolated incidents or performance prior to current review period.

The comments sections should be used to: support performance ratings, indicate problem areas and provide guidance to employes on how to improve performance.  Comments MUST be provided for outstanding, needs improvement and unsatisfactory rating, but are highly recommended for all other ratings.  (ATTACH ADDITIONAL 8 1/2 X 11 PAPER IF NEEDED.)

## PERFORMANCE RATING DEFINITIONS

**Outstanding:** Results are achieved on a consistent basis and significantly surpass job standards.

**Commendable:** The employe clearly exceeds job standards on a regular basis and demonstrates a high degree of initiative and quality of work.

**Satisfactory:** The employe meets the standards of the employe's job in a fully adequate manner.

**Needs Improvement:** The employe meets many of the standards of the employe's job in a satisfactory manner.  Improvement is expected.

**Unsatisfactory:** Excessive performance deficiencies exist and must be corrected.

## COMMUNICATION OF PERFORMANCE STANDARDS

1. Performance standards (objectives, duties, expectations, etc.) for this rating period were conveyed to employe on ___10/12/98___
   date(s)

2. Progress Review(s) was conducted on ___01/20/99___ (at least one during rating cycle)
   date(s)

EMPLOYE NAME:  WILHELM, BARBARA A.                    EMPLOYE NUMBER: 111045      020 5006

## JOB FACTORS

### 5. INTERPERSONAL RELATIONS/EQUAL EMPLOYMENT OPPORTUNITY (EEO)
This factor measures the employe's demonstrated ability to develop and maintain positive and constructive internal/external relationships. Consideration should be given to the employe's demonstrated willingness to function as a team player, give and receive constructive criticism, resolve conflicts, recognize needs and sensitivities of others and treat others in a fair and equitable manner. Supervisors also are to be assessed on their demonstrated commitment to Equal Employment Opportunity.

| OUTSTANDING | COMMENDABLE | SATISFACTORY | NEEDS IMPROVEMENT | UNSATISFACTORY |
|---|---|---|---|---|
| ☐ | ☒ | ☐ | ☐ | ☐ |
| Consistently promotes and maintains harmonious work environment. *Exhibits understanding of needs of others that is reflected in attitude in dealing with them. Is respected and trusted. Actively promotes/adheres to EEO program activities/ requirements. | Maintains cooperative and positive work relationships. Handles conflict constructively. Promotes team work and cooperation, and fair and equitable treatment of others. Promotes/adheres to EEO program activities and requirements. | Interacts in a cooperative, positive manner. Avoids disruptive behavior. Deals appropriately with anger, frustration, conflict etc. Treats others fairly and equitably. Adheres to EEO policy/ administrative requirements. | Usually gets along with others. Allows personal bias to affect job relationships. Requires occasional reminders regarding needs and sensitivities of others. Does not consistently adhere to EEO policy/administrative requirements. | Interpersonal relationships are counter productive to work unit functions as described in comments. Generally ignores EEO policy/administrative requirements. |

Comments:

### 6. WORK HABITS
This factor measures the employe's demonstrated ability to utilize proper conduct, speech and ethical behavior in the work environment. Compliance with Commonwealth/agency/work unit policies and procedures such as attendance, punctuality, safety, security, housekeeping and other norms are assessed, as well as proper care and maintenance of assigned equipment.

| OUTSTANDING | COMMENDABLE | SATISFACTORY | NEEDS IMPROVEMENT | UNSATISFACTORY |
|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ |
| Work is planned/ organized to cover all phases of job assignments. Work meets/ exceeds deadlines and future steps are anticipated. Equipment and supplies are cared for wisely and in accord with procedure. Employe serves as role model for other employes with regard to work rules. | Work is planned/organized to accomplish job assignments effectively and in a timely manner including those of unusual nature. Scheduled meetings/deadlines are met with few exceptions. Personal care is taken in use of equipment, with minimal waste. Employe adheres to organizational rules and procedures. | Work is planned to meet routine volume and timeliness. Employe adheres to organizational work rules and procedures with rare exceptions. Appropriate care is taken in use of equipment. | Organization and planning of work is infrequently demonstrated. Work often requires revisions resulting in decreased productivity or missed deadlines. Employe needs improvement in complying with rules, regulations and/or care of equipment. | Employe regularly fails to meet expected work results due to lack of effective organization, use of equipment or adherence to established rules/regulations. |

Comments:

### 7. SUPERVISION/MANAGEMENT
(Required for all supervisors/managers) This factor measures the supervisor's demonstrated ability to assign work responsibility and authority to subordinates, establish monitoring activities and systems to ensure work progresses to completion, ensure compliance with established procedures/regulations, and take corrective action when necessary. It also assesses the supervisor's adherence to or completion of personnel/administrative requirements, i.e. timely performance evaluations, appropriate discipline, management of overtime, leave etc.

| OUTSTANDING | COMMENDABLE | SATISFACTORY | NEEDS IMPROVEMENT | UNSATISFACTORY |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ |
| Manages/supervises employes and work activities to consistently achieve a smooth/timely work flow, high level of quality and quantity. Continuously strives to improve operations, staff and instills team spirit. Consistently complies with personnel/ administrative requirements. | Manages/supervises employes to achieve effective and timely work products. Delegates work effectively and appropriately to achieve maximum results. Provides adequate direction and training. Complies with personnel and administrative requirements. | Manages/supervises employes adequately to achieve satisfactory or normal work production and effectiveness. Meets personnel and administrative requirements. | Inconsistent effective supervision or management of staff. At times, fails to direct/train staff within existing means. Less than adequate quality and quantity of production. Inconsistent adherence to personnel and administrative requirements. | Ineffective supervision or management of staff. Fails to establish appropriate monitoring/control activities. Production is poor in quality and/or quantity. Often ignores personnel and administrative requirements. |

Comments:

**EMPLOYE PERFORMANCE REVIEW**                              April 19, 1999
**BARBARA A WILHELM**
**EMPLOYE NUMBER 111045**

1.  **JOB KNOWLEDGE/SKILLS**

Ms. Wilhelm has developed a comprehensive knowledge of the Legislative Affairs Office in the fifteen months since her addition to the office. Her understanding to the Vehicle Code, Crimes Code, Rules of Criminal Procedure and ability to research related information has been an asset to the Office operational efficiency. Ms. Wilhelm has mastered the Legislative web site and is preparing to provide a presentation to assist others in locating legislative information. Her organization skills have been key to the creation of historical files and the distribution of information throughout the Department. Ms. Wilhelm is a quick study and is always seeking ways to improve operations and enhance the Legislative Affairs Office.

2.  **WORK RESULTS**

Ms. Wilhelm has demonstrated the ability to ensure work is submitted as complete staff products. She has provided complete bill analysis, timely and accurate. Ms. Wilhelm continues to work on a variety of assignments including maintaining and distributing Legislative Directories, maintaining the national Legislative Affairs Office Directory, as well as maintaining Office files. During this reporting period she has also created and helped present power point presentations for a Troop and Area Commanders Conference and presentation before a House of Representatives committee. Ms. Wilhelm was also instrumental in the recent office relocation, acquisition of equipment, and coordination of the various vendors and workers.

3.  **COMMUNICATIONS**

Ms. Wilhelm communicates well with other members of the Department as well as those outside the Department. She responds promptly to requests. Her written correspondence is clear. Ms. Wilhelm communication skills are strongest in dealing with requests from members of the General Assembly and their staff.

4.  **INITIATIVE/PROBLEM SOLVING**

Ms. Wilhelm continually presents options to enhance the Department's position on legislative and policy issues. She is resourceful, always looking for ways to be more efficient and organize. Ms. Wilhelm looks for issues before they before they become problems and provides ideas for their successful solution. She has recommended several Office initiatives including the National Directory of Legislative Affairs Offices and a informational resource for members of the General Assembly.

Wilhelm
April 19, 1999
Page 2

5.    INTERPERSONAL RELATIONS/AFFIRMATIVE ACTION

Ms. Wilhelm strives to maintain a friendly work environment in the Legislative Affairs Office conducive to productivity and personal growth. She is committed to treating everyone fairly and professionally. There are occasions when personalities have caused friction in her assignments, however, she has completed work assignments aware of individual idiosyncracies and personalities. Ms. Wilhelm has limited patience for individuals who are not committed to their mission or assignment.

6.    WORK HABITS

Ms. Wilhelm complies with work policies and procedures. She is aware of equipment care and maintenance. She consistently exceeds work standards and develops sound action plans for completing assignments. Ms. Wilhelm uses both annual and sick leave judiciously, maintaining a positive balance consistent with the value of the benefit.

7.    SUPERVISION/MANAGEMENT

Not applicable.

TRAINING AND DEVELOPMENT RECOMMENDATIONS

Ms. Wilhelm has attended all mandatory in-service training. During 1998 and 1999 she sought training opportunities related to on-line research and personal computing and has attended Computer Training at the Municipal Police Officers Education and Training Commission. She was also selected to participate in the initial Enterprise Network training and her evaluation of the training was requested. Ms. Wilhelm will be encouraged to continue to seek applicable training opportunities.

RATER COMMENTS

Ms. Wilhelm is a vital and valued part of Office operations. She is constantly looking for ways contribute to the Office and the Department. I am pleased with her work ability and professional talents and was pleased to support her reclassification to Legislative Specialist II.

# ANNUAL EMPLOYEE PERFORMANCE REVIEW

Wilhelm, Barbara A.
Legislative Specialist 2

Employee Number 111045
April 26, 1999

## Employee Comments:

With the recent approval of an additional staff member to the Legislative Affairs Office, I look forward to being able to dedicate more time on special projects and being able to focus on pro-active initiatives that will enhance operations with the Legislative Affairs Office and the Department.

I also look forward to having the time to more aggressively utilize my management experience and my twenty years of State Government experience, which has included working directly with all of the agencies under the Governor's Jurisdiction.

Finally, I look forward to the implementation of the Pennsylvania State Police, Enterprise Network System to allow the Office to significantly increase productivity in operations and enhance our communications with the other state government agencies.

SP 3-346B (7-98)



# PENNSYLVANIA STATE POLICE
### DEPARTMENT HEADQUARTERS
### 1800 ELMERTON AVENUE
### HARRISBURG, PA 17110

April 28, 2000

Ms. Barbara A. Wilhelm
1941 Clarks Valley Road
Dauphin, PA 17018

Dear Ms. Wilhelm:

By the authority of the Commissioner, you are hereby dismissed as a Legislative Specialist 2 with the Legislative Affairs Office, effective the close of business Monday, May 1, 2000.

This dismissal action is necessitated due to the reorganization of the Legislative Affairs Office.

As you are aware, you have an active retirement account under the State Employes' Retirement System. In order to determine your benefit entitlements, you are advised to contact the Harrisburg Regional Counseling Center, 30 North Third Street, Suite 319, Harrisburg, Pennsylvania 17108, telephone number (717) 783-9065, at your convenience to ensure timely processing of your benefits.

Be advised that your health benefits end upon termination of employment. You may qualify for continued coverage provided by the Consolidated Omnibus Budget Reconciliation Act (COBRA). Information regarding these benefits will be forwarded to you directly by the Pennsylvania Benefit Trust Fund.

The Bureau of Personnel will provide, under separate cover, the necessary documents to effect your separation from the Department.

Sincerely,

Linda M. Bonney, Director
Bureau of Personnel



**COMMONWEALTH OF PENNSYLVANIA**
**PENNSYLVANIA STATE POLICE**

**DATE:**          April 7, 1999

**SUBJECT:**      Job Description for Position Classification Clerk Typist 2

**TO:**            Linda M. Bonney
                  Director
                  Bureau of Personnel

**FROM:**          Major Richard D. A. Morris
                  Director
                  Legislative Affairs Office

**ENCLOSURE:**    (1)    Job Description for Position Classification Clerk Typist 2

            1.    Enclosed is the Job Description for the position classification of Clerk Typist 2 in the Legislative Affairs Office.

            2.    If possible, the Legislative Affairs Office is interested in including the following verbiage in the Vacancy Announcement:

                  "preferred knowledge of Microsoft Word Software Application...
                  "preferred knowledge and experience of State Government Operations to include agencies under the Governor's jurisdiction...

            3.    Thank you for your assistance, should you have any questions,  please contact me at 787-1426.

STD-370
REV. 8-93

**JOB DESCRIPTION**

| 1. NAME OF EMPLOYE (LAST NAME FIRST) | | 2. SOCIAL SECURITY NUMBER | 3. REQUEST INITIATED BY |
|---|---|---|---|
| | | | ☐ EMPLOYE |
| | | | ☐ AGENCY |
| | | | ☐ OFFICE OF ADMINISTRATION |

| DEPARTMENT | BUREAU | DIVISION | HEADQUARTERS |
|---|---|---|---|
| State Police | Executive & Administrative Offices | Legislative Affairs Office | Harrisburg |

| PRESENT CLASS TITLE | POSITION NUMBER |
|---|---|
| Clerk Typist 2 | |

**REGULAR SCHEDULE OR HOURS OF WORK**

| DAY ➞ | MON | TUES | WED | THURS | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|
| FROM | 8:30 | a.m. | . . . . . | . . . . . | . . . . . | | |
| TO | | | | | 4:30 | p.m. | |

WORK IS
☒ FULL-TIME   ☐ PART-TIME   ☒ PERMANENT   ☐ TEMPORARY

LENGTH OF LUNCH PERIOD
30 minutes

TOTAL HOURS PER WEEK
37.5

EXPLAIN ROTATION OF SHIFTS (IF ANY)

Describe in detail the work you do, listing the most important duties first. Try to explain your work in a way that someone unfamiliar with your job can understand. (If you use machines or equipment, please list them and the approximate amount of time you use them.) Use as much additional paper (8½ × 11) as you need.

Performs a variety of clerk typist and administrative duties in support of the Legislative Affairs Office.

**50%**    1.    Responsible for answering the Legislative Affairs Office telephone. Answers inquiries made by members of the PA General Assembly and their staff, which include following-through on requests regarding the status of PA Criminal History Checks. Receives and records complete and accurate messages. Some messages may be relaid orally or via voice mail. Telephone calls involving sensitive information are referred to the appropriate staff member. Refers visitors and callers to the appropriate person for handling. Informs visitors and callers who request to set up appointments, of the staff's availability. Schedules, reschedules, and cancels appointments, arranges meetings, notifies the appropriate party and records the necessary information on an appointment calendar.

**10%**    2.    Types general correspondence, letters, memoranda, and interoffice forms from draft and handwritten copy, as prepared by the Legislative Affairs staff. Assists Legislative staff with special projects to include mass distribution of items. Reviews correspondence to ensure adherence to established policies and administrative procedures, general appearance, and appropriate attachments.

**5%**    3.    Opens and sorts the daily mail, makes photocopies as necessary and distributes to the proper individual/bureau/office. Prepares the daily outgoing mail, typing envelopes, prepares the labels, and performs related duties associated with the task.

CERTIFICATION:

I certify that to the best of my knowledge all statements shown above are correct.

| | |
|---|---|
| SIGNATURE OF EMPLOYE | DATE |

**Job Description**

10%     4.     Maintains a variety of files and reports.  Files include House and Senate Members, House and Senate Bills, Analysis files, Act files, Testimony files, Subject matter files, and Regulatory information. Reports include the Biweekly Commissioner's Report to the Governor, Legislative Affairs Office Weekly Report, Legislative Priority Reports, and the Highlight Reports to the Governor.  Purges files and reports as required and maintains office retention schedule based on legislative sessions.

5%     5.     Maintains the reference library of material utilized by Legislative staff. Reference material includes Codes, Digests, Handbooks, Directives, Circulars, Special Orders, and Manuals.

5%     6.     Makes travel arrangements, completes reservations for hotels, and transportation orders. Receives travel expense vouchers, reviews for accuracy and compliance with policy and procedure.

5%     7.     Acquires and maintains books, supplies, and equipment necessary for office operations. Prepares necessary procurement documents for requests for specialized types of equipment or supplies.

5%     8.     Uses various types of office equipment such as personal computer, application software, printer, electronic mail, copier and facsimile machine.

5%     9.     Performs other related duties as required.

SP 3-200 (12-93)

00-13
Personnel Order
June 15, 2000

  

## PENNSYLVANIA STATE POLICE
### DEPARTMENT DIRECTIVE

SUBJECT:    Separations

TO:    Area, Troop and Station Commanders
and Bureau Directors

FROM:    Commissioner

    1. The following personnel terminated services
during May 2000:

        ADAMS          PATRICE     M     Police Communications Operator
                                         Troop J, Lancaster
                                         19900203 Appointed
                                         20000526 Retired

        BRACE          GEORGE      F JR  Cadet
                                         Training & Education
                                         20000424 Enlisted
                                         20000525 Resigned

        CALHOUN        DAVID       J     Cadet
                                         Training & Education
                                         20000424 Enlisted
                                         20000505 Resigned

        CAMPBELL       ALFRED            Captain
                                         Liquor Control Enforcement
                                         19730125 Enlisted
                                         20000526 Retired

        CANEVARI       GILBERT     J II  Corporal
                                         Research & Development
                                         19780622 Enlisted
                                         20000526 Retired

        FOSTER         PATRICK     A     Clerk 2
                                         Liquor Control Enforcement
                                         19980701 Appointed
                                         20000523 Resigned

- 2 -

| | | | |
|---|---|---|---|
| GRAY | EVELYN | V | Clerk Typist 2<br>Liquor Control Enforcement<br>19941116 Appointed<br>20000526 Retired |
| JEFFRIES | JAMES | H | Lieutenant<br>Troop G, Hollidaysburg<br>19610907 Enlisted<br>20000503 Retired |
| MCBREEN | CHARLES | J | Trooper<br>Troop H, Harrisburg<br>19860203 Enlisted<br>20000512 Retired |
| MERCADO | HAYDEE | | Custodial Worker 1<br>Troop M, Bethlehem<br>19990809 Appointed<br>20000516 Resigned |
| NOVAK | EDWARD | JR | Corporal<br>Troop H, Harrisburg<br>19750306 Enlisted<br>20000512 Retired |
| REARICK | CHRISTOPHER | K | Cadet<br>Training & Education<br>20000424 Enlisted<br>20000501 Resigned |
| ROBBINS | WAYNE | J | Maintenance Repairman 1<br>Troop P, Wyoming<br>19721102 Appointed<br>20000526 Retired |
| ROTTMUND | JAMES | F | Corporal<br>Forensic Services<br>19750306 Enlisted<br>20000512 Retired |
| TARTAGLIA | FELIX | A 3D | Police Communications Operator<br>Troop L, Reading<br>19950213 Appointed<br>20000507 Resigned |
| WAGNER | JOHN | W | Applications Developer 2<br>Technology Services<br>19960821 Appointed<br>20000512 Resigned |

- 3 -

| WILHELM | BARBARA | A | Legislative Specialist 2<br>Executive & Admin Offices<br>19960930 Appointed<br>20000501 Dismissed |
| YORTY | PATRICIA | L | Clerk Typist 2<br>Troop J, Lancaster<br>19970121 Appointed<br>20000519 Transferred |

Paul J. Evanko
Colonel    PSP

Distribution "E"

```
PET115                   EMPLOYMENT PERIOD SELECTION                    12/06/00
EMP NUMBER: 111045        ● BARBARA        A        ● WILHELM

EMPMT                                      FROM      TO      LATEST    SELECTION
PER                                                          POS NUM
2      EMPLOYMENT PERIOD                   093096    050100  247008    A
)         STATE POLICE                     093096                      B

1      EMPLOYMENT PERIOD                   111378    100395  125319    C
          EXECUTIVE OFFICES                070389                      D
          GENERAL SERVICES                 111378                      E




   ACTIVE(A) OR INACTIVE(I) EMPMT PER ONLY: _
   TRAN ID: _____        EMPMT PER: __          SELECTION: _        XMIT: _

END OF DATA
```

PETI'16                          DETAILED EMPMT HISTORY SUMMARY                    12/06/00
EMP NUMBER: 111045          ●RBARA        A          ●LHELM
POS NUMBER: 247008          LEG SPCST 2

| TRAN EFF DT | TRAN CODE | TRAN CODE | DPT CD | ORG CD | CLASS CODE | BU CD | E C | E D | T S | TS ST | P S | PY RN | PY SP | LL AL | PAY RATE | P M | RG HR | RGHR OVRD | T E |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 000501 | 02200 | 00000 | 020 | 5006 | 07253 | A3 | F | P | N | 00 | S | 08 | 12 | | 1887.00 | 1 | 75 | .00 | S |
| 000108 | 05500 | 00000 | 020 | 5006 | 07253 | A3 | F | P | N | 00 | S | 08 | 12 | | 1887.00 | 1 | 75 | .00 | S |
| 990701 | 05300 | 00000 | 020 | 5006 | 07253 | A3 | F | P | N | 00 | S | 08 | 11 | | 1847.25 | 1 | 75 | .00 | S |
| 990109 | 05500 | 00000 | 020 | 5006 | 07253 | A3 | F | P | N | 00 | S | 08 | 11 | | 1793.25 | 1 | 75 | .00 | S |
| 981015 | 03300 | 04100 | 020 | 5006 | 07253 | A3 | F | P | N | 00 | S | 08 | 10 | | 1753.50 | 1 | 75 | .00 | S |
| 980701 | 05300 | 00000 | 020 | 5006 | 07252 | A3 | F | P | N | 00 | S | 07 | 12 | | 1606.50 | 1 | 75 | .00 | S |

TRAN ID: _____ TRAN EFF DT (YYMMDD): __ __ __                          XMIT: _

PET116                          DETAILED EMPMT HISTORY SUMMARY                    12/06/00
EMP NUMBER: 111045         ●RBARA        A              ●ILHELM
POS NUMBER: 247008         LEG SPCST 2

| TRAN EFF DT | TRAN CODE | TRAN CODE | DPT CD | ORG CD | CLASS CODE | BU CD | E C | E D | T S | TS ST | P S | PY RN | PY SP | LL AL | PAY RATE | P M | RG HR | RGHR OVRD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 980110 | 05500 | 00000 | 020 | 5006 | 07252 | A3 | F | P | N | 00 | S | 07 | 12 | | 1560.00 | 1 | 75 | .00 |
| 980110 | 03200 | 04300 | 020 | 5006 | 07252 | A3 | F | P | N | 00 | S | 07 | 11 | | 1524.75 | 1 | 75 | .00 |
| 970701 | 05300 | 00000 | 020 | 8215 | 70805 | G4 | F | P | N | 00 | S | 07 | 11 | | 1524.75 | 1 | 75 | .00 |
| 960930 | 05800 | 00000 | 020 | 8215 | 70805 | G4 | F | P | N | 00 | S | 07 | 11 | | 1480.50 | 1 | 75 | .00 |
| 960930 | 01100 | 00000 | 020 | 8215 | 70805 | G4 | F | P | N | 00 | S | 07 | 1 | | 1188.00 | 1 | 75 | .00 |

TRAN ID: _____  TRAN EFF DT (YYMMDD): __ __ __                    XMIT: _

END OF DATA

PET114                      EMPMT HISTORY - PAY DATA                          12/06/00
EMP NUMBER: 111045        ●RBARA        A        ●ILHELM
POS NUMBER: 125319         NAME NOT AVAILABLE

| | TRAN EFF DT | TRAN CODE | TRAN CODE | POS NUMBER | P S | PY RN | PY SP | AC LV | LN LV | P M | PAY RATE | PAY OPTN | PAY FREEZE | TRAN USERID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ) | 951003 | 002100 | 000000 | 125319 | S | 09 | 8 | | | 1 | 1770.00 | 26.08 | | PAM06 |
| | 950703 | 003200 | 004990 | 125319 | S | 09 | 8 | | | 1 | 1770.00 | 26.08 | | PAM09 |
| | 950701 | 005300 | 000000 | 125319 | S | 09 | 8 | | | 1 | 1770.00 | 26.08 | | SYS081 |
| | 950107 | 005500 | 000000 | 125319 | S | 09 | 8 | | | 1 | 1710.00 | 26.08 | | SYS081 |
| | 940701 | 005300 | 000000 | 125319 | S | 09 | 7 | | | 1 | 1672.50 | 26.08 | | PAM19 |
| | 940701 | 003200 | 004990 | 125319 | S | 09 | 7 | | | 1 | 1672.50 | 26.08 | | PAM19 |
| C | 940701 | 005300 | 000000 | 125319 | S | 09 | 7 | | | 1 | 1672.50 | 26.08 | | SYS081 |
| | 940623 | 008000 | 000000 | 125319 | S | 09 | 7 | | | 1 | 1616.25 | 26.08 | | PAM06 |

TRAN ID: _____  TRAN EFF DT (YYMMDD): __ __ __                          XMIT: _

PET1·14                          EMPMT HISTORY - PAY DATA                    12/06/00
EMP NUMBER: 111045          ●BARA        A        ●LHELM
POS NUMBER: 125319          NAME NOT AVAILABLE

| TRAN EFF DT | TRAN CODE | TRAN CODE | POS NUMBER | P S | PY RN | PY SP | AC LV | LN LV | P M | PAY RATE | PAY OPTN | PAY FREEZE | TRAN USERID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 940101 | 005300 | 000000 | 125319 | S | 09 | 7 | | | 1 | 1616.25 | 26.08 | | SYS081 |
| 930701 | 005300 | 000000 | 125319 | S | 09 | 10 | | | 1 | 1584.00 | 26.08 | | SYS081 |
| 930109 | 005500 | 000000 | 125319 | S | 09 | 10 | | | 1 | 1537.50 | 26.08 | | SYS081 |
| 930101 | 005300 | 000000 | 125319 | S | 09 | 9 | | | 1 | 1518.75 | 26.08 | | SYS081 |
| 920727 | 003200 | 004100 | 125319 | S | 09 | 9 | | | 1 | 1496.25 | 26.08 | | PAM02 |
| 920701 | 005300 | 000000 | 125319 | S | 07 | 20 | | | 1 | 1301.25 | 26.08 | | SYS081 |
| 920324 | 008000 | 000000 | 125319 | S | 07 | 20 | | | 1 | 1278.75 | 26.08 | | PAM02 |
| 920111 | 005500 | 000000 | 125319 | S | 07 | 20 | | | 1 | 1278.75 | 26.08 | | PAM02 |

TRAN ID: _____  TRAN EFF DT (YYMMDD): __ __ __                    XMIT: _

PET#14                    EMPMT HISTORY - PAY DATA                    12/06/00
EMP NUMBER: 111045        ●RBARA        A        ●ILHELM
POS NUMBER: 125319        NAME NOT AVAILABLE

| TRAN EFF DT | TRAN CODE | TRAN CODE | POS NUMBER | P S | PY RN | PY SP | AC LV | LN LV | P M | PAY RATE | PAY OPTN | PAY FREEZE | TRAN USERID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 920111 | 005500 | 000000 | 125319 | S | 06 | 20 | | | 1 | 1111.50 | 26.08 | | SYS081 |
| 911218 | 003990 | 004100 | 125319 | S | 07 | 19 | | | 1 | 1263.00 | 26.08 | | PAM02 |
| 910112 | 005500 | 000000 | 125319 | S | 06 | 19 | | | 1 | 1098.00 | 26.08 | | RETRO |
| 910101 | 005300 | 000000 | 125319 | S | 06 | 18 | | | 1 | 1084.50 | 26.08 | | RETRO |
| 900702 | 003200 | 004990 | 125319 | S | 06 | 18 | | | 1 | 1073.25 | 26.08 | | |
| 900701 | 005300 | 000000 | 125271 | S | 06 | 18 | | | 1 | 1073.25 | 26.08 | | |
| 900210 | 004300 | 000000 | 125271 | S | 06 | 18 | | | 1 | 1023.00 | 26.08 | | |
| 900113 | 005500 | 000000 | 125271 | S | 06 | 18 | | | 1 | 1023.00 | 26.08 | | |

TRAN ID: _____ TRAN EFF DT (YYMMDD): __ __ __                    XMIT: _

PET114                           EMPMT HISTORY - PAY DATA                        12/06/0(
EMP NUMBER: 111045          ●RBARA        A          ●ILHELM
POS NUMBER: 125319          NAME NOT AVAILABLE

| TRAN EFF DT | TRAN CODE | TRAN CODE | POS NUMBER | P S | PY RN | PY SP | AC LV | LN LV | P M | PAY RATE | PAY OPTN | PAY FREEZE | TRAN USERID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 890703 | 003100 | 004990 | 125271 | S | 06 | 17 | | | 1 | 1010.25 | 26.08 | | |
| 890701 | 005300 | 000000 | 106935 | S | 06 | 17 | | | 1 | 1010.25 | 26.08 | | |
| 890616 | 003200 | 004100 | 106935 | S | 38 | D | | | 1 | 954.75 | 26.08 | | |
| 881104 | 005500 | 000000 | 120727 | L | 30 | H | | 11 | 1 | 905.60 | 26.08 | | |
| 880701 | 005300 | 000000 | 120727 | L | 30 | H | | 10 | 1 | 901.60 | 26.08 | | |
| 870701 | 005300 | 000000 | 120727 | L | 30 | H | | 9 | 1 | 850.40 | 26.08 | | |
| 860701 | 005300 | 000000 | 120727 | L | 30 | H | | 9 | 1 | 822.40 | 26.08 | | |
| 860610 | 005500 | 000000 | 120727 | L | 30 | H | | 9 | 1 | 790.40 | 26.08 | | |

TRAN ID: _____ TRAN EFF DT (YYMMDD): __ __ __                              XMIT: _

PET114                          EMPMT HISTORY - PAY DATA                    12/06/00
EMP NUMBER: 111045              BARBARA         A          WILHELM
POS NUMBER: 125319             NAME NOT AVAILABLE

| TRAN EFF DT | TRAN CODE | TRAN CODE | POS NUMBER | P S | PY RN | PY SP | AC LV | LN LV | P M | PAY RATE | PAY OPTN | PAY FREEZE | TRAN USERID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 860214 | 005500 | 000000 | 120727 | L | 30 | 1 | | | 1 | 790.40 | 26.08 | | |
| 850701 | 005300 | 000000 | 120727 | L | 30 | H | | | 1 | 764.00 | 26.08 | | |
| 850201 | 005100 | 000000 | 120727 | L | 30 | H | | | 1 | 738.40 | 26.08 | | |
| 840701 | 005300 | 000000 | 120727 | L | 30 | G | | | 1 | 708.80 | 26.08 | | |
| 840102 | 005300 | 000000 | 120727 | S | 30 | G | | | 1 | 688.00 | 26.08 | | |
| 840101 | 005300 | 000000 | 120727 | S | 30 | G | | | 1 | 688.00 | 26.08 | | |
| 831111 | 005100 | 000000 | | S | 30 | G | | | 1 | 674.40 | | | |
| 830901 | 005300 | 000000 | | S | 30 | F | | | 1 | 644.80 | | | |

TRAN ID: _____ TRAN EFF DT (YYMMDD): __ __ __                          XMIT: _

END OF DATA

PET114                          EMPMT HISTORY - PAY DATA
EMP NUMBER: 111045          ● RBARA          A          ● ILHELM
POS NUMBER: 125319            NAME NOT AVAILABLE

| TRAN EFF DT | TRAN CODE | TRAN CODE | POS NUMBER | P S | PY RN | PY SP | AC LV | LN LV | P M | PAY RATE | PAY OPTN | PAY FREEZE | TRAN USERID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 830708 | 005300 | 000000 | | S | 30 | D | | | 1 | 644.80 | | | |
| 821112 | 005100 | 000000 | | S | 30 | D | | | 1 | 644.80 | | | |
| 820701 | 005300 | 000000 | | S | 30 | C | | | 1 | 618.40 | | | |
| 811113 | 005100 | 000000 | | S | 30 | C | | | 1 | 572.80 | | | |
| 810701 | 005300 | 000000 | | S | 30 | B | | | 1 | 552.00 | | | |
| 801114 | 005100 | 000000 | | S | 30 | B | | | 1 | 511.20 | | | |
| 800701 | 005300 | 000000 | | S | 30 | A | | | 1 | 492.80 | | | |
| 791102 | 005100 | 000000 | | S | 30 | A | | | 1 | 467.20 | | | |

TRAN ID: _____ TRAN EFF DT (YYMMDD): __ __ __                    XMIT: _

END OF DATA

```
PET.114                    EMPMT HISTORY - PAY DATA                    12/06/0
EMP NUMBER: 111045          ●ARBARA        A          ●ILHELM
POS NUMBER: 125319          NAME NOT AVAILABLE
```

| TRAN EFF DT | TRAN CODE | TRAN CODE | POS NUMBER | P S | PY RN | PY SP | AC LV | LN LV | P M | PAY RATE | PAY OPTN | PAY FREEZE | TRAN USERID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 790701 | 005300 | 000000 | | S | 30 | S | | | 1 | 451.20 | | | |
| 790512 | 008000 | 000000 | | S | 30 | S | | | 1 | 428.00 | | | |
| 790101 | 005300 | 000000 | | S | 30 | S | | | 1 | 428.00 | | | |
| 781113 | 008000 | 000000 | | S | 30 | S | | | 1 | 417.60 | | | |
| 781113 | 001100 | 000000 | | S | 30 | S | | | 1 | 391.50 | | | |

```
TRAN ID: _____  TRAN EFF DT (YYMMDD): __ __ __                    XMIT: _

END OF DATA
```

OFFICE OF ADMINISTRATION
BUREAU OF PERSONNEL
JANUARY 25, 1996
REVISED MARCH 3, 2000

## TRANSACTION CODES AND SPECIAL FACTORS
### EMPLOYEE/POSITION & EMPLOYMENT HISTORY UPDATE PROCESSING SYSTEMS

| CODE | TRANSLATION |
|------|-------------|

**001100**   APPOINTMENT

(795)

| | |
|---|---|
| *AA | APPOINTMENT ABOVE MINIMUM |
| *AC | HOURLY RATE - PREVIOUS POSITION |
| AD | COMMONWEALTH ANNUITANT |
| AE | FURLOUGH RIGHTS EXPIRES |
| AN | MOVE UNDER THE GOVERNOR'S JURISDICTION |
| AO | CIVIL SERVICE REINSTATEMENT |
| AP | PRIOR COMMONWEALTH SERVICE |
| AQ | FURLOUGHEE MADE WHOLE |
| | * ONE IS MANDATORY FOR APPTS ABOVE MINIMUM |

796

**001200**   RE-EMPLOY-ADJUDICATION

| | |
|---|---|
| *AA | APPOINTMENT ABOVE MINIMUM |
| *AC | HOURLY RATE - PREVIOUS POSITION |
| AF | UNION ARBITRATION |
| AG | GRIEVANCE |
| AH | CIVIL SERVICE COMMISSION ORDER |
| AI | COURT ORDER |
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| AQ | FURLOUGHEE MADE WHOLE |
| | * ONE IS MANDATORY FOR APPTS ABOVE MINIMUM |

**001300**   RE-EMPLOY - PLACE, RECALL, PREFERENCE

| | |
|---|---|
| *AA | APPOINTMENT ABOVE MINIMUM |
| *AC | HOURLY RATE - PREVIOUS POSITION |
| AK | FURLOUGH PLACEMENT |
| AL | FURLOUGH RECALL |

| CODE | TRANSLATION |
|---|---|
| | AM  FURLOUGH PREFERENCE LIST |
| | AQ  FURLOUGHEE MADE WHOLE |
| | AR  FURLOUGH - OPTIONAL LIST |
| | *ONE IS MANDATORY FOR APPTS ABOVE MINIMUM |
| 001108 | |
| | |
| 001208 | CANCELLATION OF AN APPOINTMENT |
| | |
| 001308 | |
| | AH  CIVIL SERVICE COMMISSION ORDER |
| | BA  WITH NOTICE |
| | BF  FAILURE TO QUALIFY - CIVIL SERVICE |
| | BG  FAILURE/LOSS OF JOB QUALIFICATIONS |
| | FTR  FAILED TO REPORT FOR EMPLOYMENT |
| | |
| 002100 | VOLUNTARY RESIGNATION |
| | BA  WITH NOTICE |
| | BB  WITHOUT NOTICE |
| | BC  IN LIEU OF FURLOUGH |
| | BCR  COMPROMISE AND RELEASE NEGOTIATED |
| | BE  ABANDONMENT |
| | BS  MOVE NOT UNDER THE GOVERNOR'S JURISDICTION |
| | BU  IN LIEU OF REMOVAL |
| | CB  GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| | UP  TRANSACTION PROCESS INITIATED LATE – VARIOUS REASONS |
| | |
| 002200 | DISMISSAL/REMOVAL |
| | AH  CIVIL SERVICE COMMISSION ORDER |
| | BD  DURING PROBATIONARY PERIOD |
| | BE  ABANDONMENT |
| | BF  FAILURE TO QUALIFY - CIVIL SERVICE |
| | BG  FAILURE/LOSS OF JOB QUALIFICATIONS |
| | BH  DEFAULT - PHEAA LOAN |
| | BI  COURT MARTIAL |
| | BPR  WORK - RELATED INJURY CANNOT RETURN FULL DUTY |
| | BW  UNSATISFACTORY PERFORMANCE |
| | BWA  UNSATISFACTORY PERFORMANCE-ATTENDANCE/DEPENDABILITY |

| **CODE** | | **TRANSLATION** |
|---|---|---|
| | BX | UNSPECIFIED |
| | BY | CRIMINAL CHARGES/CONDUCT |
| | UP | TRANSACTION PROCESS INITIATED LATE – VARIOUS REASONS |
| 002300 | | FURLOUGH |
| | BJ | LACK OF WORK |
| | BK | LACK OF FUNDS |
| | OOR | OTHER OPERATIONAL REASONS |
| | UP | TRANSACTION PROCESS INITIATED LATE – VARIOUS REASONS |
| 002400 | | COMPLETE SPECIFIC EMPLOYMENT PERIOD |
| | BA | WITH NOTICE |
| | BB | WITHOUT NOTICE |
| | UP | TRANSACTION PROCESS INITIATED LATE – VARIOUS REASONS |
| 002500 | | DEATH |
| | BL | NON - WORK RELATED |
| | BM | WORK RELATED - LINE OF DUTY |
| | BN | WORK RELATED - NOT LINE OF DUTY |
| | UP | TRANSACTION PROCESS INITIATED LATE – VARIOUS REASONS |
| 002600 | | RETIREMENT |
| | BC | IN LIEU OF FURLOUGH |
| | BCR | COMPROMISE AND RELEASE NEGOTIATED |
| | BO | AGE |
| | BP | WORK RELATED DISABILITY |
| | BPR | WORK - RELATED INJURY CANNOT RETURN FULL DUTY |
| | BQ | YEARS OF SERVICE |
| | BR | SPECIAL LEGISLATION |
| | BRD | ACT 1994 - 29-30 YEARS ANY AGE |
| | BT | NON-WORK RELATED DISABILITY |
| | BU | IN LIEU OF REMOVAL |
| | UP | TRANSACTION PROCESS INITIATED LATE – VARIOUS REASONS |

* AT LEAST ONE SPECIAL FACTOR CODE MUST BE PRESENT FOR ALL SEPARATION

3

| **CODE** | | **TRANSLATION** |
|---|---|---|
| **002108** | AF | UNION ARBITRATION |
| **002208** | AG | GRIEVANCE |
| **002308** | AH | CIVIL SERVICE COMMISSION ORDER |
| **002408** | AI | COURT ORDER |
| **002508** | AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| **002608** | AK | FURLOUGH PLACEMENT |
| | AL | FURLOUGH RECALL |
| | AM | FURLOUGH PREFERENCE LIST |
| | AO | CIVIL SERVICE REINSTATEMENT |
| | AQ | FURLOUGHEE MADE WHOLE |
| | BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |
| | *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |
| **003100/004100** | | TRANSFER BETWEEN DEPARTMENTS AND PROMOTION |
| | AF | UNION ARBITRATION |
| | AG | GRIEVANCE |
| | AH | CIVIL SERVICE COMMISSION ORDER |
| | AI | COURT ORDER |
| | AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| | AQ | FURLOUGHEE MADE WHOLE |
| | CA | REASSIGN WITH CIVIL SERVICE STATUS |
| | CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| | CC | PROMOTION LIST |
| | CD | EMPLOYMENT LIST |
| | CE | END OF TRAINING WITHOUT EXAMINATION |
| | CF | MERITORIOUS SERVICE WITHOUT EXAMINATION |
| | CG | PROMOTION VIA DEMOTION WITHOUT EXAMINATION |
| | CH | REINSTATEMENT |
| | CK | VIA PLACEMENT DUE TO FURLOUGH |
| | CL | TO VACANCY |
| | CO | NOT UNDER GOVERNOR'S JURISDICTION |
| | CP | VOLUNTARY |
| | CQ | INVOLUNTARY |
| | CR | VOLUNTARY DUE TO FURLOUGH |
| | CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
| | *CZP* | PROMOTION PAY INCREASE EXCEEDS PAY RULES |
| | *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

| CODE | TRANSLATION |
|------|-------------|

**003100/004200**    TRANSFER BETWEEN DEPARTMENTS AND DEMOTION

| | |
|------|-------------|
| AF | UNION ARBITRATION |
| AG | GRIEVANCE |
| AH | CIVIL SERVICE COMMISSION ORDER |
| AI | COURT ORDER |
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| AQ | FURLOUGHEE MADE WHOLE |
| CA | REASSIGN WITH CIVIL SERVICE STATUS |
| CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| CD | EMPLOYMENT LIST |
| CH | REINSTATEMENT |
| CK | VIA PLACEMENT DUE TO FURLOUGH |
| CL | TO VACANCY |
| CO | NOT UNDER GOVERNOR'S JURISDICTION |
| CP | VOLUNTARY |
| CQ | INVOLUNTARY |
| CR | VOLUNTARY DUE TO FURLOUGH |
| CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
| CT | SECTION 99.42 CIVIL SERVICE RULES |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**003100/004300**    TRANSFER BETWEEN DEPARTMENTS AND REASSIGNMENT - DIFFERENT CLASS BUT SAME MAXIMUM PAY RATE

| | |
|------|-------------|
| AF | UNION ARBITRATION |
| AG | GRIEVANCE |
| AH | CIVIL SERVICE COMMISSION ORDER |
| AI | COURT ORDER |
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| AQ | FURLOUGHEE MADE WHOLE |
| CA | REASSIGN WITH CIVIL SERVICE STATUS |
| CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| CD | EMPLOYMENT LIST |
| CH | REINSTATEMENT |
| CK | VIA PLACEMENT DUE TO FURLOUGH |
| CL | TO VACANCY |
| CO | NOT UNDER GOVERNOR'S JURISDICTION |
| CP | VOLUNTARY |

| CODE | | TRANSLATION |
|------|---|-------------|

|  | CQ | INVOLUNTARY |
|  | CR | VOLUNTARY DUE TO FURLOUGH |
|  | CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
|  | *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**003100/004990**   TRANSFER BETWEEN DEPARTMENTS AND REASSIGNMENT - SAME CLASS

|  | AF | UNION ARBITRATION |
|  | AG | GRIEVANCE |
|  | AH | CIVIL SERVICE COMMISSION ORDER |
|  | AI | COURT ORDER |
|  | AJ | PA HUMAN RELATIONS COMMISSION ORDER |
|  | AQ | FURLOUGHEE MADE WHOLE |
|  | CA | REASSIGN WITH CIVIL SERVICE STATUS |
|  | CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
|  | CD | EMPLOYMENT LIST |
|  | CK | VIA PLACEMENT DUE TO FURLOUGH |
|  | CL | TO VACANCY |
|  | CO | NOT UNDER GOVERNOR'S JURISDICTION |
|  | CP | VOLUNTARY |
|  | CQ | INVOLUNTARY |
|  | CR | VOLUNTARY DUE TO FURLOUGH |
|  | CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
|  | CZR | REASSIGNMENT SAME PAY SCHEDULE CHANGE TO STEP |
|  | *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**003200/004100**   TRANSFER BETWEEN ORGANIZATIONS, SAME DEPARTMENT AND PROMOTION

|  | AF | UNION ARBITRATION |
|  | AG | GRIEVANCE |
|  | AH | CIVIL SERVICE COMMISSION ORDER |
|  | AI | COURT ORDER |
|  | AJ | PA HUMAN RELATIONS COMMISSION ORDER |
|  | AQ | FURLOUGHEE MADE WHOLE |
|  | CA | REASSIGN WITH CIVIL SERVICE STATUS |
|  | CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
|  | CC | PROMOTION LIST |
|  | CD | EMPLOYMENT LIST |

| CODE | TRANSLATION |
|------|-------------|

|     |     |
|-----|-----|
| CE  | END OF TRAINING WITHOUT EXAMINATION |
| CF  | MERITORIOUS SERVICE WITHOUT EXAM |
| CG  | PROMOTION VIA DEMOTION WITHOUT EXAM |
| CH  | REINSTATEMENT |
| CJ  | VIA BUMP DUE TO FURLOUGH |
| CK  | VIA PLACEMENT DUE TO FURLOUGH |
| CL  | TO VACANCY |
| CP  | VOLUNTARY |
| CQ  | INVOLUNTARY |
| CR  | VOLUNTARY DUE TO FURLOUGH |
| CS  | AFTER FURLOUGH/CONTRACT OR CS RULES |
| *CZP* | PROMOTION PAY INCREASE EXCEEDS PAY RULES |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**003200/004200**     TRANSFER BETWEEN ORGANIZATIONS IN SAME DEPARTMENT AND DEMOTION

|     |     |
|-----|-----|
| AF  | UNION ARBITRATION |
| AG  | GRIEVANCE |
| AH  | CIVIL SERVICE COMMISSION ORDER |
| AI  | COURT ORDER |
| AJ  | PA HUMAN RELATIONS COMMISSION ORDER |
| AQ  | FURLOUGHEE MADE WHOLE |
| CA  | REASSIGN WITH CIVIL SERVICE STATUS |
| CB  | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| CD  | EMPLOYMENT LIST |
| CH  | REINSTATEMENT |
| CJ  | VIA BUMP DUE TO FURLOUGH |
| CK  | VIA PLACEMENT DUE TO FURLOUGH |
| CL  | TO VACANCY |
| CM  | VIA RECALL |
| CP  | VOLUNTARY |
| CQ  | INVOLUNTARY |
| CR  | VOLUNTARY DUE TO FURLOUGH |
| CS  | AFTER FURLOUGH/CONTRACT OR CS RULES |
| CT  | SECTION 99.42 CIVIL SERVICE RULES |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**CODE**                **TRANSLATION**

003200/004300           TRANSFER BETWEEN ORGANIZATIONS IN SAME DEPARTMENT AND
                        REASSIGNMENT-DIFFERENT CLASS BUT SAME MAXIMUM PAY RATE

                        AF    UNION ARBITRATION
                        AG    GRIEVANCE
                        AH    CIVIL SERVICE COMMISSION ORDER
                        AI    COURT ORDER
                        AJ    PA HUMAN RELATIONS COMMISSION ORDER
                        AQ    FURLOUGHEE MADE WHOLE
                        CA    REASSIGN WITH CIVIL SERVICE STATUS
                        CB    GRANTED CIVIL SERVICE LEAVE OF ABSENCE
                        CD    EMPLOYMENT LIST
                        CH    REINSTATEMENT
                        CJ    VIA BUMP DUE TO FURLOUGH
                        CK    VIA PLACEMENT DUE TO FURLOUGH
                        CL    TO VACANCY
                        CM    VIA RECALL
                        CP    VOLUNTARY
                        CQ    INVOLUNTARY
                        CR    VOLUNTARY DUE TO FURLOUGH
                        CS    AFTER FURLOUGH/CONTRACT OF CS RULES
                        *GNP*  LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T

003200/004990           TRANSFER BETWEEN ORGANIZATIONS IN SAME DEPARTMENT AND
                        REASSIGNMENT - SAME CLASS

                        AF    UNION ARBITRATION
                        AG    GRIEVANCE
                        AH    CIVIL SERVICE COMMISSION ORDER
                        AI    COURT ORDER
                        AJ    PA HUMAN RELATIONS COMMISSION ORDER
                        AQ    FURLOUGHEE MADE WHOLE
                        CA    REASSIGN WITH CIVIL SERVICE STATUS
                        CB    GRANTED CIVIL SERVICE LEAVE OF ABSENCE
                        CD    EMPLOYMENT LIST
                        CJ    VIA BUMP DUE TO FURLOUGH
                        CK    VIA PLACEMENT DUE TO FURLOUGH
                        CL    TO VACANCY
                        CM    VIA RECALL
                        CP    VOLUNTARY

8

| <u>CODE</u> | <u>TRANSLATION</u> |
|---|---|
| | |
| CQ | INVOLUNTARY |
| CR | VOLUNTARY DUE TO FURLOUGH |
| CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
| CZ | MANAGEMENT EMPLOYEE TEMP TO HIGHER LEVEL WITHIN GRADE DEPT 011 ONLY |
| CZR | REASSIGNMENT SAME PAY SCHEDULE CHANGE TO PAY STEP |
| PR | DEPARTMENT RE-ORGANIZATION |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

| 003300/004100 | TRANSFER BETWEEN FUNCTIONS, SAME DEPARTMENT OR ORGANIZATION AND PROMOTION |
|---|---|
| | |
| AF | UNION ARBITRATION |
| AG | GRIEVANCE |
| AH | CIVIL SERVICE COMMISSION ORDER |
| AI | COURT ORDER |
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| AQ | FURLOUGHEE MADE WHOLE |
| CA | REASSIGN WITH CIVIL SERVICE STATUS |
| CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| CC | PROMOTION LIST |
| CD | EMPLOYMENT LIST |
| CE | END OF TRAINING WITHOUT EXAMINATION |
| CF | MERITORIOUS SERVICE WITHOUT EXAM |
| CG | PROMOTION VIA DEMOTION WITHOUT EXAM |
| CH | REINSTATEMENT |
| CI | VIA RECLASS |
| CJ | VIA BUMP DUE TO FURLOUGH |
| CK | VIA PLACEMENT DUE TO FURLOUGH |
| CL | TO VACANCY |
| CP | VOLUNTARY |
| CQ | INVOLUNTARY |
| CR | VOLUNTARY DUE TO FURLOUGH |
| CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
| *CZP* | PROMOTION PAY INCREASE EXCEEDS PAY RULES |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

| **CODE** | **TRANSLATION** |
|---|---|
| 003300/004200 | TRANSFER BETWEEN FUNCTIONS IN SAME DEPARTMENT OR ORGANIZATION AND DEMOTION |

| | |
|---|---|
| AF | UNION ARBITRATION |
| AG | GRIEVANCE |
| AH | CIVIL SERVICE COMMISSION ORDER |
| AI | COURT ORDER |
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| AQ | FURLOUGHEE MADE WHOLE |
| CA | REASSIGN WITH CIVIL SERVICE STATUS |
| CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| CD | EMPLOYMENT LIST |
| CH | REINSTATEMENT |
| CI | VIA RECLASS |
| CJ | VIA BUMP DUE TO FURLOUGH |
| CK | VIA PLACEMENT DUE TO FURLOUGH |
| CL | TO VACANCY |
| CM | VIA RECALL |
| CP | VOLUNTARY |
| CQ | INVOLUNTARY |
| CR | VOLUNTARY DUE TO FURLOUGH |
| CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
| CT | SECTION 99.42 CIVIL SERVICE RULES |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

| | |
|---|---|
| 003300/004300 | TRANSFER BETWEEN FUNCTIONS IN SAME DEPARTMENT OR ORGANIZATION AND REASSIGNMENT-DIFFERENT CLASS BUT SAME MAXIMUM PAY RATE |

| | |
|---|---|
| AF | UNION ARBITRATION |
| AG | GRIEVANCE |
| AH | CIVIL SERVICE COMMISSION ORDER |
| AI | COURT ORDER |
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| AQ | FURLOUGHEE MADE WHOLE |
| CA | REASSIGN WITH CIVIL SERVICE STATUS |
| CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| CD | EMPLOYMENT LIST |
| CH | REINSTATEMENT |
| CI | VIA RECLASS |

10

**CODE**                        **TRANSLATION**

CJ    VIA BUMP DUE TO FURLOUGH
CK    VIA PLACEMENT DUE TO FURLOUGH
CL    TO VACANCY
CM    VIA RECALL
CP    VOLUNTARY
CQ    INVOLUNTARY
CR    VOLUNTARY DUE TO FURLOUGH
CS    AFTER FURLOUGH/CONTRACT OR CS RULES
*GNP*   LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T

003300/004990    TRANSFER BETWEEN FUNCTIONS IN SAME DEPARTMENT OR
ORGANIZATION AND REASSIGNMENT - SAME CLASS

AF    UNION ARBITRATION
AG    GRIEVANCE
AH    CIVIL SERVICE COMMISSION ORDER
AI    COURT ORDER
AJ    PA HUMAN RELATIONS COMMISSION ORDER
AQ    FURLOUGHEE MADE WHOLE
CA    REASSIGN WITH CIVIL SERVICE STATUS
CB    GRANTED CIVIL SERVICE LEAVE OF ABSENCE
CD    EMPLOYMENT LIST
CJ    VIA BUMP DUE TO FURLOUGH
CK    VIA PLACEMENT DUE TO FURLOUGH
CL    TO VACANCY
CM    VIA RECALL
CP    VOLUNTARY
CQ    INVOLUNTARY
CR    VOLUNTARY DUE TO FURLOUGH
CS    AFTER FURLOUGH/CONTRACT OR CS RULES
CZR    REASSIGNMENT SAME PAY SCHEDULE CHANGE TO PAY STEP
*GNP*   LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T

003990/004100    TRANSFER - NO CHANGE IN DEPARTMENT, ORGANIZATION OR
FUNCTION AND PROMOTION

AF    UNION ARBITRATION
AG    GRIEVANCE
AH    CIVIL SERVICE COMMISSION ORDER
AI    COURT ORDER

11

| **CODE** | **TRANSLATION** |
|---|---|
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| AQ | FURLOUGHEE MADE WHOLE |
| CA | REASSIGN WITH SERVICE STATUS |
| CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| CC | PROMOTION LIST |
| CD | EMPLOYMENT LIST |
| CE | END OF TRAINING WITHOUT EXAMINATION |
| CF | MERITORIOUS SERVICE WITHOUT EXAM |
| CG | PROMOTION VIA DEMOTION WITHOUT EXAM |
| CH | REINSTATEMENT |
| CI | VIA RECLASS |
| CK | VIA PLACEMENT DUE TO FURLOUGH |
| CL | TO VACANCY |
| CN | IN ACCORDANCE WITH EXEC BOARD AMENDMENT |
| CP | VOLUNTARY |
| CQ | INVOLUNTARY |
| CR | VOLUNTARY DUE TO FURLOUGH |
| CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
| *CZP* | PROMOTION PAY INCREASE EXCEEDS PAY RULES |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**003990/004200**   TRANSFER WITH NO CHANGE IN DEPARTMENT, ORGANIZATION OR FUNCTION AND DEMOTION

| AF | UNION ARBITRATION |
|---|---|
| AG | GRIEVANCE |
| AH | CIVIL SERVICE COMMISSION ORDER |
| AI | COURT ORDER |
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| AQ | FURLOUGHEE MADE WHOLE |
| CA | REASSIGN WITH CIVIL SERVICE STATUS |
| CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| CD | EMPLOYMENT LIST |
| CH | REINSTATEMENT |
| CI | VIA RECLASS |
| CJ | VIA BUMP DUE TO FURLOUGH |
| CK | VIA PLACEMENT DUE TO FURLOUGH |
| CL | TO VACANCY |
| CM | VIA RECALL |
| CN | IN ACCORDANCE WITH EXEC BOARD AMENDMENT |

| **CODE** | **TRANSLATION** |
|----------|-----------------|

|  | CP | VOLUNTARY |
|---|---|---|
|  | CQ | INVOLUNTARY |
|  | CR | VOLUNTARY DUE TO FURLOUGH |
|  | CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
|  | CT | SECTION 99.42 CIVIL SERVICE RULES |
|  | *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**003990/004300**     TRANSFER WITH NO CHANGE IN DEPARTMENT, ORGANIZATION OR FUNCTION AND REASSIGNMENT - DIFFERENT CLASS BUT SAME MAXIMUM PAY RATE

|  | AF | UNION ARBITRATION |
|---|---|---|
|  | AG | GRIEVANCE |
|  | AH | CIVIL SERVICE COMMISSION ORDER |
|  | AI | COURT ORDER |
|  | AJ | PA HUMAN RELATIONS COMMISSION ORDER |
|  | AQ | FURLOUGHEE MADE WHOLE |
|  | CA | REASSIGN WITH CIVIL SERVICE STATUS |
|  | CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
|  | CD | EMPLOYMENT LIST |
|  | CH | REINSTATEMENT |
|  | CI | VIA RECLASS |
|  | CJ | VIA BUMP DUE TO FURLOUGH |
|  | CK | VIA PLACEMENT DUE TO FURLOUGH |
|  | CL | TO VACANCY |
|  | CM | VIA RECALL |
|  | CN | IN ACCORDANCE WITH EXEC BOARD AMENDMENT |
|  | CP | VOLUNTARY |
|  | CQ | INVOLUNTARY |
|  | CR | VOLUNTARY DUE TO FURLOUGH |
|  | CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
|  | *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**003990/004990**     TRANSFER WITH NO CHANGE IN DEPARTMENT, ORGANIZATION OR FUNCTION AND REASSIGNMENT - SAME CLASS

|  | AF | UNION ARBITRATION |
|---|---|---|
|  | AG | GRIEVANCE |
|  | AH | CIVIL SERVICE COMMISSION ORDER |
|  | AI | COURT ORDER |

| **CODE** | **TRANSLATION** |
|---|---|
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| AQ | FURLOUGH MADE WHOLE |
| CA | REASSIGN WITH CIVIL SERVICE STATUS |
| CB | GRANTED CIVIL SERVICE LEAVE OF ABSENCE |
| CD | EMPLOYMENT LIST |
| CJ | VIA BUMP DUE TO FURLOUGH |
| CK | VIA PLACEMENT DUE TO FURLOUGH |
| CL | TO VACANCY |
| CM | VIA RECALL |
| CN | IN ACCORDANCE WITH EXEC BOARD AMENDMENT |
| CP | VOLUNTARY |
| CQ | INVOLUNTARY |
| CR | VOLUNTARY DUE TO FURLOUGH |
| CS | AFTER FURLOUGH/CONTRACT OR CS RULES |
| CZ | MANAGEMENT EMPLOYEE TEMP TO HIGHER LEVEL WITHIN GRADE DEPT 011 ONLY |
| CZR | REASSIGNMENT SAME PAY SCHEDULE CHANGE TO PAY STEP |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

005100    ANNUAL INCREMENT

| DR | MERIT INCREASE FOR PERFORMANCE |
|---|---|
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

005200    EXCEPTIONAL INCREMENT

| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |
|---|---|

005300    GENERAL PAY INCREASE, CONTRACTUAL PAY INCREASE
          OR EXECUTIVE BOARD AMENDMENT

| DJ | GENERAL PAY INCREASE |
|---|---|
| DK | CONTRACT PAY INCREASE |
| DL | COST OF LIVING INCREASE |
| DM | EXECUTIVE BOARD AMENDMENT |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

005400    ACADEMIC ATTAINMENT

14

| CODE | TRANSLATION |
|------|-------------|
| **005500** | LONGEVITY INCREASE |
| | *GNP* LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |
| **005600** | SELECTIVE TRAINEE INCREASE |
| **005800** | OTHER CHANGES AFFECTING PAY |

|     |     |
|-----|-----|
| DD | PAY DECREASE |
| DE | PAY DECREASE - DISCIPLINE |
| DF | SALARY ADJUST/ORIG TRANSACTION INCORRECT |
| DG | SPECIAL SALARY INCREASE |
| DQ | CASH REWARD FOR PERFORMANCE |
| DV | 15 YEAR SERVICE BONUS (DEPT 011 ONLY) |
| DBA | ADJUST PAY - LIGHT DUTY ACT 534 |
| DBB | ADJUST PAY - LIGHT DUTY HEART & LUNG |
| DBC | ADJUST PAY - RECURRENCE ACT 534 |
| DBD | ADJUST PAY - RECURRENCE HEART & LUNG |
| DBE | SET, CHG, OR REMOVE SALARY FREEZE DATE |
| DPB | BEGIN SUPERVISOR'S DIFFERENTIAL PAY |
| DPE | END SUPERVISOR'S DIFFERENTIAL PAY |
| DJA | HIGHWAY AGILITY PROGRAM DEPT 008 ONLY |
| DJC | REAL ESTATE CERTIFICATION PROGRAM |
| DJD | QUARTERLY CASH PAYMENT EB99-111 DEPT 011 ONLY |
| GQ | PAY METHOD |
| GR | PAY OPTION |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

| CODE | TRANSLATION | EARNINGS TYPE CODE |
|------|-------------|--------------------|
| **005900** | SUPPLEMENTAL BI-WEEKLY EARNINGS | |
| DZB | PHYSICIAN WEIGHTED SALARY | 152 |
| DZC | RETENTION SALARY - CORR | 155 |
| DZD | RETENTION SALARY - PEMA | 156 |
| DZE | BIWEEKLY OVERTIME-5%RATE (DEPT. 014) | 430 |
| DZF | BIWEEKLY OVERTIME PREMIUM | 431 |
| DZI | FACULTY SUMMER SABBATICAL SALARY | 157 |
| HOP | HOME OFFICE PAYMENT | 741 |
| MAP | MEAL ALLOWANCE PAYMENT | 740 |

15

| CODE | TRANSLATION | |
|------|-------------|---|

**005910**    SUPPLEMENTAL ONE - TIME EARNINGS

| | | |
|-----|-------------------------------------------------|-----|
| DJA | HIGHWAY AGILITY PROGRAM (DEPT 008 ONLY) | 701 |
| DJB | BONUS PAYMENTS (DEPT 012 & 038) | 714 |
| DJC | REAL ESTATE CERTIFICATION PROGRAM | 701 |
| DJD | QUARTERLY CASH PAYMENT EB99-111 | 701 |
| | (DEPT 011 ONLY) | |
| DJJ | GPI CASH PAYMENTS | 700 |
| DJK | CASH PAYMENT FOR LONGEVITY INCREASE | 701 |
| DZ | STRESS PAYMENT | 706 |
| DZA | MANAGEMENT BONUS | 707 |
| DZJ | EMERGENCY RESPONSE PAY (DEPT. 035 ONLY) | 708 |
| DZK | HEALTH QUALITY EXAMINERS SMQT | 721 |
| | CERTIFICATION PAYMENT (DEPT. 007 ONLY) | |
| DZL | INCENTIVE PAYMENT (DEPT.012) OR | 552 |
| | INVESTMENT PAYMENT (DEPT. 072) | |
| DZN | INCENTIVE PAYMENT | 705 |
| DZP | MUN POL OFF TRN (DEPT. 038) | 716 |
| DZW | ACT 632/534 BEN PAYMENT | 722 |
| | (DEPT. 011, 016, 021, 025) | |
| DZS | DEP COMM STAFF ASST (DEPT 011) | 530 |

**006010**    BEGIN MILITARY LWOP

| | |
|-----|------------------------------------------------|
| HI | LWOP WITH BENEFITS |
| HJ | LWOP WITHOUT BENEFITS |
| | *ONE SPECIAL FACTOR CODE MUST BE PRESENT |
| BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |

**006020**    RETURN FROM MILITARY LWOP

| | |
|------|------------------------------------------------|
| BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |
| *GM* | ANNUAL INCREMENT DATE |
| *GN* | LONGEVITY DATE |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

16

| CODE | TRANSLATION |
|------|-------------|

**006050**   BEGIN LEAVE WITHOUT PAY WITHOUT BENEFITS

| IW | WORK-RELATED INJURY LEAVE WITHOUT PAY WITHOUT BENEFITS |
|----|--------------------------------------------------------|
| OR | OTHER REASONS, LEAVE WITHOUT PAY |
| PW | PARENTAL LEAVE WITHOUT PAY WITHOUT BENEFITS |
| SW | SICK LEAVE WITHOUT PAY WITHOUT BENEFITS |
|    | * ONE SPECIAL FACTOR CODE MUST BE PRESENT |
| BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |

**006060**   RETURN FROM LEAVE WITHOUT PAY WITHOUT BENEFITS

| IW | WORK-RELATED INJURY LEAVE WITHOUT PAY WITHOUT BENEFITS |
|----|--------------------------------------------------------|
| OR | OTHER REASONS, LEAVE WITHOUT PAY |
| PW | PARENTAL LEAVE WITHOUT PAY WITHOUT BENEFITS |
| SW | SICK LEAVE WITHOUT PAY WITHOUT BENEFITS |
|    | * ONE SPECIAL FACTOR CODE MUST BE PRESENT |
| BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |
| *GM* | ANNUAL INCREMENT DATE |
| *GN* | LONGEVITY DATE |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**006070**   BEGIN ABSENCE WITHOUT LEAVE (UNAUTHORIZED)

| BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |
|-----|--------------------------------------|

**006080**   RETURN FROM ABSENCE WITHOUT LEAVE (UNAUTHORIZED)

| BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |
|-----|--------------------------------------|
| *GM* | ANNUAL INCREMENT DATE |
| *GN* | LONGEVITY DATE |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**006090**   BEGIN SUSPENSION   *– Use w/ benefits for short-term or if paid during any part of the PP; use w/out for long-term where a full PP is not paid.*

| HI | WITHOUT PAY WITH BENEFITS |
|----|---------------------------|
| HJ | WITHOUT PAY WITHOUT BENEFITS |
|    | * ONE SPECIAL FACTOR CODE MUST BE PRESENT |
| BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |

| **CODE** | **TRANSLATION** |
|---|---|

**006100**  RETURN FROM SUSPENSION

  BSA BACKPAY SETTLEMENTS/GRIEVANCE AWARDS
  *GM* ANNUAL INCREMENT DATE
  *GN* LONGEVITY DATE
  *GNP* LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T

**006130**  BEGIN SABBATICAL LEAVE WITH PAY

**006140**  RETURN FROM SABBATICAL LEAVE WITH PAY

**006150**  BEGIN WORK RELATED INJURY

  PIL PAID INJURY LEAVE
  WDL WORK-RELATED DISABILITY LEAVE
    * ONE SPECIAL FACTOR CODE MUST BE PRESENT
  BSA BACKPAY SETTLEMENTS/GRIEVANCE AWARDS

**006160**  RETURN FROM WORK RELATED INJURY

  BSA BACKPAY SETTLEMENTS/GRIEVANCE AWARDS
  *GNP* LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T

**006210**  BEGIN LEAVE WITHOUT PAY WITH BENEFITS

  FCL FAMILY CARE LEAVE WITHOUT PAY WITH BENEFITS
  OR OTHER REASONS, LEAVE WITHOUT PAY
  IO WORK-RELATED INJURY LEAVE WITHOUT PAY WITH BENEFITS
  PO PARENTAL LEAVE WITHOUT PAY WITH BENEFITS
  SO SICK LEAVE WITHOUT PAY WITH BENEFITS
    * ONE SPECIAL FACTOR CODE MUST BE PRESENT
  BSA BACKPAY SETTLEMENTS/GRIEVANCE AWARDS

**006220**  RETURN FROM LEAVE WITHOUT PAY WITH BENEFITS

  FCL FAMILY CARE LEAVE WITHOUT PAY WITH BENEFITS
  OR OTHER REASONS, LEAVE WITHOUT PAY
  IO WORK-RELATED INJURY LEAVE WITHOUT PAY WITH BENEFITS
  PO PARENTAL LEAVE WITHOUT PAY WITH BENEFITS
  SO SICK LEAVE WITHOUT PAY WITH BENEFITS

18

| **CODE** | **TRANSLATION** |
|---|---|

        \* ONE SPECIAL FACTOR CODE MUST BE PRESENT

| | |
|---|---|
| BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |
| *GM* | ANNUAL INCREMENT DATE |
| *GN* | LONGEVITY DATE |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**006230**    BEGIN ACT 534/632 WORK RELATED DISABILITY LEAVE

    BSA    BACKPAY SETTLEMENTS/GRIEVANCE AWARDS

**006240**    RETURN FROM ACT 534/632 WORK RELATED DISABILITY LEAVE

| | |
|---|---|
| BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**006270**    BEGIN CYCLICAL LWOP WITH BENEFITS

    BSA    BACKPAY SETTLEMENTS/GRIEVANCE AWARDS

**006280**    RETURN FROM CYCLICAL LWOP WITH BENEFITS

| | |
|---|---|
| BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |
| *GM* | ANNUAL INCREMENT DATE |
| *GN* | LONGEVITY DATE |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**006330**    BEGIN MEDICAL LWOP WITH BENEFITS (DEPT. 003 ONLY)

**006340**    RETURN MEDICAL LWOP WITH BENEFITS (DEPT. 003 ONLY)

| | |
|---|---|
| *GM* | ANNUAL INCREMENT DATE |
| *GN* | LONGEVITY DATE |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |

**006520**    BEGIN HEART & LUNG WORK RELATED DISABILITY LEAVE

    BSA    BACKPAY SETTLEMENTS/GRIEVANCE AWARDS

19

| **CODE** | | **TRANSLATION** |
|---|---|---|
| **006530** | | RETURN FROM HEART & LUNG WORK RELATED DISABILITY LEAVE |
| | BSA | BACKPAY SETTLEMENTS/GRIEVANCE AWARDS |
| | *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |
| **007000** | | PERSONAL DATA CHANGES |
| | *FB* | BIRTHDATE |
| | *FC* | CURRENT SERVICE DATE |
| | *FD* | EMPLOYE NAME |
| | *FE* | EMPLOYE ADDRESS |
| | *FF* | ORIGINAL HIRE DATE |
| | *FH* | SEX |
| | *FI* | SOCIAL SECURITY NUMBER |
| | *FJ* | HANDICAP |
| | *FK* | MILITARY SERVICE STATUS |
| | *FL* | RACE |
| | *FM* | TENURE STATUS |
| | *FN* | RESIDENCE CODE |
| | *FO* | VOTING CODE |
| | FP | LOCAL WAGE TAX PREFERENCE CODE |
| | FQ | ANNUITANT INDICATOR |
| | FR | FURLOUGHEE STATUS INDICATOR |
| | FS | FURLOUGHEE REFUSED RECALL, MADE WHOLE |
| | FT | ADVANCE EIC STATUS CODE |
| | FU | SOCIAL SECURITY PRIOR EMPLOYER DATA |
| | FV | FURLOUGH REFUSED RECALL, NOT MADE WHOLE |
| **008000** | | EMPLOYMENT CONDITION CHANGES |
| | *GA* | TYPE SERVICE |
| | *GB* | TYPE SERVICE STATUS |
| | *GD* | EMPLOYMENT CONDITION |
| | *GE* | EMPLOYMENT DURATION |
| | *GF* | EMPLOYMENT END DATE |
| | *GG* | REHIRE DATE |
| | *GH* | WORK WEEK SCHEDULE CHANGE |
| | *GI* | REGULAR HOURS OVERRIDE |
| | *GJ* | WORK WEEK SCHEDULE DAYS OFF |
| | *GK* | SHIFT |

| **CODE** | **TRANSLATION** |
|---|---|
| *GL* | MEAL PERIOD |
| *GM* | ANNUAL INCREMENT DATE |
| *GN* | LONGEVITY DATE |
| *GO* | TRAINEE INCREMENT DATE |
| *GS* | ANTICIPATED END UNPAID STATUS DATE |
| *GT* | CHECK DISTRIBUTION CODE |
| GV | EMERGENCY APPT. - REINSTATE FORMER STATUS |
| GCA | CORRECT TYPE SERVICE STATUS END DATE; OR |
| GCB | COMPLETE TYPE SERVICE STATUS END DATE; OR |
| GCC | REDUCE TYPE SERVICE STATUS END DATE; OR |
| GCD | EXTEND TYPE SERVICE STATUS END DATE |
| DZH | FACULTY SABBATICAL SALARY (DEPT. 016 AND DEPT. 013 ONLY) |
| *GNP* | LONGEVITY DATE NOT PROSPECTIVE – PAY SCHED S & T |
| NCP | NO CASH PAYMENT – PAY SCHED S & T – LONGEVITY DATE CHANGED |
| NLP | NO LONGEVITY PAYMENT -PAY SCHED S & T –LONGEVITY DATE CHANGED |

**009000**    POSITION CREATION

| | |
|---|---|
| *OA* | NO ACTION ALLOWED ON POSITION |
| *GC* | SET REGULAR HOURS TO 80 OR CHANGE TO REG HOURS |
| PC | SEASONAL |
| PD | CREATED BY ABOLISHING ANOTHER |
| PE | NOT PART OF COMPLEMENT |
| PF | CREATED AS A RESULT OF REBUDGET |
| PG | EXEMPT FROM CLASSIFIED SERVICE |
| PL | RE - CREATION OF ABOLISHED POSITION |
| *FLS* | FAIR LABOR STANDARD ACT OVRD |

**009020**    POSITION ABOLISHMENT

| | |
|---|---|
| BJ | LACK OF WORK |
| BK | LACK OF FUNDS |
| PC | SEASONAL |
| PJ | ABOLISH AS A RESULT OF REORGANIZATION |
| PK | ABOLISH AS A RESULT OF REBUDGET |

| CODE | TRANSLATION |
|------|-------------|

**009030**    CHANGE IN DEPARTMENT, ORGANIZATION OR CLASS

| | |
|---|---|
| AF | UNION ARBITRATION |
| AG | GRIEVANCE |
| AH | CIVIL SERVICE COMMISSION ORDER |
| AI | COURT ORDER |
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| CN | IN ACCORDANCE WITH EXEC BOARD AMENDMENT (903 ALONE OR 903 WITH 399/410, 420, 430, OR 499) |
| *GC* | SET REGULAR HOURS TO 80 OR CHANGE TO REG HOURS |
| *OA* | NO ACTION ALLOWED ON POSITION |
| PE | NOT PART OF COMPLEMENT |
| PG | EXEMPT FROM CLASSIFIED SERVICE |
| PR | DEPARTMENT REORGANIZATION (903 ALONE OR 903 WITH 320/499) |
| *FLS* | FAIR LABOR STANDARD ACT OVRD |

**009040**    CHANGE TO OTHER POSITION CHARACTERISTICS

| | |
|---|---|
| AF | UNION ARBITRATION |
| AG | GRIEVANCE |
| AH | CIVIL SERVICE COMMISSION ORDER |
| AI | COURT ORDER |
| AJ | PA HUMAN RELATIONS COMMISSION ORDER |
| CN | IN ACCORDANCE WITH EXEC BOARD AMENDMENT |
| *GC* | SET REGULAR HOURS TO 80 OR CHANGE TO REG HOURS |
| *OA* | NO ACTION ALLOWED ON POSITION |
| PG | EXEMPT FROM CLASSIFIED SERVICE |
| *FLS* | FAIR LABOR STANDARD ACT OVRD |

**009050**    CHANGE TO POSITION AGENCY ELECTIVES

**010000**    BENEFIT OR DEPENDENT CHANGE

| | |
|---|---|
| *HA* | MEDICAL/HOSPITALIZATION |
| *HB* | HEALTH & WELFARE |
| *HC* | RETIREMENT |
| *HD* | GROUP LIFE INSURANCE |
| *HE* | DEPENDENT DATE |
| MOE | MED/HOSPITAL ANNUAL OPEN ENROLLMENT |

| **CODE** | **TRANSLATION** |
|---|---|

**011000**      PAYROLL DEDUCTION CHANGE

      *IA*    PAYROLL TAX DEDUCTION
      *IB*    VOLUNTARY DEDUCTION
      *DDO*  DIRECT DEPOSIT OVERRIDE

**012000**      CHANGE TO EMPLOYE AGENCY ELECTIVE

**013000**      PERFORMANCE

**014000**      TRAINING

**015000**      CENTRAL USER ELECTIVE CHANGE

**016000**      ALTERNATIVE DISCIPLINARY INCIDENT

      DIF    DISCIPLINARY INCIDENT - 1ST OCCURRENCE
      DIS    DISCIPLINARY INCIDENT - 2ND OCCURRENCE
      BSA   BACKPAY SETTLEMENTS/GRIEVANCE AWARDS

**019000**      EMPLOYE REIMBURSEMENT CHANGE

**020000**      LEAVE PAYMENT - INACTIVE EMPLOYE

      BC    IN LIEU OF FURLOUGH
      BCR  COMPROMISE AND RELEASE NEGOTIATED
      BJ    LACK OF WORK
      BK    LACK OF FUNDS
      BL    NON WORK RELATED
      BM   WORK RELATED - LINE OF DUTY
      BN    WORK RELATED - NOT IN LINE OF DUTY
      BO    AGE
      BP    WORK RELATED DISABILITY
      BQ   YEARS OF SERVICE
      BR    SPECIAL LEGISLATION
      BT    NON WORK RELATED DISABILITY
      BU    IN LIEU OF DISMISSAL
      BPR  WORK RELATED INJURY RETURN FULL DUTY
      BRD  ACT 1994 - 29 - 30 YEARS, ANY AGE
           *AT LEAST ONE SPECIAL FACTOR CODE MUST BE PRESENT ON ALL

| CODE | TRANSLATION |
|------|-------------|
|  | LEAVE PAYMENTS |
| 030000 | HISTORICAL DOCUMENTATION/REMARKS ACTION |
| 050000 | WORK RELATED DISABILITY PAY ADJUSTMENT |
| 051000 | FINAL PAY PROCESSING - TERMINATED EMPLOYE |
| 052000 | SABBATICAL LEAVE PAY ADJUSTMENT |
| 053000 | NON CASH COMPENSATION |
| 054000 | OVERPAYMENT ADJUSTMENT |
| 055000 | EARNINGS OVERRIDE ADJUSTMENT |
| 056000 | SURVIVOR DATA CHANGE |
|  | BZ    SURVIVOR DATA CHANGE |

JS 44
(Rev. 7/95)

# CIVIL COVER SHEET

*J. Rambo*
*1-01-cv-1057*

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Wilhelm, Barbara A.

## DEFENDANTS
Commonwealth of PA, Penna. State Police
Evanko, Paul J. Commissioner
Coury, Thomas K. Lt. Colonel
Simmers, Michael D.  Captain

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Dauphin
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Dauphin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Nathan C. Pringle, Jr.
3601 North Progress Avenue, Suite 200
Harrisburg, Pennsylvania   17110
(717) 909-8520

ATTORNEYS (IF KNOWN)
Barbara L. Christie, Chief Counsel
Pennsylvania State Police
1800 Elmerton Avenue  Harrisburg, PA17
(717) 783-5568

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
   Plaintiff

☒ 3 Federal Question
   (U.S. Government Not a Party)

☐ 2 U.S. Government
   Defendant

☐ 4 Diversity
   (Indicate Citizenship of Parties
   in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                     AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF |
|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 |

## IV. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Sections 1983 and 1988,  Title VII of the Civil Rights Act of 1964,
Equal Pay Act of 1963,  Pennsylvania Human Relations Act, Whistleblower Law.
Discriminatory Employment Practices and Termination

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights

## VI. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $
In Excess of 100,000

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ YES

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____