IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA A. WILHELM,** | : | **CIVIL NO. 1:CV-01-1057** |
| **Plaintiff** | : | |
| v. | : | |
| **COMMONWEALTH OF** | : | **FILED** |
| **PENNSYLVANIA; PENNSYLVANIA** | : | HARRISBURG, PA |
| **STATE POLICE; COL. PAUL J.** | : | |
| **EVANKO, COMMISSIONER;** | : | AUG 15 2001 |
| **LT. COL. THOMAS K. COURY;** | : | |
| **and CPT. MICHAEL D. SIMMERS,** | : | MARY E. D'ANDREA, CLERK |
| **Defendants** | : | Per _____ Deputy Clerk |

# O R D E R

The background for this order is as follows: On June 14, 2001 Plaintiff filed a complaint in the instant action.  Plaintiff served Defendants on July 20, 2001. On August 13, 2001, Plaintiff filed a motion for judgment on the pleadings, based solely on Defendant's failure to respond to the complaint within twenty days of service.  However, also on August 13, 2001, Defendants filed a request for an extension of time to respond to the complaint.  In an order dated August 15, 2001, the court granted Defendant's motion for an extension.

"[A] motion on the pleadings under Rule 12 (c) . . . is not the correct procedural remedy if a defendant has failed to file an answer."  *General Motors Corp. v. Blevins*, 144 F. Supp. 381 (D. Colo. 1956).  Rather, Plaintiff's proper procedural remedy is default.  Thus, the instant motion is inappropriate.

The court, however, construes Plaintiff's motion as a motion for entry of default under Rule 55 (a).  Because Defendants were served on July 20, 2001, they were required to respond by Thursday August 9, 2001.  *See* Fed. R. Civ. Pro. 12

(a)(1)(A). Defendants filed their request for extension on Monday August 13, 2001, only two days late. The Third Circuit has repeatedly emphasized that it does not favor defaults. In a close call all doubts should be resolved in favor of obtaining a decision on the merits. *Zawadaski De Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1984); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1982)(gathering cases). The court, therefore, will not allow such a *de minimis* delay to be outcome determinative.

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for judgment on the pleadings is **DENIED**.

SYLVIA H. RAMBO
United States District Judge

Dated: August   /5  , 2001.

2

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 15, 2001

Re:  1:01-cv-01057   Wilhelm v. Commonwealth of PA

True and correct copies of the attached were mailed by the clerk
to the following:

    Nathan C. Pringle Jr., Esq.
    3601 N. Progress Avenue
    Suite 200
    Harrisburg, PA  17110

    Susan J. Forney, Esq.
    Office of Attorney General
    Strawberry Square
    15th Floor
    Harrisburg, PA  17120

cc:
Judge                        (X )              (  ) Pro Se Law Clerk
Magistrate Judge             (  )              (  ) INS
U.S. Marshal                 (  )              (  ) Jury Clerk
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (  )
Federal Public Defender      (  )
Summons Issued               (  ) with N/C attached to complt. and served by:
                                  U.S. Marshal (  )      Pltf's Attorney (  )
Standard Order 93-5          (  )
Order to Show Cause          (  ) with Petition attached & mailed certified mail
                                  to:  US Atty Gen  (  )  PA Atty Gen (  )
                                       DA of County (  )  Respondents (  )
Bankruptcy Court             (  )
Other_____       (  )
                                            MARY E. D'ANDREA, Clerk

DATE: August 15th, 2001

Deputy Clerk