

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM,<br>  Plaintiff | : | |
| | : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| COMMONWEALTH OF PA.;<br>PENNSYLVANIA STATE POLICE;<br>COLONEL PAUL J. EVANKO,<br>COMMISSIONER; LIEUTENANT<br>COLONEL THOMAS K. COURY; and<br>CAPTAIN MICHAEL. D. SIMMERS,<br>  Defendants | : | (JUDGE RAMBO) |

### JOINT CASE MANAGEMENT PLAN

The parties submit the following case management plan:

**1.0 Principal Issues**

 1.10 Separately for each party, please give a statement summarizing this case:

   By plaintiff:

   This action asserts employment discrimination based on gender and retaliation for complaining about the alleged discrimination. Plaintiff is Barbara A. Wilhelm a former employee of the Legislative Affairs Office within the Pennsylvania State Police. Defendants are the Commonwealth of Pennsylvania, Pennsylvania Police, Commissioner Paul J. Evanko, Lieutenant Thomas K. Coury and Captain Michael D. Simmers.

   The complaint alleges that while plaintiff worked in the Legislative Affairs Office, she was paid less than similarly situated male employees although she performed the same work. Plaintiff contends

this situation violated the Equal Pay Act, 29 U.S.C. § 206(d) and the Pennsylvania Human Relations Act, 43 Pa.C.S. § 955.

Plaintiff further claims that she was subjected to disparate treatment in the conditions of her employment and was denied promotions based on her gender. She contends these actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pennsylvania Human Relations Act, 43 Pa.C.S. §955.

Plaintiff also contends that she was dismissed from her position based on her sex and in retaliation for her complaints about discrimination. She asserts these claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pennsylvania Human Relations Act, 43 Pa.C.S. §955. Plaintiff also claims her dismissal violated the state Whistleblower Law, 43 Pa.C.S. §1421, *et seq.*

Plaintiff also asserts the above claims under 42 U.S.C. §1983.

By defendants:

This action asserts employment discrimination based on gender and retaliation for complaining about the alleged discrimination. Plaintiff is Barbara A. Wilhelm a former employee of the Legislative Affairs Office within the Pennsylvania State Police. Defendants are the Commonwealth of Pennsylvania, Pennsylvania Police, Commissioner Paul J. Evanko, Lieutenant Thomas K. Coury and Captain Michael D. Simmers.

The complaint alleges that while plaintiff worked in the Legislative Affairs Office, she was paid less than similarly situated male employees although she performed the same work.

Plaintiff contends this situation violated the Equal Pay Act, 29 U.S.C. § 206(d) and the Pennsylvania Human Relations Act, 43 Pa.C.S. § 955.

Plaintiff further claims that she was subjected to disparate treatment in the conditions of her employment and was denied promotions based on her gender. She contends these actions violated Title VII of

2

the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pennsylvania Human Relations Act, 43 Pa.C.S. §955.

Plaintiff also contends that she was dismissed from her position based on her sex and in retaliation for her complaints about discrimination. She asserts these claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pennsylvania Human Relations Act, 43 Pa.C.S. §955. Plaintiff also claims her dismissal violated the state Whistleblower Law, 43 Pa.C.S. §1421, *et seq.*

Finally, plaintiff also asserts the above claims under 42 U.S.C. §1983. Defendants deny that they have discriminated or retaliated against plaintiff in any way. They have also raised several affirmative defenses including that the disparity in pay of which plaintiff complains was based on factors other than sex, the Eleventh Amendment bars some of plaintiff's claims, and the statute of limitations bars some of plaintiff's claims.

The principal *factual* issues the parties dispute are:

1.11 Whether plaintiff performed equal work on a job requiring equal skill, effort and responsibility as the males employed in the Legislative Affairs Office?

1.12 Whether the difference in pay between plaintiff and her male co-workers in the Legislative Affairs Office was based on factors other than sex?

1.13 Whether plaintiff was subjected to disparate working conditions based on her sex?

1.14 Was plaintiff denied promotions based on her sex?

1.15 Was plaintiff dismissed based on her sex?

1.16 Was plaintiff dismissed in retaliation for her complaints about discrimination?

3

1.17 Was plaintiff dismissed in retaliation for her complaints about mismanagement in the Legislative Affairs Office?

*agree* upon are:

1.20 Plaintiff began employment as a Legislative Specialist 1 in the Legislative Affairs Office of the State Police in January, 1998.

1.21 At the time she began her employment, defendant Michael D. Simmers, the Assistant Legislative Liaison, was her immediate supervisor.

1.22 At the time plaintiff began her employment, Major Richard D.A. Morris was the Director of the Legislative Affairs Office.

1.23 Ronald D. Plesco, Jr. was also employed in the Legislative Affairs Office as an Executive Policy Specialist 2.

1.24 Plaintiff's job was reclassified from a Legislative Specialist 1 to a Legislative Specialist 2 effective on October 15, 1998.

1.25 Around the time plaintiff was reclassified Major Morris became her immediate supervisor.

1.26 Major Morris retired on January 7, 2000.

1.27 Plaintiff was dismissed on May 1, 2000.


1.30 The principal *legal* issues that the parties *dispute* are:

1.31 Whether the differences in pay between plaintiff and her co-workers in the Legislative Affairs Office violated the Equal Pay Act, 29 U.S.C. § 206(d)?

1.32 Whether the differences in pay between plaintiff and her co-workers in the Legislative Affairs Office violated the Pennsylvania Human Relations Act, 43 Pa.C.S. §955?

1.33 Whether the conditions of plaintiff's employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pennsylvania Human Relations Act, 43 Pa.C.S. §955?

1.34 Whether plaintiff was denied promotions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pennsylvania Human Relations Act, 43 Pa.C.S. §955?

1.35 Whether plaintiff was dismissed in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pennsylvania Human Relations Act, 43 Pa.C.S. §955?

1.36 Whether plaintiff was dismissed in violation of the Whistleblower Law, 43 Pa.C.S. §1421, *et seq.*?

1.37 Whether some of plaintiff's claims are barred by the Eleventh Amendment?

1.38 Whether some of plaintiff's claims are barred by the statute of limitations?

1.39 Whether some of plaintiff's claims are barred because they were not timely filed before the appropriate administrative body?

The principle legal issues the parties *agree* upon are:

None

1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None

1.60 Identify any named parties that have not yet been served:

None

5

1.70 Identify any additional parties that:

Plaintiff intends to join:

   None

Defendants intend to join:

   None

1.80 Identify any additional claims that:

Plaintiff intends to add:

   Not at present

Defendants intend to add:

   None at present

6.400 If all the parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

The parties believe that the use of ADR at this juncture would be premature. The parties are open to reconsidering the issue after discovery is completed.

**3.0  Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:

   Y_____N  XX

4.0  **Disclosures**

    4.101 Disclosed by: Plaintiff

| Name | Title/Position |
|---|---|
| 4.102 Barbara Wilhelm | Former employee of the Legislative Affairs Office, Pennsylvania State Police |

    4.151 Disclosed by: Defendants

    A copy of defendants' initial disclosures are attached.

    4.200 Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201 Categories of documents disclosed by Plaintiff:

None

    4.300 *AdditionalDocuments Disclosures:*  Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

    4.301 Additional categories of documents plaintiff will disclose:

    Documents identified and requested during depositions.

    4.351 Additional categories of documents defendants will disclose:

    Documents identified and requested during depositions.

    4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

    4.401 plaintiff's calculation of damages:

Back pay: Approximately $87,600 as of October 1, 2001

Benefits as a percentage of lost wages: $35,000 as of October 1, 2001

Value of denied vehicle: $40,000 as of October 1, 2001

Litigation related expenses: Approximately $4,000 as of October 1, 2001

Front pay: Approximately $300,000, plus benefits as a percentage of wages in the amount of approximately $120,000 (Plaintiff seeks reinstatement)

Plus punitive damages

4.402 defendants' calculation of offset:

None at present

4.403 counter claimant/third party claimant's calculation of damages:

N/A

## 5.0 Motions

Identify motions whose early resolution would *likely* have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Summary Judgment | Defendants | Dispositive Motion Deadline |

## 6.0 Discovery

6.100 Briefly describe any discovery that has been completed or is in progress:

8

By plaintiff:

None. Plaintiff expects to serve interrogatories during the week of October 8, 2001.

By defendants:

Defendants have made their initial disclosures and have served plaintiff with a set of interrogatories and a request for production of documents.

6.200 Describe any *discovery* that all parties *agree* should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g. "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiff will depose the defendants to learn the extent of their involvement in the various acts of disparate treatment, discrimination and retaliation.

Plaintiff will depose Retired Major D. A. Morris to learn the extent of the defendants' involvement in the various acts of disparate treatment, discrimination and retaliation.

Plaintiff will depose Ronald Plesco to learn the scope of his qualifications, responsibilities, and to learn about his working conditions in the Legislative Affairs Office.

Plaintiff will depose Captain Jeffrey B. Miller to learn how he was selected as the Director, Legislative Affairs Office, and to learn the circumstance surrounding the plaintiff's dismissal.

Plaintiff will depose Lt. William McHale to learn how he was selected as the Assistant Legislative Liaison, and to learn the circumstance surrounding the plaintiff's dismissal.

9

Plaintiff will depose Linda M. Bonney, Rose A. Polek, Barbara L. Christie, Esquire, and Retired Major Virginia L. Smith-Elliott to learn the about personnel policies and procedures relative to the circumstances surrounding the promotions at issue, complaint resolution, working conditions and the plaintiff's dismissal.

Plaintiff will depose Stanley Burkholder to learn about the policies and procedures related to the agency's classification and pay decisions.

Plaintiff will depose Major R. Dane Merryman, Major Ralph M. Periandi, Lt. William A. Horgas, Sgt. Janet McNeal, and Corporal Garrett L. Rain to learn about the agency's internal investigative procedures and the circumstances surrounding investigations involving the plaintiff.

Plaintiff may depose additional as yet unidentified witnesses who support defendant's claims.

Defendants will depose the plaintiff to learn the details of her claims and alleged damages and to discover the evidence she has to support them. Defendants may depose additional as yet unidentified witnesses who support plaintiff's claims.

6.300 Describe any *discovery* that one or more parties want to conduct but *to which another party objects,* indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it.

None identified to date

6.400 Identify any *subject area limitations on discovery* that one or more parties would like imposed, at the first stage of or throughout the litigation:

None identified to date.

6.500 For each of the following discovery tools, *recommend the per-party or per-side limitation* (specify a number) that should be fixed, subject

to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff and by defendants):

6.501 depositions (excluding experts) to be taken by:

| plaintiff: | defendants: |
|---|---|
| 20 | 10 |

6.502 interrogatories to be served by:

| plaintiff: | defendants: |
|---|---|
| 40 | 40 |

6.503 document production requests to be served by:

| plaintiff: | defendants: |
|---|---|
| 30 | 30 |

6.504 requests for admission to be served by:

| plaintiff: | defendants: |
|---|---|
| 30 | 30 |

6.600 All discovery commenced in time to be completed by:

February 28. 2002

6.700 Reports from retained experts due:

from plaintiff by February 1, 2002

from defendants by March 2, 2002

6.800 Supplementations due:

March 31, 2002

**7.0    Protective Order**

    7.1    If entry of a protective order is sought attach to this statement a copy of the proposed order.

        N/A

    7.2    If there is a dispute about whether a protective order should be entered or about certain terms of the proposed order, briefly summarize each party's position below:

        N/A

**8.0    Certification of Settlement Authority** (All parties shall complete the certification)

    I hereby certify that the following individuals have settlement authority.

    For plaintiff:

    Barbara A. Wilhelm
    1941 Clarks Valley Road
    Dauphin, Pennsylvania 17018

    (717) 921-8085

For defendants:

Joanna N. Reynolds, Esq.
Assistant Counsel
Pennsylvania State Police
3d Fl., 1800 Elmerton Avenue
Harrisburg, PA   17110

(717) 783-5568

**9.0   Scheduling**

    **9.1**   This case may be ready for trial in approximately 365 days from the filing of the action in this court

    **9.2**   Suggested Date for Trial:

    June, 2002

    **9.3**   Suggested date for pre-trial conference:

    May, 2002

    **9.4**   Final date for joining additional parties

    <u>December 1, 2001</u> Plaintiff

    <u>December 1, 2001</u> Defendants

    **9.5**   Final date for amending pleadings

    <u>December 1, 2001</u> Plaintiff

    <u>December 15, 2001</u> Defendants

**9.6** All potentially dispositive motions should be filed by:

March 15, 2002

**10.0 Other Matters**

None

**11.0 Identification of Lead Counsel**

Nathan C. Pringle, Jr.
3601 N. Progress Avenue
Suite 200
Harrisburg, Pennsylvania 17110
(717) 909-8520
Attorney for plaintiff

Susan J. Forney
Chief, Litigation Section
Office of Attorney General
15th fl., Strawberry Square
Harrisburg, PA  17102
(717) 787-9831
Attorney for defendants

Respectfully Submitted,

*[signature]*
Nathan C. Pringle, Jr.

*[signature]*
Susan J. Forney
Chief, Litigation Section
October 5, 2001                    Office of Attorney General

14