ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,      :
      **Plaintiff**        :
         :

    **v.**        :     **NO. 1:CV-01-1057**
         :

**COMMONWEALTH OF PA.;**      :     **(JUDGE RAMBO)**
**PENNSYLVANIA STATE POLICE;**  :
**COLONEL PAUL J. EVANKO,**    :
**COMMISSIONER; LIEUTENANT**  :
**COLONEL THOMAS K. COURY; and** :
**CAPTAIN MICHAEL. D. SIMMERS,** :
      **Defendants**     :

FILED
HARRISBURG
APR 1 5 2002
MARY E. D'ANDREA, CLERK
Per ___
DEPUTY CLERK

## PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT


AND NOW, comes the Plaintiff, Barbara Wilhelm, by and through her attorney,

Nathan C. Pringle, Jr., who respectfully moves for Summary Judgment pursuant to

Federal Rule of Civil Procedure 56, and avers as follows:


1.    Ms. Wilhelm was required to perform clerical duties in the nature

of filing and typing for other staff throughout her tenure with the Legislative Affairs

Office.

2.    No men within the Legislative Affairs Office were required to perform such

duties.

3.      On May 1, 2000, Ms. Wilhelm was given a letter drafted and signed by Linda Bonney, Director of Personnel, dismissing Ms. Wilhelm due to a reorganization of the Legislative Affairs Office.

4.      Captain Miller, the new Director of the Legislative Affairs Office, and Colonel Paul Evanko, Pennsylvania State Police Commissioner, denied making a decision to reorganize the Legislative Affairs Office.

5.      No male employee was dismissed due to reorganization without a decision to reorganize an office.

6.      Rose Polek was identified by Ms. Bonney as the expert on personnel transactions.

7.      According to Ms. Polek, the code used to describe the personnel transaction terminating Ms. Wilhelm was "02200", which indicated that Ms. Wilhelm was dismissed for an unspecified reason.

8.      Ms. Polek stated that Ms. Wilhelm's termination was improperly treated and coded as a dismissal for unspecified reasons.

9.      Ms. Polek stated that  Ms. Wilhelm was not dismissed, but  was "furloughed" as that term is defined by the Commonwealth of Pennsylvania's Personnel Rules.

10.    Ms. Wilhelm's improperly coded  personnel history can be accessed by other Commonwealth of Pennsylvania agency personnel managers who are responsible for hiring.

11.    Ms. Polek stated that if Ms. Wilhelm's personnel history is viewed by personnel

managers responsible for hiring, Ms. Wilhelm would be viewed less favorably than she would have been had the code for a furlough been assigned.

12.    As a result Ms. Wilhelm's employment opportunities with the Commonwealth of Pennsylvania are adversely affected.

13.    No male employee's personnel history was improperly identified with an adverse designation.

WHEREFORE, the Plaintiff urges this Honorable Court to grant her Motion for Summary Judgment and find the Defendant Pennsylvania State Police liable for violations of Title VII of the Civil rights Act of 1964, as amended 42 U.S.C. § 2000 *et seq*. and the Pennsylvania Human Relations Act 43 Pa. C. S. § 955 .

Respectfully Submitted,

Nathan C. Pringle, Jr.
Attorney I. D. Number 30142
3601 North Progress Avenue
Suite 200
Harrisburg, PA 17110
(717) 909-8520
Attorney for Plaintiff

April 15, 2002

## CERTIFICATE OF SERVICE

I, Nathan C. Pringle, Jr., hereby certify that on April 15, 2002, I

caused to be hand-served a copy of the foregoing document entitled

Plaintiff's Motion for Summary Judgement, upon the following:


Susan J. Forney
Chief Deputy Attorney General
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120



Nathan C. Pringle, Jr.