**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM, Plaintiff | : : : : |
| v. | NO. 1:CV-01-1057 |
| | : |
| COMMONWEALTH OF PA.; PENNSYLVANIA STATE POLICE; COLONEL PAUL J. EVANKO, COMMISSIONER; LIEUTENANT COLONEL THOMAS K. COURY; and CAPTAIN MICHAEL. D. SIMMERS, Defendants | (JUDGE RAMBO) |

FILED
HARRISBURG
APR 15 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

I. PROCEDURE HISTORY

The complaint in this matter was filed on June 14, 2001.

II. STATEMENT OF THE FACTS

The complaint describes causes of action under both federal and state law. The facts pertinent to this motion are as follows:

The Plaintiff is an adult female who was hired in 1978, by the Commonwealth of Pennsylvania, Department of General Services, as a Police Officer. On January 10, 1998, Ms. Wilhelm was appointed to the

Pennsylvania State Police, Legislative Affairs Office as a Legislative Specialist.

Major Richard D. A. Morris had been appointed Director, Legislative Affairs Office, in 1997. Approximately three months after Major Morris' appointment, Captain Michael Simmers was appointed as Assistant Director. Upon her appointment Ms. Wilhelm reported to Captain Simmers. Later Captain Simmers was removed as Ms. Wilhelm's supervisor, except when serving as Acting Director in the absence of Major Morris.
In addition to her other duties, Ms Wilhelm was given filing and typing duties.

In January 2000, Major Morris retired and Captain Simmers was appointed Acting Director until a permanent Director was appointed. A new Director, Captain Jeffrey Miller, was appointed in March 2000. On May 1, 2000, Ms Wilhelm received a letter drafted and signed by Linda Bonney, Director, Bureau of Personnel, dismissing her as a Legislative Specialist. (Complaint Exhibit M). Upon Ms. Wilhelm's termination, her personnel history file was assigned a numeric code. That code, "02200", indicated that Ms. Wilhelm was dismissed for an unspecified reason. (Complaint Exhibits P and Q).

Ms. Wilhelm alleges, among other things, that the assignment of clerical duties and her dismissal were in violation of Title VII of the Civil rights Act of 1964, as amended 42 U.S.C. § 2000 *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act 43 Pa. C. S. § 955 ("PHRA").

II. <u>ARGUMENTS</u>

The Plaintiff seeks Summary Judgment pursuant to Federal Rule of Civil Procedure 56. The Plaintiff was a victim of disparate treatment with respect to her working conditions and her termination of employment.

A. <u>**Ms. Wilhelm Was Assigned Clerical Duties In Violation Of Title VII and PHRA**</u>

Ms. Wilhelm was treated as a clerical employee. Specifically, she was given routine clerical assignments in addition to her other duties. While she was required to type, and file for the other members of the staff, none of the male staff members were given similar assignments.

Captain Simmers would require Ms. Wilhelm to file and retrieve files and type for him during the entire period in which he was a member of the Legislative Affairs Office. (Simmers N.T. pp. 39, 40) (Morris N.T. p. 147).

3

According to the deposition testimony of Major Jeffrey Miller, during the period in which he supervised Ms. Wilhelm she was required to perform duties that now occupy up to fifty per cent of the time of the clerk typist hired to replace Ms. Wilhelm. (Exhibit Miller No. 7). (Miller N.T. pp. 105, 106). Ms. Wilhelm was required to type correspondence, forms and reports. (Miller, N.T. pp. 28, 29). She was also required to file and maintain the electronic and hard files of the Legislative Affairs Office. (Miller, N.T. pp. 32-35). None of the male employees were required to perform similar duties for other staff members.

Accordingly, the Defendants Pennsylvania State Police and Captain Simmers must be held liable for disparate treatment in violation of Title VII and PHRA.

B.  **Ms. Wilhelm Was Dismissed In Violation of Title VII and PHRA**

The letter dismissing Ms. Wilhelm was drafted and signed by Linda Bonney, Director of Personnel. The letter states that it was drafted by the authority of the Commissioner. The letter further states that the dismissal was necessitated by the reorganization of the Legislative Affairs Office. According to Lieutenant Colonel Thomas Coury, former Deputy

Commissioner for Administration, Linda Bonney has no independent authority to terminate Ms. Wilhelm's employment. (Coury N.T. p. 20). He further stated that the decision resulting in an employee's dismissal required authorization by the Commissioner, Colonel Paul Evanko. (Coury N.T. p. 20). Lieutenant Colonel Coury stated that he did not make the decision to reorganize the Legislative Affairs Office. (Coury N.T. p. 20). Major Jeffrey Miller expressly denied making the decision to reorganize the Legislative Affairs Office. (Miller N.T. p. 66). Colonel Evanko also denied making the decision to reorganize. He stated the decision was Captain Miller's (Evanko N.T. pp. 102, 103). Since Captain Miller did not decide to reorganize the Legislative Affairs Office, the reorganization and resulting termination should not have occurred. No male employee was dismissed due to reorganization without a decision to reorganize an office.

Accordingly, the Pennsylvania State Police is liable for the dismissal of Ms. Wilhelm which was executed in violation of Title VII and PHRA.

C.   **Ms. Wilhelm's Termination Was Improperly Identified As A Dismissal**

Ms. Bonney identified Rose Polek as the agency expert on reorganization transactions (Bonney N.T. pp. 69-71). Ms. Polek stated that Ms. Wilhelm's termination was improperly treated and coded as a "dismissal for unspecified reasons." According to Ms. Polek, Ms. Wilhelm was not dismissed, but was "furloughed" as that term is defined by the Commonwealth of Pennsylvania's Personnel Rules. (Polek N.T. pp. 5, 6, 11, 12). What is key is that the improperly coded personnel history can be accessed by other Commonwealth of Pennsylvania agency personnel managers who are responsible for hiring. . (Polek N.T. pp. 13-15). Ms. Polek stated that if Ms. Wilhelm's personnel history is viewed by personnel managers responsible for hiring, a removal designation would be viewed less favorably than a furlough designation. (Polek N.T. pp. 14, 15). As a result, Ms. Wilhelm's employment opportunities with the Commonwealth of Pennsylvania are adversely affected. No male employee's personnel history was improperly identified with an adverse designation.

Accordingly, the Pennsylvania State Police improperly identified Ms. Wilhelm's termination in violation of Title VII and PHRA.

                                        Respectfully Submitted,

                                        */s/ Nathan Pringle*

                                        Nathan C. Pringle, Jr.
                                        Attorney I. D. Number 30142
                                        3601 North Progress Avenue
                                        Suite 200
                                        Harrisburg, PA 17110
                                        (717) 909-8520
                                        Attorney for Plaintiff

April 15, 2002

# CERTIFICATE OF SERVICE

I, Nathan C. Pringle, Jr., hereby certify that on April 15, 2002, I caused to be hand-served a copy of the foregoing document entitled Brief in Support of Plaintiff's Motion for Summary Judgement upon the following:

Susan J. Forney
Chief Deputy Attorney General
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120


_____
Nathan C. Pringle, Jr.