ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM, **Plaintiff** | |
| v. | NO. 1:CV-01-1057 |
| COMMONWEALTH OF PA.; PENNSYLVANIA STATE POLICE; COLONEL PAUL J. EVANKO, COMMISSIONER; LIEUTENANT COLONEL THOMAS K. COURY; and CAPTAIN MICHAEL. D. SIMMERS, **Defendants** | (JUDGE RAMBO) FILED HARRISBURG, PA MAY 13 2002 MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |

## PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

### STATEMENT OF THE CASE

Ms. Wilhelm has brought this action pursuant to 42 U.S.C. §§ 1983 and 1988 to redress violations of the Equal Pay Act of 1963, 29 U.S.C. §206(d); the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e (Title VII"); the Pennsylvania Human Relations Act, 43 Pa. C.S. § 955 ("PHRA"); and the state Whistleblower Law, 43 Pa. C.S. § 1421, *et seq.*

Plaintiff has moved for partial summary judgment on some of the claims described above.[1] Defendants have moved for partial summary judgment of plaintiff's claims. Plaintiff submits this memorandum in reply to defendants' memorandum in opposition to plaintiff's motion.

## ARGUMENT

### I. MS. WILHELM'S EMPLOYMENT STATUS WAS ADVERSELY AFFECTED.

In response to plaintiff's prima facie evidence of disparate treatment, defendants argue Ms. Wilhelm's employment status was not adversely affected. To the contrary, requiring Ms. Wilhelm to perform all the clerical responsibilities the men chose not to perform for themselves simply because she was the only women in the office was exploitive.[2] While these clerical duties were not her primary responsibilities, they were frequent enough to be burdensome. (Wilhelm Dep. 49, 50). It is important to note that Ms. Wilhelm was required to perform duties that now occupy up to fifty per cent of the time of the clerk typist hired to replace Ms. Wilhelm. (Miller Dep. 105, 106; Miller Ex. 7). The Systems and Process Review team found

---

[1] Defendants and plaintiff submitted numerous documents in support of their respective motions for partial summary judgment. Citations to the record in this memorandum refer to those documents.

[2] Contrary to the defendants' claim that the plaintiff failed to show similarly situated males were treated differently, the males disagree. Major Morris, Captain Simmers and Major Miller all testified that she performed clerical tasks for them. (Morris Dep. 147; Simmers Dep. 39, 40; Miller Dep. 105, 106). None of the men were required to perform clerical work for anyone other than themselves. (Wilhelm Dep. 93, 94).

2

that Ms. Wilhelm's duties included clerical support, and concluded that a clerk typist would be beneficial.(Evanko Ex. 9 pp. 00013, 00015). In addition, she performed all of Captain Miller's duties as Assistant Legislative Liaison, as well as her own duties (Burkholder Ex. 1). Being treated like a workhorse is an adverse employment condition.

It was also demeaning. Ms. Wilhelm was assigned "female-type" work and she, justifiably, resented it. (Wilhelm Dep. 92). The work, *per se*, was not demeaning. What was demeaning was the fact that she was the only person in the office ever relegated to the status of office clerk; she was a professional in that office and deserved to be treated as such, but she was not. (Wilhelm Dep. 90-96). Adding insult to injury is the fact that she carried the burden of this status from the directorship of Morris to Simmers to Miller. (Wilhelm Dep. 90-96). In the unrefuted words of Ms. Wilhelm, " [I]n the Pennsylvania State Police , a female is a second class citizen." (Wilhelm Dep. 163).

Accordingly, Ms. Wilhelm's motion for summary judgment for her claims under 42 U.S.C. §§ 1983 and 1988 to redress violations of Title VII and PHRA related to clerical duties should be granted.

## II. DEFENDANTS DO NOT HAVE A LEGITIMATE REASON FOR DISCRMINATING AGAINST MS. WILHELM.

Mr. Plesco testified that he was very talented (Plesco Dep. 11-14). Yet, he was never required to perform clerical tasks for anyone other than himself. Likewise, Sergeant William McHale was appointed because the Commissioner and Captain Miller believed he was talented. (Miller Dep. 106, 107). He was never required to perform clerical tasks for anyone other than himself. Defendants fail to explain why Ms. Wilhelm was the only talented person required to perform clerical duties for others. The only reasonable inference is that she was given clerical duties because she was the only women in the office.

Accordingly, Ms. Wilhelm's motion for summary judgment for her claims under 42 U.S.C. §§ 1983 and 1988 to redress violations of Title VII and PHRA related to her clerical duties should be granted.

## III. PLAINTIFF HAS SHOWN A PRIMA FACIE CASE OF DISCRIMINATION AND RETALIATION REGARDING THE DISMISSAL.

Contrary to the defendants' assertions, Colonel Evanko was very emphatic about the fact he did not make a decision to reorganize the office (Evanko Dep. 102, 103). In fact, Colonel Evanko, Lieutenant Colonel Coury

4

and Major Miller all testified that they did not make the decision to reorganize the office. According to Lieutenant Colonel Coury, a person cannot be dismissed unless the Commissioner directs it. (Coury Dep. 20). In light of the fact that he provided no exception to this rule, it is reasonable to infer that no similarly situated male was dismissed without a decision from the Commissioner. The mere fact that the circumstances are unprecedented is evidence of discriminatory intent. Discriminatory intent can either be shown by direct evidence or circumstantial evidence. *E.E.O.C. v. Metal Service Co*, 892 F.2d. 341, 347 (3rd Cir. 1990). The unprecedented dismissal without a decision is also evidence of retaliation. The *McDonnell Douglas* prima facie test should not be viewed as a rigid formula. (*Id.*). A Title VII plaintiff can establish a prima facie case when sufficient evidence is offered such that the court can infer that if the employer's actions remain unexplained, it is more likely than not that such actions were based on impermissible reasons. *E.E.O.C. v. Metal Service Co*, 892 F.2d. 341, 348 (3rd Cir. 1990).

Whether sex discrimination or an act of retaliation, the defendants are liable for violating Ms. Wilhelm rights under Title VII and PHRA. Accordingly, Ms. Wilhelm's motion for summary judgment for her claims

5

under 42 U.S.C. §§ 1983 and 1988 to redress violations of Title VII and PHRA related to dismissal should be granted.

### IV. PLAINTIFF HAS SHOWN A PRIMA FACIE CASE OF DISCRIMINATION AND RETALIATION REGARDING THE IMPROPER USE OF THE CODE.

Ms. Bonney's actions were not based on her experience or a mistake. Ms. Bonney admitted that she is totally dependent on her transactions person of some 30 years, Rose Polek. (Bonney Dep. 71). Yet, Ms Bonney did not bother to consult Ms. Polek until after the letter to "dismiss" Ms. Wilhelm was drafted. (Polek Dep. 11). Had Ms. Bonney wanted good advice, Ms. Polek had plenty. (Polek Dep. 5, 6, 11-15). Instead Ms. Bonney gave Ms. Polek no options; she was forced to select the code based on the letter. (Polek Dep 11).

The *McDonnell Douglas* prima facie test should not be viewed as a rigid formula. *E.E.O.C. v. Metal Service Co*, 892 F.2d. 341, 347 (3rd Cir. 1990). A Title VII plaintiff can establish a prima facie case when sufficient evidence is offered such that the court can infer that if the employer's actions remain unexplained, it is more likely than not that such actions were based on impermissible reasons. *E.E.O.C. v. Metal Service Co*, 892 F.2d. 341, 348 (3rd Cir. 1990). ). In light of the suspicious circumstance surrounding the

6

defendants' actions, this Court is left with the inference that the motive was discriminatory or retaliatory in violation of Title VII and PHRA.

As for the articulated reason for the reorganization which lead to the "dismissal," the entire so-called reorganization is suspect. As early as April 1999, the Legislative Affairs Office planned to hire a clerical person with Ms. Wilhelm acting as supervisor (Complaint ¶¶ 100, 101). Yet, there was no attempt to place a clerical person in the office until after Ms. Wilhelm submitted her September 13, 1999, complaint. As to the reorganization itself, the Commissioner decided to reorganize the office before Captain Miller was appointed (Miller Dep. 61). Incredibly, the Commissioner denies that he decided to reorganize the office (Evanko Dep. 102, 103). Several undisputed facts strongly support a finding that the purpose of the reorganization was to harm Ms. Wilhelm. The department offered no explanation as to why Ms. Wilhelm was not given advance notice to prepare for the termination. (Polek Dep. 75). Likewise, no explanation was given for not allowing her to resign in lieu of termination. The department selected a negative transaction code, 02200, which harmed Ms. Wilhelm's opportunity for Commonwealth employment. (Polek Dep. 14, 15). The department did not consult Ms. Polek, the transaction specialist, before the dismissal letter was written so that a neutral code could be selected. (Polek Dep. 11).

7

According to Ms. Polek, there were several other appropriate neutral transaction codes which could have been selected. (Polek Dep. 5, 6,10-13; Evanko Ex. 3 p. 4).

Taken as a whole, on these undisputed facts a factfinder could reasonably either (1) disbelieve the defendants articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the defendants' behavior. *Stanziale v. Jargowsky*, 200 F.3d 101, 105 (3rd Cir. 2000).

Accordingly, Ms. Wilhelm's motion for summary judgment for her claims under 42 U.S.C. §§ 1983 and 1988 to redress violations of Title VII and PHRA related to the use of the code should be granted.

## **CONCLUSION**

For all of the above reasons, Ms. Wilhelm's motion for partial summary judgment for her claims under 42 U.S.C. §§ 1983 and 1988 to redress violations of Title VII and PHRA should be granted.

Respectfully submitted,

*Nathan C. Pringle Jr.*
Nathan C. Pringle, Jr.
Attorney I. D. Number 30142
3601 North Progress Avenue
Suite 200
Harrisburg, PA 17110
(717) 909-8520
Attorney for Plaintiff

May 13, 2002

9

## **CERTIFICATE OF SERVICE**

I, Nathan C. Pringle, Jr., hereby certify that on May 13, 2002, I caused to be hand delivered a copy of the foregoing document entitled Plaintiff's Memorandum in Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgement upon the following:

Susan J. Forney
Chief Deputy Attorney General
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120

_____
Nathan C. Pringle, Jr.