IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM, Plaintiff | : |
| v. | : NO. 1:CV-01-1057 |
| COMMONWEALTH OF PA.; PENNSYLVANIA STATE POLICE; COLONEL PAUL J. EVANKO, COMMISSIONER; LIEUTENANT COLONEL THOMAS K. COURY; and CAPTAIN MICHAEL. D. SIMMERS, Defendants | : (JUDGE RAMBO) |

FILED
HARRISBURG, PA
MAY 22 2002
MARY E. D'ANDREA, CLERK
Per_____

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

I. **SUMMARY JUDGMENT STANDARDS**

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Where the nonmoving party has the burden of persuasion at trial, the moving party is entitled to judgment if the nonmoving party fails to establish the existence of a genuine issue on an essential element of her case. *Radich v. Goode,* 886 F.2d 1391, 1395 (3d Cir. 1989), *citing, Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

"An issue is 'genuine' only if the evidence would allow a *reasonable* jury to return a verdict for the non-moving party." *Hankins v. Temple University,* 829 F.2d 437, 440 (3d Cir. 1987) (emphasis supplied). Evidence which is "merely colorable" or "not significantly probative" will not defeat summary judgment. *Anderson v Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986); *Hankins,* 829 F.2d at

440. Defendant is entitled to summary judgment unless a reasonable jury could find for plaintiff by a preponderance of the evidence. *Anderson* 477 U.S. at 252.

Defendants' motion must be granted in this case, because the record does not contain evidence on which a reasonable jury could find for plaintiff,. We address plaintiff's argument on each of her claims in turn[1].

### II. PLAINTIFF DID NOT EXHAUST HER HUMAN RELATIONS ACT CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.

Defendants' opening brief argued that plaintiff failed to exhaust her Pennsylvania Human Relations Act ("PHRA") claims against the individual defendants because she did not file administrative charges against them. Plaintiff responds by asserting that she did all she could do to exhaust her claims by. identifying the individual defendants in various questionnaires that she provided to the Human Relations Commission staff. The staff then drafted the complaint (Pl. Br. 7- 9).

Plaintiff's efforts fall far short of her obligation to exhaust. Claims against employers for discrimination and claims against supervisors or other employees for aiding and abetting discrimination are discrete causes of action. *Compare,* Pa. Stat. Ann., tit. 43 §§955(a) and 955(e); *Dici v. Commonwealth,* 91 F.3d

---

[1] Plaintiff does not dispute defendants' argument that the Eleventh Amendment bars her state law claims against the State Police. Nor, does she argue that individuals are proper defendants under Title VII. Therefore, summary judgment must be entered in favor of defendants on those claims.

-2-

542, 552 (3d Cir. 1996). A charge against an employer does not necessarily include separate claims that may be brought against employees individually. Indeed, plaintiff's administrative complaints do not specify what the individual defendants did to aid and abet the discrimination she alleges (Wilhelm Exs. 26, 28).

In addition, nothing prevented plaintiff from asking the Commission to name the individuals she seeks to sue now. She signed the administrative complaint after it was prepared and it was subsequently amended to assert additional matters (Wilhelm Dep. 218-219; Wilhelm 26, Wilhelm 28). Certainly she had the opportunity to ask that the individual defendants be added. Moreover, at the time plaintiff was consulting with her own attorney and was not dependent on the staff of the Commission for legal advice regarding her complaint (Wilhelm Dep. 160-161). Accordingly, plaintiff did not exhaust her administrative remedies against the individual defendants regarding her PHRA claims.[2]

---

[2] Even if the Court accepts plaintiff's argument that the questionnaires she submitted to the Commission satisfied her obligation to exhaust, the questionnaires themselves do not contain enough information to state aiding and abetting claims against Lieutenant Colonel Coury and Captain Simmers. The harassment questionnaire cited in plaintiff's brief recites that Captain Simmers, a co-worker, harassed her. It does not set forth actions he took to aid and abet harassment or discrimination by others (Harassment questionnaire, pp.2-3). The questionnaire says even less about Lt. Colonel Coury. It does not allege that he was aware of the alleged discriminatory activity, let alone how he aided and abetted it. (Harassment questionnaire and continuation page). At the very least then summary judgment must be entered on plaintiff's PHRA claims against Lt. Colonel Court and Captain Simmers.

### III. THE DISCOVERY RULE DOES NOT TOLL THE STATUTE OF LIMITATIONS ON PLAINTIFF'S WHISTLEBLOWER CLAIMS.

Defendants moved for summary judgment on plaintiff's claims under the state Whistleblower Act, because this action was commenced more than 180 days after the events at issue occurred. *See* Pa. Stat. Ann., tit. 43, ¶1424(a). The State Police dismissed plaintiff effective May 1, 2001 and this action was filed over a year later on June 14, 2001 (Complaint ¶ 97; Docket). All of plaintiff's claims which related to her employment--her treatment, the failure to promote her, and her dismissal— are therefore barred.

Plaintiff seeks to avoid this result by arguing the statute is tolled because she did not discover how the State Police recorded her dismissal in the Commonwealth personnel system until sometime later. Plaintiff is wrong.

There is no dispute that at the time of her dismissal plaintiff thought she was being dismissed because of her complaints about Captain Simmers (Wilhelm Dep. 179). At that point, she not only knew she had been injured but she also suspected the injury was improperly motivated.

The discovery rule on which plaintiff relies does not permit the tolling of a statute of limitations until plaintiff has discovered all evidence that may support her claims. Instead the rule is that a prospective plaintiff is responsible for using all reasonable diligence to inform herself of the facts and circumstances on which her claim is based and to assert it within the prescribed limitations period. *Crouse v. Cyclops Industries*, 560 Pa. 394, 403 (2000).

Plaintiff had that information by May 1, 2000. Her later discovery that her separation from employment had been coded as a dismissal adds nothing to the information she had on May 1— that she was being dismissed. *See* Wilhelm Dep. 180; Wilhelm Ex. 8. Thus, the statute of limitations bars plaintiff's Whistleblower claims.

IV. **PLAINTIFF FAILED TO ESTABLISH AN ISSUE OF FACT ON WHETHER SHE PERFORMED WORK SUBSTANTIALLY EQUAL TO THE WORK PERFORMED BY CAPTAIN SIMMERS AND MR. PLESCO.**

To succeed on her Equal Pay Act claim, plaintiff has the burden to show that she performed work that was substantially equal in knowledge, responsibility and skill to work performed by male employees at a higher salary. *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000). Proof that she performed comparable work is not enough. *Welde v. Tetley, Inc.*, 864 F. Supp. 442 (M.D. Pa. 1994)

In opposing summary judgment, plaintiff contends she performed the same work as Captain Simmers when he was not acting as the Director of the Legislative Affairs Office (Pl. Br. 13), and she argues that she performed the same work as Ronald Plesco when Mr. Plesco was under Major Morris' supervision (Pl. Br. 14). She is wrong.

Plaintiff fails to address let alone dispute the evidence of differences in responsibilities that defendants cited with regard both to Captain Simmers and Mr. Plesco. For instance, throughout the time Captain Simmers served in the Legislative Affairs Office he was a sworn police officer responsible for carrying out law

enforcement duties in a variety of contexts (Def. Br. 11-12). That alone distinguishes his job from plaintiff's for the purposes of the Equal Pay Act.

Further, Captain Simmers' responsibility to act as the Director of the Office in place of Major Morris also distinguishes his job from plaintiff's. That is so even if he was not called upon to exercise that responsibility on a daily basis. *See* 29 C.F.R. ¶1620.17.

Plaintiff also ignores and fails to dispute evidence that Mr. Plesco had significantly different responsibilities from plaintiff's while he reported to Major Morris (*See* Def. Br. 15-16). He was responsible not just to Major Morris but also to the Governor's Office for the performance of his duties (Plesco Dep. 11-12, 38-39; Morris Dep. 13). He was responsible for analyzing policy issues and ensuring that the State Police took positions consistent with the administration's policies (Plesco Dep. 24, 27-28, 38-39, 54-55; Morris Dep. 23-24, 27-28; Morris Ex. 1). He also briefed legislators and testified at legislative hearings (Morris Dep. 25-26; Plesco Dep. 26, 33-34). And, Mr. Plesco was responsible for developing and publishing State Police regulations (Morris Dep. 27-28, 156-159; Morris Ex.1; Plesco Dep. 30-31, 34-35).

Plaintiff does not point to evidence that would allow a reasonable jury to conclude she had substantially equal responsibilities. Instead, plaintiff points to evidence indicating that she performed *some* of the duties assigned to Captain Simmers and she simply asserts that the work she performed was equal to Mr. Plesco's. This fails to satisfy the burden she must meet to defeat defendants' motion.

### V. A REASONABLE FACTFINDER COULD NOT CONCLUDE THE REASONS FOR NOT RECOMMENDING PLAINTIFF'S PROMOTION ARE PRETEXTS OR ARE DISCRIMINATORY.

Plaintiff attempts to defeat defendants' motion on her discrimination claims for the failure to recommend her promotion by arguing that the nondiscriminatory reasons articulated by defendants are pretexts[3] and that the evidence indicates sex discrimination was the true reason. Her efforts fail. We turn first to plaintiff's arguments on pretext.

To discredit defendants' reasons, plaintiff "cannot simply show that the employer's decision was wrong." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 331 (3d Cir. 1995). Instead, she must "demonstrate such 'weaknesses, implausibilities, inconsistencies, incoherences or contradictions in the employer's proffered legitimate reason...that a reasonable factfinder could rationally find them unworthy of credence'" *Id., quoting, Fuentes v. Perkasie*, 32 F.3d 759, 765 (3d Cir. 1994).

Plaintiff's evidence of pretext falls short of this standard. Plaintiff argues that the employer has offered inconsistent reasons for not recommending plaintiff for the Director and Assistant Director positions and that the employer's

---

[3] Plaintiff relies on the same evidence of pretext to defeat defendants' motion on her retaliation claim (Pl. Br. 19). As the following discussion shows, plaintiff's evidence fails to establish pretext regardless of her theory of liability. Therefore defendants do not separately discuss the inadequacies of her evidence on the promotions with regard to retaliation.

position is incorrect as a matter of law. The evidence does not support the first point and the second is irrelevant.

When Commissioner Evanko was asked in his deposition why he did not recommend plaintiff for the Director's position, his response was, "Because I think it has to be an enlisted position" (Evanko Dep. 81). He went on to elaborate, "It has been the practice of the department that the position is filled by an enlisted officer and I think that's mandatory. And in addition, if I had I would expect the union to file an unfair labor practice and win it." (*Id.*). Later in his deposition he explained that in addition to his concern about the union and an unfair labor practice charge, he preferred an enlisted member for the positions because he felt that an enlisted member brought credibility to the table when representing him in dealing with legislators (Evanko Dep. 111). Plaintiff claims this testimony is inconsistent with the Department's answer to plaintiff's administrative complaint, where it explained, "the position of the Director of the Legislative Affairs Office was an enlisted position in the Pennsylvania State Police and the Governor's Office and the Commissioner's Office wanted it to remain an enlisted position." (PHRC Answer, p.5).

These statements are not inconsistent. Both the testimony and the answer indicate the State Police viewed the position as one to be held by an enlisted employee. Both also indicate that was the Commissioner's preference. His testimony simply goes further to explain why. Thus, plaintiff's inconsistency argument fails.

The argument that the State Police are incorrect legally is also without merit. Being wrong or mistaken is not evidence of pretext. *Fuentes,* 32 F.3d at 765.

In addition, there is no evidence that the Commissioner ever acted inconsistently with his view that the positions should be filled by enlisted members. Both always were (Bonney Dep. 52-53, 55, 85-86; Bonney Dec., ¶19; *see also* Morris Dep.12, 18-19).

Plaintiff attempts to dispute this fact by arguing that Ronald Plesco was the Legislative Liaison for a brief period after one Liaison retired and before his replacement was appointed. The record shows, however, that while Mr. Plesco performed some legislative duties during that time period, he never filled the position of Legislative Liaison (Bonney Dep. 55; Plesco Dep. 7-10; Morris Dep.11). Nor, did he hold the position of Assistant Legislative Liaison (Plesco Dep. 6-7)

Likewise, although plaintiff argues she assisted the Legislative Liaison, she does claim she actually held the position nor does she identify any none-listed employee that did. She does point to testimony that Major Morris' predecessor had someone assigned to him to help with constituent requests (*see* Response to Undisputed Facts 10), but that testimony does not indicate that the person was the Assistant Legislative Liaison nor does it indicate whether the person was enlisted or a civilian (Plesco Dep. 43).

The record is clear, however, that neither Mr. Plesco nor plaintiff acted as the official representatives of the State Police to the General Assembly. Plaintiff never provided testimony or briefings to the legislature; and when Mr. Plesco did provide testimony, he always did so in conjunction with an enlisted member of the Department (Wilhelm Dep. 84-85; Plesco Dep. 50-52).

Plaintiff's efforts to show that sex actually motivated the failure to recommend her for promotion also fail. She argues that (1) no females were included among the persons recommended for the promotions she desired, (2) it is not credible that the Commissioner did not know of her interest, and (3) the Commissioner did not discipline a male officer that sexually harassed a female employee.

Plaintiff's first point is merely the reiteration of an element of her prima facie case. Without more it does not prove sex discrimination nor does it cast any doubt on the reasons the Commissioner articulated for limiting his recommended candidates to enlisted members. Evidence that the Commissioner considered and recommended non-enlisted male employees would be more telling, however, there is no such evidence.

Plaintiff's assertion that the Commissioner probably knew of her interest in the position is not supported by the evidence nor does it give rise to the inference that he excluded her from consideration because of her sex. Plaintiff may have expected the Personnel Director to inform the Commissioner of her interest, but plaintiff did not ask her to do so nor is there any evidence that the Personnel Director did (Wilhelm Dep. 164-170; Wilhelm Ex. 7).

Finally, plaintiff's evidence regarding the sexual harassment incident is not probative of the Commissioner's attitude toward women. In order to link the Commissioner to the decision not to discipline, additional facts are necessary--facts which do not appear anywhere in the record. The State Police disciplinary system does not grant the Commissioner unfettered authority to impose discipline. Instead,

discipline is imposed either by the Department's Disciplinary Officer or based on the Disciplinary Officer's recommendation to the Commissioner (Merryman Dep. 8-9; Conley Dep. 8-11; Rain Dep. 11-12). Neither occurs however until after the alleged misconduct is investigated and adjudicated by others (*Id.*). Plaintiff has presented no evidence that the alleged sexual harassment was sustained by an adjudicator or that any discipline was recommended to the Commissioner. Therefore a reasonable factfinder could not draw the inference plaintiff advocates.

### VII. PLAINTIFF HAS NOT POINTED TO EVIDENCE SUFFICIENT TO PERMIT A REASONABLE JURY TO CONCLUDE THAT THE ARTICULATED REASONS FOR HER DISMISSAL ARE PRETEXTS.

Plaintiff relies on pretext to overcome defendants' motion for both her gender-based and retaliation-based dismissal claims (Pl. Br. 17-19). As with her promotion claims, the evidence contains significant gaps which would prevent a reasonable factfinder from making the inferences plaintiff proposes.

Plaintiff argues first that the reorganization of the Legislative Affairs Office is suspect because it occurred after she submitted a memorandum to the Bureau of Professional Responsibility complaining about Captain Simmers while an earlier attempt to add a clerical position to the office failed (Pl. Br. 17; *see also* Morris Dep. 138-139; Morris Ex. 11; Wilhelm Dep. 124).

Plaintiff's argument has several problems. First, the temporal proximity of her memorandum and the reorganization is not particularly suggestive of retaliation. *See Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997).

Seven months elapsed between the submission of the memorandum and the time Captain Miller recommended reorganization (Morris Ex. 11; Miller Dep. 63-64).

Second, there is no evidence connecting the memorandum with either Captain Miller or Colonel Evanko, the persons who respectively proposed and authorized the reallocation of plaintiff's job to a clerical position (Evanko Dep. 102, Miller Dep. 61-64, 67). The memorandum is addressed to a third party and does not show copies going to Colonel Evanko or Captain Miller (Morris Ex. 11). Nor, is there any other evidence that they were aware of the memorandum at the time they discussed reorganizing the Legislative Affairs Office.

Finally, the record also shows it is easier to reallocate an existing position to perform a different function than it is to add a new position to an office (Bonney Dep. 24-25; *see also* Morris Dep. 134-138; Polek Dep. 10). When plaintiff was dismissed, her position was reallocated to a clerical position (Polek Dep. 10). What was attempted earlier was the addition of a new position to the office (Morris Dep. 134-138).

Plaintiff's other arguments for pretext are equally flawed. She argues that the Commissioner decided to reorganize the Office before Miller was appointed and then denied doing so (Pl. Br. 17-18). Her argument is based on a misreading of the record. When Colonel Evanko was asked about reorganizing the Office, he understood the question was directed at the elimination of plaintiff's position and responded that the idea originated with Captain Miller (Evanko Dep. 102-103). In contrast when Captain Miller was asked about reorganization, he explained that some

changes were made in the before he was appointed (Miller Dep. 61-62). Specifically, Mr. Plesco was moved to a separate policy office and Captain Simmers took a position in the Executive Office (*Id.*). The testimony is not inconsistent with regard to the treatment of plaintiff's position.

Finally plaintiff argues that the failure to offer plaintiff the opportunity to resign and the selection of a "derogatory" code to describe her dismissal show an intent to harm her. Both arguments fail.

Nothing indicates the State Police offered other employees the opportunity to resign in lieu of dismissal. Thus there is no basis for inferring that the failure to offer plaintiff the opportunity shows an intent to harm her.[4]

Further, nothing in the record indicates the State Police considered the code used to describe plaintiff's dismissal as derogatory. It was designated as a dismissal for unspecified reasons (Polek Dep. 9). When asked whether the designation would be considered positive or negative, the Department's transaction specialist simply said the code would not provide any information regarding the reasons for the dismissal (Polek Dep.15).

---

[4]In fact the record suggests that offering her the opportunity to resign in lieu of dismissal and recording the transaction as such, would be viewed as derogatory (Polek Dep. 14-15).

## CONCLUSION

For all of the preceding reasons the Court should reject plaintiff's arguments and grant summary in favor of defendants.

                                              **Respectfully submitted,**

                                              **D. MICHAEL FISHER**
                                              Attorney General

BY:                              */s/ Susan J. Forney*
                                              **SUSAN J. FORNEY**
                                              **Chief Deputy Attorney General**
                                              I.D. No. 27744

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717)787-9831**

**DATED: May 22, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,

    Plaintiff

v.

COMMONWEALTH OF PA.;
PENNSYLVANIA STATE POLICE;
COLONEL PAUL J. EVANKO,
COMMISSIONER; LIEUTENANT
COLONEL THOMAS K. COURY; and
CAPTAIN MICHAEL. D. SIMMERS,

    Defendants

NO. 1:CV-01-1057

(JUDGE RAMBO)

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on May 22, 2002, I caused to be served a copy of the foregoing document entitled **Defendants' Reply Memorandum in Support of Their Motion for Partial Summary Judgment,** by depositing same in the Untied States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania upon the following:

Nathan C. Pringle, Jr., Esquire
3601 N. Progress Avenue, Suite 200
Harrisburg, PA 17110

SUSAN J. FORNEY
Chief Deputy Attorney General
I.D. No. 27744