# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,　　　　　　　　:
　　　　Plaintiff　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　:

　　　v.　　　　　　　　　　　　　　:　　NO. 1:CV-01-1057

　　　　　　　　　　　　　　　　　　:

COMMONWEALTH OF PA.;　　　　　　:　　(JUDGE RAMBO)
PENNSYLVANIA STATE POLICE;　　　:
COLONEL PAUL J. EVANKO,　　　　　:
COMMISSIONER; LIEUTENANT　　　:
COLONEL THOMAS K. COURY; and　:
CAPTAIN MICHAEL. D. SIMMERS,　:
　　　　Defendants　　　　　　　　　:

FILED
HARRISBURG, PA

JUN 0 3 2002

MARY E. D'ANDREA, CLER
Per _____
Deputy Clerk

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATING TO 1993 ALLEGATIONS OF SEXUAL HARASSMENT AGAINST DEFENDANT SIMMERS

Defendants move the Court to exclude all evidence from trial that relates to allegations of sexual harassment made in 1993 against defendant Captain Michael D. Simmers. In support of this motion defendants state as follows:

1.　　This is an employment discrimination case alleging sex discrimination and retaliation against the Pennsylvania State Police and defendants Colonel Paul J. Evanko, Lieutenant Colonel Thomas K. Coury, and Captain Michael D. Simmers.

2.　　Plaintiff alleges she suffered discrimination in her pay, she was not promoted based on her sex and she was dismissed based on her sex. She also claims these actions were taken in retaliation for her complaints about sex discrimination. She does not assert claims based on sexual harassment or a hostile work environment.

3.      During discovery, plaintiff elicited information regarding allegations of sexual harassment made against defendant Simmers in 1993.

4.      In 1993 the State Police received a complaint alleging that defendant Simmers had made inappropriate comments of a sexual nature to one of his female subordinates while he was the Director of the Records and Identification Division of the Bureau of Records and Information Services .

5.      Based on the complaint an extensive investigation was done and a report issued.

6.      During the course of the investigation, defendant Simmers was temporarily assigned to another Bureau and he was ordered to stay away from the Records and Identification Division.

7.      At the conclusion of the investigation a disciplinary action report was issued against defendant Simmers accusing him of various acts of sexual harassment.

8.      The Disciplinary Officer recommended that defendant Simmers be demoted one rank, from Captain to Lieutenant, and that he be suspended without pay for 45 days.

9.      Defendant Simmers elected to challenge the accusations and the recommended discipline through grievance procedures instead of through a court martial.

10.    Following a hearing, an arbitrator did not sustain the allegations of sexual harassment. The arbitrator did not find that defendant Simmers had engaged in sexual harassment or had created a hostile work environment.

11.    The arbitrator did find that defendant Simmers failed to perform his duty as required by State Police Field Regulation 1-2.02.

12.    The arbitrator further found that the Department did not have cause to demote defendant Simmers and that the 45-day suspension was too harsh.

13.    The arbitrator directed the Department to rescind the Disciplinary Action Report and the memorandum recommending discipline and expunge them from defendant Simmers' personnel records.

14.    The arbitrator also directed the Department to rescind the demotion, rescind the 45-day suspension and substitute instead a 10-day suspension and a warning regarding his violation of the performance of duty regulation.

15.    A true and correct copy of the arbitrator's decision and award is being submitted in support of this motion as Exhibit 1.

16.    By this motion defendants seek to exclude all evidence related to the sexual harassment allegations against defendant Simmers, the investigation of those allegations, the discipline recommended as a result of the allegations, the order

requiring defendant Simmers to stay away from the Records and Identification Division and the arbitration of defendant Simmers grievance.

17.    This evidence should be excluded pursuant to Fed. R. Ev. 402 because it is not relevant to the matters alleged in this action.

18.    Even if the evidence is deemed relevant, it should be excluded pursuant to Fed. R. Ev. 403 because its probative value is outweighed by the danger of unfair prejudice to defendants, confusion of the issues, misleading the jury and by considerations of undue delay.

19.    The evidence should also be excluded under Fed. R. Ev. 404(b), which prohibits the introduction of evidence of prior acts in order to show action in conformity therewith.

**WHEREFORE,** the Court should exclude all evidence relating to the 1993 allegations of sexual harassment against defendant Simmers, the investigation of those allegations, the discipline recommended as a result of the allegations, the order requiring defendant Simmers to stay away from the Records and Identification Division, and the arbitration of defendant Simmers grievance.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General


BY: _____
SUSAN J. FORNEY
Chief Deputy Attorney General
I.D. No. 27744

Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-9831

DATED: June 3, 2002

## CERTIFICATE OF CONCURRENCE/NONCONCURRENCE

I, **SUSAN J. FORNEY**, counsel for defendants hereby certify that I attempted to contact counsel for plaintiff to seek his concurrence in the foregoing motion, but I was not able to reach him.  I will file an amended certificate indicating plaintiff's position when I have spoken with counsel.

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**

# CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on June 3, 2002, I caused to be served a copy of the foregoing document entitled **Defendants' Motion in Limine to Exclude All Evidence Relating to 1993 Allegations of Sexual Harassment Against Defendant Simmers,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

**Nathan C. Pringle, Jr., Esquire**
**3601 North Progress Avenue, Suite 200**
**Harrisburg, PA  17110**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**