IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM,<br>    Plaintiff | : | |
| v. | : | NO. 1:CV-01-1057 |
| COMMONWEALTH OF PA.;<br>PENNSYLVANIA STATE POLICE;<br>COLONEL PAUL J. EVANKO,<br>COMMISSIONER; LIEUTENANT<br>COLONEL THOMAS K. COURY; and<br>CAPTAIN MICHAEL. D. SIMMERS,<br>    Defendants | : | (JUDGE RAMBO) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATING TO 1993 ALLEGATIONS OF SEXUAL HARASSMENT AGAINST DEFENDANT SIMMERS

### INTRODUCTION

This action alleges sex discrimination and retaliation in connection plaintiff's employment with the Legislative Affairs Office of the Pennsylvania State Police. Plaintiff, Barbara A. Wilhelm, claims she suffered discrimination in pay based on her sex, she was not recommended for promotion based on her sex and she was dismissed based on her sex. She also claims all these actions were taken in retaliation for her complaints about sex discrimination. Plaintiff does not assert a claim for sexual harassment or a hostile work environment, however.

In discovery, plaintiff elicited information regarding sexual harassment allegations made against defendant Simmers in 1993, five years before plaintiff began to work in the Legislative Affairs Office (Complaint ¶15; Simmers Dep. 9-13; Merryman Dep. 8-15; McHale Dep. 14-16; Evanko Dep. 66-67)[1]. That information revealed that in 1993 the State Police received a complaint alleging that defendant Simmers had made inappropriate comments of a sexual nature to one of his female subordinates while he was the Director of the Records and Identification Division of the Bureau of Records and Information Services. Based on the complaint an extensive investigation was done and a report issued (McHale Dep. 14).

During the course of the investigation, defendant Simmers was temporarily assigned to another Bureau and he was ordered to stay away from the Records and Identification Division (Merryman Dep. 12-13). At the conclusion of the investigation a disciplinary action report was issued against defendant Simmers accusing him of various acts of sexual harassment (Merryman Dep. 12; Simmers Dep.12).

---

[1] The depositions and declarations cited in this memorandum have been filed with the Court in support of defendants' motion for partial summary judgment. "Ex. 1" which is also cited, refers to the document defendants filed in support of this motion in limine.

The Disciplinary Officer recommended that defendant Simmers be demoted one rank, from Captain to Lieutenant, and that he be suspended without pay for 45 days (Ex. 1, p. 5). Defendant Simmers elected to challenge the accusations and the recommended discipline through grievance procedures instead of through a court martial (*Id.*).

Following a hearing, the arbitrator did not sustain the allegations of sexual harassment (Ex. 1, pp. 5, 18). The arbitrator did not find that defendant Simmers had engaged in sexual harassment or had created a hostile work environment (*Id.*). He did find that defendant Simmers failed to perform his duty as required by State Police Field Regulation 1-2.02 (*Id*). The arbitrator further found that the Department did not have cause to demote defendant Simmers and that the 45 day suspension was too harsh (*Id.*).

The arbitrator directed the Department to rescind the Disciplinary Action Report and the memorandum recommending discipline and expunge them from defendant Simmers' personnel records (Ex.1, p. 19). He also directed the Department to rescind the demotion, rescind the 45 day suspension and substitute instead a 10 day suspension and a warning regarding his violation of the performance of duty regulation (*Id.*).

Defendants have moved to exclude from trial all evidence related to the sexual harassment allegations against defendant Simmers. This memorandum supports defendants' motion.

## ARGUMENT

### I. THE 1993 ALLEGATIONS ARE NOT RELEVANT TO THIS CASE.

In order to be relevant and thus admissible, evidence must have the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Ev. 401.

In this case, the fact that defendant Simmers was accused of sexual harassment five years before plaintiff began to work in the Legislative Affairs Office does not have any bearing on facts of consequence to this case. First, accusations do not tend to prove anything. This is particularly true when they were not sustained following an extensive hearing (Ex. 1).

Second, this case alleges disparate treatment in connection with pay, recommendations for promotion and dismissal. There is no evidence that defendant Simmers made or even influenced the decisions which plaintiff challenges.

The record shows that except for a 10-month period at the beginning of her employment and limited periods when he was named Acting Director of the Office, defendant Simmers was simply plaintiff's co-worker (Complaint ¶¶16, 23; Wilhelm Dep. 194-195, Wilhelm Ex. 13; Morris Dep. 36-37, 43; Evanko Dep. 45-46; Evanko Ex. 7, p. 1940; Simmers Dep. 52-53). Moreover, as her supervisor the only action he took that related to her pay in any way, was forwarding her request for a review of her position to appropriate personnel within the State Police (Burkholder Dep. 13; Burkholder Ex. 1, pp. 1740-1742)

With regard to the promotions she claims she should have had, defendant Evanko, not defendant Simmers, recommended candidates for promotion to the Director's position (Evanko Dep.70-71, 75-76; Def. Interrog. Resp. 2). Likewise, defendant Evanko and Captain Jeffrey Miller, not defendant Simmers, discussed candidates for the Assistant Director's position after which Captain Miller made the selection (Miller Dep. 106-108). Nothing suggests defendant Simmers had anything to do with recommending or making either selection.

Likewise, there is no evidence that defendant Simmers had any involvement in plaintiff's dismissal. Captain Miller recommended that she be removed from his Office and replaced with a clerical employee (Miller Dep. 61-64; Evanko Dep. 102-103). The removal proceeded under the authority of the

Commissioner (Evanko Dep. 102-103 ). When the Personnel Director was unable to find plaintiff another suitable position she was dismissed (Bonney Dec. ¶¶ 25, 26, 29, 30, 32, 34).

Thus, evidence regarding the 1993 allegations against defendant Simmers has no bearing on facts of consequence to the determination of this action. It should therefore be excluded.

### II. EVEN IF THE 1993 ALLEGATIONS ARE RELEVANT, THEIR PROBATIVE VALUE IS OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES AND UNDUE DELAY.

Under Fed. R. Ev. 403 relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice to the other party, confusion of the issues or undue delay. As demonstrated above, the probative value of the 1993 allegations is not great. The allegations are just that-- allegations. They are remote in time from the events at issue here. And they do not involve a participant in the decisions plaintiff is challenging as discriminatory. *See Robert S. v. Stetson School, Inc.,* 256 F.3d 159, 170-171 (3d Cir. 2001)

On the other hand, the danger of undue prejudice to defendants and confusion of the jury is great. The jury could infer that because defendant Simmers was accused of harassing conduct in the past, he must have engaged in such conduct

in this case as well. The jury could also conclude that because one of the defendants was accused of discriminatory behavior in the past, the other defendants are too. *Id.*

Finally, if the evidence regarding the 1993 allegations is permitted, defendants will have to spend a great deal of time at trial addressing those allegations and the arbitration which disposed of them. The allegations have nothing to do with plaintiff. Addressing them at trial will needlessly distract the jury from the issues to be decided and will unnecessarily prolong the trial. Accordingly they should be excluded from evidence.

### III.    THE 1993 ALLEGATIONS ARE NOT ADMISSIBLE TO PROVE THAT DEFENDANT ACTED IN CONFORMITY THEREWITH.

Fed. R. Ev. 404(b) prohibits the introduction of evidence of prior acts or wrongs to show action in conformity therewith. Evidence of such acts must be excluded unless the proponent of the evidence clearly articulates "'how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged.'" *Becker v. Arco Chemical Company,* 207 F.3d 176, 191 (3d Cir. 2000), *quoting, United States v. Himelwright,* 42 F.3d 777, 782 (3d Cir. 1994).

In this case it appears that plaintiff seeks to present the evidence of the 1993 allegations in order to show that defendant Simmers discriminated against

female employees in the past and that it is likely that both he and the other defendants did so in this case. Such a showing is precisely what Rule 404(b) prohibits.

### CONCLUSION

For all of the preceding reasons the Court should exclude from trial all evidence relating to the 1993 allegations of sexual harassment against defendant Simmers.

> Respectfully submitted,
>
> D. MICHAEL FISHER
> Attorney General
>
> BY: _____
> SUSAN J. FORNEY
> Chief Deputy Attorney General
> I.D. No. 27744

Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-9831

DATED: June 3, 2002

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on June 3, 2002, I caused to be served a copy of the foregoing document entitled **Memorandum in Support of Defendants' Motion in Limine to Exclude All Evidence Relating to 1993 Allegations of Sexual Harassment Against Defendant Simmers,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

Nathan C. Pringle, Jr., Esquire
3601 North Progress Avenue, Suite 200
Harrisburg, PA  17110

SUSAN J. FORNEY
**Chief Deputy Attorney General**
**I.D. No. 27744**