IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,
Plaintiff

v.                NO. 1:CV-01-1057

COMMONWEALTH OF PA.;          (JUDGE RAMBO)
PENNSYLVANIA STATE POLICE;
COLONEL PAUL J. EVANKO,
COMMISSIONER; LIEUTENANT
COLONEL THOMAS K. COURY; and
CAPTAIN MICHAEL. D. SIMMERS,
Defendants

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE
RELATING TO SEX DISCRIMINATION ALLEGATIONS
OF SERGEANT MCNEAL**

**Introduction**

This action alleges sex discrimination and retaliation in connection plaintiff's employment with the Legislative Affairs Office of the Pennsylvania State Police. Plaintiff, Barbara A. Wilhelm, was employed in that Office from January 1998 until her dismissal on May 1, 2000. She claims during that period she suffered sex discrimination in that she received less pay than males in the Office, she was not recommended for two promotion and she was dismissed. She also claims all these actions were taken in retaliation for her complaints about sex discrimination. Plaintiff does not assert a claim for sexual harassment or a hostile

work environment, however.

During discovery, plaintiff elicited information from Sergeant Janet McNeal regarding an incident which she described as sex discrimination she experienced during her tenure with the State Police (McNeal dep.15)[1]. Sergeant McNeal has been with the State Police since February, 1985 (McNeal dep. 15).

In her deposition, Sergeant McNeal testified that sometime before 1993, when she was assigned to uniformed patrol, she applied for accident reconstruction training (McNeal dep.15-17, 23). She further testified that her commanding officer, Captain Vincent Fioranni refused her application with a comment to the effect that he was not going to send a girl--girls don't know anything about cars (McNeal dep. 15-17). According to Sergeant McNeal, Captain Fioranni is no longer with the State Police and has not been since sometime before 1993 (McNeal dep. 23).

Sergeant McNeal also testified that she decided not to complain about the incident for several reasons (McNeal dep. 20-22). First the union contract did not provide fo r a right to training (McNeal 20-21). Second, she did not want to make herself a target for ridicule from other troopers (McNeal dep. 21). And

---

[1] Unless otherwise noted, the evidentiary material cited in this memorandum and in defendants' motion, has been filed with the Court in support of defendants' motion for partial summary judgment.

finally, she did not want to make Captain Fioranni hostile toward her (McNeal dep.22).

Defendants have moved to exclude this evidence from trial because it is not relevant to the issues in this case; and if it is determined to be relevant, its probative value is substantially outweighed by the danger of unfair prejudice to defendants, confusion of the issues and undue delay.

Defendants submit this memorandum in support of their motion.

## ARGUMENT

### I. THE INCIDENT DESCRIBED BY SERGEANT MCNEAL IS NOT RELEVANT BECAUSE IT OCCURRED AT LEAST FIVE YEARS BEFORE THE EVENTS AT ISSUE AND IT DID NOT INVOLVE THE SAME PEOPLE.

In order to be relevant and thus admissible, evidence must have the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed.R.Ev. 401.

The incident described by Sergeant McNeal and her subsequent decision not to complain occurred more than five years before the events at issue in this case and did not involve the same people who are involved in plaintiff's claims. As such the evidence does not tend to make the existence of any fact

material to this case either more or less probable.

If Sergeant McNeal's testimony is considered relevant for any reason, its probative value is substantially outweighed by the danger of unfair prejudice to defendants, confusion of the issues and undue delay at trial. *See* Fed.R.Ev. 403.

The probative value of the evidence is slight. The events described occurred more that five years before plaintiff began to work in the Office of Legislative Affairs. The events occurred while Sergeant McNeal was a trooper assigned to patrol and did not involve any of the people involved in plaintiff's claims.

On the other hand, the evidence presents the danger of unfair prejudice to defendants, who are at risk of being tarred by the conduct of Captain Fioranni. *See Robert S. v. Stetson School,* 256 F.3d 159, 170-171 (3d Cir. 2001) (evidence of prior bad acts by school staff not involved in the pending case, properly excluded from evidence under Fed.R.Ev. 403). The evidence is also likely to confuse the issues for the jury and will cause delay in the trial because defendants will have to submit additional evidence addressing it.

## CONCLUSION

For all of the preceding reasons, the Court should exclude from trial all evidence regarding the incident Sergeant McNeal described as sex discrimination and her reasons for not complaining about it.

                                        Respectfully submitted,

                                        **D. MICHAEL FISHER**
                                        Attorney General

BY: _____
                                        SUSAN J. FORNEY
                                        Chief Deputy Attorney General
                                        I.D. No. 27744

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717)787-9831**

**DATED: June 3, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM,<br>**Plaintiff** | :<br>:<br>: |
| v. | : NO. 1:CV-01-1057 |
| COMMONWEALTH OF PA.;<br>PENNSYLVANIA STATE POLICE;<br>COLONEL PAUL J. EVANKO,<br>COMMISSIONER; LIEUTENANT<br>COLONEL THOMAS K. COURY; and<br>CAPTAIN MICHAEL. D. SIMMERS,<br>**Defendants** | :<br>: (JUDGE RAMBO)<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on June 3, 2002, I caused to be served a copy of the foregoing document entitled **Memorandum in Support of Defendants' Motion in Limine to Exclude All Evidence Relating to Sex Discrimination Allegations of Sergeant McNeal,** by depositing same in the Untied States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania upon the following:

Nathan C. Pringle, Jr., Esquire
3601 N. Progress Avenue, Suite 200
Harrisburg, PA 17110

_____
SUSAN J. FORNEY
Chief Deputy Attorney General
I.D. No. 27744