IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM,<br>Plaintiff | :<br>:<br>: |
| v. | : NO. 1:CV-01-1057 |
| COMMONWEALTH OF PA.;<br>PENNSYLVANIA STATE POLICE;<br>COLONEL PAUL J. EVANKO,<br>COMMISSIONER; LIEUTENANT<br>COLONEL THOMAS K. COURY; and<br>CAPTAIN MICHAEL. D. SIMMERS,<br>Defendants | :<br>: (JUDGE RAMBO)<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATING
TO 1993 ALLEGATIONS OF SEXUAL HARASSMENT AGAINST
DEFENDANT SIMMERS**

**INTRODUCTION**

This action alleges sex discrimination and retaliation in connection with plaintiff's employment with the Legislative Affairs Office of the Pennsylvania State Police. The plaintiff, Barbara A. Wilhelm, alleges she was discriminated against with respect to certain conditions of employment including the denial of a promotion to the position of Director of the Legislative Affairs Office.

In discovery, plaintiff learned that while defendant Simmers served as Director of the Division of Records and Identification Services he was

charged with sexual harassment. Based on the investigation conducted pursuant to complaint, Major Dane Merryman found that defendant Simmers' conduct constituted sexual harassment. (Merryman Ex. 1 and 3).

Defendants have moved to exclude from trial all evidence related to the sexual harassment investigation. The plaintiff opposes that motion.

## ARGUMENT

### THE 1993 INVESTIGATION AND ADJUDICATION OF DEFENDANT SIMMERS IS BOTH RELEVANT AND OF PROBATIVE VALUE

The defendant erroneously characterizes Captain Simmers' offenses as mere accusations. To the contrary, in 1993 the Bureau of Professional Responsibility conducted an investigation to determine whether Captain Simmers engaged in sexual harassment. Following that investigation his commanding officer, Major Dane Merryman issued an adjudication finding Captain Simmers had engaged in sexual harassment. (Merryman Ex. 1 and 3). The investigation and the adjudication were specific and detailed as to the frequency and scope of the sexual harassment.

In making its motion *in limine*, the defendant overstates the status of the arbitrator. While for the most part the arbitrator's findings and those of the Major Merryman differ on questions of fact, without question the

arbitrator did not understand the law. For example, by the arbitrator's standards it is acceptable to call a woman a "slut" if you say it in jest. (Defendants Ex. 1, p. 726). In fact, his findings on the issue of sexual harassment are irrelevant. They also happen to be contrary to all applicable state and federal law. However to be fair, the arbitrator did not need to understand the law. He was only hired to interpret the collective bargaining agreement. The arbitrator was specifically asked to determine whether certain field regulations were violated, and whether the discipline impose was for just cause. (Defendants Ex. 1, pp. 717, 730). Accordingly, the arbitrator was not asked, and had to authority to determine whether defendant Simmers' actions amounted to a violation of federal or state laws, and neither the jury nor this court is bound by the arbitrator's findings of fact or conclusions of law. A proper finding on defendant Simmers' conduct in 1993 is for the jury and this Court to decide.

Major Merryman's findings with respect to Captain Simmers' conduct in 1993 are relevant because they are factors which should have been taken into consideration when defendant Evanko evaluated the qualifications of candidates for Director of the Legislative Affairs Office, whether they amounted to sexual harassment or incompetence, as the arbitrator suggests. The fact that defendant Evanko made no effort to determine whether specific

3

measures were taken to correct defendnant Simmers of this deficiency, and that defendant Evanko took no steps to determine whether defendant Simmers was likely to repeat his mistakes is relevant when evaluating defendant Evanko's, and the defendant department's, concern for preventing sex discrimination by officers who are given supervisory responsibilities. (Evanko Dep. 68, 69). It is probative of defendant Evanko's, and the department's, lack of interest in how woman are regarded and treated. Also, it is probative of defendant Evanko's personal bias against women.

## CONCLUSION

For the preceding reasons the Court should deny defendants' motion to exclude from trial all evidence relating to the 1993 allegations of sexual harassment against defendant Simmers.

Respectfully Submitted,

_____
Nathan C. Pringle, Jr.
Attorney ID #30142
3601 North Progress Avenue
Suite 200
Harrisburg, Pennsylvania 17110
(717) 909-8520

Dated: June 17, 2002          Attorney for Plaintiff

4

## CERTIFICATE OF SERVICE

I, Nathan C. Pringle, Jr., hereby certify that on June 17, 2002, I caused to be delivered by first class mail a copy of the foregoing document entitled Plaintiff's Brief in Opposition Defendants Motion In Limine To Exclude All Evidence Relating To 1993 Sexual Harassment against Defendant Simmers to the following:

Susan J. Forney
Chief Deputy Attorney General
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120

_____
Nathan C. Pringle, Jr.