IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM, | : |
| Plaintiff | : |
| | : |
| v. | : NO. 1:CV-01-1057 |
| | : |
| COMMONWEALTH OF PA.; | : (JUDGE RAMBO) |
| PENNSYLVANIA STATE POLICE; | : |
| COLONEL PAUL J. EVANKO, | : |
| COMMISSIONER; LIEUTENANT | : |
| COLONEL THOMAS K. COURY; and | : |
| CAPTAIN MICHAEL. D. SIMMERS, | : |
| Defendants | : |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATING
TO SEX DISCRIMINAITON ALLEGATIONS OF
SERGEANT MCNEAL**

INTRODUCTION

This action alleges sex discrimination and retaliation in connection with plaintiff's employment with the Legislative Affairs Office of the Pennsylvania State Police ("Department"). The plaintiff, Barbara A. Wilhelm, alleges she was discriminated against with respect to certain conditions of employment including harassment, the denial of a promotion to the position of Director of the Legislative Affairs Office, the denial of a promotion to the position of Assistant Director of the Legislative Affairs Office, and various forms of retaliation including dismissal.

1

In discovery, plaintiff learned of allegations of discrimination presented by Sergeant Janet McNeal. Sergeant McNeal declined to file a complaint for fear of retaliation. The defendants moved to exclude this evidence. The plaintiff opposes that motion.

## ARGUMENT

### EVIDENCE RELATED TO THE SEX DISCRIMINATION ALLEGATIONS OF SERGEEANT MCNEAL ARE BOTH RELEVANT AND OF PROBATIVE VALUE

It is the plaintiff's position that it is an intrinsic part of the culture of the department to discriminate against women. This evidence in question shows that this cultural discrimination is historically based and well known among department employees. The plaintiff asserts that this cultural bias against women has created an environment which condoned blatant acts of sexual harassment and concerted acts of discrimination. Sergeant McNeal and her male mentor feared retaliation for this reason. This existence and pervasiveness of the bias against women is both relevant and probative of conditions and decisions which resulted in the harassment, discrimination and retaliation committed by the each of the defendants. It will not be presented to show that any of the defendants violated federal or state laws.

## CERTIFICATE OF SERVICE

I, Nathan C. Pringle, Jr., hereby certify that on June 17, 2002, I caused to be delivered by first class mail a copy of the foregoing document entitled Plaintiff's Brief in Opposition Defendants Motion In Limine To Exclude All Evidence Relating To Sex Discrimination Allegations of Sergeant McNeal to the following:

Susan J. Forney
Chief Deputy Attorney General
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120


_____
Nathan C. Pringle, Jr.

It's probative value is that such acts could occur in that environment unfettered by any concern for reproach or condemnation.

## **CONCLUSION**

For the preceding reasons the Court should deny defendants' motion to exclude from trial all evidence relating to the sex discrimination allegations of Sergeant McNeal.

Respectfully Submitted,

_____
Nathan C. Pringle, Jr.
Attorney ID #30142
3601 North Progress Avenue
Suite 200
Harrisburg, Pennsylvania 17110
(717) 909-8520

Dated: June 17, 2002          Attorney for Plaintiff