# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,  :
    **Plaintiff**  :
     :
     :
  **v.**  :    **NO. 1:CV-01-1057**
     :
COMMONWEALTH OF PA.;  :    (JUDGE RAMBO)
PENNSYLVANIA STATE POLICE;  :
COLONEL PAUL J. EVANKO,  :
COMMISSIONER; LIEUTENANT  :
COLONEL THOMAS K. COURY; and  :
CAPTAIN MICHAEL. D. SIMMERS,  :
    **Defendants**  :

**FILED**
**HARRISBURG, PA**
**JUN 2 5 2002**
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE OF THE 1993 ALLEGATIONS OF SEXUAL HARASSMENT AGAINST <u>CAPTAIN SIMMERS</u>

### <u>INTRODUCTION</u>

This action alleges sex discrimination and retaliation in connection with plaintiff's employment in the Pennsylvania State Police Office of Legislative Affairs. Plaintiff is Barbara A. Wilhelm. Defendants are the Pennsylvania State Police, Commission Paul J. Evanko, former Lieutenant Colonel Thomas K. Coury and Captain Michael D. Simmers.

In part, plaintiff claims that she was denied a promotion to the position of Director of the Office of Legislative Affairs because of her sex and in retaliation for prior complaints about sex discrimination.

Defendants moved to exclude from trial all evidence relating to 1993 allegations of sexual harassment made against defendant Simmers. Defendants argued that (1) the evidence is not relevant to the issues presented by this case, (2) if the evidence is deemed relevant, its probative value is outweighed by the danger of unfair prejudice, confusion of the issues and undue delay, and (3) the evidence is not admissible to prove that defendant acted in conformity therewith.

Plaintiff has opposed defendants' motion. She argues that the evidence is relevant because the disciplinary action report issued against defendant Simmers should have been considered when defendant Evanko evaluated candidates for position of Director of the Office of Legislative Affairs. (Pl. Br. at 3). She also argues that Evanko's failure to determine whether corrective measures were taken and whether Simmers was likely to repeat "his mistakes" is relevant to his and the Department's concern for preventing sex discrimination by supervisors. (Pl. Br. at 4). Finally she argues the evidence is probative of Evanko's personal bias against women and his lack of interest in how women are treated. (*Id.*).

Defendants submit this memorandum in reply to plaintiff's arguments.

-2-

## EVIDENCE OF THE 1993 ALLEGATIONS OF SEXUAL HARASSMENT ARE NOT PROBATIVE OF EITHER THE DEPARTMENT'S OR DEFENDANT EVANKO'S ATTITUDE TOWARD WOMEN

As defendants' initial brief points out, the 1993 allegations of sexual harassment were the subject of an extensive investigation and disciplinary action report. (McHale dep.14; Merryman Dep. 12; Simmers Dep. 12). Defendant Simmers filed a grievance challenging the proposed discipline, after which an arbitration hearing was held. (Ex. 1, p.5). The arbitrator did not sustain the allegations of sexual harassment. (Ex. 1, pp. 5, 18). Moreover, he ordered the Department to rescind the Disciplinary Action Report and the memorandum recommending discipline and expunge them from defendant Simmers' personnel file. (Ex. 1, p.19).

The arbitrator's opinion and award were rendered on January 19, 1995. (Ex.1, p.19). Defendant Evanko became Commissioner of the State Police on February 21, 1995. (Evanko Dep. 5). In his deposition, defendant Evanko testified that he had no information about the 1993 allegations or the arbitrator's award. (Evanko Dep. 69).

Evidence of the 1993 allegations is not probative of either the Department's or defendant Evanko's lack of concern for or attitude women. First, the evidence is remote in time from the events in this case. Plaintiff's employment with the Office of Legislative Affairs began in 1998--five years after the harassment

allegations were made and three years after they were arbitrated. (Complaint ¶15; Merryman Ex. 3; Ex. 1, p.19).

Second, nothing about the manner in which the allegations were handled indicates the Department was unconcerned about women.  The allegations were investigated and discipline was recommended.  It was an independent arbitrator and not a member of the Department that determined the allegations were not sustained and did not justify discipline.[1]

Third, the record shows that defendant Evanko was not aware of the allegations or the subsequent arbitration when he was considering candidates for the Director of the Legislative Affairs Office in January 2000.  (Evanko Dep. 69-70).  His ignorance on the subject is not unusual given the arbitrator's award directing the Department to expunge the information  from defendant Simmers' personnel file. (Ex. 1, p.19).

In short, evidence relating to the 1993 allegations of sexual harassment against defendant Simmers have no bearing on any matter at issue in this case.  The evidence should therefore be excluded from trial.

---

[1] As explained in defendants' initial brief, the arbitrator did find that defendant Simmers violated a State Police regulation regarding the performance of his duty.  He did not find that defendant Simmers engaged in sexual harassment nor did he impose discipline for the alleged sexual harassment. (Ex. 1, pp. 18-19)

## <u>CONCLUSION</u>

For all of the preceding reasons, the Court should grant defendants'
motion in limine to exclude all evidence relating to the 1993 allegations of sexual
harassment against defendant Simmers.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

**BY:** _____
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831**

**DATED:  June 25, 2002**

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on June 25, 2002, I caused to be served a copy of the foregoing document entitled **Defendants' Reply Memorandum in Support of Their Motion in Limine to Exclude All Evidence of the 1993 Allegations of Sexual Harassment Against Defendant Simmers,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

**Nathan C. Pringle, Jr., Esquire**
**3601 North Progress Avenue, Suite 200**
**Harrisburg, PA  17110**


**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**