**In The United States District Court**
**For The Middle District Of Pennsylvania**

Barbara A. Wilhelm,                         :        NO. 1:CV-01-1057
                                            :        (JUDGE RAMBO)
        Plaintiff                           :
                                            :
                                            :
                                            :
                                            :
        v.                                  :
                                            :
Commonwealth of Pennsylvania,               :                **FILED**
Pennsylvania State Police,                  :            HARRISBURG, PA
                                            :
        Defendant                                        AUG 2 6 2002

                                                    MARY E. D'ANDREA, CLERK
        <u>**PRETRIAL MEMORANDUM**</u>              Per _____
                                                            Deputy Clerk

Date conference was held by counsel: August 21, 2002.

     A.     This action is brought to pursuant to 42 U.S.C. §§ 1983 and

1988 redress violations of plaintiff's rights as secured by Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, as well as an

independent action under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act,

43 Pa. C. S § 955  The United States District Court for the Middle District of

Pennsylvania has jurisdiction over this cause of action pursuant to 28 U.S.C.

§ §1331 and 1334, and 42 U.S.C. § 2000e. The United States District Court

for the Middle District of Pennsylvania has supplemental jurisdiction over

the pendant state claim pursuant to 28 U.S.C. § 1367 (a).

1

**B.**    The Plaintiff is an adult female who was hired in 1978, by the

Commonwealth of Pennsylvania, Department of General Services, as a

Police Officer. On January 10, 1998, Ms. Wilhelm was appointed to the

Pennsylvania State Police, Legislative Affairs Office as a Legislative

Specialist.

Major Richard D. A. Morris had been appointed Director, Legislative

Affairs Office, in 1997.  Approximately three months after Major Morris'

appointment, Captain Michael Simmers was appointed as Assistant Director.

Upon her appointment Ms. Wilhelm reported to Captain Simmers. Later

Captain Simmers was removed as Ms. Wilhelm's supervisor, except when

serving as Acting Director in the absence of Major Morris.

In addition to her duties as Legislative Specialist, Ms Wilhelm was given

filing and typing duties, as well as most of the duties of the Assistant

Director. From July 1998 until January 2000, Ms. Wilhelm complained of

Captain Simmers' misuse of his state vehicle, unauthorized leave,

harassment, incompetence, and failure to account for time during work

hours. She also complained that Ronald Plesco, a co-worker, was not held

accountable for his time. Ms. Wilhelm alleged male employees were given

preferential treatment.

In January 2000, Major Morris retired and Captain Simmers was appointed Acting Director until a permanent Director was appointed. A new Director, Captain Jeffrey Miller, was appointed in March 2000. On May 1, 2000, Ms Wilhelm received a letter drafted and signed by Linda Bonney, Director, Bureau of Personnel, dismissing her as a Legislative Specialist. Upon Ms. Wilhelm's termination, her personnel history file was assigned a numeric code. That code, "02200", indicated that Ms. Wilhelm was dismissed for an unspecified reason.

Ms. Wilhelm alleges that her dismissal was in retaliation for her complaints of discrimination in violation of Title VII of the Civil rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.*, ("Title VII") and the Pennsylvania Human Relations Act 43 Pa. C. S. § 955 ("PHRA"). Ms. Wilhelm claims the defendant is liable for reinstatement or front pay, back pay, punitive and compensatory damages.

C.     Counsel for the parties met as required but were unable to draft a comprehensive statement of all undisputed facts, or agree on the admissibility of all exhibits. Counsel have agreed to meet again to complete requirement before the pretrial conference.

D.     (1)     Plaintiff seeks compensatory damages for her pain and suffering in the nature emotional distress as a direct result of her dismissal.

Not only was she deprived of employment for which she was highly competent at the Pennsylvania State Police, the Pennsylvania State Police humiliated her by recording and publishing derogatory comments in her personnel history. As a result she was effectively deprived of future employment with her employer of twenty- two years. Plaintiff estimates the value of her pain and suffering to be fifty thousand dollars.

(2)    Plaintiff seeks back pay in the amount of one hundred twenty-two thousand ($122, 000) dollars.

(3)    Plaintiff seeks the maximum permitted punitive damages for the defendant's willful and malicious permanent deprivation of employment with the Commonwealth of Pennsylvania, and for damaging her permanent personnel history.

(4)    Plaintiff seeks reinstatement to the position of Legislative Specialist 2, at the salary she would have had she not been dismissed.

D.    Plaintiff's potential witnesses are as follows:

Linda M. Bonney
Director
Bureau of Human Resource
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Captain John R. Brown
Internal Affairs Division
Bureau of Professional Responsibility

Pennsylvania State Police
7820 Allentown Boulevard
Harrisburg, PA 17112

Denise Motley Brownlee
Director of Equal Employment Opportunity
Governor's Office of Administration
588-B Finance Building
Harrisburg, PA 17120

Richard Clites
HR Employee Self-Service
7th Floor Forum Place
555 Walnut Street
Harrisburg, PA 17101

Lt. Colonel Hawthorne N. Conley
Deputy Commissioner for Administration
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Thomas K. Coury
Vice President
Parsons
979 East park Drive
Harrisburg, PA 17111

Wayne Dowling
5720 Oak Ave.
Harrisburg, PA 17112

Colonel Paul J. Evanko
Commissioner
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

James Hazen
Accreditation Project Coordination
Pennsylvania chiefs of Police
3905 N. Front Street
Harrisburg, PA 17110

Lt. Colonel Robert C. Hickes
Deputy Commissioner of Staff
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Lieutenant William Horgas
Systems and Process Review Division
Bureau of Professional Responsibility
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Major R. Dane Merryman
Director
Bureau of Research and Development
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Major Jeffrey B. Miller
Director
Office of Legislative Affairs
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Richard D.A. Morris
130 Cambridge Drive
Hershey, PA 17033

Captain Darrel G. Ober
Pennsylvania State Police
3655 Vartan Way
Harrisburg, PA 17110

Sergeant Garret Rain
Pennsylvania State Police
Troop H
8000 Bretz Drive
Harrisburg, PA 17112

Captain Michael D. Simmers
Executive Offices
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Barbara Wilhelm

Plaintiff will not call any experts.

F.      No expert witnesses will be called.

G.      Plaintiff has not special comments about pleadings of discovery.

H.      Plaintiff contends she was dismissed in retaliation for having engaged

in conduct protected under Title VII and the PHRA. Title VII prohibits an

employer from discriminating against an employee because she has made a

charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing. 42 U.S.C. § 2000(e)-3(a) . To prove a prima facie

retaliation plaintiff must show: (1) that she engaged in protected activity; (2)

that the employer took adverse action against her; and (3) that a causal link

exists between the protected activity and the employer's adverse action.

*Farrell v. Planters Lifesavers Co.*, 206 F.3d 271,279 (3d Cir. 2000). If the employer can articulate a legitimate nondiscriminatory reason for the adverse action, the plaintiff must demonstrate that the stated reason was a pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973). The standards for evaluating claims under PHRA are same as those for Title VII claims. *Goosby v. Johnson & Johnson Med. Inc.*, 228 F.3d 313, 317 n. 3 (3d Cir. 2000).

I.    No stipulations are desired.

J.    Trial is estimated to take two to three and one half days.

K.    No other pertinent matters are to be tried.

L.    The Exhibit form is attached.

M.    Plaintiff has no special verdict questions.

O.    The certificate will be filed as required by Local Rule 30.10.

Respectfully submitted,

Nathan C. Pringle, Jr.
Attorney I.D. No. 30142
3601 N. Progress Ave., Suite200
Harrisburg, PA 17110
(717) 909-8520
Attorney for plaintiff

Dated: August 23, 2002

# LIST OF EXHIBITS

**CASE CAPTION:** Wilhelm v. PA State Police

**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER:** 1:CV-01-1057

**JUDGE:** Sylvia Rambo

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|-----|-----|-------------------------------|------------|----------|--------|------------------|
| X | | Job Description– Barbara Wilhelm | 1 | | | |
| X | | Memorandum dated April 12, 1999 | 2 | | | |
| X | | Memorandum dated May 4, 1999 | 3 | | | |
| X | | Memorandum dated June 21, 1999 | 4 | | | |
| X | | Letter of dismissal dated April 28, 2000 | 5 | | | |
| X | | Wilhelm diary entries for 1998 | 6 | | | |
| X | | Wilhelm diary entries for 1999 | 7 | | | |
| X | | Wilhelm diary entries for 2000 | 8 | | | |
| X | | Wilhelm performance evaluation – 3/97 to 3/98 | 9 | | | |
| X | | Wilhelm performance evaluation – 3/98 to 3/99 | 10 | | | |
| X | | Wilhelm performance evaluation – 3/99 to 3/00 | 11 | | | |
| X | | Memorandum dated September 13, 1999 | 12 | | | |
| X | | Memorandum dated April 2, 2000 | 13 | | | |
| X | | Email from Wilhelm to R. Morris | 14 | | | |
| X | | Memorandum Re: February 2000, Officer of the Day Roster and memorandum to Wilhelm | 15 | | | |
| X | | Time and Attendance Record-1/8/00 to 1/21/00 | 16 | | | |
| X | | Time and Attendance Record-1/22/00 to 2/14/00 | 17 | | | |
| X | | Time and Attendance Record-2/5/00 to 2/18/00 | 18 | | | |
| X | | Time and Attendance Record-2/19/00 to 3/3/00 | 19 | | | |
| X | | Time and Attendance Record-3/4/00 to 3/17/00 | 20 | | | |
| X | | Email from Wilhelm to Robinson | 21 | | | |
| X | | Simmers Record of Absence 2000 | 22 | | | |
| X | | Department directive dated January 28, 2000 | 23 | | | |

# LIST OF EXHIBITS

**CASE CAPTION: Wilhelm v. PA State Police**

**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER: 1:CV-01-1057**

**JUDGE: Sylvia Rambo**

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| X | | Field Regulation 1 dated February 20, 1998 | 24 | | | |
| X | | Personnel Rules dated April 26, 1999 | 25 | | | |
| X | | Department directive dated September 2, 1993 | 26 | | | |
| X | | Memorandum dated January 19, 2000 | 27 | | | |
| X | | Morris Job description dated May 19, 1998 | 28 | | | |
| X | | Stimmers Job description dated May 19, 1998 | 29 | | | |
| X | | Report with cover memorandum dated October 7,1999 | 30 | | | |
| X | | Report with cover memorandum dated January 6,2000 | 31 | | | |
| X | | Department directive AR 4-11 dated August 20, 1997 | 32 | | | |
| X | | Department directive Special order 98-22 dated March 5, 1998 | 33 | | | |
| X | | Memorandum dated November 3, 1999 | 34 | | | |
| X | | Memorandum dated July 19, 1999 | 35 | | | |
| X | | Memorandum dated December 20, 1998 | 36 | | | |
| X | | Memorandum dated January 3, 2000, Re: Response to Use of Compensatory Leave | 37 | | | |
| X | | Memorandum dated March 14, 2000 | 38 | | | |
| X | | Memorandum dated January 3, 2000, Re: Systems and Process Review Division Reports | 39 | | | |
| X | | Letter July 14, 1999, from Wilhelm to Rain | 40 | | | |
| X | | Memorandum dated April 7, 1999, with attachment | 41 | | | |

# LIST OF EXHIBITS

**CASE CAPTION:** Wilhelm v. PA State Police          **CASE NUMBER:** 1:CV-01-1057

**MIDDLE DISTRICT OF PENNSYLVANIA**          **JUDGE:** Sylvia Rambo

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| x | | Department directive Personnel Order 00-13 dated June 15, 2000 | 42 | | | |
| x | | Computer printout of Wilhelm employment history | 43 | | | |
| x | | Memorandum revised March 3, 2000, Re: Transaction Codes | 44 | | | |
| x | | Memorandum dated January 25, 1999 | 45 | | | |
| x | | List of Headquarters Vacancies for April/May 2000 | 46 | | | |
| x | | Job description Ranck | 47 | | | |
| x | | Memoranda dated June 12, 1998, October 14, 1998, July 30, 1999, September 1999, | | | | |
| x | | Re: Temporary Assignment to Higher Rank | 48 | | | |
| x | | Complaint IAD 1999-663 | 49 | | | |
| x | | Handwritten note from Wilhelm to Morris | 50 | | | |
| x | | Memorandum dated August/ September 1999, Re: Brief Report of Activities | 51 | | | |
| x | | Memorandum dated May 24, 1999, Re: Employee Ethics | 52 | | | |
| x | | Letter form Peters to Wilhelm dated November 23, 1999 | 53 | | | |
| x | | Classification Specification-State Police Captain | 54 | | | |
| x | | Department directive Personnel Order 00-10 dated April 28, 2000, Re: Transfers | 55 | | | |
| x | | Handwritten note to Wilhelm from Ulrich | 56 | | | |

## LIST OF EXHIBITS

**CASE CAPTION:** Wilhelm v. PA State Police

**MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE NUMBER:** 1:CV-01-1057

**JUDGE:** Sylvia Rambo

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|-----|-----|------------------------------|------------|----------|--------|------------------|
| x | | Handwritten note to Wilhelm from Westcott | 57 | | | |
| x | | Handwritten note to Wilhelm from Hennessey | 58 | | | |
| x | | Handwritten Supervisor's Notation to regarding Wilhelm dated October 6, 1997, with attachment | | | | |
| x | | Memorandum to Ulrich from Dougherty with letter of appreciation attached, regarding Wilhelm | 59 | | | |
| | | | 60 | | | |
| x | | Letter dated July, 1997, to Wilhelm from Evanko | 61 | | | |
| x | | Memorandum dated September 28, 1998 | 62 | | | |
| x | | Department directive dated July 22, 1999 | 63 | | | |
| x | | OM 7-4 dated September 20, 2000, Re: Chapter 4, Systems and Process Review | 64 | | | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The Plaintiff Barbara Wilhelm claims that defendant Pennsylvania State Police discriminated against her by dismissing her because she opposed a practice made unlawful by Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

It is an unlawful practice under Title VII and the Pennsylvania Human Relations Act for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex. In this case plaintiff Barbara Wilhelm claims that she made several complaints regarding treatment she believed was preferential to male employees.

The defendant denies that the plaintiff was retaliated against in any way and asserts that it had a legitimate nondiscriminatory reason for terminating her employment.

In order to prevail on this claim, Plaintiff must show all the following:

First: Plaintiff Barbara Wilhelm engaged in conduct protected by Title VII of the Civil Rights Act of 1964 and Pennsylvania Human Relations Act;

Second: Plaintiff Barbara Wilhelm was subjected to an adverse employment action at the time, or after, the protected conduct took place; and

Third: Defendant Pennsylvania State Police took an adverse employment action against plaintiff Barbara Wilhelm because of the plaintiff's protected conduct.

If you believe the plaintiff has shown each of these elements, you must then determine whether the defendant has articulated a nondiscriminatory reason for dismissing the plaintiff.

If the defendant has articulated a nondiscriminatory reason for dismissing the plaintiff, the plaintiff burden shifts to the plaintiff to show that the defendant's reason is a pretext.

The plaintiff Barbara Wilhelm has introduced evidence that the defendant's articulated reason for dismissing the plaintiff is a pretext for retaliation. When you consider the plaintiff's evidence of pretext, remember the relevant question is whether defendant's articulated reason was the real reason for the dismissal.

You are not to consider whether the defendant's reason showed poor or erroneous judgment. However, you may consider whether the defendant's reason is merely a cover-up for retaliation. You may consider whether the defendant's reason is consistent with the defendant's own policies and rules

2

and whether the defendant State Police applied these policies and rules uniformly. You should carefully evaluate any subjective reasons the defendant has asserted for its actions.

Plaintiff has the burden to persuade you by a preponderance of the evidence that the defendant took action against plaintiff because she asserted her rights under Title VII and the Pennsylvania Human Relations Act. If you do not believe defendant's explanations, you may, but are not required to, infer that plaintiff Barbara Wilhelm has satisfied her burden of proof that the defendant State Police intentionally retaliated against for asserting her rights under Title VII and the Pennsylvania Human Relations Act.

If you decide for the plaintiff and against the defendant, you must decide the issue of the plaintiff's damages:

In considering the issue of the plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less. You may award compensatory damages only for injuries that plaintiff Barbara Wilhelm proves were caused by the defendant's allegedly wrongful conduct. You may award damages for pain, suffering or mental anguish that plaintiff experienced as a consequence of defendant's allegedly wrongful act. No

evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

You may also award plaintiff back pay. Back pay is an award for actual damages in an amount that reasonably compensates plaintiff for any lost wages and benefits, taking in consideration any increases in salary and benefits, including pension, that plaintiff would have received had plaintiff not been dismissed.

You may also award reinstatement to her position as Legislative Specialist 2.

You may also award front pay. Front pay is used to make the plaintiff whole for future expected losses. In calculating such an award, you must consider the expected future damages caused by defendant's wrongful conduct from the date of judgment to the date of retirement by the plaintiff, less any wages and benefits he might receive during the same period of time. In other words, future damages in this case consist of what the plaintiff Barbara Wilhelm would have earned in wages and benefits working for the defendant State Police, less whatever she earns from any other employment

4

she undertakes from the date of judgment is entered to the date of her expected retirement.

Plaintiff also claims the alleged wrongful act of the defendant was done with malice or reckless indifference to the plaintiff's federally and state protected rights so as to entitle the plaintiff to an award of punitive damages. Punitive damages may be awarded for the purpose of punishing the defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.

## PLAINTIFF'S QUESTIONS FOR JURY VOIR DIRE

1.    What is your current occupation, and how long have you worked in this occupation?

2.    Have you, or anyone close to you studied or worked in the legal field? (If yes:) Who? What type of law did you/they practice? Did you/they represent mostly plaintiffs of defendants? Did you/they form any opinions about the legal system or about lawsuits based on your experience? Do you/they tend to favor one side over the other because of your prior experience?

3.    Have you, or has anyone close to you, ever served in any branch of the armed forces? Please specify the branch, rank and how many years of services.

4.    Have you, or has anyone close to you, ever worked or received training in the field of law enforcement or for an law enforcement organization? (If yes:) Who? When? What type? Rank in law enforcement? For how long? What opinions about the legal system and law enforcement did you/they form as a result of that experience?

5.    Have you, or has anyone close to you, ever worked or received training in personnel, employee benefits, or human resources? (If yes:)

Who? When? For how long? Is your knowledge in these areas current? Have you formed opinions about the duties of the employer in responding to complaints of discrimination or complaints of unfair treatment?

7.     Are you, or someone close to you, a member of any organization or club associated with law enforcement?

8.     I am going to tell you the names of people who are involved in this case. If any of you or your family or friends are personally acquainted with these people, even if it's a casual acquaintance, please raise your hand. Linda M. Bonney, Captain John R. Brown, Richard Clites, Lt. Colonel Hawthorne N. Conley, Thomas K. Coury, Colonel Paul J. Evanko, Lieutenant William Horgas, Major Jeffrey B. Miller, Sergeant Garret Rain, Captain Michael D. Simmers, and Ronald Plesco.

9.     Had any of you read or heard anything about this case before arriving here today? (If yes:) What did you read or hear?

10.     Have you discussed this case with anyone, including anyone here at the federal building? (If yes:) With whom? When? What was discussed? Were opinions expressed about who was in the right? Do you think you have a good idea about the facts and issues involved here?

11.     Have you ever attended any training sessions or programs on sex discrimination?

12.    How many of you think that most sex discrimination claims are probably not true?

13.    How many of you think that most claims of employer retaliation are probably not true?

14.    Have you ever been accused of discriminating against someone? (If yes:) When? What type of discrimination?  What happened? Were you satisfied with the resolution? How would that experience influence the way you would view this case?

15.    Have you ever been a witness or interviewed in connection with a sex discrimination complaint or sexual harassment complaint? (If yes:) When? Were you a witness for the employer or the person making the claim?

16.    Do you think you would be able to come back with a verdict against the State Police if the facts and the evidence supported the plaintiff's case?

17.    If you come back with a verdict in favor of the plaintiff, do you think you would have difficulty awarding monetary damages sufficient to discourage the State Police from treating employees in an unfair manner?

18.     Is there any reason that you think you  should not sit on this particular case?

## CERTIFICATE OF SERVICE

I, Nathan C. Pringle, Jr., hereby certify that on August 26, 2002, I caused to be hand delivered the foregoing document entitled Pretrial Memorandum upon the following:

Susan J. Forney
Chief Deputy Attorney General
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120

Nathan C. Pringle, Jr.