*2 To CT*
*W/ Floppy Disc*

*62*
*8-26-0*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ORIGINAL**

BARBARA A. WILHELM,
    **Plaintiff**

    v.

COMMONWEALTH OF PA.;
PENNSYLVANIA STATE POLICE;
COLONEL PAUL J. EVANKO,
COMMISSIONER; LIEUTENANT
COLONEL THOMAS K. COURY; and
CAPTAIN MICHAEL. D. SIMMERS,
    **Defendants**

:
:
:
:
:
:
:
:
:
:
:
:
:

NO. 1:CV-01-1057

(JUDGE RAMBO)

**FILED**
HARRISBURG, PA

AUG 2 3 2002

MARY E. D'ANDREA, CLERK
Per _____

## DEFENDANT'S PRETRIAL MEMORANDUM

Defendant Pennsylvania State Police submits the following pretrial memorandum pursuant to Local Rule 16.6 and the Case Management Order.

Counsel met on August 20, 2002 to discuss the matters designated by Local Rule 16.3(b) and the Case Management Order.

### A.    Jurisdiction

This is an action alleging a retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e *et seq.* This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§1331 and 1343(a)(4).

**B.    Summary of the Facts and Contentions as to Liability**

Plaintiff, Barbara A. Wilhelm, was employed as a legislative specialist with the Office of Legislative Affairs of the defendant Pennsylvania State Police. Plaintiff was employed in that position from January 10, 1998 until her dismissal on May 1, 2000.

The Director of the Office of Legislative Affairs and plaintiff's immediate supervisor, Major Richard D.A. Morris retired at the beginning of January, 2000.  Following his retirement, some personnel changes were made in the Office. A policy specialist, Ronald Plesco, was made the Acting Director of a newly established Policy Office and began to report directly to the Commissioner. A new Director of the Office, Captain Jeffrey B. Miller, was selected and assumed his duties in March.  During the same month, the former Assistant Director of the Office, Captain Michael D. Simmers, was transferred to a position in the Executive Offices. In April, Sergeant William McHale began work as the new Assistant Director of the Office. Throughout this period, plaintiff remained in her legislative specialist position.

As Captain Miller became acquainted with the Legislative Affairs Office and his duties as its Director, he came to the conclusion that he needed clerical assistance more than he needed a legislative specialist.  Up to that time, the Office did

not have a clerical staff. As a result, the question of who was responsible for preparing documents, filing and acting as a receptionist was a matter of some contention within the Office.

In addition, in April, 2002, Captain Miller became concerned that the plaintiff was not willing to adhere to his requirement that members of the Office communicate openly with each other and with other members of the Executive Staff about matters concerning the Office. In particular, plaintiff made it clear to Captain Miller that she was not willing to communicate freely with Ronald Plesco, the Director of the newly created Policy Office.

Soon afterward, Captain Miller spoke to Colonel Paul J. Evanko, the Commissioner of the State Police, and recommended replacing the legislative specialist position with a clerical position. Colonel Evanko authorized the implementation of Captain Miller's recommendation.

Linda Bonney, the Director of the Bureau of Personnel, was ultimately responsible for implementing the reorganization of the Office. At the time, plaintiff was an at-will employee. That is, she had no right to continued employment under either a union agreement or the Civil Service Law. Under these circumstances, Ms. Bonney concluded that the elimination of plaintiff's position required her dismissal unless she was qualified for another vacant position within the State Police.

Ms. Bonney attempted to locate another comparable position within the State Police that plaintiff would be qualified to fill. None were available. Ms. Bonney concluded there was no viable option but to end the plaintiff's employment with the State Police. Ms. Bonney then drafted a letter dismissing plaintiff effective May 1, 2000.

The letter states that the dismissal was "due to the reorganization of the Legislative Affairs Office." A clerk typist was subsequently added to the Legislative Affairs Office.

Plaintiff was informed of her dismissal on May 1.

Plaintiff alleges she was dismissed in retaliation for complaining about sex discrimination. Defendant denies that her dismissal was retaliatory. Instead defendant contends that plaintiff was dismissed because Captain Miller recommended the elimination of her position for the reasons stated above and no other position was available that plaintiff was qualified to fill.

C.    **Comprehensive Statement of Undisputed Facts**

Counsel discussed the utility of stipulating facts during their conference. They concluded that while some facts could be stipulated, they are facts that will necessarily be discussed in testimony. Therefore, a stipulation will not assist in eliminating testimony or otherwise streamlining the trial.

**D.**    **Damages**

Defendant is not seeking damages.

**E.**    **Witnesses**

Linda M. Bonney, Director
Bureau of Human Resources
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Captain John R. Brown
Internal Affairs Division
Bureau of Professional Responsibility
Pennsylvania State Police
7820 Allentown Boulevard
Harrisburg, PA 17112

Richard Clites
HR Employee Self-Service
7th Fl. Forum Place
555 Walnut St.
Harrisburg, PA 17101

Thomas K. Coury, Vice President
Parsons
979 East Park Drive
Harrisburg, PA 17111

Colonel Paul J. Evanko
Commissioner
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Lieutenant William Horgas
Systems and Process Review Division
Bureau of Professional Responsibility
Pennsylvania State Police
7820 Allentown Boulevard
Harrisburg, PA 17112

George P. March
1109 Caln Meeting Road
Coatesville, PA   19320

Sergeant Janet McNeal
Pennsylvania State Police
Troop H
RR 2, 110 North St.
York, PA 17403

Major R. Dane Merryman, Director
Bureau of Research and Development
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Major Jeffrey B. Miller, Director
Office of Legislative Affairs
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Richard D.A. Morris
130 Cambridge Drive
Hershey, PA 17033

Ronald E. Plesco
L. Robert Kimball & Associates
4400 Deer Path Road, Suite 105
Harrisburg, PA 17110

Sergeant Garret L. Rain
Pennsylvania State Police
Troop H
8000 Bretz Drive
Harrisburg, PA 17112

Captain Michael D. Simmers
Executive Offices
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Barbara A. Wilhelm

**F.**    **<u>Summary of Testimony of Expert Witness</u>**

Defendant is not calling an expert witness.

**G.**    **<u>Special Comments</u>**

At the meeting of counsel, it became apparent that each side would be presenting some of the same documents. Counsel have attempted to eliminate duplication and have agreed we will not object to the use of a document because a party has not listed it, provided that the other party has listed it.

To date, counsel have not agreed to the admissibility of exhibits. Counsel for defendant believes that authenticity is not a problem, however, she has some objections to the admissibility of some of the documents identified by plaintiff at the conference of counsel. She will attempt to discuss those issues with plaintiff's attorney before the pretrial conference.

### H.    <u>Summary of Legal Issues and Authorities</u>

Plaintiff alleges that she was dismissed from her employment in retaliation for engaging in activity protected under Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e, *et seq.* (Complaint ¶¶120-125). By way of relief she seeks, reinstatement, backpay, and compensatory and punitive damages.

In order to prevail, plaintiff must show, (1) that she engaged in activity protected by Title VII, *Walden v. Georgia-Pacific Corporation,* 126 F.3d 506, 513, n.4 (3d Cir. 1997); *Barber v. CSX Distribution Services,* 68 F.3d 694, 701-702 (3d Cir. 1995); and, (2) that but for the protected activity she would not have been discharged. *Krouse v. American Sterilizer Co.,* 126 F.3d 494, 501 (3d Cir. 1997); *Woodson v. Scott Paper Co.,* 109 F.3d 913, 932 (3d Cir. 1997).

Activity which is protected under Title VII includes formal and informal complaints about sex discrimination. It does not include complaints about unfair treatment or expressions of dissatisfaction with the workplace. *Walden,* 126 F.3d at 513, n.4; *Barber,* 68 F.3d at 701-702. In this case, it is not precisely clear what activity plaintiff claims in protected under Title VII. Defendant contends that the only protected activity plaintiff engaged in was a complaint she made in a memorandum dated January 3, 2000 regarding the provision of compensatory time to employees within the Legislative Affairs Office.

To succeed on her claim, plaintiff must show that the protected activity motivated her dismissal. She need not show that the activity was the only factor which motivated her discharge, but she must establish that it was the determinative factor. That is, she must show that but for her complaint about sex discrimination, she would not have been discharged. *Krouse,* 126 F.3d at 501; *Woodson,* 109 F.3d at 932.

Defendant contends that plaintiff cannot show that retaliation motivated her dismissal. Instead the evidence will show that she was dismissed because (1)Captain Miller determined that he needed a clerical employee more than he needed a legislative specialist and he was concerned that plaintiff would not be able to comply with his requirement that members of the Legislative Affairs Office communicate freely with each other and with other members of the Executive Staff; and (2) there was no comparable vacancy within the State Police that plaintiff was qualified to fill.

If plaintiff establishes her retaliation claim she may be entitled to compensatory damages and equitable relief, but she is not entitled to punitive damages. As amended, Title VII excludes governments and government agencies from punitive damage awards. 42 U.S.C. §1981a(b)(1). The relevant provision states, "A complaining party may recover punitive damages under this section against



a respondent (other than a government agency or a political subdivision)...” *See also Baker v. Runyon,* 114 F.3d 668, 669 (7th Cir. 1997) (“Congress, in enacting section 1981a, exempted all government agencies from the Act’s [Title VII’s] punitive damage provision, with no articulated exceptions.”)

**I.    Stipulations Desired**

Defendant  requests that plaintiff stipulate to the authenticity of all exhibits.

**J.    Estimated Number of Trial Days**

Defendant estimates that trial will take two or three days excluding jury selection.

**K.    Other Pertinent Matters**

Defendant has appended proposed jury instructions as ordered by the Court.  Defendant has also submitted the proposed instructions on disk.  Special verdict questions and proposed voir dire are also appended.

**L.    Schedule of Exhibits**

Defendant’s schedule of exhibits is appended.

**M.    Special Verdict Questions**

Defendant has appended special verdict questions.

**N.**     **Notification of Requirements of Local Rule 16.2**

Counsel for defendants has notified the Chief Counsel and the Commissioner of the State Police of the requirements of and possible sanctions under Local Rule 16.2

**O.**     **Certificate Regarding Depositions**

The parties do not anticipate submitting depositions in lieu of testimony. If it becomes necessary to offer such evidence, counsel will meet to review the transcripts as required by the rules.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

BY:     _____
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED:    August 23, 2002**

# CLERK'S EXHIBIT LISTING

**Abbreviated Name of Case:** *Wilhelm v. Commonwealth of Pennsylvania, et al.*

**Case No.:** 1:CV-01-1057 (M.D.Pa.)                **Judge:**        Hon. Sylvia H. Rambo

**Name of Party Submitting this List:**    Defendant Commonwealth of Pennsylvania, Pennsylvania State Police

| Exhibit No. | Description of Object or Item | Document Dated | Identified in Court | Date Admitted | Witness on Stand |
|---|---|---|---|---|---|
| D-1 | IN-14 Form Retaliation Questionnaire, with typed addendum | June 13, 2000 | | | |
| D-2 | Portions of Wilhelm notes for July 28, 1998 and October 15, 1998 | | | | |
| D-3 | Memorandum from Wilhelm to Simmers regarding Employee Initiated Position Reclassification Reporting Relationship Function, with Job description attached | October 19, 1998 | | | |
| D-4 | Memorandum from Simmers to Morris regarding Employee Initiated Position Reclassification Reporting Relationship Function | October 19, 1998 | | | |
| D-5 | Memorandum from Simmers to Director, Bureau of Personnel regarding Employee Initiated Position Reclassification Reporting Relationship Function | October 19, 1998 | | | |
| D-6 | Letter from Bonney to Wilhelm regarding promotion to Legislative Specialist 2 | February 16, 1999 | | | |

| Exhibit No. | Description of Object or Item | Document Dated | Identified in Court | Date Admitted | Witness on Stand |
|---|---|---|---|---|---|
| D-7 | Memorandum from Wilhelm to Evanko regarding Governor's Executive Seminar | May 4, 1999 | | | |
| D-8 | Desk Memorandum from Director, Bureau of Professional Responsibility to Director, Legislative Liaison Office regarding Personnel Investigation IAD 1999-663 | September 23, 1999 | | | |
| D-9 | Memorandum from Director, Bureau of Professional Responsibility to Deputy Commissioner of Administration regarding Overdue Report--Personnel Investigation IAD 1999-663 | December 23, 1999 | | | |
| D-10 | Memorandum from Morris to Director, Bureau of Professional Responsibility regarding Personnel Investigation 1999-663 | January 4, 2000 | | | |
| D-11 | E-mail from Brown to L. Christie regarding reassignment of adjudication of Personnel Investigation IAD 1999-663 | January 14, 2000 | | | |
| D-12 | Memorandum from Wilhelm to Horgas regarding Review of Legislative Affairs Office with handwritten notes | September 13, 1999 | | | |
| D-13 | Handwritten notes | September 20, 1999 | | | |
| D-14 | Memorandum from Conley to Deputy Commissioner of Administration regarding Review of Legislative Affairs Office | November 3, 1999 | | | |

| Exhibit No. | Description of Object or Item | Document Dated | Identified in Court | Date Admitted | Witness on Stand |
|---|---|---|---|---|---|
| D-15 | Handwritten notes | September 10, 1999 | | | |
| D-16 | Bureau of Professional Responsibility, Systems and Process Review Division, Executive Summary | September, 1999 | | | |
| D-17 | Personnel Order | January 7, 2000 | | | |
| D-18 | E-mail from Wilhelm to Miller regarding mess with telephones and response from Miller to Wilhelm | April 10, 2000 | | | |
| D-19 | Electronically produced notes by Miller regarding Wilhelm from April 10, 2000 to April 14, 2000 | | | | |
| D-20 | Memorandum from Evanko to Acting Director, Office of Legislative Affairs regarding Compensatory Leave | January 7, 2000 | | | |
| D-21 | Memorandum dated January 7, 2000 from Evanko to Acting Director, Legislative Affairs Office regarding Systems Process and Review Report | January 7, 2000 | | | |
| D-22 | Memorandum from Simmers to Director, Bureau of Professional Responsibility, et al. Regarding Compensatory Leave--Mrs. Barbara A. Wilhelm | January 19, 2000 | | | |
| D-23 | Unsworn Declaration of Barbara A. Wilhelm | May 8, 2002 | | | |
| D-24 | Memorandum from Morris to Fure regarding Submitting to Medical or Psychiatric Examination or Test, FR 1-2.08 Captain Michael D. Simmers | September 11, 1998 | | | |

| Exhibit No. | Description of Object or Item | Document Dated | Identified in Court | Date Admitted | Witness on Stand |
|---|---|---|---|---|---|
| D-25 | Memorandum from Coury to Morris regarding Independent Medical Examination--Captain Michael D. Simmers | September 14, 1988 (typo) | | | |
| D-26 | Memorandum from Morris to Simmers regarding Independent Medical Examination | September 15, 1998 | | | |
| D-27 | Memorandum from Coury to Morris regarding Captain Michael D. Simmers-Limited Duty Status | October 19, 1998 | | | |
| D-28 | Memorandum from Morris to Simmers regarding Limited Duty Status | December 2, 1998 | | | |
| D-29 | Memorandum from Morris to Bonney regarding Limited Duty Status of Department Personnel-Fourth Quarter Report, Calendar Year 1998 | February 11, 1999 | | | |
| D-30 | Memorandum from Morris to Simmers regarding Limited Duty Status | February 24, 1999 | | | |
| D-31 | Memorandum from Simmers to Commissioner regarding meeting with Major Morris | January 25, 1999 | | | |
| D-32 | Memorandum from Morris to Simmers regarding Limited Duty Status | September 3, 1999 | | | |
| D-33 | Memorandum from Simmers to Morris regarding Limited Duty Status | September 8, 1999 | | | |
| D-34 | Memorandum from Morris to Simmers regarding Limited Duty Status | September 9, 1999 | | | |

| Exhibit No. | Description of Object or Item | Document Dated | Identified in Court | Date Admitted | Witness on Stand |
|---|---|---|---|---|---|
| D-35 | Memorandum from Morris to Simmers regarding Limited Duty Status | October 29, 1999 | | | |
| D-36 | Memorandum from Morris to Commissioner regarding voluntary retirement | December 20, 1999 | | | |
| D-37 | Memorandum from Wilhelm to Morris regarding Plesco | December 31, 1999 | | | |
| D-38 | Seniority Bid/Request for Interview submitted by Harmony Ranck | May 5, 2000 | | | |
| D-39 | Excerpts from plaintiff's deposition | | | | |
| D-40 | FR 3-3 | March 3, 1999 | | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,       :
      **Plaintiff**            :
                            :
     **v.**                 :      **NO. 1:CV-01-1057**
                            :
**COMMONWEALTH OF PA.;**    :      **(JUDGE RAMBO)**
**PENNSYLVANIA STATE POLICE;** :
**COLONEL PAUL J. EVANKO,**    :
**COMMISSIONER; LIEUTENANT**  :
**COLONEL THOMAS K. COURY; and** :
**CAPTAIN MICHAEL. D. SIMMERS,** :
      **Defendants**          :

## DEFENDANT'S PROPOSED JURY INSTRUCTION #1

Plaintiff alleges that she was dismissed in retaliation for complaining about sex discrimination in her employment with the State Police. She claims that such retaliation violates Title VII of the Civil Rights Act of 1964. In order to succeed on her claim, plaintiff must prove that (1) she engaged in conduct protected under Title VII and (2) the conduct was the determinative factor in the decision to dismiss her.

*Walden v. Georgia-Pacific Corp.,* 126 F.3d 506, 513, n.4 (3d Cir. 1997)

*Barber v. CSX Distribution Services,* 68 F.3d 694, 701-702 (3d Cir. 1995)

*Krouse v. American Sterilizer Co.,* 126 F.3d 494, 501 (3d Cir. 1997)

*Woodson v. Scott Paper Co.,* 109 F.3d 913, 932 (3d Cir. 1997)

## DEFENDANT'S PROPOSED JURY INSTRUCTION #2

For the purposes of this case, activity protected under Title VII includes formal and informal complaints about sex discrimination. Sex discrimination includes sexual harassment. Complaints about unfair treatment in general, expressions of dissatisfaction with the workplace or complaints about harassment without more, are not protected under Title VII and cannot be the basis for a verdict in favor of the plaintiff.

In this case the only complaint plaintiff made regarding sex discrimination, was the January 3, 2000 memorandum she sent to Major Morris regarding compensation leave.

*Walden v. Georgia-Pacific Corp.,* 126 F.3d 506, 513, n.4 (3d Cir. 1997)

*Barber v. CSX Distribution Services,* 68 F.3d 694, 701-702 (3d Cir. 1995)

## DEFENDANT'S PROPOSED JURY INSTRUCTION #3

If plaintiff establishes that she engaged in conduct protected under Title VII, she must then prove that her conduct motivated the decision to dismiss her. She does not need to prove that her conduct was the only reason for her dismissal, but she must prove that it was the determinative reason. A reason is determinative, where in its absence, the action taken would have been different. In other words, plaintiff must prove that but for her complaints about sex discrimination, she would not have been dismissed.

*Krouse v. American Sterilizer Co.,* 126 F.3d 494, 501 (3d Cir. 1997)

*Woodson v. Scott Paper Co.,* 109 F.3d 913, 932 (3d Cir. 1997)



## DEFENDANT'S PROPOSED JURY INSTRUCTION #4

Even if plaintiff establishes her retaliation claim, she is not entitled to punitive damages.

42 U.S.C. §1981a(b)(1)

*Baker v. Runyon,* 114 F.3d 668, 669 (7th Cir. 1997)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA A. WILHELM,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 1:CV-01-1057** |
| | : | |
| **COMMONWEALTH OF PA.;** | : | **(JUDGE RAMBO)** |
| **PENNSYLVANIA STATE POLICE;** | : | |
| **COLONEL PAUL J. EVANKO,** | : | |
| **COMMISSIONER; LIEUTENANT** | : | |
| **COLONEL THOMAS K. COURY; and** | : | |
| **CAPTAIN MICHAEL. D. SIMMERS,** | : | |
| **Defendants** | : | |

## DEFENDANT'S SPECIAL VERDICT QUESTION #1

Was plaintiff dismissed from her job with the Pennsylvania State

Police because she complained about sex discrimination?

_____ YES

_____ NO

_____ EVIDENCE EQUALLY BALANCED


If you answered this question "no" or "evidence equally balanced",

sign the jury sheet and return to the courtroom.  If you answered this question

"yes", go on to question 2.

## DEFENDANT'S SPECIAL VERDICT QUESTION #2

Was plaintiff injured as a result of her injury?

\_\_\_ YES

\_\_\_ NO

\_\_\_ EVIDENCE EQUALLY BALANCED


If you answered this question "no" or "evidence equally balanced", sign the verdict sheet and return to the courtroom.  If you answered this question, "yes" proceed to the next question.

## DEFENDANT'S SPECIAL VERDICT QUESTION #3

What damages do you award plaintiff?

$ _____

Sign the verdict sheet and return to the courtroom.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BARBARA A. WILHELM,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 1:CV-01-1057** |
| | : | |
| **COMMONWEALTH OF PA.;** | : | **(JUDGE RAMBO)** |
| **PENNSYLVANIA STATE POLICE;** | : | |
| **COLONEL PAUL J. EVANKO,** | : | |
| **COMMISSIONER; LIEUTENANT** | : | |
| **COLONEL THOMAS K. COURY; and** | : | |
| **CAPTAIN MICHAEL. D. SIMMERS,** | : | |
| **Defendants** | : | |

## <u>DEFENDANT'S PROPOSED VOIR DIRE</u>

1. Have you or a member of your family been a party to a lawsuit?

    a.  If so, what kind of lawsuit?

    b.  Which party were you or your family member?

    c.  What was the outcome of the suit?

2. Have you or a member of your family been subjected to discrimination at work?

    a.  If so, who experienced the discrimination?

    b.  What was the nature of the discrimination?

    c.  What action did you or your family member take as a result of the discrimination?

    d.  What action, if any, did the employer take?

3.     Have you or a family member been subjected to retaliation at work for complaining about discrimination or other illegal activity?

     a.     If so, who experienced the retaliation?

     b.     What action did you or your family member take as a result of the retaliation?

     c.     What action, if any, did the employer take?

4.     Have you or a member of your family been dismissed from employment?

     a.     What reason was given for the dismissal?

     b.     Did you or your family member challenge the dismissal in anyway?

     c.     What was the result of the challenge?

5.     Have you or a member of your family had any negative experiences with a member of the Pennsylvania State Police or any other law enforcement officer?

     a.     Would you briefly describe the experience.

     b.     Would that experience affect your ability to be fair and impartial in this case?

6.    Have you or any member of your family ever been employed by the Commonwealth of Pennsylvania?

      a.    What agency employed you?

      b.    Did you or you family have any negative experiences with your employer or your supervisor?

      c.    Would you briefly describe that experience?

      d.    Would that experience affect your ability to be fair and impartial in this case?

7.    Do you believe that a person's rights have been violated simply because she has filed a lawsuit claiming a violation?

8.    Do you believe a person is entitled to damages simply because they have filed a lawsuit and the case has been brought to trial?

9.    Do you believe a person is entitled to damages whenever they have suffered a loss regardless of whether their employer has engaged in illegal conduct?

10.    Have any of you obtained any information about this case or about

plaintiff's dispute with the State Police through the news media or any other source?

      a.    What information have you obtained?

      b.    From what source?


**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**


BY:  _____
         **SUSAN J. FORNEY**
         **Chief Deputy Attorney General**
         **I.D. No. 27744**


**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED:    August 23, 2002**

-4-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| COMMONWEALTH OF PA.; | : | (JUDGE RAMBO) |
| PENNSYLVANIA STATE POLICE; | : | |
| COLONEL PAUL J. EVANKO, | : | |
| COMMISSIONER; LIEUTENANT | : | |
| COLONEL THOMAS K. COURY; and | : | |
| CAPTAIN MICHAEL. D. SIMMERS, | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on August 23, 2002, I caused to be served a copy of the foregoing document entitled **Defendant's Pretrial Memorandum,** by depositing same in the Untied States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania upon the following:

Nathan C. Pringle, Jr., Esquire
3601 N. Progress Avenue, Suite 200
Harrisburg, PA 17110

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**