IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA A. WILHELM,** | CIVIL NO. 1:CV-01-1057 |
| **Plaintiff** | |
| v. | |
| **COMMONWEALTH OF PENNSYLVANIA and THE PENNSYLVANIA STATE POLICE,** | |
| **Defendants** | |



FILED
AUG 3 0 2002
PER _____
HARRISBURG, PA   DEPUTY CLERK

## O R D E R

On August 30, 2002, the court held a pretrial conference in the captioned matter. In accordance with the matters discussed during the pretrial conference, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff will be permitted to produce James Hazen to testify at trial. Defendant has time to interview Mr. Hazen as to what the substance of his testimony will be;

(2) Plaintiff, however, will not be permitted to call either Denise Motley-Brownlee or Wayne Dowling to testify at trial. Throughout discovery, Plaintiff was aware that these individuals had information that could assist her case. Yet, Plaintiff neglected to seek their depositions;

(3) Plaintiff will not be permitted to present evidence regarding the propriety of the Bureau of Professional Affairs's investigation into Corporal Rain's complaint. This issue is collateral to Plaintiff's claim of retaliatory discharge;

(4) The court reserves its ruling as to Plaintiff's exhibits 56 through 63 until receipt of the same;

(5) Any party wishing to object to the jury charge should present their objections upon conclusion of jury selection on Wednesday September 4, 2002; and

(6) The court would like to highlight an important issue as to Plaintiff's testimony. Plaintiff's testimony regarding her allegedly protected activity must be confined to complaints of discrimination. Plaintiff will not be permitted to testify as to complaints regarding adverse working conditions; *i.e.* Plaintiff will not be allowed to testify regarding complaints that did not involve some sort of discriminatory allegation or that are unrelated to a claim of discrimination.

SYLVIA H. RAMBO
United States District Judge

Dated: August 30, 2002.