# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| COMMONWEALTH OF PA.; | : | (JUDGE RAMBO) |
| PENNSYLVANIA STATE POLICE; | : | |
| COLONEL PAUL J. EVANKO, | : | |
| COMMISSIONER; LIEUTENANT | : | |
| COLONEL THOMAS K. COURY; and | : | |
| CAPTAIN MICHAEL. D. SIMMERS, | : | |
| | : | |
| Defendants | : | |

**FILED**
HARRISBURG, PA
OCT 2 2 2002
MARY E. D'AN___, CLERK
Per_____
Deputy Clerk

## DEFENDANT'S MEMORANDUM ADDRESSING EQUITABLE RELIEF

### INTRODUCTION

This is a Title VII action alleging that plaintiff, Barbara Wilhelm, was dismissed in retaliation for making complaints about sex discrimination in connection with her employment with the Pennsylvania State Police. On September 11, 2002, a jury returned a verdict in favor of the plaintiff and awarded her $250,000 in compensatory damages and backpay. The Court then scheduled a hearing on October 23, 2002 to consider plaintiff's request for reinstatement or in the alternative for front pay.

Defendant State Police opposes plaintiff's request for backpay and contends that if front pay is awarded it should be for a maximum of six months' salary from the date of the jury's verdict. Defendant submits this memorandum to outline its position on the law and the evidence it expects to present at the hearing.

## ARGUMENT

I.    **REINSTATEMENT IN NOT FEASIBLE IN THIS CASE BECAUSE PLAINTIFF'S POSITION NO LONGER EXISTS AND BECAUSE PLAINTIFF'S ANIMOSITY TOWARD THE STATE POLICE MAKES REINSTATEMENT IMPRACTICAL.**

Reinstatement is the preferred equitable remedy in a dismissal case where the jury has found discrimination or retaliation. *Feldman v. Philadelphia Housing Authority,* 43 F.3d 823, 831 (3d Cir. 1995); *Maxfield v. Sinclair International,* 766 F.2d 788, 796 (3d Cir. 1985), *cert. denied,* 474 U.S. 1057 (1986). Reinstatement is not always feasible, however. Reinstatement may not be appropriate where there is no position available at the time of judgment or where the parties' relationship has been so damaged that reinstatement is not practical. *Maxfield,* 766 F.2d at 796. The Court has broad discretion in deciding whether reinstatement is appropriate in a particular case. *Feldman,* 43 F.3d at 832.

Reinstatement is not appropriate in this case because the evidence will show that neither plaintiff's job nor a comparable position exist within the State

-2-

Police.  At the time of her dismissal plaintiff was employed as a Legislative Specialist 2.  After her dismissal, the position was reallocated to permit the hiring of a clerical employee.  The Legislative Affairs Office did not and has not re-employed a Legislative Specialist.  Moreover, the evidence will demonstrate that Office has been reorganized so that much of the work plaintiff considered to be her most important tasks are either not done or are done in a way that does not require additional employee to do them.

Not only does plaintiff's position no longer exist, but no comparable position exists within the State Police.  The evidence will show that at the time of her dismissal, plaintiff held a non-civil service position at a salary within the Commonwealth's pay range 8.  The evidence will also establish that the State Police has  no vacant non-civil service positions within that pay range.

Reinstatement should also be denied because plaintiff's expressed disdain for the leadership of the State Police, makes it impractical to return her to an Office which regularly represents that leadership's policies to the Legislature and to the Governor's Office.  Defendant will prove that prior to her dismissal plaintiff made several comments to her supervisor, questioning the legitimacy and the competence of the Commissioner and some of the Deputy Commissioners.  The evidence will also show that staff members of the Office of Legislative Affairs

frequently interact with members of the Legislature, their staffs and the Governor's

Office.  These interactions often involve providing information about the State Police

position on policy issues and on pending legislation.   In addition, the Director and

Assistant Director are frequently out the Office attending meetings and hearings,

which leaves staff members to respond to various inquiries on State Police positions

without immediate supervision.  Given the sensitivity of the work performed by the

Office and plaintiff's expressed disaffection for the administration it represents, it

would be impractical to reinstate her to a position within the Office of Legislative

Affairs.

## II.    AN AWARD OF FRONT PAY SHOULD BE LIMITED TO A MAXIMUM OF SIX MONTHS FROM THE DATE OF THE JURY'S VERDICT.

Courts have awarded front pay as a substitute for reinstatement where

reinstatement is not a viable remedy.  *Pollard v. E.I. duPont de Nemours & Co.,* 532

U.S. 843, 846 (2001).  The Third Circuit has defined front pay as, "an award for a

reasonable future period required for the victim to reestablish her rightful place in the

job market."  *Goss v. Exxon Office Systems Co.,* 747 F.2d 885, 889 (3d Cir. 1984).

The purpose of the award is to make the plaintiff whole, not to guarantee her a

lifetime annuity.  *Anastasio v. Schering Corp.,* 838 F.2d 701, 709 (3d Cir. 1988).

Consistent with that purpose, many courts have held that plaintiffs in their forties,

such as the plaintiff here, are too young to receive extensive front pay awards. *Peyton v. DiMario,* 287 F.3d 1121,1130 (D.C. Cir. 2002) (collecting cases).

The decision to grant front pay and the period for which it is granted rests within the discretion of the trial court. *Green v. USX Corporation,* 843 F.2d 1511, 1531 (3d Cir. 1988), *cert. granted and opinion vacated, USX Corp. v. Green,* 490 U.S. 1103 (1989), *portions of opinion regarding front pay reinstated, Green v. USX Corp.,* 896 F.2d 801, 807-808 (3d Cir. 1990); *Goss,* 747 F.2d at 890. The Court may not make an award that is unduly speculative, however. *Barbour v. Merrill,* 48 F. 3d 1270, 1280 (D.C. Cir. 1995). The longer the period proposed for front pay, the more speculative the award becomes. *McKnight v. General Motors Corp.,* 973 F.2d 1366, 1372 (7th Cir. 1992).

Plaintiff bears the burden of providing the Court with the necessary data to calculate a reasonably certain front pay award. *McKnight* 973 F.2d at 1372; *Barbour,* 48 F.3d at 1279. At minimum that data includes the amount of the proposed award, the amount of time the plaintiff expects to work for the defendant and the applicable discount rate. *McKnight* 973 F.2d at 1372. In determining the appropriate amount for an award, the Court may consider a variety of factors including the plaintiff's age, the reasonableness of her intention to remain in her job, and the

amount of time reasonably required for plaintiff to obtain comparable employment. *Barbour,* 48 F.3d at 1280.

Counsel for plaintiff has informally advised defendant's counsel that the plaintiff is seeking $900,000 in front pay. Defendant does not know the basis for plaintiff's figure, however, it is unwarranted given the facts of this case and the purpose of a front pay award. The State Police contend that plaintiff should not be awarded more than six months of front pay, or approximately $28,290, because such an award is more than adequate to allow plaintiff to reestablish herself in the job market.

At trial plaintiff presented extensive and undisputed testimony regarding her stellar employment record both with the State Police and with prior Commonwealth employers. She also testified that she had been approached on several occasions and offered other jobs based on her past performance and excellent reputation as an employee. After her dismissal, she testified that no one approached her about other jobs and she was not able to get employment because her employment record with the Commonwealth carried a code indicating that she had been dismissed.

The State Police will present evidence that the dismissal code has been removed from her employment history. In the absence of that code and given her

otherwise excellent employment history, there is no reason to believe that plaintiff will not be able to secure employment in the near future.

Although the State Police do not presently know how plaintiff arrived at the $900,000 figure, it appears to assume that plaintiff would have worked as a Legislative Specialist for the rest of her career.[1]  The evidence will show that is not a reasonable assumption to make.

Since June, 1989, when plaintiff left her job as a Capitol Police officer, she has not held a position for more than four years.  After her tenure with the Capitol Police, she spent about five months as a Special Investigator with the Office of Inspector General.  She then became the Acting Director of the Bureau of Police and Safety with the Department of General Services.   She held that position for approximately 7 months before returning to the Office of Inspector General as a Special Investigator for a year and a half.  Next, plaintiff spent a little less than four years as the Chief of Operations for the Office of Inspector General.  She was then out of the workforce for about a year to deal with family issues.

---

[1]The evidence at trial showed her annual salary as of September 11, 2002 would have been $56,763 (P-77).  Plaintiff would have to work approximately 15 years at that salary in order to earn $900,000.

In the fall of 1996 she accepted a position as an Intelligence Analyst with the State Police, where she remained for a little more than a year before she accepted a position as a Legislative Specialist with the Office of Legislative Affairs in January 1998.

Had plaintiff remained with the Office of Legislative Affairs until the time of trial in this matter, she would have worked there almost five years — longer than she had worked at any other position since 1989.   Given plaintiff past employment history, it is not reasonable to assume that she would have stayed in that position that long let alone for another 15 years.

There is an additional reason to believe that plaintiff would not have remained a Legislative Specialist for the remainder of her career.  Even while she held that position, she was interested in pursuing other employment opportunities. She applied for a position as the Department's Disciplinary Officer in June, 1999; and, she asserted previously in this action that she was actively interested in applying for the positions of Director and Acting Director of the Office of Legislative Affairs. Again, in light of these facts it is unreasonable to assume that absent her dismissal plaintiff would have remained at her job for the remainder of her working career.

As the courts have repeatedly pointed out an award of front pay is not intended to provide successful plaintiffs with a lifetime annuity.  It is only intended to compensate them for a reasonable time until the sting of discriminatory or

retaliatory conduct has ended and they have the opportunity to reestablish themselves in the job market. *Goss,* 747 F.2d at 889; *McKnight,* 973 F.2d at 1371. Given plaintiff's history, it is reasonable to conclude that both can be accomplished within six months of the date of the jury's verdict.


## CONCLUSION

For the foregoing reasons, the Court should deny plaintiff reinstatement to her position with the State Police and grant her no more than six months of salary, or approximately $28,290, in front pay.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**


BY:    *Susan J. Forney*
       **SUSAN J. FORNEY**
       **Chief Deputy Attorney General**
       **I.D. No. 27744**

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED:    October 22, 2002**

-9-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA A. WILHELM,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| **COMMONWEALTH OF PA.;** | : | (JUDGE RAMBO) |
| **PENNSYLVANIA STATE POLICE;** | : | |
| **COLONEL PAUL J. EVANKO,** | : | |
| **COMMISSIONER; LIEUTENANT** | : | |
| **COLONEL THOMAS K. COURY; and** | : | |
| **CAPTAIN MICHAEL. D. SIMMERS,** | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the
Commonwealth of Pennsylvania, hereby certify that on October 22, 2002, I caused
to be served a copy of the foregoing document entitled **Defendant's Memorandum
Addressing Equitable Relief,** by faxing and depositing same in the Untied States
Mail, first class, postage prepaid, in Harrisburg, Pennsylvania upon the following:

Nathan C. Pringle, Jr., Esquire
360l N. Progress Avenue, Suite 200
Harrisburg, PA 17110
717-909-8550 — Fax

SUSAN J. FORNEY
Chief Deputy Attorney General