85
10/23/02
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM, | CIVIL NO. 1:CV-01-1057 |
| Plaintiff | |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA and THE PENNSYLVANIA STATE POLICE, | |
| Defendants | |



FILED
OCT 2 3 2002
PER _____
HARRISBURG, PA   DEPUTY CLERK

# ORDER

The background of this order is as follows: On September 11, 2002, the jury in this matter returned a verdict in favor of Plaintiff, finding that Defendants discharged Plaintiff for having engaged in conduct protected by Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e. On October 2, 2002, the court issued an order scheduling a hearing for October 23, 2002 regarding Plaintiff's entitlement to front pay as an equitable remedy.

At the hearing, Plaintiff attempted to admit into evidence an economic loss chart prepared by an individual from the accounting firm of Boyer & Ritter. Defendants objected to introduction of the economic loss chart and from the witness presenting expert testimony regarding the chart. Defense council represented to the court that Plaintiff's counsel never indicated throughout the discovery period that he would call any expert witnesses. Furthermore, Plaintiff's counsel did not provide Defendants with a copy of the economic loss chart before attempting to present it to the court at the hearing.

Under Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose the identity of any witness who may provide expert opinion testimony at trial pursuant to Federal Rules of Evidence 702, 703, or 705. Clearly, the potential witness in the instant matter will provide expert testimony. *See* Fed. R. Evid. 702 (defining expert testimony as "scientific, technical, or other specialized knowledge" designed to assist the trier of fact). Therefore, the Rules provides that Plaintiff should have disclosed the witness's identity and his expert report. *See* Fed. R. Civ. P. 26(a)(2). Rule 37(c)(1), the enforcement mechanism for Rule 26(a)(2), states the following:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Rule 37(b)(2)(A) permits the court to issue an order establishing facts. Subsection (b)(2)(B) permits the court to issue an order prohibiting a non-complying party from presenting evidence related to a designated issue. Finally, subsection (b)(2)(C), allows the court to stay further proceedings or to dismiss the action in its entirety for failure to comply with the disclosure requirements.

In this case, Plaintiff has not demonstrated good cause for failing to disclose the identity of its accounting expert. Nor can the court find that such a failure would be harmless to Defendants. In fact, Plaintiff's claim for front pay is based almost entirely on the economic loss exhibit and the expert's testimony

regarding that document. Therefore, the court could very well exclude this document based on Plaintiff's failure to disclose. However, given the potential probative value of the testimony, the court will stay the matter and reopen the discovery period in lieu of dismissal.

Although the court has decided not to preclude Plaintiff from presenting this testimony at this juncture, the court will not tolerate any further neglect. Moreover, Plaintiff's failure to make a timely disclosure rendered the court's hearing on October 23, 2002 a nullity. Therefore, the court will entertain a motion by Defendants for attorney's fees related to their counsel's attendance at the hearing.

Accordingly, **IT IS HEREBY ORDERED THAT**:

(1) The discovery period is re-opened until December 30, 2002;

(2) No later than November 4, 2002, Plaintiff shall furnish to Defendants an expert report with explanation of the figures found in the economic loss exhibit. That report shall fully comply with the dictates of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure;

(3) If Defendants wish, they may take the deposition of Plaintiff's expert. However, Defendants shall take that deposition no later than November 15, 2002. Plaintiff shall make their expert available for deposition during that period.

(4) No later than December 6, 2002, Defendants shall provide to Plaintiff the expert report of any expert that they may wish to call in rebuttal of Plaintiff's expert;

(5) If Plaintiff wishes, she may take the deposition of Defendants' expert. However, Plaintiff shall take that deposition no later than December 20,

2002. Defendants shall make their expert available for deposition during this period;

  (6) No later than December 30, 2002, either party that wishes to do so may supplement their expert's report;

  (7) Motions to exclude expert testimony, which require a *Daubert* hearing, shall be filed no later than January 3, 2003;

  (8) Defendants are granted leave to file a petition for attorney's fees related to the hearing on October 23, 2002. If Defendants wish to file such a petition, it shall be filed no later than November 4, 2002;

  (9) The equity phase of the trial in the captioned action is continued until 9:30 a.m. on Wednesday, January 22, 2003, in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.

              /s/ Sylvia H. Rambo
              SYLVIA H. RAMBO
              United States District Judge

Dated: October 23, 2002.