ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM, <br> Plaintiff | : <br> : <br> : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| COMMONWEALTH OF PA.; <br> PENNSYLVANIA STATE POLICE; <br> COLONEL PAUL J. EVANKO, <br> COMMISSIONER; LIEUTENANT <br> COLONEL THOMAS K. COURY; and <br> CAPTAIN MICHAEL. D. SIMMERS, <br> Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : | (JUDGE RAMBO) <br> <br> FILED <br> HARRISBURG, PA <br> <br> OCT 29 2002 <br> <br> MARY E. D'ANDREA, CLERK <br> Per _____ <br> Deputy Clerk |

**DEFENDANTS' MOTION FOR RECONSIDERATION
OF THE ORDER OF OCTOBER 23, 2002, OR IN THE
ALTERNATIVE, FOR A DECLARATION OF MISTRIAL**

Defendants hereby move the Court to reconsider its Order of October 23, 2002 and grant defendants' motion to exclude the expert testimony offered by plaintiff regarding future lost earnings. In the alternative, defendants request this Court to declare a mistrial. In support of this motion defendants state as follows:

1. This is an employment action raising various claims under the Equal Pay Act, 29 U.S.C. §206(d), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Pennsylvania Human Relations Act, Pa. Stat. Ann., tit. 43, §955 (Purdon's 1991) and the state Whistleblower Law, Pa. Stat. Ann., tit. 43, §1421, *et seq.* (Purdon's 1991).

2. Plaintiff is Barbara A. Wilhelm a former employee in the State Police Office of Legislative Affairs.

3. Defendants are the Pennsylvania State Police, Commissioner Paul J. Evanko, former Lieutenant Thomas K. Coury and Captain Michael D. Simmers.

4. On defendants' motion, summary judgment was granted in favor of all the individual defendants. In addition summary judgment was granted in favor of the State Police on all of plaintiff's claims except for her Title VII retaliatory discharge claim.

5. That claim was tried to a jury on September 9-11, 2002.

6. The jury returned a verdict in favor of plaintiff on September 11, 2002 and awarded $250,000 in backpay and compensatory damages.

7. The Court scheduled a hearing on equitable relief on September 12 to determine whether plaintiff should be reinstated or, in the alternative, receive an award of front pay.

8. The hearing was continued at the request of the parties to permit them to seek other positions within the Commonwealth government for which plaintiff was qualified.

9. At the end of September, counsel advised the Court that plaintiff wished to proceed with the hearing.

10. The Court rescheduled the hearing for October 23, 2002.

11. Midday on October 22, counsel for plaintiff advised counsel for defendant that plaintiff was not inclined to seek reinstatement. Instead, he informed counsel that plaintiff was seeking approximately $900,000 in front pay. He also stated she would present the calculations and testimony of an accountant to support that figure at the hearing.

12. Late in the afternoon of October 22, counsel for defendants received a packet of charts which were apparently prepared by plaintiff's accountant and purported to project her lost earnings until retirement. No expert report accompanied the charts.

13. Prior to October 22, plaintiff had never disclosed her calculation of front pay nor had she identified an expert to testify on the issue, even though the Rules required the disclosure of both pieces of information.

14. Fed.R.Civ.P. 26(1)(C) required plaintiff to disclose a computation of the damages she was seeking along with documents or evidentiary material on which the computation was based.

15. Prior to trial, defendants did not receive a computation of the front pay that plaintiff now seeks. Nor, did plaintiff's pretrial memorandum include a calculation of front pay as required by Local Rule 16.6, Appendix B. *See* Plaintiff's

Pretrial Memorandum, pp. 3-4. A copy of plaintiff's pretrial memorandum is being submitted separately in support of this motion.

16. Likewise, defendants did not receive any evidence purporting to support a claim of front pay.

17. Similarly, plaintiff did not disclose the identity of her expert or provide information regarding her expert's opinion as required by the Rules.

18. Fed.R.Civ.P. 26(1)(B) requires the disclosure of expert witnesses along with their written reports at the times directed by the Court or at least 90 days before trial.

19. In this case, the case management order does not establish a deadline for the disclosure of expert information. Therefore, plaintiff should have provided an appropriate report 90 days before trial or, by June of 2002 at the latest.

20. Not only did plaintiff fail to timely disclose her expert, both her responses to discovery and her pretrial memorandum indicated that she would not present expert testimony. Plaintiff's Responses to Defendants' Interrogatories, No. 17; Plaintiff's Pretrial Memorandum, p.7. A copy of Plaintiff's Responses to Defendants' Interrogatories are being submitted separately in support of this motion.

21. At the hearing on equitable relief on October 23, counsel for plaintiff attempted to present expert testimony regarding lost future earnings.

Case 1:01-cv-01057-SHR    Document 86    Filed 10/29/2002    Page 5 of 9

22. Counsel for defendants objected and moved that the evidence be excluded for failure to disclose it as required by the Rules. *See* Fed.R.Civ.P. 37(c)(1).

23. Following a short recess, the Court continued the hearing and subsequently issued the order which defendants seek to have reconsidered.

24. The order of October 23, 2002 postpones the hearing until January 22, 2003 and reopens discovery. It sets deadlines for the production of expert reports and permits defendants to submit a petition for attorneys fees in relation to the October 23 hearing.

25. The order of October 23 does not, however, eliminate the prejudice caused by plaintiff's failure to timely disclose her calculation of damages and her intent to present expert testimony.

26. The Federal Rules contemplate that prior to trial the parties will have sufficient information about the other side's case, not just for the purposes of meeting it at trial, but also for the purposes of evaluating it for settlement. *See* Fed.R.Civ.P. 26, Advisory Committee Notes, 1993 Amendments.

27. Prior to the trial in this case the information provided by plaintiff showed she was seeking approximately $122,000 in backpay, $50,000 in compensatory damages, unspecified punitive damages and reinstatement. *See* Plaintiff's Pretrial Memorandum, pp. 3-4.

28. Because punitive damages are not available against government entities under Title VII, defendants reasonably calculated their exposure to be no more than $300,000.

29. Now, in the midst of trial and after liability has been determined, defendants' exposure has suddenly ballooned to over $1 million.

30. This was information defendants were entitled to have long before trial commenced and it is information that would have certainly affected their evaluation of the case. That in turn would have affected their trial strategy and their approach to settlement.

31. Reopening discovery now does not cure the prejudice to defendants. With liability decided, they have no opportunity to revisit those strategic decisions. That would not have been the case had plaintiff fulfilled her obligations to timely disclose her calculation of damages and the evidence supporting them.

32. In light of the clear prejudice to defendants and the inability to cure that prejudice through additional discovery, the Court should vacate its Order of October 23, 2002 and grant defendant's motion to exclude plaintiff's calculations and expert testimony regarding front pay.

33. In the alternative, the Court should declare a mistrial and reschedule this matter for trial on the merits following full disclosure and discovery on the issue of front pay.

**WHEREFORE,** this Court should reconsider its Order of October 23, 2002, vacate the order and prohibit plaintiff from offering any calculations and expert testimony regarding front pay at the hearing on equitable relief. In the alternative, the Court should grant a mistrial.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

BY: _____
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
I.D. No. 27744

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED: October 29, 2002**

## CERTIFICATE OF CONCURRENCE / NONCONCURRENCE

I hereby certify that I attempted to contact counsel for plaintiff regarding the foregoing motion. His voice mail indicates that he is unavailable until November 1st. Counsel will amend this certificate after she has spoken with counsel regarding this motion.

SUSAN J. FORNEY
**Chief Deputy Attorney General**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM, | : | |
| Plaintiff | : | |
| v. | : | NO. 1:CV-01-1057 |
| COMMONWEALTH OF PA.; PENNSYLVANIA STATE POLICE; COLONEL PAUL J. EVANKO, COMMISSIONER; LIEUTENANT COLONEL THOMAS K. COURY; and CAPTAIN MICHAEL. D. SIMMERS, | : | (JUDGE RAMBO) |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on October 29, 2002, I caused to be served a copy of the foregoing document entitled **Defendant's Motion for Reconsideration of the Order of October 23, 2002, or in the Alternative, for a Declaration of Mistrial,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania upon the following:

Nathan C. Pringle, Jr., Esquire
3601 N. Progress Avenue, Suite 200
Harrisburg, PA 17110

SUSAN J. FORNEY
Chief Deputy Attorney General