**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM,<br>Plaintiff | : | |
| v. | : | NO. 1:CV-01-1057 |
| COMMONWEALTH OF PA.;<br>PENNSYLVANIA STATE POLICE;<br>COLONEL PAUL J. EVANKO,<br>COMMISSIONER; LIEUTENANT<br>COLONEL THOMAS K. COURY; and<br>CAPTAIN MICHAEL. D. SIMMERS,<br>Defendants | : | (JUDGE RAMBO) |

FILED
HARRISBURG, PA
OCT 29 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE ORDER OF OCTOBER 23, 2002**

**STATEMENT OF THE CASE**

This is an employment action raising various claims under the Equal Pay Act, 29 U.S.C. §206(d), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Pennsylvania Human Relations Act, Pa. Stat. Ann., tit. 43, §955 (Purdon's 1991) and the state Whistleblower Law, Pa. Stat. Ann., tit. 43, §1421, *et seq.* (Purdon's 1991). Plaintiff is Barbara A. Wilhelm a former employee in the State Police Office of Legislative Affairs. Defendants are the Pennsylvania State Police, Commissioner Paul J. Evanko, former Lieutenant Thomas K. Coury and Captain Michael D. Simmers.

On defendants' motion, summary judgment was granted in favor of all the individual defendants. In addition summary judgment was granted in favor of the State Police on all of plaintiff's claims except for her Title VII retaliatory discharge claim.

Plaintiff's retaliatory discharge claim was tried to a jury on September 9-11, 2002. The jury returned a verdict in favor of plaintiff and awarded $250,000 in backpay and compensatory damages. The Court then scheduled a hearing on equitable relief for the next day to determine whether plaintiff should be reinstated or, in the alternative, receive an award of front pay.

The hearing was continued at the request of the parties to permit them to seek other positions within the Commonwealth government for which plaintiff was qualified. The hearing was subsequently rescheduled for October 23, 2002.

Midday on October 22, counsel for plaintiff advised counsel for defendant for the first time that plaintiff was not inclined to seek reinstatement. He informed counsel that plaintiff was seeking approximately $900,000 in front pay. He also stated she would present the calculations and testimony of an accountant to support that figure at the hearing.

Late in the afternoon of October 22, counsel for defendants received a packet of charts which were apparently prepared by plaintiff's accountant and

purported to project her lost earnings until retirement. No expert report accompanied the charts.

Prior to October 22, plaintiff had not disclosed this calculation of front pay nor had she identified an expert to testify on the issue. Likewise, defendants did not receive evidentiary materials or documents purporting to support a calculation of front pay. Nor, did plaintiff's pretrial memorandum include a calculation of front pay. *See* Plaintiff's Pretrial Memorandum, pp. 3-4.

The memorandum described the damages plaintiff sought as $50,000 in pain and suffering, $122,000 in backpay and the maximum amount of punitive damages available. The memorandum also stated that plaintiff was seeking reinstatement. *Id.*

Similarly, plaintiff did not disclose the identity of her expert or provide information regarding her expert's opinion prior to trial. In fact, both her responses to discovery and her pretrial memorandum indicated that she would not present expert testimony. Plaintiff's Responses to Defendants' Interrogatories, No. 17; Plaintiff's Pretrial Memorandum, p.7.[1]

---

[1] Plaintiff's responses to defendants' interrogatories and plaintiff's pretrial memorandum have been submitted to the Court in support of defendants' motion for reconsideration.

At the hearing on equitable relief on October 23, counsel for plaintiff attempted to present expert testimony regarding lost future earnings. Counsel for defendants objected and moved that the evidence be excluded for failure to disclose it as required by the Rules.

Following a short recess, the Court continued the hearing and subsequently issued the order which defendants seek to have reconsidered. The order of October 23, 2002 postpones the hearing until January 22, 2003 and reopens discovery. It sets deadlines for the production of expert reports and permits defendants to submit a petition for attorneys fees in relation to the October 23 hearing.

Defendants' have moved the Court to reconsider its order, to vacate it and to grant defendants' motion to preclude plaintiff from presenting her calculations and expert regarding front pay. In the alternative, defendants request the Court to grant a mistrial. Defendants submit this memorandum in support of their motion.

### ARGUMENT

**PLAINTIFF'S EVIDENCE OF FRONT PAY SHOULD BE EXCLUDED BECAUSE IT WAS NOT DISCLOSED AS REQUIRED BY THE RULES, THERE IS NO SUBSTANTIAL JUSTIFICATION FOR THE OMISSION, AND THE OMISSION IS NOT HARMLESS.**

Fed.R.Civ.P. 37(c)(1) provides in part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any information or witness not so disclosed.

The Rules clearly required plaintiff to disclose her calculation of front pay, the documentation supporting it, the identity of her expert witness and her experts report, well before trial in this matter commenced.

Fed.R.Civ.P. 26(a)(1)(C) required plaintiff to disclose a computation of each category of damages she was seeking and make available all documents on which the computation was based. Moreover, Rule 26(e) required plaintiff to supplement that information if she discovered it was incorrect, incomplete or if additional information had not been made known to defendants.

Likewise, Rule 26(a)(2) required plaintiff to disclose the identity of any expert witness she intended to present at trial along with a report containing the information specified by Rule 26(a)(2)(B). Plaintiff was under the same obligation to supplement this information as she was to supplement her evidence on damages. Moreover, in the absence of another deadline established by the Court, her expert disclosures were due no later than 90 days before trial. Rule 26(a)(2)(C).

In this case, plaintiff did not disclose her calculation of front pay or the fact that she intended to present an expert to substantiate it until the afternoon before

the hearing on equitable relief commenced. Moreover, she did not present a substantial justification for her failure to disclose the material.

The harm to defendants is substantial and cannot be cured by delaying the hearing and reopening discovery. The purpose of the disclosure requirements is to ensure that prior to trial the parties will have sufficient information about the other side's case, not just for the purposes of meeting it at trial, but also for the purposes of evaluating it for settlement. *See* Fed.R.Civ.P. 26, Advisory Committee Notes, 1993 Amendments.

Prior to the trial in this case the information provided by plaintiff showed she was seeking approximately $122,000 in backpay, $50,000 in compensatory damages, unspecified punitive damages and reinstatement. *See* Plaintiff's Pretrial Memorandum, pp. 3-4. No calculation or evidence supporting an award of over $900,000 in front pay had ever been disclosed.

Because punitive damages are not available against government entities under Title VII, *see* 42 U.S.C. §1981a(b)(1), defendants reasonably calculated their exposure to be no more than $300,000, taking into account the possibility of an attorneys fee award.

Plaintiff's failure to disclose her calculations and evidence deprived defendants of the opportunity to properly value this case before trial. The proper

evaluation of a case affects not only the prospects for settlement but also informs the parties' trial strategies. Defendants were required to try this case without that critical information.

Reopening discovery now, after liability has been determined, does not cure the harm which has been done. Defendants do not have the opportunity to reconsider their trial strategy in light of an exposure which is triple what they confronted when trial began. Nor, do they have the opportunity to revisit settlement with issue of liability still in question.

Plaintiff's failure to disclose her evidence of damages until after liability was determined is precisely the sort of trial by ambush that the Federal Rules were intended to prevent.

Under the circumstances, the Court should reconsider its order of October 23 and vacate it. The Court should also grant defendants' motion to exclude from evidence plaintiff's calculation of front pay and her expert witness. In the alternative, the Court should declare a mistrial and permit the parties to retry this matter after full disclosure and discovery have been permitted on the issue of front pay.

## CONCLUSION

For all of the preceding reasons, the Court should grant defendants' Motion for Reconsideration of the Order of October 23, 2002 or in the Alternative Declare a Mistrial.

                                       **Respectfully submitted,**

                                       **D. MICHAEL FISHER**
                                       Attorney General

BY: _____
            **SUSAN J. FORNEY**
            **Chief Deputy Attorney General**
            I.D. No. 27744

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831 - Direct**
**(717) 772-4526 - Fax**

**DATED: October 29, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM, | : |
| Plaintiff | : |
| v. | : NO. 1:CV-01-1057 |
| COMMONWEALTH OF PA.; PENNSYLVANIA STATE POLICE; COLONEL PAUL J. EVANKO, COMMISSIONER; LIEUTENANT COLONEL THOMAS K. COURY; and CAPTAIN MICHAEL. D. SIMMERS, | : (JUDGE RAMBO) |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on October 29, 2002, I caused to be served a copy of the foregoing document entitled **Memorandum in Support of Defendant's Motion for Reconsideration of the Order of October 23, 2002, or in the Alternative, for a Declaration of Mistrial,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania upon the following:

Nathan C. Pringle, Jr., Esquire
3601 N. Progress Avenue, Suite 200
Harrisburg, PA 17110

_____
SUSAN J. FORNEY