ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,      :
     Plaintiff            :
                          :
     v.                :     NO. 1:CV-01-1057
                          :
COMMONWEALTH OF PA.;    :     (JUDGE RAMBO)
PENNSYLVANIA STATE POLICE;  :
COLONEL PAUL J. EVANKO,     :
COMMISSIONER; LIEUTENANT   :
COLONEL THOMAS K. COURY; and :
CAPTAIN MICHAEL. D. SIMMERS, :
     Defendants          :

FILED
HARRISBURG. PA

OCT 2 9 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## DOCUMENTS IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF THE ORDER OF OCTOBER 23, 2002, OR IN THE ALTERNATIVE, FOR A DECLARATION OF MISTRIAL

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY:  SUSAN J. FORNEY
     Chief Deputy Attorney General
     I.D. No. 27744

Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-9831- Direct
(717) 772-4526 - Fax

DATED: October 29, 2002

RECEIVED
Office of Attorney General

AUG 2 7 2002

Litigation Section

### In The United States District Court
### For The Middle District Of Pennsylvania

Barbara A. Wilhelm,

      Plaintiff

v.

Commonwealth of Pennsylvania,
Pennsylvania State Police,

      Defendant

    :
    :
    :
    :
    :
    :
    :
    :
    :
    :

NO. 1:CV-01-1057
(JUDGE RAMBO)

**FILED**
HARRISBURG, PA

AUG 2 6 2002

MARY E. D'ANDREA, CLERK
Per _____
      Deputy Clerk

### PRETRIAL MEMORANDUM

Date conference was held by counsel: August 21, 2002.

    A.    This action is brought to pursuant to 42 U.S.C. §§ 1983 and 1988 redress violations of plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, as well as an independent action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act, 43 Pa. C. S § 955  The United States District Court for the Middle District of Pennsylvania has jurisdiction over this cause of action pursuant to 28 U.S.C. §§1331 and 1334, and 42 U.S.C. § 2000e. The United States District Court for the Middle District of Pennsylvania has supplemental jurisdiction over the pendant state claim pursuant to 28 U.S.C. § 1367 (a).

**B.**    The Plaintiff is an adult female who was hired in 1978, by the Commonwealth of Pennsylvania, Department of General Services, as a Police Officer. On January 10, 1998, Ms. Wilhelm was appointed to the Pennsylvania State Police, Legislative Affairs Office as a Legislative Specialist.

Major Richard D. A. Morris had been appointed Director, Legislative Affairs Office, in 1997. Approximately three months after Major Morris' appointment, Captain Michael Simmers was appointed as Assistant Director. Upon her appointment Ms. Wilhelm reported to Captain Simmers. Later Captain Simmers was removed as Ms. Wilhelm's supervisor, except when serving as Acting Director in the absence of Major Morris.

In addition to her duties as Legislative Specialist, Ms Wilhelm was given filing and typing duties, as well as most of the duties of the Assistant Director. From July 1998 until January 2000, Ms. Wilhelm complained of Captain Simmers' misuse of his state vehicle, unauthorized leave, harassment, incompetence, and failure to account for time during work hours. She also complained that Ronald Plesco, a co-worker, was not held accountable for his time. Ms. Wilhelm alleged male employees were given preferential treatment.

In January 2000, Major Morris retired and Captain Simmers was appointed Acting Director until a permanent Director was appointed. A new Director, Captain Jeffrey Miller, was appointed in March 2000. On May 1, 2000, Ms Wilhelm received a letter drafted and signed by Linda Bonney, Director, Bureau of Personnel, dismissing her as a Legislative Specialist. Upon Ms. Wilhelm's termination, her personnel history file was assigned a numeric code. That code, "02200", indicated that Ms. Wilhelm was dismissed for an unspecified reason.

Ms. Wilhelm alleges that her dismissal was in retaliation for her complaints of discrimination in violation of Title VII of the Civil rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.*, ("Title VII") and the Pennsylvania Human Relations Act 43 Pa. C. S. § 955 ("PHRA"). Ms. Wilhelm claims the defendant is liable for reinstatement or front pay, back pay, punitive and compensatory damages.

C.    Counsel for the parties met as required but were unable to draft a comprehensive statement of all undisputed facts, or agree on the admissibility of all exhibits. Counsel have agreed to meet again to complete requirement before the pretrial conference.

D.    (1)    Plaintiff seeks compensatory damages for her pain and suffering in the nature emotional distress as a direct result of her dismissal.

Not only was she deprived of employment for which she was highly competent at the Pennsylvania State Police, the Pennsylvania State Police humiliated her by recording and publishing derogatory comments in her personnel history. As a result she was effectively deprived of future employment with her employer of twenty- two years. Plaintiff estimates the value of her pain and suffering to be fifty thousand dollars.

(2)    Plaintiff seeks back pay in the amount of one hundred twenty-two thousand ($122, 000) dollars.

(3)    Plaintiff seeks the maximum permitted punitive damages for the defendant's willful and malicious permanent deprivation of employment with the Commonwealth of Pennsylvania, and for damaging her permanent personnel history.

(4)    Plaintiff seeks reinstatement to the position of Legislative Specialist 2, at the salary she would have had she not been dismissed.

D.    Plaintiff's potential witnesses are as follows:

Linda M. Bonney
Director
Bureau of Human Resource
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Captain John R. Brown
Internal Affairs Division
Bureau of Professional Responsibility

4

Pennsylvania State Police
7820 Allentown Boulevard
Harrisburg, PA 17112

Denise Motley Brownlee
Director of Equal Employment Opportunity
Governor's Office of Administration
588-B Finance Building
Harrisburg, PA 17120

Richard Clites
HR Employee Self-Service
7th Floor Forum Place
555 Walnut Street
Harrisburg, PA 17101

Lt. Colonel Hawthorne N. Conley
Deputy Commissioner for Administration
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Thomas K. Coury
Vice President
Parsons
979 East park Drive
Harrisburg, PA 17111

Wayne Dowling
5720 Oak Ave.
Harrisburg, PA 17112

Colonel Paul J. Evanko
Commissioner
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

James Hazen
Accreditation Project Coordination
Pennsylvania chiefs of Police
3905 N. Front Street
Harrisburg, PA 17110

Lt. Colonel Robert C. Hickes
Deputy Commissioner of Staff
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Lieutenant William Horgas
Systems and Process Review Division
Bureau of Professional Responsibility
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Major R. Dane Merryman
Director
Bureau of Research and Development
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Major Jeffrey B. Miller
Director
Office of Legislative Affairs
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Richard D.A. Morris
130 Cambridge Drive
Hershey, PA 17033

Captain Darrel G. Ober
Pennsylvania State Police
3655 Vartan Way
Harrisburg, PA 17110

Sergeant Garret Rain
Pennsylvania State Police
Troop H
8000 Bretz Drive
Harrisburg, PA 17112

Captain Michael D. Simmers
Executive Offices
Pennsylvania State Police
3rd Fl., 1800 Elmerton Avenue
Harrisburg, PA 17110

Barbara Wilhelm

Plaintiff will not call any experts.

F.    No expert witnesses will be called.

G.    Plaintiff has not special comments about pleadings of discovery.

H.    Plaintiff contends she was dismissed in retaliation for having engaged

in conduct protected under Title VII and the PHRA. Title VII prohibits an

employer from discriminating against an employee because she has made a

charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing. 42 U.S.C. § 2000(e)-3(a) . To prove a prima facie

retaliation plaintiff must show: (1) that she engaged in protected activity; (2)

that the employer took adverse action against her; and (3) that a causal link

exists between the protected activity and the employer's adverse action.

*Farrell v. Planters Lifesavers Co.*, 206 F.3d 271,279 (3d Cir. 2000). If the employer can articulate a legitimate nondiscriminatory reason for the adverse action, the plaintiff must demonstrate that the stated reason was a pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973). The standards for evaluating claims under PHRA are same as those for Title VII claims. *Goosby v. Johnson & Johnson Med. Inc.*, 228 F.3d 313, 317 n. 3 (3d Cir. 2000).

I.    No stipulations are desired.

J.    Trial is estimated to take two to three and one half days.

K.    No other pertinent matters are to be tried.

L.    The Exhibit form is attached.

M.    Plaintiff has no special verdict questions.

O.    The certificate will be filed as required by Local Rule 30.10.

Respectfully submitted,

Nathan C. Pringle, Jr.
Attorney I.D. No. 30142
3601 N. Progress Ave., Suite200
Harrisburg, PA 17110
(717) 909-8520
Dated: August 23, 2002          Attorney for plaintiff

8

 

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,               :
            Plaintiff              :
                                   :
        v.                         :        NO. 1:CV-01-1057
                                   :
COMMONWEALTH OF PA.;               :        (JUDGE RAMBO)
PENNSYLVANIA STATE POLICE;         :
COLONEL PAUL J. EVANKO,            :
COMMISSIONER; LIEUTENANT           :
COLONEL THOMAS K. COURY; and       :
CAPTAIN MICHAEL. D. SIMMERS,       :
            Defendants             :


### PLAINTIFF'S RESPONSE TO DEFENDANTS' INTERROGATORIES

1.   Identify all the similarly situated male employees mentioned in paragraph 42 of the Complaint.

**RESPONSE:**

**A.  Ronald E. Plesco, Jr., Executive Policy Specialist 2, Legislative Affairs Office, Pennsylvania State Police.**

**B.  Captain Michael D. Simmers, Assistant Legislative Liaison, Legislative Affairs Office, Pennsylvania State Police.**

**C.  Sgt. William J. McHale, Assistant Legislative Liaison, Legislative Affairs Office, Pennsylvania State Police.**

2.  Explain how plaintiff was held accountable for her usage and attendance. In your answer, identify who held her accountable and the dates on which she was held accountable.

**RESPONSE:**

RECEIVED
Office of Attorney General

NOV 1 6 2001

Litigation Section

1

 

The plaintiff was held accountable for her leave usage and attendance by Captain Simmers from January 10, 1998 through September 1998, and September 1998 until January 2000, until March 2000. Major Morris held accountable for her leave usage and attendance from September 1998 until January 2000. The plaintiff was held accountable for her leave usage and attendance by Captain Miller from March 2000, until May 1, 2000. In each case the plaintiff was required to submit a request for leave form whenever she was absent from work.

3.  Identify all of the similarly situated male employees identified in paragraph 44 of the Complaint.

**RESPONSE:**

Ronald E. Plesco, Jr., and Captain Simmers.

4.  Describe all of the duties that the plaintiff was required to perform that were outside of her job classification. For each duty described identify who required her to perform it and state when she was required to perform it.

**RESPONSE:**

A. The plaintiff was required by the following individuals to develop and maintain the office files, which were used by all employees in the office:

   i.    Captain Simmers: January 10, 1998, until September 1998, and from January 2000 until March 2000;

   ii.   Major Morris September 1998 until January 2000; and

   iii.  Captain Miller: March 2000, until May 1, 2000.

 

B.  From January 10, 1998 - March  2000, the plaintiff was required by Captain Simmers to provide the following clerical and receptionist duties: Personal filing; training him regarding the use of software, his personal computer and related peripherals; training him on the preparation of formal and informal correspondence, and contents of correspondence, proofreading for grammatical and typographical errors; training him on office operations; training on use of the office phone system; taking personal phone messages for him; responding to inquires on his whereabouts; responding to inquires on Plesco's whereabouts.

C.  From December 1998 - March 1999, Major Morris required the plaintiff to manage the relocation of the Legislative Affairs Office and staff.

D.  The plaintiff was required by Captain Miller to review and proofread for grammatical and typographical errors work products prepared by him and Sergeant McHale.

5.  Identify all the similarly situated males mentioned in paragraph 46 of the Complaint.

**RESPONSE:**

Ronald E. Plesco, Jr., Captain Simmers, and Sergeant McHale.

6.  Describe how the plaintiff was informed that defendant Evanko prohibited her form attending his staff meetings. In the description identify who provided the information.

3

 

RESPONSE:

On or about April 1999, the plaintiff expressed to Major Morris that she would be interested in attending the Commissioner's staff meetings. Shortly thereafter, Major Morris told the plaintiff that the Commissioner said she could not attend.

7.  Describe how plaintiff was informed that she was prohibited from attending selected legislative functions as alleged in paragraph 49 of the Complaint. In the description include who provided the information and state the date(s) on which it was provided.

RESPONSE:

On July 29, 1999, Major Morris asked the plaintiff to attend a public hearing on House Bill No. 400 PN 413, Judiciary Committee, Task Force on DUI. Major Morris returned to the Legislative Office shortly after the plaintiff returned. After reading correspondence that had been placed on his desk in his absence, Major Morris told the plaintiff she was not permitted to go "downtown" again.

8.  Identify the selected legislative related functions plaintiff was prohibited from attending.

RESPONSE:

See response to Interrogatory 7. After July 29, 1999, until May 1, 2000, the plaintiff was not permitted to attend any legislative training seminars or public hearings.

9.  Identify all the similarly situated male employees mentioned in paragraph 50 of

4

 

the Complaint.

**RESPONSE:**

**Ronald E. Plesco, Jr., and Captain Simmers.**

10. Describe the substance of plaintiff's meeting with Major Merryman in July 1998

as alleged in paragraph 52 of the Complaint. In the description include the examples

plaintiff provided Major Merryman of disparate treatment.

**RESPONSE:**

**The plaintiff told Major Merryman the following: Captain Simmers was creating**

**a difficult work environment; he was not required to have the necessary**

**knowledge and skills to perform his assigned duties; he was not required to**

**have knowledge of work practices in the office; not held accountable for**

**assigned work products; he was incapable of performing as a supervisor; he**

**was misusing his state vehicle and abusing work hours. She also told him that**

**Simmers and Plesco were not being held accountable for leave usage and**

**attendance.**

11. Describe all of the investigations initiated by defendants as alleged in

paragraph 94 of the Complaint. In you answer include an explanation of the nature

of each investigation, identify who conducted it and state the dates on which it was

conducted.

**RESPONSE:**

**A. In September 1999, the plaintiff was informed by Major Morris that she was**

**the subject of the review being done by the Systems and Process Review**

**Division, Bureau of Professional Responsibility. The Systems and Process**

 

Review Division, Central Section interviewers were as follows: Lt. William A. Horgas, Sgt. Janet McNeal, and Trooper Farzad Sharif. The team interviewed the Plaintiff. Trooper Sharif was not in attendance for the requested confidential meeting that was based on the plaintiff's memorandum dated, September 13, 1999, Exhibit B of the Complaint.

B. During 1999, Captain Simmers indicated that he was responsible for an investigation of her office telephone records.

12. Describe all of the administrative actions taken by the individual defendants, as alleged in paragraph 94 of the complaint. In your description include the nature of each action, identify who took it and state the date(s) on which it was taken.

RESPONSE:

A. On or about June 1999, the plaintiff complained to Corporal Garret L. Rain, Internal Affairs, Bureau of Professional Responsibility, to discuss and review disparate treatment involving Captain Simmers. Captain Simmers was informed of the plaintiff's complaint to Corporal Rain, shortly thereafter, which is contrary to Department Procedure, Administrative Regulation – 425.08 Section F, Paragraph 9, regarding notification of subject of investigation.

B. On or about July 1998, the plaintiff presented a complaint about Captain Simmers to Major Merryman. Captain Simmers was informed of the complaint shortly thereafter, which is contrary to Department Procedure, Administrative Regulation – 425.08 Section F, Paragraph 9, regarding notification of subject of investigation.

C. The Defendant(s) failed to respond to the to the following correspondence



submitted by the plaintiff:  December 20, 1998, Subject: Addendum to Employee Initiated Position Reclassification, Exhibit F of the Complaint; July 19, 1999, Subject: Accountability of Staff, Exhibit E of the Complaint; September 13, 1999, Subject: Review of the Legislative Affairs Office, Exhibit B of the Complaint; January 3, 2000, Subject: Response to Use of Compensation Leave, Exhibit G of the Complaint; January 3, 2000, Subject: Systems and Process Review Division Reports, Exhibit I of the Complaint.

D.  On or about April 12, 1999, Colonel Evanko prevented plaintiff from attending his staff meetings.

E.  After July 29, 1999, plaintiff was not allowed to attend Legislative related training seminars or attend the public hearings.

F.  On February 29, 2000, defendant(s) required the plaintiff to attend a conflict resolution session following her Whistleblower complaints.

G.  On or about March 2000, the defendant(s) filled the Director, Legislative Affairs Office position without providing the plaintiff with the opportunity to participate as a candidate for the position.

H.  On or about April 2000, the defendant(s) filled the Assistant Legislative Liaison position without providing the plaintiff with the opportunity to participate as a candidate for the position.

I.  On May 1, 2000, the defendant(s) dismissed the plaintiff without providing advance notice.

J.  On May 1, 2000, the defendant(s) dismissed the plaintiff claiming the

 

Legislative Office reorganized.

K.  On or around May 2000, the defendant(s) approved the entering of an

improper transaction code into the plaintiffs detailed employment history

summary.

L.  On or around June 15, 2000, the defendant(s) approved listing the plaintiff

in a Department Directive, Personnel Order 00-13, that is circulated among

Department employees to denote that the dismissal was for cause.

13. Describe each and every symptom of mental anguish that the plaintiff suffered

as a result of the actions alleged in the Complaint.

    a.    For each symptom identified, state the time period within which
          plaintiff experienced the symptom

RESPONSE:

The plaintiff suffered severe anxiety associated with stress. This stress also

manifested itself in the form of severe back and neck pain. The plaintiff began

experiencing this severe pain in the left neck extending to the left arm and

lower back in May 1999, requiring her to take prescribed painkiller and anti-

inflammatory medicine to address the cervical and lumbar areas. The back

pain recurred through March 2000.  Prior to May 1999, she did not suffered

from these symptoms. Since March 2000, the plaintiff has not suffered from

these symptoms.

14.  Identify any medical practitioner plaintiff has consulted concerning the mental

anguish plaintiff alleges she has suffered as a result of the actions alleged in the

complaint. For each practitioner identified, please state:

8

 

a. His or her area of practice;
b. The date plaintiff consulted him or her;
c. His or her diagnosis of plaintiff;
d. The nature of the treatment plaintiff received, including any medications she received; and,
e. The dates on which plaintiff received treatment.

## RESPONSE:

a. Roger B. Gustavson, M.D.
  Susquehanna Internal Medicine Associates
  890 Poplar Church Road Camp Hill, PA  (717) 761-3875
b. May 12, 1999 and May 18, 1999
c. Neck and back pain
d. Medications Naprosyn 500 mg/Tylenol with Codeine
e. Naprosyn 500 mg/Tylenol with Codeine/ moist heat

a. Holy Spirit Hospital
Department of Radiology and Diagnostic Imaging
Camp Hill, PA  17011  (717) 763-2600
Examination: Lumbar Spine
b. May 12, 1999
c. Early degenerative changes of the lower lumbar facet articulation and disc space. No other acute abnormality noted.
d. N/A Test Only
e. N/A Test Only

Holy Spirit Hospital
Department of Radiology and Diagnostic Imaging
Camp Hill, PA  17011  (717) 763-2600
Examination: Cervical Spine
b. May 12, 1999
c. Minimal early disc degenerative changes at C6-7.
d. N/A Test Only
e. N/A Test Only

a. Thomas A. Young, M.D.
  Susquehanna Internal Medicine Associates
  890 Poplar Church Road Camp Hill, PA  (717) 761-3875
  Consulted, telephonically March 7, 2000
b. Office appointment March 8, 2000
c. Severe right mid-thoracic back pain.
d. Medications Naprosyn 500 mg. / Tylenol with Codeine
e. Naprosyn 500 mg. 7-10 days, moist heat

9

 

15. Describe all efforts plaintiff made to secure employment after she left the

Pennsylvania State Police. In this description,

   a.    Identify each person plaintiff contacted regarding employment opportunities;
   b.    Identify each document plaintiff sent out in her effort to secure employment;
   c.    Identify each person with whom plaintiff interviewed; and,
   d.    With regard to each person identified in subparagraph c above state the date on which the interview occurred.

**RESPONSE:**

a.  May 5, 2000, Personal Data Sheet to Bureau of State Employment, Office of Administration, Governor's Office.
   b.  Resume
   c.  None
   d.     None

a.  May 8, 2000, Ms. Kathleen Eakin, Secretary of Legislative Affairs, Governor's Office
b.  Resume
c.  None
d.  None

a.  May 30, 2000, Career Link Resource Center, Prep Orientation
b.  Resume
c.  None
d.  None

a.  June 11, 2000 through November 2000, Enrollment in Team Pennsylvania Career Link
b.  Resume
c.  None
d.  None

a.  July 3, 2000, The Honorable Arlen Specter, US Senator, Washington DC  20510
b.  Resume
c.  None
d.  None

a.  July 20, 2000, The Honorable George W. Gekas, US House of Representatives, Washington DC 20515
b.  Resume

10

 

c.  None
d.  None

a.  August 2, 2000, Ms. Jane Pratt, Editor-in-Chief, <u>Jane</u> (7 West 34th St. NY, NY 10001)
b.  Resume
c.  None
d.  None

a.  August 7, 2000, Ms. Kate White, Editor-in-Chief, Cosmopolitan (224 West 57th St. NY, NY 10019)
b.  Resume
c.  None
d.  None

a.  August 29, 2000, Ms. B. Smith, Editor-in-Chief, <u>B Smith Style</u> (1120 Av. of the America's 11th Floor NY, NY)
b.  Resume
c.  None
d.  None

a.  September 6, 2000, Ms. Glenda Bailey, Editor-in-Chief, <u>Marie Claire</u> (1790 Broadway, 3rd Floor NY, NY 10019)
b.  Resume
c.  None
d.  None

a.  September 9, 2000, Ms. Oprah Winfrey, <u>The Oprah Magazine</u> (1700 Broadway, 38th Fl. NY, NY 10019)
b.  Resume
c.  None
d.  None

a.  September 14, 2000, Ms. Roberta Myers, Editor-in-Chief, Mirabella (1633 Broadway New York, NY 10019)
b.  Resume
c.  None
d.  None

a.  September 20, 2000, Ms. Kate Bettes, Editor-in-Chief, <u>Harper's Bazaar</u> (1700 Broadway NY, NY 10019)
b.  Resume
c.  None
d.  None

 

a. September 25, 2000,  Mr. Terry McDonell, Editor-in-Chief,  <u>US Weekly</u> (1290 Avenue of America's NY, NY 10104)
b. Resume
c. None
e.  None

a. September 28, 2000,  Ms. Lesley Jane Seymour, Editor-in-Chief, <u>Redbook</u> (224 West 57th Street NY, NY 10019)
b. Resume
c. None
d. None

a. October 4, 2000, Ms. Anna Wintour, Editor-in-Chief, <u>Vogue</u> (4 Times Square NY, NY 10036)
b.  Resume
c.  None
d.  None

a. October 10, 2000, Ms. Norma Pearlstine, Editor-in-Chief, <u>In Style</u> (1271 Avenue of the America's NY, NY 10020)
b.  Resume
c.  None
d.  None

a. October 22, 2000, Ms. Elaina Richardson, Editor-in-Chief, <u>Elle</u> (1633  Broadway, NY, NY 10019)
b. Resume
c. None
d. None

a.  October 31, 2000, Ms. Pamela Fiori, Editor-in-Chief, <u>Town & Country</u> (1700 Broadway, 30th floor, NY, NY 10019)
b.  Resume
c.  None
d.  None

a. November 4, 2000, Mr.  Norman  Pearlstine,  Editor-in-Chief,  <u>People Weekly</u> (People, Time, & Life Building Rockefeller Center NY, NY  10020)
b. Resume
c. None
d. None

a. November 9, 2000, Ms. Bonnie Fuller, Editor-in-Chief, <u>Glamour</u> (4 Times Square NY, NY 10036)
b. Resume
c. None

 

d. None

a. November 13, 2000, Ms. Susan Kelliher, Editor-in-Chief, <u>Family Circle</u> (375
   Lexington Avenue NY, NY 10017)
b. Resume
c. None
d. None

a. November 19, 2000, Ms. Myrna Blyth, Editor-in-Chief and Publishing Director,
   <u>Ladies Home Journal</u> (125 Park Avenue NY, NY 10017)
b. Resume
c. None
d. None

a. November 22, 2000, Ms. Mandi Norwood, Editor-in-Chief, <u>Mademoiselle</u> (4
   Times Square NY, NY 10036)
b. Resume
c. None
d. None

a. December 1, 2000, Mr. Graydon Carter, Editor-in-Chief, <u>Vanity Fair</u> (4 Times
   Square NY, NY 10036)
b. Resume
c. None
d. None

a. December 4, 2000, Ms. Marcia Ann Gillespie, Editor-in-Chief, <u>Ms.</u> (20 Exchange
   Place 22nd Floor, NY, NY 10005)
b. Resume
c. None
d. None

a. December 9, 2000, Ms. Sally Koslow, Editor-in-Chief, <u>McCalls</u> (375 Lexington
   Avenue NY, NY 10017)
b. Resume
c. None
d. None

a. December 12, 2000, Ms. Jane Chestnut, Editor-in-Chief, <u>Woman's Day</u> (1633
   Broadway NY, NY 10019)
b. Resume
c. None
d. None

a. January 2001, Updated Personal Data Sheet to Bureau of State Employment,
   Office of Administration, Governor's Office.




  b. Resume
     c. None
     d. None

  a. Ms. Elizabeth Shuster, Chief Counsel, Office of Chief Counsel, Pennsylvania
     Human Relations Commission
  b. Resume
  c. None
  d. None

  a. March 3, 2001, Dr. Iris H. Cooley, Personal Director, Pennsylvania Human
     Relations Commission
     b. Resume
     c. None
     d. None

  a. March 5, 2001, Mr. Brian Grove, Director, Office of Public Liaison, Governor's
     Office, to Governor Ridge.  Commissioner Position – Civil Service
  b. Resume
  c. None
  d. None

  a. March 5, 2001, Mr. Brian Grove, Director, Office of Public Liaison, Governor's
     Office, to Governor Ridge.  Commissioner Position – PA Game Commission
  b. Resume
  c. None
  d. None

  a. March 11, 2001, Earl J. Mosley, Personal Director, Democratic Caucus
  b. Resume
  c. None
  d. None

  a. March 2001, Mr. James N. Tanese, Chief of Staff, Minority Leader 535 Capitol
     Building Harrisburg, PA 17120
  b. Resume
  c. None
  d. None

  a. March 19, 2001, Mr. Donald E. Edmiston, Project Manager, Imagine PA, also to
     Mr. Michael Brennan, Bureau of Audits, Office of the Budget, Governor's Office.
  b. Resume
  c. None
  d. None




a. March 19, 2001, Mr. John Monn, Manager, Applications System Development Division, Manager, Office of Administration, Governor's Office.
b. Resume
c. None
d. None

a. Also, forwarded by Mr. John Monn to Charles F. Gerhards, Deputy Secretary for Information Technology, Governor's Office.
b. Resume
c. None
d. None

a. State Civil Service Commission Harrisburg, Pennsylvania 17108-0569, Disability Manager, April 16, 2001
b. Application/Resume
c. None
d. None

a. State Civil Service Commission Harrisburg, Pennsylvania 17108-0569 Assistant Superintendent of Administrative Services, May 2001
b. Application/Resume
c. None
d. None

a. State Civil Service Commission Harrisburg, Pennsylvania 17108-0569 Parole Hearing Officer, June 2001
b. Application/Resume
c. None
d. None

a. July 2001, Updated, Personal Data Sheet to Bureau of State Employment, Office of Administration, Governor's Office.
  b. Resume
  c. None
  d. None

a. State Civil Service Commission Harrisburg, Pennsylvania 17108-0569 EEO 3, September 2001
b. Application/Resume
c. None
d. None

a. October 2001, Mr. Jerry R. Beaver, Senior Emergency Planner, (Three Mile Island Nuclear Station), 2574 Interstate Drive Harrisburg, Pennsylvania 17110
b. Resume
c. None

15




d. None

    a. October 2001, Greenlee Partners (Lobbyists) 19 North 4th Street, Harrisburg, PA 17101

    b. Cover letter

    c. None

    d. None

16. Describe the plaintiff's employment history since she left the Pennsylvania State Police. Include in the description:

    a.    the title of each position plaintiff has held and the dates on which she held it;

    b.    a description of the duties of each position plaintiff has held;

    c.    the identity of each employer plaintiff has had;

    d.    the salary and benefits earned in each position identified; and

    e.    the identity of each supervisor plaintiff has had.

**RESPONSE:**

**The plaintiff has been unemployed since being discharged by the Pennsylvania State Police.**

17. Identify all experts whose opinions may be presented at trial and for each expert identify his or her area of expertise and generally state what his or her testimony will be submitted to prove.

**RESPONSE:**

**At this time the plaintiff does not anticipate presenting any expert testimony.**

18. Identify each person who plaintiff knows or believes has information that substantiates the claims she makes in this action. For each person identified, explain what information plaintiff knows or believes he or she has.

**RESPONSE:**

**A. Major Morris is likely to have information regarding leave usage, attendance, Captain Simmers employee performance evaluations, job**

description, retaliation, investigative complaints and reports, commissioner staff meetings, and Ronald Plesco (which includes appointment to the Legislative Office, assignments, responsibilities, salary, classification, assignment of automobile, attendance and leave usage).  He is also likely to have information regarding the operations of the Office, complaints made by plaintiff, correspondence submitted by plaintiff and interaction with Colonel Evanko and Colonel Coury.

B.  Captain Darell G. Ober, Pennsylvania State Police. Captain Ober is likely to have information relating to the policies and procedures of the Bureau of Professional Responsibility, Systems and Process Review Division and the Internal Affairs Division.

Nathan C. Pringle, Jr.
3601 North Progress Ave.
Suite 200
Harrisburg, PA 17110
(717) 909-8520
Attorney for plaintiff

November 13, 2001

17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA A. WILHELM,**<br>**Plaintiff** | : | |
| | : | |
| v. | : | **NO. 1:CV-01-1057** |
| | : | |
| **COMMONWEALTH OF PA.;** | : | **(JUDGE RAMBO)** |
| **PENNSYLVANIA STATE POLICE;** | : | |
| **COLONEL PAUL J. EVANKO,** | : | |
| **COMMISSIONER; LIEUTENANT** | : | |
| **COLONEL THOMAS K. COURY; and** | : | |
| **CAPTAIN MICHAEL. D. SIMMERS,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on October 29, 2002, I caused to be served a copy of the foregoing document entitled **Documents in Support of Defendant's Motion for Reconsideration of the Order of October 23, 2002, or in the Alternative, for a Declaration of Mistrial** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania upon the following:

**Nathan C. Pringle, Jr., Esquire**
**360l N. Progress Avenue, Suite 200**
**Harrisburg, PA 17110**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**