IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| COMMONWEALTH OF PA.; | : | (JUDGE RAMBO) |
| PENNSYLVANIA STATE POLICE; | : | |
| COLONEL PAUL J. EVANKO, | : | |
| COMMISSIONER; LIEUTENANT | : | |
| COLONEL THOMAS K. COURY; and | : | |
| CAPTAIN MICHAEL. D. SIMMERS, | : | |
| | : | |
| Defendants | : | |

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES

In the event this Court does not reconsider and vacate its Order of October 23, 2002, defendants hereby move for an award of attorneys fees as permitted by that order. In support of this motion defendants state as follows:

1. On October 23, 2002, this Court held a hearing in this matter to consider whether plaintiff should be granted reinstatement to her former employment with the State Police or whether she should receive an award of front pay in lieu of reinstatement.

2. On October 22, 2002, counsel for plaintiff disclosed for the first time that he intended to call an expert witness at the hearing to support plaintiff's claim for

front pay. On the same date counsel produced to defendants, again for the first time, plaintiff's calculation of front pay in the amount of $908,436.03.

3. At the hearing, plaintiff attempted to offer the expert's testimony and the expert's calculation of front pay into evidence.

4. Counsel for defendants objected and moved to exclude the evidence because it had not been disclosed in accordance with the Rules.

5. The Court recessed the hearing, after which it issued the order of October 23, 2002, which among other things permitted defendants to seek attorneys fees for the time expended in relation to the hearing.

6. Subsequently, defendants moved the Court to reconsider its order, vacate it and exclude from evidence plaintiff's expert and her calculation of front pay. In the alternative, defendants asked the Court to declare a mistrial.

7. In the event, the Court denies defendants' motion, defendants hereby seek attorneys' fees in the amount of $2,143.75.

8. The fees defendants seek are based on 12.25 hours of work at an hourly rate of $175 as is more fully explained in the unsworn declarations, defendants are submitting in support of this motion.

**WHEREFORE**, the Court should award defendants $2,143.75 for the time counsel spent in preparing for and attending the hearing on October 23, 2002.

                                          **Respectfully submitted,**

                                          **D. MICHAEL FISHER**
                                          Attorney General

BY: _/s/ Susan J. Forney_
        SUSAN J. FORNEY
        Chief Deputy Attorney General
        I.D. No. 27744

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED: November 4, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | NO. 1:CV-01-1057 |
| : | |
| COMMONWEALTH OF PA.; : | (JUDGE RAMBO) |
| PENNSYLVANIA STATE POLICE; : | |
| COLONEL PAUL J. EVANKO, : | |
| COMMISSIONER; LIEUTENANT : | |
| COLONEL THOMAS K. COURY; and : | |
| CAPTAIN MICHAEL. D. SIMMERS, : | |
| : | |
| Defendants : | |

## UNSWORN DECLARATION OF SUSAN J. FORNEY

I, **SUSAN J. FORNEY**, hereby state under penalty of perjury and based on my personal knowledge that the following is true and correct:

1. I am the Chief of the Litigation Section of the Pennsylvania Office of Attorney General. I have held this position since January, 1998.

2. I have the overall responsibility for the operation of the Section which employs 31 attorneys in three regional offices located in Philadelphia, Harrisburg and Pittsburgh.

3. The Litigation Section defends Commonwealth agencies and officials when they are sued in connection with performing their jobs. The majority of the

Section's cases are in federal court and involve alleged violations of civil rights including employment discrimination.

4.  I received a J.D. from Cornell Law School in 1978.

5.  I was admitted to the bar of the Supreme Court of Pennsylvania in October, 1978. I was admitted to the bars of the United States Courts for the Middle and Eastern Districts of Pennsylvania the same year.

6.  I was admitted to the bar of the Court of Appeals for the Third Circuit in 1981 and I was admitted to the bar of the United States Supreme Court the same year.

7.  Since graduating from law school, I have been employed in the Litigation Section of the Office of Attorney General and its predecessor, the Litigation Section of the Department of Justice.

8.  I began my career as a Deputy Attorney General 1, handling pro se prisoner cases and employment actions in the federal courts and constitutional challenges to state programs in the state courts.

9.  From 1979 to 1984 I was promoted to Deputy Attorney General 2 and Deputy Attorney General 3. My caseload increased in both size and in the complexity of the cases I was asked to handle.

10. In 1985, I became the Employment Litigation Coordinator for the Section and was promoted to Deputy Attorney General 4. I was responsible for keeping abreast of developments in employment law and advising other Deputy Attorneys General on handling their employment cases.

11. In 1991, I became responsible for supervising approximately four junior attorneys within the Harrisburg office of the Litigation Section.

12. In 1995 my supervisory responsibilities increased to include an additional four attorneys within the Harrisburg office.

13. Throughout my career with the Office of Attorney General I have maintained my own caseload. I handled most of my cases in the United States District Courts for the Middle and Eastern Districts of Pennsylvania. I have also appeared in the Western District.

14. All of the cases I have handled in the federal courts involved alleged violations of civil rights under 42 U.S.C. §1983 and or alleged violations of the various federal employment discrimination laws.

15. Sean McDonough, a member of the bar of this Court, who has a civil litigation practice the majority of which involves civil rights cases, has provided the Office of Attorney General with a declaration stating that he bills his clients at an

-3-

hourly rate of $150. A copy of Mr. McDonough's declaration is attached to this declaration as **Exhibit 1**.

16. Because I have been practicing 8 more years than Mr. McDonough, and because our practices are similar, I believe that a reasonable hourly rate for an attorney of my experience in the Middle District is $175.

17. I do not keep contemporaneous records of the time I spend on my cases because the Office of Attorney General does not bill its clients. In addition because we represent defendants in the overwhelming majority of our cases, we are not often in a position to petition for attorneys' fees.

18. Using my calendar and notes, however, I have reconstructed the time I spent preparing for and attending the hearing of October 23.

19. The time I spent is as follows:

| | |
|---|---|
| Research | 3.5 hours |
| Prepare witnesses | 2.5 hours |
| Draft memorandum | 3 hours |
| Review and select exhibits | .75 hours |
| Review plaintiff's deposition, trial notes and prepare cross examination | 1.5 hours |
| Hearing | 1 hour |
| **Total** . . . . . . . . | **12.25 hours** |

20. Multiplying 12.25 hours by an hourly rate of $175 results in total fees of $2,143.75.

_Susan J. Forney_
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**

DATE: Nov. 4, 2002

**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDY A. SVECZ, | : |
|     Plaintiff, | : |
| | :    No. 3: CV-98-1177 |
| v. | : |
| | :    (Judge Caputo) |
| COMMONWEALTH OF | : |
| PENNSYLVANIA, DEPARTMENT OF | : |
| CORRECTIONS, ET AL., | : |
|     Defendants. | : |

## DECLARATION

I, **SEAN P. McDONOUGH, ESQUIRE**, declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the following facts are true and correct based upon my personal knowledge:

1. I have been an attorney licensed to practice law in the Commonwealth of Pennsylvania since 1986.

2. I primarily practice in Lackawanna County.

3. I handle litigation matters from the initiation of the case through trial or resolution, including handling any appeals, in both state and federal court.

4. Approximately seventy percent of my practice involves civil rights litigation and I have represented both plaintiffs and defendants in federal litigation in the Middle District in over one hundred forty cases. *See* Attachment A.[1]

---

[1] A listing of all cases for which I have entered my appearance in the United States District Court for the Middle District of Pennsylvania is attached hereto as Attachment A.

5. I am aware of what the market in Lackawanna County will bear in terms of attorney's fees and I presently bill my private clients at a rate of $150.00 per hour.

DATE: 10-30-2002

*[signature]*
SEAN P. McDONOUGH, ESQ.

## CERTIFICATE OF NONCONCURRENCE

Counsel for defendants called counsel for plaintiff to obtain his concurrence in the foregoing motion; however, counsel for plaintiff was out of the office and has not returned her call.

*[signature]*
SUSAN J. FORNEY
**Chief Deputy Attorney General**

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on November 4, 2002, I caused to be served a copy of the foregoing document entitled **Defendants' Motion for Attorneys' Fees,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

**Nathan C. Pringle, Jr., Esquire**
**3601 North Progress Avenue, Suite 200**
**Harrisburg, PA 17110**

*[signature]*
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**