ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,
    Plaintiff

v.

COMMONWEALTH OF PA.;
PENNSYLVANIA STATE POLICE;
COLONEL PAUL J. EVANKO,
COMMISSIONER; LIEUTENANT
COLONEL THOMAS K. COURY; and
CAPTAIN MICHAEL. D. SIMMERS,
    Defendants

NO. 1:CV-01-1057

(JUDGE RAMBO)

FILED
HARRISBURG, PA
NOV 08 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES**

**INTRODUCTION**

This action challenges plaintiff's dismissal from employment with the Pennsylvania State Police as retaliatory in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*

A jury entered a verdict in favor of plaintiff on September 11, 2002 and awarded her $250,000 in backpay and compensatory damages. The Court then scheduled a hearing on equitable relief for October 23, 2002.

In the midst of the hearing on equitable relief the Court recessed and then continued the hearing. The hearing was delayed because plaintiff failed to disclose her expert and damage calculations in a timely manner.

In addition to continuing the hearing until January 22, the court permitted defendants to petition for attorneys' fees in connection with the October 23 hearing.

On November 4, 2002, defendants filed a motion seeking attorneys' fees in the amount of $2,143.75.[1] Defendants seek fees for 12.25 hours of work at an hourly rate of $175. In support of their motion, defendants submitted the unsworn declaration of their counsel and the unsworn declaration of Sean McDonough, an attorney practicing in this district with a litigation practice composed largely of civil rights cases brought in federal court.

The declarations reveal that defendants counsel has been practicing law and has been a member of the bar of this Court for approximately 24 years. (Forney Declaration ¶¶ 4, 5, 7-14). During that time, her practice has focused on litigating civil rights claims, including employment discrimination actions in federal court. (Forney Declaration ¶¶ 13, 14). Sean McDonough is a member of the bar of this Court who has been practicing approximately 16 years (McDonough Declaration ¶¶ 1, 4). He conducts litigation on behalf of both plaintiffs and defendants (McDonough Declaration ¶¶ 3, 4). The majority of the cases he handles are federal civil rights

---

[1] Defendants have also moved the Court to reconsider and vacate its order of October 23. Defendants seek fees only in the event that the order of October 23 is not vacated.

actions in federal court. (McDonough Declaration ¶4). He bills his clients at an hourly rate of $150. (McDonough Declaration ¶5).

### ARGUMENT

### DEFENDANTS SHOULD RECEIVE $2,143.75 IN ATTORNEYS' FEES BECAUSE BOTH THE TIME COUNSEL EXPENDED AND HER HOURLY RATE ARE REASONABLE.

Fed.R.Civ.P. 37(c)(1) permits the Court to award as a sanction "reasonable expenses, including attorneys fees" caused by a party's failure to timely disclose information required by the Rules. In this case, plaintiff's failure to disclose her front pay calculations and provide an expert report in a timely manner, caused defendants to prepare for a hearing which this Court has now declared a "nullity". Order of October 23, 2002. Under the circumstances it is appropriate to award defendants reasonable attorneys fees in connection with preparing for and attending the hearing.

Reasonable fees are based on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564-65 (1986). The Court must review the time expended by counsel to ensure that it was reasonably spent. That is, the Court must determine that it was not excessive, redundant or otherwise unnecessary. *Hensley,* 461 U.S. at 433.

Regarding the hourly rate, it must comport with the prevailing rates in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). Thus the Court should assess the experience and skill of counsel and compare the hourly rate sought with "the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d. Cir. 1990).

In this case counsel seeks fees for 12.25 hours of work which was expended on research, drafting a memorandum of law, preparing witnesses to testify, reviewing and selecting exhibits, preparing for cross examination and attending an hour long hearing. (Forney Declaration, ¶19). Defendants believe the time expended is reasonable in light of the issues to be addressed.

Regarding the hourly rate, counsel seeks $175, based upon her 24 years of experience in litigating civil rights and employment discrimination issues in this district and in the other federal courts in Pennsylvania. Counsel's rate is reasonable based on the $150 an hour rate charged by a slightly less experienced attorney who also has an extensive civil rights practice in this district. (*See* McDonough Declaration).

Defendants have demonstrated that they are entitled to an award of $2,143.75 in attorneys' fees because the time expended is reasonable as is the hourly rate sought by counsel.

## CONCLUSION

For all of the preceding reasons, this Court should grant defendants' motion for an award of attorneys' fees and award defendants $2,143.75.

Respectfully submitted,

**D. MICHAEL FISHER**
Attorney General

BY: _____
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
I.D. No. 27744

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED: November 8, 2002**

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on November 8, 2002, I caused to be served a copy of the foregoing document entitled **Defendants' Memorandum in Support of Motion for Attorneys' Fees,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

**Nathan C. Pringle, Jr., Esquire**
**3601 North Progress Avenue, Suite 200**
**Harrisburg, PA  17110**

*[signature]*
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**