IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM, : 
    Plaintiff :
:
v. : NO. 1:CV-01-1057
:
COMMONWEALTH OF PA., : (JUDGE RAMBO)
PENNSYLVANIA STATE POLICE :
:
    Defendant :

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE ORDER OF OCTOBER 23, 2002**

I.    **STATEMENT OF THE FACTS**

Plaintiff, Barbara Wilhelm, filed a complaint against defendants Colonel Paul Evanko, former Lieutenant Colonel Thomas K. Coury, Captain Michael Simmers and the Pennsylvania State Police alleging various causes of action under federal and state law. Motion for summary judgment was granted in favor of the individual defendants. Summary judgment was granted in favor of Pennsylvania State Police on all claims except for Ms. Wilhelm's state and federal claims for retaliation.

At the pretrial conference in-house counsel for the defendant, Joanna Reynolds, declared that there were no positions available for the plaintiff

within the Pennsylvania State Police. At all times plaintiff sought reinstatement in order to secure full pension benefits.

On September 11, 2002, a jury returned a verdict on favor of the plaintiff and awarded $250,000 in back pay and compensatory damages. The Court scheduled a trial on equitable relief for the next day to determine whether the plaintiff should be reinstated or awarded front pay. On the day the trial was scheduled, the defendant requested a continuance in order to find positions for which the plaintiff might apply. Plaintiff concurred in this motion. When no suitable position was found, plaintiff contacted the accounting firm of Boyer & Ritter to assist in the calculation of front pay. The trial was rescheduled for October 23, 2002. On October 22, 2002, the plaintiff provided the defendant with its calculation of front pay as prepared by Boyer & Ritter.

At trial on October 23, 2002, counsel for plaintiff attempted to present the information provided to defendant's counsel on the calculation of front pay. Counsel for defendant objected. The Court continued the hearing and subsequently issued an order reopening discovery, and rescheduling trial until January 22, 2003.

The defendant seeks reconsideration of that order.

## II. ARGUMENT

## FAILURE TO DISCLOSE THE FRONT PAY CALCULATION WAS HARMLESS

Citing Fed.R.Civ.P. 37(c)(1), asserts the defendant was harmed by the delay in disclosing the plaintiff's front pay calculations. This claim is baseless.

### A. The Defendant's Jury Trial Strategy Was Not Affected

The failure to disclose the plaintiff's front pay calculation did not affect the defendant's trial strategy. The calculation of front pay damages was irrelevant to any of the issues addressed by the jury. In fact, the jury was precluded from hearing any evidence on the calculation of front pay damages or reinstatement. Despite its claims to the contrary, the defendant knows this. Conspicuously absent from defendant's argument is any specific explanation as to how its jury trial strategy was affected by the failure to disclose the plaintiff's calculation.

### B. The Defendant Knew Back Pay Would be an Issue

Throughout the pretrial process, and throughout trial, Ms. Wilhelm has repeatedly and emphatically declared that it was imperative that she be made whole for the economic loss resulting from her illegal discharge. Specifically, Ms. Wilhelm urged that her forced retirement was premature

3

and would result in a substantial loss to, among other things, her pension benefits. Consequently, the Ms. Wilhelm sought reinstatement. This remedy was sought because it provides the simplest way to make Ms. Wilhelm whole for all anticipated future economic losses.

In contrast, the defendant was adamant about not reinstating Ms. Wilhelm. At the pretrial conference the defendant represented to this Court that there were no jobs available within the Pennsylvania State Police for the Ms. Wilhelm. Even moments before the reading of the verdict, the defendant was unambiguous, absolute and unwavering on its insistence that it would not consider reinstatement under any circumstances.

These incompatible positions made settlement impossible. The defendant knew, or should have known that if reinstatement was not an option available to the Court, front pay had to be considered. *Blum v. Witco Chemical Corporation*, 829 F.2d 367, 373 (3rd Cir. 1987). Given that front pay includes total lost future earnings, the defendant knew prior to trial that front pay includes salary, leave benefits, medical benefits and retirement benefits. The defendant knew that as a result of recording derogatory remarks on Ms. Wilhelm's personnel history that state hiring managers would not favorably view any application for employment submitted by Ms. Wilhelm. The defendant also knew that Ms. Wilhelm, at age 45, had not

4

been able to find employment in state government, or anywhere else, since her wrongful termination. In sum, the defendant knew that Ms. Wilhelm's illegal termination resulted in lost future salary, leave benefits, medical benefits, and retirement benefits, and that the a calculation of those lost future earnings had to be addressed by the Court if reinstatement was not an option.

The method of calculating front pay should not be a mystery to the defendant. The defendant's records contained accurate information on the value of Ms. Wilhelm's lost salary, leave benefits, medical benefits. During discovery the defendant could have requested any information it needed to complete its calculation of front pay. Thus, while the defendant did not know what amount of front pay Ms. Wilhelm would claim as front pay, the defendant knew that it was, *de facto*, seeking front pay, and had an opportunity to assess its exposure as a consequence of pursuing that remedy. Thus, despite its declaration of ambush, the defendant had every opportunity to assess the value of its proposed remedy.

As for preparing for trial on the issue of front pay, reopening discovery on the issue of plaintiff's calculation of front pay permits the defendant to gather information to assess the plaintiff's calculation and prepare for the trial on this issue. In sum, there is no harm to defendant.

5

## CONCLUSION

For all of the above reasons, this court should not grant defendant's Motion for Reconsideration of the Order of October 23, 2002 nor should this Court declare a mistrial in the alternative.

Respectfully Submitted,

*/s/ Nathan C. Pringle, Jr.*
Nathan C. Pringle, Jr.
Attorney I. D. Number 30142
3601 North Progress Avenue
Suite 200
Harrisburg, PA 17110
(717) 909-8520
Attorney for Plaintiff

November 18, 2002

## **CERTIFICATE OF SERVICE**

I, Nathan C. Pringle, Jr., hereby certify that on November 18, 2002, I caused to be delivered by first-class mail a copy of the foregoing document entitled Plaintiff's Brief in Opposition to Defendant's Motion for Reconsideration of the Order of October 23, 2002, and served it on the following:

Susan J. Forney
Chief Deputy Attorney General
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120

_____
Nathan C. Pringle, Jr.