**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM, <br> Plaintiff | : <br> : <br> : |
| v. | : NO. 1:CV-01-1057 <br> : |
| COMMONWEALTH OF PA.; <br> PENNSYLVANIA STATE POLICE; <br> COLONEL PAUL J. EVANKO, <br> COMMISSIONER; LIEUTENANT <br> COLONEL THOMAS K. COURY; and <br> CAPTAIN MICHAEL. D. SIMMERS, <br> Defendants | : (JUDGE RAMBO) <br> : <br> : <br> : <br> : <br> : <br> : |

FILED
HARRISBURG, PA
NOV 26 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES

### I.   STATEMENT OF THE FACTS

Plaintiff, Barbara Wilhelm, filed a complaint against defendants Colonel Paul Evanko, former Lieutenant Colonel Thomas K. Coury, Captain Michael Simmers and the Pennsylvania State Police alleging various causes of action under federal and state law. Motion for summary judgment was granted in favor of the individual defendants. Summary judgment was granted in favor of Pennsylvania State Police on all claims except for Ms. Wilhelm's state and federal claims for retaliation.

At the pretrial conference in-house counsel for the defendants, Joanna Reynolds, declared that there were no positions available for the plaintiff

within the Pennsylvania State Police. At all times plaintiff sought reinstatement in order to secure full pension benefits.

On September 11, 2002, a jury returned a verdict on favor of the plaintiff and awarded $250,000 in back pay and compensatory damages. The Court scheduled a trial on equitable relief for the next day to determine whether the plaintiff should be reinstated or awarded front pay. On the day the trial was scheduled, the defendants requested a continuance in order to find positions for which the plaintiff might apply. Plaintiff concurred in this motion. When no suitable position was found, plaintiff contacted the accounting firm of Boyer & Ritter to assist in the calculation of front pay. The trial was rescheduled for October 23, 2002. On October 22, 2002, the plaintiff provided the defendants with her calculation of front pay as prepared by Boyer & Ritter.

At trial on October 23, 2002, counsel for plaintiff attempted to present the information provided to defendants' counsel on the calculation of front pay. Counsel for defendants objected. The Court continued the hearing and subsequently issued an order permitting defendants' attorney's fees for October 23, 2002, reopening discovery, and rescheduling trial until January 22, 2003.

The defendants seeks attorneys' fees for October 23, 2002.

## II. ARGUMENT

Defendants claim a rate of one hundred seventy-five ($175.00) dollars per hour. Plaintiff agrees that this is a fair rate. However, defendants are only entitled to fees at this rate for time wasted as a direct result of plaintiff's failure to disclose the expert report prior to trial. In the unsworn declaration of Susan J. Forney submitted in support of defendants' claim for attorney's fees, Ms. Forney requests payment for time spent on research, preparing witnesses, drafting memorandum, reviewing and selecting witnesses, reviewing plaintiff's deposition, trial notes and preparation for cross examination, and the time of the hearing. The declaration does not assert that the research will be useless when trial commences on January 22, 2003. Likewise she does not assert that any of the witnesses prepared for the October 23, 2002, trial date will not be used, rendering her time with them wasted. She does not assert her time spent reviewing and selecting exhibits was wasted because she would not have reviewed the same exhibits for the January 22, 2003, trial date. In light of the fact that the failure to disclose related solely to the expert witness, time spent reviewing plaintiff's deposition, trial notes and preparing for the cross examination of Ms. Wilhelm was not wasted. Ms. Forney's thorough cross examination of

3

Ms. Wilhelm is evidence of this.

Time spent during the trial is another matter. Ms. Forney claims one hour. However during that hour she heard the direct examination of Ms. Wilhelm and conducted extensive cross examination. This time was not wasted. Plaintiff does not contest that defendants are entitled to the time spent at the trial related to challenge of the expert testimony. Plaintiff estimates that time to be no more than fifteen minutes. Accordingly, defendants are entitled to no more than fifteen minutes of their attorney's fee.

### III.  CONCLUSION

For all of the reasons stated above, the defendants motion for attorney's fees should be denied to the extent that the request exceeds fees for fifteen minutes of their attorney's time.

Respectfully Submitted,

*Nathan C. Pringle*

Nathan C. Pringle, Jr.
Attorney I. D. Number 30142
3601 North Progress Avenue
Suite 200
Harrisburg, PA 17110
(717) 909-8520
Attorney for Plaintiff

November 26, 2002

## CERTIFICATE OF SERVICE

I, Nathan C. Pringle, Jr., hereby certify that on November 26, 2002, I caused to be delivered by first-class mail a copy of the foregoing document entitled Plaintiff's Brief in Opposition to Defendant's Motion for Attorney's Fees, and served it on the following:

Susan J. Forney
Chief Deputy Attorney General
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120

_____
Nathan C. Pringle, Jr.