IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM, : | |
| Plaintiff : | |
| : | |
| v. : | NO. 1:CV-01-1057 |
| : | |
| COMMONWEALTH OF PA.; : | (JUDGE RAMBO) |
| PENNSYLVANIA STATE POLICE; : | |
| COLONEL PAUL J. EVANKO, : | |
| COMMISSIONER; LIEUTENANT : | |
| COLONEL THOMAS K. COURY; and : | |
| CAPTAIN MICHAEL. D. SIMMERS, : | |
| Defendants : | |

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR RECONSIDERATION

STATEMENT OF THE CASE

This is an employment action raising various claims under the Equal Pay Act, 29 U.S.C. §206(d), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Pennsylvania Human Relations Act, Pa. Stat. Ann., tit. 43, §955 (Purdon's 1991) and the state Whistleblower Law, Pa. Stat. Ann., tit. 43, §1421, *et seq.* (Purdon's 1991). Plaintiff is Barbara A. Wilhelm a former employee in the State Police Office of Legislative Affairs. Defendants are the Pennsylvania State Police, Commissioner Paul J. Evanko, former Lieutenant Thomas K. Coury and Captain Michael D. Simmers.

On defendant's motion, summary judgment was granted in favor of all the individual defendants. In addition summary judgment was granted in favor of the State Police on all of plaintiff's claims except for her Title VII retaliatory discharge claim.

Plaintiff's retaliatory discharge claim was tried to a jury on September 9-11, 2002. The jury returned a verdict in favor of plaintiff and awarded $250,000 in backpay and compensatory damages. The Court then scheduled a hearing on equitable relief for the next day to determine whether plaintiff should be reinstated or, in the alternative, receive an award of front pay.

The hearing was continued at the request of the parties to permit them to seek other positions within the Commonwealth government for which plaintiff was qualified. The hearing was subsequently rescheduled for October 23, 2002.

The day before the hearing, plaintiff disclosed for the first time that she was not inclined to seek reinstatement, but instead would seek over $900,000 in front pay. Plaintiff also disclosed for the first time that she would present the calculations and testimony of an accountant to support her claim for front pay. Later on the same day plaintiff served several charts on defendant which were apparently prepared by her accountant in support of his calculations.

The next day at the hearing on equitable relief, plaintiff attempted to present her accountant's testimony regarding lost future earnings. Defendant objected and moved that the evidence be excluded for failure to disclose it as required by the Rules.

Following a short recess, the Court continued the hearing and subsequently issued the order continuing the hearing until January 22, 2003, and reopening discovery. The Court also set deadlines for the production of expert reports and permitted defendants to submit a petition for attorneys fees in relation to the October 23 hearing.

Defendant has moved the Court to reconsider its order, to vacate it and to grant defendant's motion to preclude plaintiff from presenting her calculations and expert regarding front pay. In the alternative, defendant requests the Court to grant a mistrial.

Plaintiff has filed a memorandum in opposition to defendant's motion. Defendant submits this memorandum in reply to plaintiff's arguments.

# ARGUMENT

## PLAINTIFF'S FAILURE TO DISCLOSE HER CALCULATION OF FRONT PAY AND HER EXPERT INFORMATION PRIOR TO TRIAL ON THE MERITS IS NOT HARMLESS.

Plaintiff contends defendant's motion should be denied because her failure to disclose her front pay calculation and her expert materials is harmless. First, she contends that defendant's trial strategy would not have differed if it had plaintiff made the required disclosures in advance of trial (Pl. Memo, p. 3). Second, she argues that defendant knew front pay would be an issue (Pl. Memo, pp.3-5). She is wrong on both points.

As the Advisory Committee's notes to the 1993 amendments to Federal Rule 26 (a) recognize, the voluntary disclosures required by the Rules are intended to provide the parties with the basic information necessary for them to prepare for trial *and* to make an informed decision about settlement. Plaintiff's argument completely ignores the settlement issue. Plaintiff's failure to disclose her front pay calculations and her expert evidence made it impossible for defendant to make an informed decision about settlement. As defendant pointed out in its initial memorandum, reopening discovery at this point does not render plaintiff's error harmless. With liability already decided, the issues for negotiation are much

narrower that they would have been had settlement discussions occurred with full disclosure before trial.

Plaintiff's argument regarding defendant's trial strategy is also incorrect. Had defendant valued this case at over $900,000 instead of $300,000, it very well might have devoted additional resources to the litigation. Deciding how much time, effort and money to expend on litigation always involves a cost-benefit analysis. The less exposure a case presents, the fewer resources can be justified to litigate it. Defendant may have weighed many issues differently had it known its exposure in this case was three times its pre-trial estimate.[1]

Plaintiff's contention that defendant should have known she was seeking front pay is also without merit. Defendant prepared its case in part in response to the case it anticipated plaintiff would present. Because plaintiff gave no indication of being prepared to prove a case on front pay, despite her obligation under the Rules

---

[1] For example, defendant may have called several of the witnesses that appeared on its witness list but did not testify. Defendant may have given serious consideration to the use of specially prepared charts to better illustrate its case to the jury. Defendant may also have decided it was worth the expense to retain an expert to evaluate plaintiff's post-dismissal efforts to obtain employment. These are but a few of the issues defendant may have handled differently had plaintiff fully disclosed its calculations and evidence on front pay prior to trial.

to do so, defendant did not give the claim serious attention.[2] Defendant cannot be faulted for relying on plaintiff's pre-trial disclosures regarding her case. Otherwise, both the disclosure requirements and the entire discovery process are meaningless.

Plaintiff's failure to comply with her pre-trial disclosure obligations deprived defendant of its opportunity to evaluate this case accurately before trial on the merits. As a result, defendant could not make an informed decision about settlement nor could it accurately determine what resources should be devoted to the litigation.

Because plaintiff's failure to comply with the Rules was both unjustified and harmful to defendant, the Court should reconsider and vacate the order of October 23, 2002. In addition, the Court should either prohibit plaintiff from offering evidence on her front pay calculations or it should declare a mistrial. Declaring a mistrial would place the parties in the pre-trial position they would have been had plaintiff complied with her pre-trial disclosure obligations.

---

[2] Obviously, plaintiff did not give the matter serious attention herself until after she received a verdict in her favor. She did not include a front pay calculation in her pretrial memorandum (Pl. Pretrial Memo, p.4). Nor, did she consult with an expert until sometime after the trial on liability concluded (Pl. Opp. Memo, p.2).

## CONCLUSION

For all of the preceding reasons, this Court should reconsider and vacate the order of October 23, 2002. In addition, the Court should either prohibit plaintiff from offering evidence on her front pay calculations or it should declare a mistrial.

                **Respectfully submitted,**

                **D. MICHAEL FISHER**
                Attorney General

BY: _____
                **SUSAN J. FORNEY**
                **Chief Deputy Attorney General**
                I.D. No. 27744

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED: December 3, 2002**

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on December 3, 2002, I caused to be served a copy of the foregoing document entitled **Reply Memorandum in Support of Defendant's Motion for Reconsideration,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

Nathan C. Pringle, Jr., Esquire
3601 North Progress Avenue, Suite 200
Harrisburg, PA  17110


*(signature)*
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**