

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,                    :        CIVIL NO. 1:CV-01-1057

         **Plaintiff**                    :

      v.                             :

COMMONWEALTH OF                        :
PENNSYLVANIA and THE                   :
PENNSYLVANIA STATE POLICE,             :

         **Defendants**                   :



## MEMORANDUM AND ORDER

    Before the court is Plaintiff's request for equitable relief. On January 31, 2003, the court held a hearing to decide whether the court would order Plaintiff reinstated or award Plaintiff front pay. The matter is now ripe for disposition.

## I.       Background

    On September 11, 2002, a jury granted judgment in favor of Plaintiff, and against Defendants, on Plaintiff's claim that Defendants violated her rights under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e *as amended*. Specifically, the jury found that Defendants dismissed Plaintiff from her position with the Pennsylvania State Police ("PSP") in retaliation for Plaintiff's filing of sexual harassment and gender discrimination charges.[1] Additionally, the jury awarded Plaintiff $250,000 in damages.

---

[1]Title VII prohibits an employer from "discriminat[ing] against an[ ] . . . employee[ ] . . . because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

Because Plaintiff requested equitable relief in the form of front pay, the court conducted a hearing to determine whether Plaintiff was entitled to such relief. During that hearing Plaintiff testified that she did not want to return to a position with the PSP, or any other Commonwealth agency for that matter. She contends that due to the contentious nature of the instant litigation she no longer trusts the Commonwealth of Pennsylvania. Additionally, Robert J. Murphy, who Plaintiff proffered as an expert in accounting, testified on behalf of Plaintiff that Defendants would have to pay Plaintiff $944,336 to compensate her for her lost salary and benefits due to her improper dismissal.

On behalf of Defendants, Jeffrey Miller, the Acting Commissioner of the PSP, indicated that the Commonwealth was willing to reinstate Plaintiff. Because of Plaintiff's animosity towards the PSP, Miller testified that the Commonwealth was willing to hire Plaintiff as a Deputy Press Secretary in the Department of Corrections for a six month period. During that period of time, the PSP would pay Plaintiff's salary. Additionally, the Commonwealth would guarantee Plaintiff commensurate employment with another Commonwealth agency, if necessary, after expiration of the six months. Moreover, the Commonwealth would reinstate Plaintiff at the salary which she was earning at the time the PSP discharged her; giving her credit for any cost of living adjustments she would have received had she not been discharged. Acting Commissioner Miller also indicated that the Commonwealth would restore Plaintiff's retirement credits and expunge the dismissal from Plaintiff's employment records.[2] In short, the

---

[2]In fact, Defendants have already expunged the dismissal from Plaintiff's record and removed the dismissal letter from Plaintiff's employment file.

Commonwealth agreed to reinstate Plaintiff to employment with the Commonwealth as if she had never been discharged from the PSP, but rather was transferred to the Department of Corrections.

## II.  Discussion

### A.  Miller's testimony regarding reinstatement did not violate Federal Rule of Evidence 408.

During the hearing, Plaintiff's counsel objected to Acting Commissioner Miller's testimony regarding the Commonwealth's willingness to reinstate Plaintiff.  According to Plaintiff's counsel, such testimony violates Rule 408 of the Federal Rules of Evidence.  Generally, Rule 408 prohibits a party from introducing into evidence the fact that an offer to settle litigation has been extended or rejected.  According to Plaintiff's argument, the testimony regarding the Commonwealth's willingness to reinstate Plaintiff constitutes admission of an offer to settle.  The court disagrees.

While Rule 408 generally excludes the admission of settlement offers, it does not preclude the admission of otherwise admissible evidence "merely because it is presented in the course of compromise negotiations."  *See* Fed. R. Evid. 408.  Therefore, the mere fact that the Commonwealth offered to settle the equitable phase of the instant litigation by giving Plaintiff a job with the Department of Corrections cannot suffice to exclude this evidence.[3]  The fact that the Commonwealth is willing to reinstate Plaintiff is germane to the issue of whether

---

[3]Moreover, Acting Commissioner Miller did not testify that Defendants offered the Department of Corrections position to Plaintiff in settlement of the instant litigation.  Instead, he testified that the Commonwealth was amenable to placing Plaintiff in this position as an equitable remedy for her unlawful dismissal.

the court should reinstate Plaintiff or order Defendants to give Plaintiff front pay. If, on the other hand, Defendants sought to introduce this evidence to prove that Plaintiff has not, as required, adequately mitigated her damages, then perhaps Plaintiff's argument might, or might not, have merit. In any event, making that determination is unnecessary at this time, and the court expresses no opinion as to the validity of such an argument. As it stands, the testimony was presented simply to clarify that, despite the fact that the PSP eliminated Plaintiff's former position, reinstatement is an available equitable remedy in this case. Therefore, the testimony has not been admitted to show that an offer of settlement was made and rejected. Accordingly, the matter falls outside the ambit of Rule 408. The court, therefore, will deny Plaintiff's motion.

### B.    Reinstatement is the appropriate remedy in this case.

As previously stated, Defendants contend that they are willing to reinstate Plaintiff by placing her in a position with the Department of Corrections. Plaintiff, on the other hand, contends that reinstatement is not proper. Because the court finds that the position with the Department of Corrections will make Plaintiff whole, the court will order Defendants to reinstate Plaintiff in accordance with the testimony of Acting Commissioner Miller.

Title 42 U.S.C. § 2000e-5(g) states, in relevant part that, where an employer is found to have engaged in unlawful employment practices, such as retaliation, "the court may order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement . . . or any other equitable relief as the court deems appropriate." "Although courts have defined 'front pay' in numerous ways, front pay is simply money awarded for lost compensation during

4

the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E.I. DuPont de Nemours & Co.*, 532 U.S. 843, 846 (2001). Because Title VII explicitly endorses reinstatement as part of its equitable remedies, yet makes no mention of front pay, several courts have determined that reinstatement is the preferred remedy. *See, e.g., Gotthardt v. National R.R. Passenger Corp.*, 191 F.3d 1148, 1156 (9th Cir. 1999); *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991); *Ellis v. Ringgold Sch. Dist.*, 832 F.2d 27, 30 (3d Cir. 1987); *see also Davoll v. Webb*, 194 F.3d 1116, 1144 (10th Cir. 1999) ("Although reinstatement is the preferred remedy under the ADA . . . front pay may be awarded when appropriate."); *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 19 (1st Cir. 1999) (same). Accordingly, front pay will only be awarded where reinstatement is not possible. This situation arises where some internal restraint in the employer's operations makes reinstatement impossible; for example, where reinstatement would force the employer to fire another employee to make room for the reinstated employee. Reinstatement might also be inappropriate due to substantial hostility between the parties above that normally incident to litigation. *See United Paperworkers Int'l Union Local 274 v. Champion Int'l Corp.*, 81 F.3d 798, 805 (8th Cir. 1996); *DeSanto v. Rowan Univ.*, 224 F. Supp. 2d 819, 832 (D.N.J. 2002). The decision whether to order reinstatement, front pay, or a mixture of the two is within the trial court's discretion. *See Anastasio v. Schering Corp.*, 838 F.2d 701, 708 (3d Cir. 1988).

In this case, Plaintiff contends that she is entitled to front pay in lieu of reinstatement. Plaintiff posits two principal arguments in favor of her position. First, she contends that the position with the Department of Corrections is not a

reinstatement because it does not return her to her former position.  Second, she argues that, in any event, she will not accept any employment with the Commonwealth because she simply does not trust the Commonwealth of Pennsylvania anymore.  For the reasons stated below, the court finds neither of these justifications compelling.

As to Plaintiff's contention that the Department of Corrections position is not an offer of reinstatement, the court finds that this argument lacks merit.  The court's power to fashion an equitable remedy is to be used "to make persons whole for injuries suffered on account of unlawful employment [practices]." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975).  "In determining the specific remedy to be afforded, a district court is 'to fashion such relief as the particular circumstances of a case may require to effect restitution.' " *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 364 (1977) (quoting *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 764 (1976)).  "This process of recreating the past will necessarily involve a degree of approximation and imprecision." *Id.* at 372.

As such, the court is not required to place Plaintiff in the exact same position as she occupied before the adverse employment action.  In fact, Plaintiff's previous position has been eliminated.[4]  The court, therefore, must place Plaintiff in a position similar to her pre-termination position in terms of pay, benefits and level of responsibility.  In these respects, the position with the Department of Corrections is almost identical.  Plaintiff will be paid at the same salary that she received before her unlawful termination, in addition to any cost of living adjustments that she would have received had she not been fired.  The Commonwealth will restore her

---

[4]Moreover, Plaintiff indicated that she is unwilling to accept any employment with the PSP.

6

health and retirement benefits so that those records will indicate that Plaintiff never left state employment. Finally, the responsibilities of the Deputy Press Secretary for the Department of Corrections are as substantial as those of Plaintiff's former position. In short, while not identical to Plaintiff's previous position with the PSP, the position with the Department of Corrections is sufficiently similar to Plaintiff's previous position so as to restore "the conditions and relationships that would have been had there been no" unlawful discharge. *Franks*, 424 U.S. at 769 (internal quotation omitted).

Plaintiff also contends that reinstatement is inappropriate because she no longer trusts the entire Commonwealth of Pennsylvania. Such distrust is unreasonable and, by itself, will not support a finding that front pay is warranted in lieu of reinstatement. It is undisputed that the Commonwealth of Pennsylvania employed Plaintiff in various positions over a period of eighteen years. Plaintiff also testified that she was satisfied with her employment with the Commonwealth except for that portion of her state career that she spent with the PSP. Yet, Plaintiff only worked for the PSP during the final part of this eighteen year period, from January 1998 until May 1, 2000. While Plaintiff's hostility toward the PSP might be justified, her animosity toward the entire Commonwealth of Pennsylvania is not.

The instant matter is distinguishable from those cases in which courts have ordered front pay in lieu of restatement. Where the defendant is able and willing to reinstate the plaintiff, front pay is appropriate as a substitution for reinstatement where the plaintiff has suffered some sort of severe emotional distress that would limit her ability to perform in the work environment. *See Gotthardt*, 191 F.3d at 1155-56 (affirming award of front pay in lieu of reinstatement where expert

7

testimony established that the defendant's employee's conduct caused the plaintiff to suffer from post-traumatic stress disorder); *Arnold v. City of Seminole*, 614 F. Supp. 853, 866-67, 873 (D.C. Okla. 1985) (awarding the plaintiff front pay in lieu of reinstatement where the defendants' gross and persistent sexual harassment caused the plaintiff to suffer from sexual assault syndrome, post-traumatic stress disorder in addition to various physical ailments). Clearly, Plaintiff's mistrust of the Commonwealth of Pennsylvania, derived from her mistrust of the PSP, does not rise to this level.

Moreover, the very nature of the reinstatement position will mitigate any negative feelings Plaintiff may have towards the PSP. Plaintiff will be employed by the Department of Corrections, not the PSP. Officials with the Department of Corrections will supervise Plaintiff, not officials from the PSP. In short, Plaintiff will not answer to anyone at the PSP, nor will she have any contact with PSP officials as a result of her employment with the Department of Corrections.

Reinstating Plaintiff to employment with the Commonwealth of Pennsylvania will make her whole. Therefore, the court will order Defendants to reinstate Plaintiff in accordance with the testimony of Acting Commissioner Miller. The court, however, will award Plaintiff front pay from the date of the jury's verdict, September 11, 2002, through March 3, 2002, the day the court will order Defendants to begin re-employing Plaintiff.

8

III.          **Order**

In accordance with the preceding discussion **IT IS HEREBY ORDERED THAT**:

(1) Defendants are liable to Plaintiff for front pay in the amount of $27,148.05;[5]

(2) Defendants shall reinstate Plaintiff in accordance with the testimony of Acting Commissioner Jeffrey Miller, specifically:

> (A) Defendant Commonwealth of Pennsylvania shall hire Plaintiff as the Deputy Press Secretary for the Pennsylvania Department of Corrections. That appointment shall last from March 3, 2003 through September 3, 2003;
>
> (B) After September 3, 2003, Defendant Commonwealth of Pennsylvania, if necessary, shall place Plaintiff in a permanent position with any of the Commonwealth agencies located in Dauphin or Cumberland County except for the Pennsylvania State Police. This position shall be commensurate in responsibilities to Plaintiff's responsibilities in her former position as the Legislative Analyst for the Pennsylvania State Police Office of Legislative Affairs;
>
> (C) Defendants shall reinstate Plaintiff's retirement and sick leave benefits as those numbers were on May 1, 2000; and

---

[5]The court calculated this figure using Defendants' Exhibit 61, the Commonwealth of Pennsylvania's Standard Pay Schedule. The court, in accordance with trial testimony, assumed Plaintiff would be paid at Pay Range 8, Step 15 for twenty-four weeks and two days of work, the period between September 11, 2002 and March 3, 2003.

(D) Defendants shall pay Plaintiff at the salary rate applicable to Pay Range 8, Step 15 on the Commonwealth of Pennsylvania's 37 ½ hour Standard Pay Schedule;

(3) Plaintiff's motion to exclude Acting Commissioner Miller's testimony regarding the Department of Corrections position is **DENIED**;

(4) All other matters that the court reserved its rulings upon are **DEEMED MOOT**; and

(5) If Plaintiff wishes to file a petition for award of attorney's fees, she shall file such petition within ten days of the entry of this order. The Clerk of Court shall defer entry of judgment until further order.

SYLVIA H. RAMBO
United States District Judge

Dated: February 5, 2003.

10