# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA A. WILHELM,** | : | **CIVIL NO. 1:CV-01-1057** |
| **Plaintiff** | : | **FILED** |
| v. | : | HARRISBURG, PA |
| **COMMONWEALTH OF PENNSYLVANIA and THE PENNSYLVANIA STATE POLICE,** | : | APR 0 9 2003 |
| **Defendants** | : | MARY E. D'ANDREA, CLERK<br>Per _____ |

## O R D E R

On June 14, 2001, Plaintiff, Barbra A. Wilhelm, filed this suit alleging violations of the following statutory mandates: (1) the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (Count I); (2) the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e (Counts III and V); (3) the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 955 (Counts II, IV, and VI); and (4) the Pennsylvania Whistleblower Law, 43 Pa. Cons. Stat. § 1421 *et seq.* (Count VII). Plaintiff's cause of action arose out of her employment with the Pennsylvania State Police. On June 28, 2002, the court issued an order granting summary judgment in favor of Defendants on all counts except for Plaintiff's claim in Count V that Defendants fired her in retaliation for having engaged in activity protected under Title VII. That is, the court granted summary judgment in favor of Defendants on all of Plaintiff's state law claims. *See Wilhelm v. Pennsylvania*, CV:01-1057, order at ¶¶ 2(b) and 3 (M.D. Pa. June 28, 2002) (granting summary judgment in favor of Defendants on Counts II, IV, and VI).

On September 11, 2002, the jury found in Plaintiff's favor on Count V, awarding her $250,000 in compensatory damages and back pay. On February 5, 2003, the court granted Plaintiff $27,148.05 in front pay. The court also granted Plaintiff leave to file a motion for interest on both her jury award and the court's award of front pay.

On February 26, 2003, Plaintiff filed a motion for interest arguing that she is entitled to interest on both awards at the rate of 6% per year based on Pennsylvania law. Defendants filed a brief in opposition to Plaintiff's motion. In that brief, Defendants did not dispute that Plaintiff is entitled to interest. Instead, Defendant's argued that Plaintiff is entitled to interest assessed at 1.32% on the front pay award and 1.7% on the jury's award.

Pursuant to 28 U.S.C. § 1961, interest is assessed on money judgments in all civil cases. That interest is calculated at "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors for the Federal Reserve System, for the calender week preceding the date of the judgment." Because Plaintiff recovered under federal law, not state law, her awards will be taxed interest according to the federal rule for judgments. Therefore, the court will access the jury's award at a rate of 1.7% and the front pay award at 1.32%. Accordingly, Plaintiff is entitled to $11.64 a day in interest for everyday from September 11, 2002 to the day Defendant satisfies the $250,000 award in full. Additionally, Plaintiff is entitled to $.98 a day in interest for everyday from February 5, 2003 to the day that Defendant satisfies the $27,148.05 front pay award in full. **IT IS SO ORDERED**.

**IT IS FURTHER ORDERED THAT** if Plaintiff wishes to file a petition for attorney's fees, she shall do so no later than April 25, 2003.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 9, 2003.

3