# ORIGINAL  ንተc cr

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM,<br>**Plaintiff** | : | |
| | : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| COMMONWEALTH OF PA.;<br>PENNSYLVANIA STATE POLICE;<br>COLONEL PAUL J. EVANKO,<br>COMMISSIONER; LIEUTENANT<br>COLONEL THOMAS K. COURY; and<br>CAPTAIN MICHAEL. D. SIMMERS,<br>**Defendants** | : <br> : <br> : <br> : <br> : <br> : <br> : | (JUDGE RAMBO) |



FILED

MAY 0 7 2003

PER _____
HARRISBURG, PA.      DEPUTY CLERK

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S PETITION FOR<br>ATTORNEY'S FEES AND COSTS</u>

### <u>BACKGROUND</u>

On September 11, 2002, a jury entered a verdict in favor of plaintiff

and awarded her damages in the amount of $250,000 with respect to her

claim under Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e.

Exhibit A.

### <u>ARGUMENT</u>

Title 42 U.S.C. § 2000e-5(k), authorizes the award of attorney's fees

and cost to the prevailing party in actions filed under Civil Rights Act of

1964, *as amended*, 42 U.S.C. § 2000e. As the prevailing party in this action, plaintiff here seeks attorney's fees and costs.

In this case plaintiff's counsel is a solo practitioner with over 25 years of experience in all aspects of employment law, with extensive experience in employment discrimination. Litigation generally requires meticulous attention to details, but this case was particularly difficult because the plaintiff had so few witnesses to support her case. To prevail counsel had to listen to hours of audio tape, scrutinize virtually very page of over two thousand pages of documents, and every page of over 1500 pages of testimony in order to study and understand the Commonwealth's personnel system and the Pennsylvania State Police rules and regulations to uncover inconsistencies and procedural discrepancies. In addition, counsel had to review and analyze three expert reports and related materials. Plaintiff believes the time expended is reasonable in light of volume of material with which he had to become familiar.

Regarding the hourly rate, counsel seeks $200 per hour[1] based upon his years of experience in employment law. In addition, the time demanded by this case was inordinately burdensome for a sole practitioner. The

---

[1] In the Plaintiff's Petition for Attorney's Fees and Costs, a rate of $175 was erroneously averred in paragraph 7. Counsel here affirms that $200 was always intended as the requested fee rate. All other references to the fee rate, and all calculations are based on a $200 per hour rate. This error, as well as the numerous other typographical errors, are the result of the unexpected absence of counsel's only support staff.

attached affidavit provided by Attorney Renardo Hicks, Exhibit D, supports a finding that the $200 per hour rate is well within the prevailing rate for this local community.[2]

Plaintiff has demonstrated that she is entitled to an award of $381,044.55 for attorney's fees and costs.

## CONCLUSION

For all the reasons set forth above, the Court should grant plaintiff petition for fees and costs in the amount of $381,044.55.

Respectfully submitted,

Nathan C. Pringle, Jr.
Attorney I. D. Number 30142
3601 North Progress Avenue
Suite 200
Harrisburg, PA 17110
(717) 909-8520
Attorney for Plaintiff

May 6, 2003

---

[2] After filing the Plaintiff's Petition for Attorney's Fees and Costs, and mailing opposing counsel's copy, it became apparent that Exhibit D, the attorney affidavit was not included. A new affidavit is included here.

## **CERTIFICATE OF SERVICE**

I, Nathan C. Pringle, Jr., hereby certify that on May 6, 2003, I

caused to be served by first-class mail a copy of the foregoing document

entitled Memorandum in Support of Plaintiff's Petition for Attorney's Fees

and Costs upon the following:


Susan J. Forney
Chief Deputy Attorney General
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120




_____
Nathan C. Pringle, Jr.

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,         :
       **Plaintiff**          :
                            :
      **v.**                  :    **NO. 1:CV-01-1057**
                            :
**COMMONWEALTH OF PA.;**    :    **(JUDGE RAMBO)**
**PENNSYLVANIA STATE POLICE;**  :
**COLONEL PAUL J. EVANKO,**    :
**COMMISSIONER; LIEUTENANT**  :
**COLONEL THOMAS K. COURY; and** :
**CAPTAIN MICHAEL. D. SIMMERS,** :
      **Defendants**         :

## ATTORNEY AFFIDAVIT IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

I, Renardo L. Hicks, under oath do hereby state the following under pains and penalties of perjury:

1. I am an attorney duly licensed to practice before the courts of this state, and have been engaged in the active practice of law for nineteen years, specializing in the litigation of consumer protection, public utility, and commercial cases. I am a partner in the law firm of Anderson, Gulotta & Hicks, P.C., and over the course of the past several years I have represented

plaintiffs and defendants in approximately fifty cases arising out of consumer protection, commercial or utility disputes.

2.    My customary billing rate for legal services in cases of this type is $250 per hour.

3.    I also have personal knowledge of the billing rates charged by other attorneys in the City of Harrisburg for similar types of litigation, including the rates charged by other attorneys in my firm. The rates charged by law firm partners in the City of Harrisburg for similar litigation ranges from $200 to $ 300 per hour, and plaintiff's attorney's normal billing rate of $200 per hour as set forth in his affidavit is a reasonable hourly rate for an attorney of his skill and experience.

Signed under pains and penalties of perjury.

_Renardo L. Hicks_

Renardo L. Hicks

Dated: May 6, 2003