2 to ct



# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,                  :
        Plaintiff                        :
                             :
      v.                                   :     NO. 1:CV-01-1057
                             :
COMMONWEALTH OF PA.;                 :     (JUDGE RAMBO) ✓
PENNSYLVANIA STATE POLICE;           :
COLONEL PAUL J. EVANKO,              :
COMMISSIONER; LIEUTENANT             :
COLONEL THOMAS K. COURY; and         :
CAPTAIN MICHAEL. D. SIMMERS,         :
        Defendants                       :



## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S PETITION FOR AN AWARD OF ATTORNEYS FEES AND COSTS

                    Respectfully submitted,

                    D. MICHAEL FISHER
                    Attorney General

        BY:  SUSAN J. FORNEY
                    Chief Deputy Attorney General
                    I.D. No. 27744

Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-9831- Direct
(717) 772-4526 - Fax

DATED: June 9, 2003

## TABLE OF CONTENTS

**PAGE:**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.    STANDARDS GOVERNING AN AWARD OF ATTORNEY'S FEES  4

    II.   THE HOURS EXPENDED BY COUNSEL ARE EXCESSIVE . . . . . 6
        A.    Research and Drafting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        B.    Preparing for Depositions . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        C.    Trial Preparation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        D.    Time Spent Reviewing Transcripts and Documents . . . . . . . . 10
        E.    Time Spent Preparing for January Hearing . . . . . . . . . . . . . . 12

    III.  COUNSEL'S HOURLY RATE IS NOT COMMENSURATE
         WITH THE PREVAILING RATE IN THE COMMUNITY . . . . . . . 13

    IV.  THE ADJUSTED LODESTAR SHOULD BE REDUCED
         BASED ON PLAINTIFF'S LIMITED SUCCESS . . . . . . . . . . . . . . 15
        A.    Unsuccessful Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
        B.    Limited Success . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    V.   PLAINTIFF'S DEMAND FOR COSTS SHOULD ALSO
         BE REDUCED TO ELIMINATE ITEMS THAT ARE NOT
         REIMBURSABLE AND TO REFLECT HER LIMITED
         SUCCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
        A.    Taxable Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
        B.    Costs as Part of Attorney's Fees . . . . . . . . . . . . . . . . . . . . . . 22

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CHARTS
Exhibit A - Deposition Preparation Time and Time Spent in Depositions
Exhibit B - Time Spent Preparing for Trial
Exhibit C - Reduction of Hours for Excessiveness and Inadequate Documentation
Exhibit D - Calculation of Awardable Attorney's Fees and Costs

- i -

# TABLE OF CITATIONS

**CASES:**      **PAGE:**

*Abrams v. Lightolier, Inc.*,
    50 F.3d 1204 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 23

*Blissett v. Casey*,
    969 F.Supp. 118 (N.D.N.Y.), *aff'd*, 147 F.3d 218 (2d Cir.),
    *cert. denied*, 527 U.S. 1034 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 11, 15, 17

*Herdahl v. Pontotoe County Schl. Dist.*,
    964 F.Supp. 113 (N.D.Miss. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Unisys Corp. Retiree Medical Benefits ERISA Litigation*
    886 F.Supp. 445 (E.D.Pa. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Lianni v. New Jersey*,
    259 F.3d 146 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

*Maldonado v. Houstoun*,
    256 F.3d 181 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Missouri v. Jenkins*,
    491 U.S. 274 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Murphy v. Girard School Dist.*,
    134 F.Supp.3d 431 (W.D.Pa. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Orson, Inc. v. Miramax Film Corp.*,
    14 F.Supp.2d 721 (E.D.Pa. 1998) . . . . . . . . . . . . . . . . . . . . . . 15, 19, 23

*Public Int. Research Group of N.J., Inc. v. Windall*,
    51 F.3d 1179 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF CITATIONS - Cont'd.

**CASES:**                                                                 **PAGE:**

*Rode v. Dellarciprete,*
    892 F.2d 1177 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rush v. Scott Specialty Gases, Inc.,*
    113 F.3d 476 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Valenti v. Allstate Insurance Co.,*
    243 F.Supp. 200 (M.D.Pa. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Washington v. Philadelphia Count Court of Common Pleas,*
    89 F.3d 1031 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 19

*Watson v. SEPTA,*
    207 F.3d 207 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

*Wojtkowski v. Cade,*
    725 F.2d 127 (1st Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Zdunek v. Washington Metro Area Transit Auth.,*
    100 F.R.D. 689 (D.D.C. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**STATUTES:**

28 U.S.C. §1920 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21
28 U.S.C. §1920(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
29 U.S.C. §206(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
29 U.S.C. §206(d)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
29 U.S.C. §216(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
42 U.S.C. §1981a(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
42 U.S.C. §2000e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
42 U.S.C. §2000e-5(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 20, 23
Pa. Stat. Ann., tit. 43, §955 (Purdon's 1991) . . . . . . . . . . . . . . . . . . . . . . . . . 1
Pa. Stat. Ann., tit. 43, §1421, *et seq.* (Purdon's 1991) . . . . . . . . . . . . . . . . . . 1

# STATEMENT OF THE CASE

At the outset this action alleged a variety of claims in connection with plaintiff's employment with the Pennsylvania State Police. Plaintiff asserted sex discrimination in her compensation (Complaint, ¶¶15-28). She also claimed that she had been denied two promotions based on her sex (Complaint, ¶¶71-81). She asserted she had been dismissed based on her sex (Complaint, ¶¶ 107, 109). And finally, she claimed she had been dismissed in retaliation for complaining about sex discrimination (Complaint, ¶¶ 94-120).

Plaintiff asserted her various claims under the Equal Pay Act of 1963, 29 U.S.C. §206(d) (Complaint, ¶¶ 29-33), Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e (Complaint, ¶¶ 82-86, 120-125), the Pennsylvania Human Relations Act, Pa. Stat. Ann., tit. 43, §955 (Purdon's 1991) (Complaint, ¶¶ 35-39, 88-92, 127-131), and the state Whistleblower Law, Pa. Stat. Ann., tit. 43, §1421 *et seq.* (Purdon's 1991) (Complaint, ¶¶ 133-137). By way of relief she sought compensatory and punitive damages, promotions, backpay, front pay and reinstatement (Complaint, pp. 7, 8, 14, 16, 20, 21, 23).

Plaintiff brought her claims and sought relief against the Pennsylvania State Police and three individual defendants, Commissioner Paul J. Evanko, Lieutenant Thomas K. Coury and Captain Michael D. Simmers (Complaint, ¶¶ 4-7).

1

Following discovery both sides moved for summary judgment. The Court denied plaintiff's motion (Order of June 28, 2002). It then granted defendants' motion as to all claims against the individual defendants, all state law claims, and all other claims except for plaintiff's Title VII claim that she had been dismissed in retaliation for complaining about sex discrimination (*id.*).

Plaintiff's retaliatory dismissal claim was tried to a jury from September 9 through September 11, 2003. The jury rendered a verdict in favor of plaintiff and awarded her compensatory damages in the amount of $250,000.[1] The award represented backpay and compensation for emotional distress.

Following trial, the Court scheduled a hearing on equitable relief to determine whether plaintiff should be reinstated in her job or whether front pay should be awarded (Order of October 2, 2002). At the hearing, plaintiff attempted to present expert testimony on front pay which had not been disclosed to defendant sufficiently in advance of the hearing (*See* Order of October 23, 2002). The Court declared the hearing to be a nullity, rescheduled the hearing, established a discovery schedule on the issue of front pay, and invited defendant to file a motion for attorney's fees for time expended in relation to the hearing (*id.* pp. 3, 4).

---

[1]The Court refused to charge the jury on punitive damages because they are not available against government agencies in Title VII actions. *See* 42 U.S.C. §1981a(b)(1); Defendant's Proposed Jury Charge #4.

Defendant did file a motion for attorney's fees in the amount of $2,143.75 which plaintiff opposed. The Court granted defendant's motion and awarded fees for 12.25 hours of work at an hourly rate of $175 (Order of December 26, 2002; Defendant's Motion for Attorney's Fees, ¶¶ 7, 8).

The hearing on equitable relief was held on January 31, 2003. Plaintiff argued that reinstatement to Commonwealth employment was not feasible and that she was therefore entitled to front pay in the amount of $944,336 (*See* Order of February 5, 2003, pp. 2, 5-6). Defendant presented evidence that the Commonwealth was prepared to reinstate plaintiff to a position with the Department of Corrections that was comparable to the position she had with the State Police (*id.*, pp. 2-3).

The Court rejected plaintiff's argument and ordered her reinstated to the position with the Department of Corrections. The Court also awarded plaintiff $27,148.05 in front pay for the period from the end of the trial until the date the Court ordered the reinstatement to be effective (Order of February 5, 2003, pp. 9-10).

Subsequently, plaintiff moved for interest on the judgment from the time of verdict until payment in the amount of 6% per year (Pl. Mot. For Interest). Defendant conceded plaintiff's right to interest but argued that the rate should be 1.7% for the amount awarded by the jury and 1.32% on the front pay award (Def. Memo Opp. Mot. For Interest, p.3). The Court awarded plaintiff interest at the rates proposed by defendant (Order of April 9, 2003, p.2).

Plaintiff has now filed a petition for an award of attorney's fees and costs. Plaintiff seeks an award for 1,757.7 hours of attorney time billed at $200 an hour for a total of $351,540 (Pl. Pet. For Fees, ¶¶ 7-9; Pl. Memo p.2, n.1). She also seeks costs for transcripts, copying, postage, expert fees, parking and miscellaneous expenses in the amount of $29, 679.55 (Pl. Pet. For Fees, ¶¶ 5, 8).

Defendant submits this memorandum in opposition to plaintiff's petition. The memorandum first discusses defendant's objections to the claims based on attorney time. It then turns to objections to the costs plaintiff seeks.

## ARGUMENT

### I.   STANDARDS   GOVERNING   AN   AWARD   OF   ATTORNEY'S FEES.

Under Title VII the Court has discretion to award the prevailing party "a reasonable attorney's fee (including expert fees) as part of the costs" 42 U.S.C. §2000e-5(k). To determine a reasonable fee, the Court begins by establishing "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Maldonado v. Houstoun,* 256 F.3d 181, 184 (3d Cir. 2001).

In determining the reasonable hours, the Court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant or

4

otherwise unnecessary.'" *Public Int. Research Group of N.J., Inc. v. Windall,* 51 F.3d 1179, 1188 (3d Cir. 1995). The Court has substantial discretion in determining reasonable hours and may bring its own knowledge and experience to bear in evaluating the necessity of the time expended. *Lianni v. New Jersey,* 259 F.3d 146, 149 (3d Cir. 2001)*; Wojtkowski v. Cade,* 725 F.2d 127, 130 (1st Cir. 1984).

The starting point in determining a reasonable hourly rate is the attorney's usual billing rate, although that rate is not dispositive. *Valenti v. Allstate Insurance Co.,* 243 F. Supp. 200, 205 (M.D. Pa. 2003). The Court should also "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Maldonado,* 256 F.3d at 184, *citing, Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990).

Multiplying the reasonable hours expended by the reasonable hourly rate results in the "lodestar" which is presumed to be a reasonable fee. *Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1035 (3d Cir. 1996). Calculation of the lodestar does not end the inquiry, however. *Hensley,* 461 U.S. at 434. The lodestar may be adjusted upward or downward based on the results obtained. *Id.* If plaintiff prevailed on some but not all of her claims, work which is not related to the claims on which she prevailed, should not be compensated. *Id.* at 434-435. Even where claims are related, counsel should not be fully compensated where plaintiff only achieved

5

partial or limited success. *Id.* at 435-436. Moreover, the trial court has broad discretion to adjust the lodestar on this basis. *Id.* at 440; *Washington,* 89 F.3d at 1044.

Consistent with these principles, the fee demanded by plaintiff must be substantially reduced because the hours expended by counsel are excessive, the hourly rate claimed is not comparable to the prevailing rate charged in the Middle District for similar services provided by attorneys of comparable skill, experience and reputation, and although plaintiff prevailed, her success was limited. Defendant will discuss each issue in turn.

## II. THE HOURS EXPENDED BY COUNSEL ARE EXCESSIVE.

Plaintiff seeks an award for 1757.7 hours of attorney time. The time expended by counsel was excessive in several respects. The time counsel spent in research and drafting, preparing for depositions, preparing for trial, reviewing documents, reviewing transcripts and preparing for the January hearing was not reasonable and should be reduced as explained below.

### A. Research and Drafting

Plaintiff claims 41.8 hours for research related to the complaint and another 21.4 hours for drafting the complaint (Pl. Pet., Ex. C, entries for 6/5/01 -6/9/01 and 6/11/01-6/13/01). Devoting almost eight full work days[2] to nothing but researching and

---

[2]Throughout this memorandum references to work days means 8 hour days.

6

drafting a 23 page complaint is excessive, particularly where counsel participated in prior administrative proceedings involving the same events and no novel legal issues were raised (*See* Complaint; Pl. Pet., Ex. C entries for 6/13/00, 12/21/00). Ten hours is a reasonable time to spend drafting the complaint and 20 hours of research is sufficient. The Court should reduce the hours claimed accordingly.

Plaintiff claims an additional 117.3 hours for research on unidentified matters and 12 hours for researching jury selection (Pl. Pet. Ex. C entries for 4/6/02, 4/10/02, 4/11/02, 4/18/02, 4/19/02, 5/6/02, 5/11/02, 6/7/02, 6/15/02, 7/1/02, 7/17/02, 8/28/02 10/04/02, 10/30/02, 11/14/02). The time spent researching jury selection is clearly excessive. Jury selection did not present unusual issues. There were very few challenges for cause and no prolonged arguments concerning those challenges. Therefore, the time claimed for jury research should be reduced by 9 hours.

Plaintiff's failure to identify what counsel was researching for the remaining 117.3 hours makes it difficult to evaluate the reasonableness of the time spent. Because plaintiff has the burden in the first instance to establish the reasonableness of the time spent, *see Hensley,* 461 U.S. at 424, the Court would be justified in excluding the time altogether; and, defendant urges the Court to do so.

In the alternative, the Court should reduce the time for research by at least 61.3 hours. Such a reduction leaves plaintiff with 56 hours or 8 work days for research in addition to the time spent researching the complaint and jury selection. Although

plaintiff raised numerous legal claims in her complaint, none were particularly complex. Moreover several of her state law claims duplicated her federal claims (*See* Complaint, Counts 1 and 2, Counts 3 and 4, Counts 5 and 6). In addition, this case did not involve novel or difficult legal issues. Therefore the time plaintiff claims for research is excessive and should be reduced.

### B.   Preparing for Depositions

Plaintiff also makes excessive claims for time spent in preparing for depositions Plaintiff claims 458.6 hours (Pl. Pet. Ex. C).[3]  Twenty two depositions lasting a total of 49.1 hours,[4] were taken in this case. Plaintiff took 19 of the depositions while defendant took other three. While the parties agree that it may reasonably take more time to prepare for a deposition than to take it, defendant contends that spending 9 hours to prepare for every hour of deposition time is unreasonable.

---

[3]The entries and time claimed to prepare for each deponent and the time the deposition actually took are summarized in a chart appended to this memorandum as **Exhibit A**.

[4]Plaintiff claims 60.7 hours for attending depositions. Defendant arrived at 49.1 hours by adding the times for each deposition as reflected in the transcripts. (Copies of the pages in each deposition where the reporter recorded the beginning and ending times are contained in the documents supporting this memorandum which is being filed separately this date.) Accordingly, the Court should reduce the time claimed for attending depositions by 11.6 hours.

To the extent plaintiff claims this as travel time, it should nonetheless be compensated at a lower hourly rate. *Blissett v. Casey*, 969 F.Supp. 118 (N.D.N.Y.), *aff'd*, 147 F.3d 218 (2d Cir.), *cert. denied*, 527 U.S. 1034 (1997) (time spent traveling and doing non-legal work should be compensated at a lower rate); *Herdahl v. Pontotoe County Schl. Dist.*, 964 F.Supp. 113 (N.D. Miss. 1997) (same).

Plaintiff spent inordinate amounts of time preparing for depositions.  For instance he spent 35 hours preparing to defend plaintiff's deposition--a deposition which lasted 7.65 hours.   He also spent 43.3 hours preparing to attend the deposition of Major Morris— a deposition which lasted 5.1 hours and was taken by defendants.

Counsel was no more efficient in preparing to take depositions than he was in preparing to defend them.  He spent 34.6 hours preparing to depose Colonel Evanko and 4.5 hours actually deposing him.  Likewise he spent 50 hours preparing to depose Captain Simmers and 4 hours deposing him.  Even worse he spent 54.1 hours preparing to depose Ms. Polek and half an hour deposing her.

Defendant cannot reasonably be expected to pay for such poor use of time. The time claimed for preparing for depositions should be substantially reduced.  In this case plaintiff should be allowed no more than 100 hours for preparing for depositions. Therefore the time claimed should be reduced by 358.6 hours.

Although the reduction defendant proposes sounds drastic, the allowance proposed is generous.  It allows plaintiff two hours to prepare for every hour spent in deposition. As a case progresses it is reasonable to assume that it takes less time to prepare to depose fact witnesses because counsel is more familiar with the facts. Moreover, it does not take as much time to prepare to defend a deposition as it does to take it.  Nonetheless, defendant's allowance does not take these factors into account even though they would justify further reduction of the preparation time.

9

### C.    Trial Preparation

Counsel claims 299.6 hours in trial preparation time (Pl. Pet. Ex. C).[5] This time was spent over the course of three months after the Court ruled on summary judgment.  At that time, the only issue left in the case was  plaintiff's retaliatory dismissal.  The trial lasted three days.  Nonetheless, plaintiff claims over 37 full work days to prepare for it.  This is clearly excessive, especially for an attorney who claims 25 years of experience and prior familiarity with both discrimination law and the Commonwealth's employment system (*see* Pl. Pet. Ex. B).

Ten full work days or 80 hours is a reasonable amount of time to prepare for a three day trial that involves one issue.  Therefore the Court should reduce plaintiff's claim for trial preparation time by 219.6 hours.

### D.    Time Spent Reviewing Transcripts and Documents

Plaintiff claims 124 hours in attorney time for reviewing transcripts (Pl. Pet. Ex. C, entries for 2/13/02; 2/16/02; 2/20/02; 3/10/02; 4/5/02; 4/7/02; 4/8/02; 4/9/02; 4/12/02; 11/30/02; 1/10/03; 1/24/03; 1/25/03).  The time records provided do not associate the time claimed with particular transcripts nor do they explain the purpose of the review (*i.e.* preparing for summary judgment or trial).  These omissions in record keeping make it difficult if not impossible for the Court to assess the reasonableness of

---

[5]The entries in counsel's records claiming time for trial preparation are summarized in a chart appended to this memorandum as **Exhibit B**.

the time spent.    Again, because plaintiff has the burden of establishing the reasonableness of her claims, the Court would be justified in excluding these hours altogether; and, it should do so. *See Hensley,* 461 U.S. at 424.

In the alternative, the Court should substantially reduce the hours compensable for reviewing transcripts.  Instead of allowing plaintiff three full work weeks to review transcripts, the Court should allow 7.5 work days or 60 hours. Accordingly the hours claimed for reviewing transcripts should be reduced by 64 hours.

The time plaintiff claims for counsel's review of certain documents is also excessive.  Specifically, plaintiff seeks 6.1 hours for reviewing the answer (Pl. Pet. Ex. C, entry for 9/5/01), 7 hours for reviewing defendants' response to interrogatories (*id.*, entry for 2/2/02), 12.1 hours reviewing defendants' brief in opposition to plaintiff's motion for summary judgment (*id.,* entry for 5/3/02), and 31.1 hours reviewing Ovetta Johnston's expert report (*id.,* entries at 11/26/02, 11/27/02, 11/29/02).

The answer to the complaint responded to 137 paragraphs and asserted six defenses.  The answer noted 37 paragraphs asserted conclusions of law and 7 simply incorporated prior paragraphs.  Two hours is more than adequate to review the remaining 93 paragraphs and the statement of defenses. Therefore the Court should reduce the time for this activity by four hours.

The time spent reviewing defendants' response to interrogatories and its brief in opposition to summary judgment should also be substantially reduced.

11

Defendant responded to 20 interrogatories.[6]   The responses are not lengthy or complicated.  Spending 7 hours to review them is excessive.  The time should be reduced by 5 hours.

Defendants' brief opposing summary judgment was 13 pages.  In addition defendants responded to plaintiff's assertion of 13 material undisputed facts.  It was not reasonable for counsel to spend 12.1 hours reviewing this material.  No more than three hours should have been spent.  Therefore the Court should reduce the time for this activity by 9.1 hours.

Finally, the Ovetta Johnston's expert report consisted of a 5 page letter with 8 attachments.[7] While the attachments are substantial, spending almost four full days in reviewing them is excessive. Two days or 16 hours is more than sufficient.  Accordingly the time claimed should be reduced by 15.5 hours.

### E.    Time Spent Preparing for January Hearing.

The time plaintiff claims for preparing for the January hearing is also excessive and should be reduced.  Plaintiff claims 48.6 hours or a little more than 6 full work days to prepare for a one-day hearing (Pl. Pet. Ex. C, entries for 1/27/03, 1/28/03, 1/29/03, 1/30/03).  At the hearing plaintiff presented two witnesses, plaintiff and her

---

[6]A copy of the responses to interrogatories is contained in the documents supporting this memorandum.

[7]A copy of Ms. Johnston's report is contained in the documents supporting this memorandum.

economic expert.  They were the same two witnesses she offered at the October hearing,

which was declared a nullity.  Defendant presented four witnesses one of whom was an

expert.

Given the limited scope of the hearing and the prior preparation of

plaintiff's witnesses for the October hearing, counsel's preparation time should not have

exceeded three full work days or 24 hours.  Accordingly the Court should reduce the

time claimed by 24.6 hours.[8]

### III.  COUNSEL'S HOURLY RATE IS NOT COMMENSURATE WITH THE PREVAILING RATE IN THE COMMUNITY.

The Court has already determined an appropriate hourly rate for an attorney

in this case.  That rate  provides the starting point in determining the reasonable hourly

rate here.

In December, the Court awarded defendant's counsel $175 an hour for work

done in relation to the October hearing in equitable relief (Order of December 26, 2002;

*see also* Defendant's Motion for Attorney's Fees).  The Court based the award on

information submitted by defendant's counsel regarding her credentials and experience

and on an affidavit by an attorney who conducts an extensive civil rights litigation

---

[8]A chart summarizing the reductions advocated by defendant based on
excessiveness and inadequate documentation is appended to this memorandum as
**Exhibit C.**

practice in the Middle District (*see* Defendant's Motion for Attorney's Fees and attached declaration). Plaintiff's counsel should be awarded a lower hourly rate than defense counsel because he has much less experience litigating federal civil rights and employment cases. Based on this difference in experience, he should be awarded an hourly rate of $160.

Counsel for defendant has been practicing law for over 24 years with the Litigation Section of the Office of Attorney General and its predecessor, the Department of Justice (*id.,* Declaration ¶¶ 4, 7). Throughout her career, her practice has focused on handling civil rights and employment cases in federal court (*id.,* Declaration ¶¶ 13, 14).

While plaintiff's attorney has been practicing law for as long as defense counsel, he does not have nearly as much experience in federal litigation (Pl. Pet. Ex. B). Counsel spent much of his career working for the Office of Administration of the Commonwealth of Pennsylvania (*id.).* In that capacity he handled labor negotiations and litigated employment disputes in administrative forums (*id.,* p.2). It was not until 2000 that he began his own practice with a federal and state caseload focusing on employment and contract matters (*id.,* p.1). Thus counsel's background and experience does not justify an hourly rate of $175 and certainly does not warrant the $200 per hour rate plaintiff seeks.

The declaration submitted by plaintiff in support of her petition does not require a different result. Plaintiff submitted the declaration of Renardo Hicks, an

attorney practicing in Harrisburg and specializing in state court litigation arising out of

consumer protection, commercial or utility disputes (Hicks Affidavit, ¶¶ 1, 3).  Mr. Hicks

states that he charges $250 an hour for his services in those cases and that the rates

charged by law firm partners in Harrisburg for similar services range between $200 and

$300 an hour (*id., ¶¶ 2, 3).  Nowhere does Mr. Hicks profess familiarity with the

prevailing rate for handling federal civil rights or employment litigation (*id.).

Accordingly, his declaration does not establish the reasonable hourly rate payable in this

case.

**IV.    THE ADJUSTED LODESTAR SHOULD BE REDUCED
         BASED ON PLAINTIFF'S LIMITED SUCCESS.**

After the Court has eliminated excessive hours, it may further adjust the

lodestar based on the results achieved in the litigation.  *Hensley*, 461 U.S. at 434.

Plaintiff should not be compensated for work which did not contribute to her success;

and, where work performed on successful and unsuccessful claims cannot be separated,

fees should nonetheless be adjusted downward to reflect limited success.  *Id.* at 435; *see*

*also, Lianni*, 259 F.3d at 151; *Orson, Inc. v. Miramax Film Corp.*, 14 F.Supp.2d 721, 727

(E.D. Pa. 1998) (collecting cases).

Plaintiff's adjusted lodestar should be further reduced to eliminate hours

expended on unsuccessful claims and to reflect her limited success.  Defendant will

discuss each basis for reduction in turn.

## A. <u>Unsuccessful Claims</u>

Counsel's time records do not separate the work he performed by claim. Therefore although the Court entered summary judgment in favor of defendants on all but one of plaintiff's claims, it is generally not possible to identify what hours counsel spent on matters that contributed to her success versus on matters that did not. There are a few exceptions, however.

Plaintiff seeks compensation for time her attorney expended before her successful claim arose, for time he spent preparing for the October equitable hearing and for time spent opposing defendant's motion for attorney's fees. None of this time was related to plaintiff's success on her retaliation claim and all of it should be excluded.

Plaintiff claims 21.8 hours of attorney time expended before she was dismissed from her job on May 1, 2000 (Complaint, ¶97; Pl. Pet. Ex. C, entries for 12/29/99, 2/29/00, 3/6/00, 3/7/00, 4/6/00, 4/7/00, 4/18/00). Time spent before her claim arose cannot be related to its successful litigation. Therefore, it should be eliminated.

Plaintiff also seeks compensation for time her attorney spent preparing for and attending the hearing on equitable relief in October (Pl. Pet. Ex. C, entries for 10/22/02, 10/23/02). This is the hearing the Court declared a nullity because plaintiff failed to properly disclose her expert testimony  Nonetheless, she seeks compensation for 7.8 hours spent in connection with the hearing (*id.*). It should be not be permitted.

Finally, plaintiff claims compensation for 2.2 hours her counsel spent opposing the defendant's motion for attorney's fees which the Court granted in its entirety (Pl. Pet. Ex. C, entries for 10/31/02, 11/11/02; Order of December 26, 2002). The time spent obviously did not relate to plaintiff's successful claims and it too should be excluded. Thus, the total reduction for work on unsuccessful claims is 31.8 hours.

**B. Limited Success**

The Court should further reduce the fee in this case because, although plaintiff achieved significant relief, that relief was "limited in comparison to the scope of the litigation as a whole." *Hensley,* 461 U.S. at 440. At the outset, plaintiff asserted claims for discrimination in compensation, discrimination in the failure to promote her to two positions, discrimination in her dismissal, retaliation in her dismissal, and state law whistleblower claims. By way of relief she sought backpay, compensatory and punitive damages, reinstatement and/or front pay (Complaint, pp. 7, 8, 14, 16, 20, 21, 23). Only her retaliatory dismissal claim made it to trial (Order of June 28, 2002).

The elimination of plaintiff's claims is significant in analyzing her success because, had she been successful on those claims she would have been entitled to additional damages. For example, had she succeeded on her discrimination in compensation claims, she would have been entitled not only to recover the difference between her salary and the higher paid males, she also would have be entitled to additional equal amount as liquidated damages. 29 U.S.C. §§ 206(d)(3), 216(b).

17

Likewise, had she succeeded on her promotion claims she would have been entitled to

backpay at a higher salary and either frontpay or reinstatement to higher paid position.

Finally, had she succeeded on her state law discrimination claims, she might have been

entitled to punitive damages. *See Rush v. Scott Speciality Gases, Inc.,* 113 F.3d 476, 486

(3d Cir. 1997). Thus, viewed against the scope of the litigation as it began, plaintiff's

ultimate recovery was limited indeed.

Plaintiff's success in the equitable phase of the litigation was also limited.

Although plaintiff initially sought reinstatement to her position at the State Police, by the

time the equitable hearing occurred she was no longer seeking reinstatement (*see* Order

of February 5, 2003, pp.2), but instead urged that the Court award her $944,336 in front

pay (*id.*) . The Commonwealth was prepared to reinstate plaintiff to a comparable job

with another state agency at the salary she would have earned had she not left

Commonwealth employment and to restore her retirement credits (*id.*). Plaintiff took the

position that reinstatement was not proper and testified to that effect (*id.* p.5).

The Court agreed with defendant and ordered plaintiff reinstated as

defendant had proposed at the hearing. Although the Court did award plaintiff front pay

from the time of trial until the reinstatement occurred, it was a far lower amount,

$27,148.05, than plaintiff sought.

When a plaintiff achieves partial success in relation to what was originally

sought, the courts have not hesitated to reduce lodestars substantially. *See Watson v.*

18

*SEPTA,* 207 F.3d 207, 224 (3d Cir. 2000) (upholding a two-thirds reduction); *Washington,* 89 F.3d 1031, 1044 (3d Cir. 1996) (upholding a 50% reduction); *Orson, Inc. v. Miramax Film Corp.,* 14 F.Supp.2d 721, 727 (E.D. Pa. 1998) (imposing a 75% reduction); *Murphy v. Girard School Dist.,* 134 F.Supp.3d 431, 440 (W.D. Pa. 1999)(imposing an 85% reduction).

  *Watson* was an employment case alleging federal and state law claims based on disability and sex discrimination. *Watson,* 207 F.3d at 212. Plaintiff also sought punitive damages. *Id.* Following a settlement conference, SEPTA reinstated plaintiff to employment. *Id.* The district court entered judgment in favor of SEPTA on the issue of punitive damages and a jury returned a verdict in SEPTA's favor on plaintiff's claims for backpay and compensatory damages. *Id.* The court then granted plaintiff's petition for fees because it found her to be a prevailing party based on her reinstatement. *Id.* at 224. Nonetheless it reduced the lodestar by two-thirds to reflect her limited success. *Id.* The Third Circuit upheld the reduction finding it to be within the court's discretion. *Id.* at 225.

  The district court made a similar reduction in *Orson.* *See* 14 F.Supp.3d at 727. In that case plaintiff brought multiple claims for restraint of trade based on federal and state statutes. *Id.* at 723. Only part of one claim made it to trial and plaintiff was awarded less than 20% of the damages sought. *Id.* at 727.

Likewise in this case, only one of plaintiff's many claims made it to trial and she only recovered a portion of what she originally sought in damages and front pay. Thus, her lodestar should be reduced by 70% for limited success.

## V.   PLAINTIFF'S DEMAND FOR COSTS SHOULD ALSO BE REDUCED TO ELIMINATE ITEMS THAT ARE NOT REIMBURSABLE AND TO REFLECT HER LIMITED SUCCESS.

A prevailing party may also be awarded the costs of litigation on two bases. Costs may be taxed pursuant to 28 U.S.C. §1920 and they may be awarded as part of a reasonable attorney's fee.  42 U.S.C.§2000e-5(k); *see also Abrams v. Lightolier, Inc.,* 50 F.3d 1204, 1224-1225 (3d Cir. 1995).  In this case, plaintiff's fee petition seeks the reimbursement of costs without identifying which authority authorizes them.  For the purposes of this discussion we separate the taxable costs from costs sought as part of an attorney's fees because different standards apply to determine whether they should be paid.

### A.   Taxable Costs

As relevant here §1920 authorizes the taxation of fees of the clerk and marshal, fees for the court reporter for transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, and fees for copies necessarily obtained for use in the case.  The taxable costs sought here are:

20

Filing fees ................................ $    150.00
Photocopying ............................. $    673.83
Process Services ......................... $    187.50
Transcripts .............................. $ 6,440.40
Medical records .......................... $     22.78
Chart and supplies ....................... $     58.29
TOTAL .................................... $ 7,532.80

(Pl. Pet., Pringle Aff. ¶¶ 5, 8).

Section 1920 does not authorize the taxation of the cost of process services

nor does it authorize taxation of the cost of all of the transcripts sought. Turning first to

the cost of process services, while taxation of the marshal's fees are permitted, the statute

does not contemplate payment for other means of serving process. *Zdunek v.*

*Washington Metro Area Transit Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983) (the cost of

a process server is not taxable absent exceptional circumstances). In this case, the

returns of service show that the Dauphin County sheriff and not the marshal served the

complaint (Docket). There were not exceptional circumstances requiring use of the

sheriff, therefore the cost of process services should not be taxed.

The costs of transcripts *necessarily obtained for use in the case* are taxable.

28 U.S.C. §1920(2). In this case, plaintiff seeks reimbursement for trial transcripts that

were not necessarily obtained for use in the case. Specifically she seeks reimbursement

for transcripts of all the testimony given at trial and all testimony given at the equitable

hearing held on January 31, 2003 (Pl. Pet. Ex. E, Exp. Rec., p.2). While defendant

concedes that it was necessary to obtain plaintiff's trial testimony in order to assist her

21

in preparing to testify at the equitable hearing, it was not necessary to obtain the testimony of the other witnesses. Their testimony dealt with the merits of plaintiff's retaliation claim and had nothing to do with whether she was entitled to front pay.

Likewise the transcript of the equitable hearing was not necessarily obtained for use in the case. After the Court decided the issue of equitable relief the only issues remaining in the case involved interest on the judgment and attorney's fees. The transcript of the equitable hearing has nothing to do with either issue.

Accordingly, the cost of the transcripts of the trial, with the exception of plaintiff's testimony, and the equitable hearing should be eliminated from taxable costs. Those costs amount to $1,496. The total deductions from taxable costs are $1,683.50, which leaves $5,849.30 in taxable costs.

### B.   Costs as Part of Attorney's Fees

The costs plaintiff seeks as part of attorney's fees are:

| | |
|---|---|
| Parking (attorney) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $    112.00 |
| Parking (plaintiff)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $     89.00 |
| Postage ( plaintiff) . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $     18.38 |
| Plaintiff's expert  . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $20,766.00 |
| Defendant's expert . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 1,100.00 |
| TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $22,085,38 |

(Pl. Pet., Pringle Aff. ¶¶ 5, 8).

22

Defendant disputes payment of plaintiff's parking and postage costs and contends that the costs sought as part of the attorney's fee should be reduced to reflect plaintiff's limited success.

Neither the statute authorizing payment of attorney's fees nor the relevant case law permits the court to reimburse the plaintiff for the costs incident to her participation in her lawsuit. The fee statute and cases permit plaintiff to recover a reasonable fee for the work product of an attorney. *See* 42 U.S.C. §2000e-5(k); *Missouri v. Jenkins,* 491 U.S. 274, 285 (1989); *Abrams,* 50 F.3d at 1225. In *Jenkins*, the Court recognized that the fee could include work performed and expenses incurred by other members of the attorney's staff, provided such work or expense was separately billed to the client. *Id.* at 288-289. An attorney would not be expected bill his client for her own postage and parking. Therefore, they are not costs recoverable as part of the fee.

Finally the remaining $21,978 claimed in costs as part of the fee, should be reduced by 70% to reflect plaintiff's limited success. *Orson, Inc.,* 14 F.Supp.3d at 728 (reducing the costs by 75% to reflect the limited success reduction of the lodestar); *In re Unisys Corp. Retiree Medical Benefits ERISA Litigation,* 886 F.Supp. 445, 485-486 (E.D. Pa. 1995) (reducing costs by same percentage as lodestar was reduced).

Reducing $21,978 by 70% results in $6,593.40 in costs as part of a reasonable attorney's fee.

23

# CONCLUSION

For all of the preceding reasons, this Court should reject the calculation of

fees and costs presented by plaintiff, accept the reductions advocated by defendant and

award plaintiff $52,114.70  in attorney's fees and costs.[9]

                                          **Respectfully submitted,**

                                          **D. MICHAEL FISHER**
                                          **Attorney General**

**BY:**          _Susan J. Forney_
                    **SUSAN J. FORNEY**
                    **Chief Deputy Attorney General**
                    **I.D. No. 27744**

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED: June 9, 2003**

---

[9]Defendant's calculation of the attorney's fees and costs is appended to this brief as **Exhibit D**.

*A*

# DEPOSITION PREPARATION TIME AND
# TIME SPENT IN DEPOSITIONS

| Deponent(s) | Preparation Time (in hours) | Pltf. Petition Ex. C Entries | Deposition Time (in hours) |
|---|---|---|---|
| Morris* | 43.3 | 1/15/02; 1/17/02; 1/22/02; 1/23/02; 1/24/02; 1/26/02 | 5.1 |
| Wilhlem* | 35 | 1/19/02;1/21/02; 1/22/02;1/28/02; 1/30/02 | 7.65 |
| Bonney | 13.7 | 1/25/02;1/26/02 | 3 |
| Merryman | 10.3 | 1/27/02;1/29/02 | .75 |
| Rain | 8 | 1/29/02 | 1 |
| Evanko | 35.2 | 2/18/02;2/19/02; 2/26/02;2/27/02 | 4.5 |
| Conley** | 10 | 3/01/02 | 3.5 |
| Burkholder** | 10 | 3/02/02 | .75 |
| Plesco** | 10.2 | 3/03/02 | 1.2 |
| Simmers* | 50 | 3/04/02;3/05/02; 3/06/02;3/07/02; 3/08/02 | 4 |
| Polek** | 54.1 | 3/09/02;3/13/02; 3/15/02/3/17/02 3/18/02 | .5 |
| Miller | 8 | 3/11/02 | 2.75 |
| McHale | 12.2 | 3/12/02;3/13/02 | .5 |
| McNeal | 2.2 | 3/14/02 | .6 |
| Coury | 10 | 3/15/02;3/21/02 | 1.5 |
| Hickes | 29 | 3/23/02;3/25/02 3/26/02 | 1.6 |
| Murphy* | 24 | 11/12/02;11/13/02 | 1.7 |

| Deponent(s) | Preparation Time (in hours) | Pltf. Petition Ex. C Entries | Deposition Time (in hours) |
|---|---|---|---|
| Johnson | 9.5 | 12/24/02 | 1.9 |
| Barach | 57.1 | 1/02/03;1/03/03; 1/04/03;1/05/03; 1/06/03 | 5.1 |
| Conley, Plesco, Burkholder, Polek | 12.8 | 3/19/02 | previously reported for each deponent |
| Simmers, Balsbaugh, Spigelmyer | 6 | 3/20/02 | Balsbaugh - 1 Spigelmyer - .5 |
| Unidentified | 8 | 2/25/02 | |
| TOTAL | 458.6 | | 49.1 |

*Depositions taken by defendants
**Additional preparation time spent in combination with preparation for others

# TIME SPENT PREPARING FOR TRIAL

| Pltf. Petition, Ex. C Entry | Hours Claimed |
|---|---|
| 7/19/02 | 2.7 |
| 7/19/02 | 9.3 |
| 7/22/02 | 10 |
| 7/23/02 | 12 |
| 7/24/02 | 10 |
| 7/25/02 | 10 |
| 7/26/02 | 1.9 |
| 7/26/02 | 8.3 |
| 7/29/02 | 3.4 |
| 7/29/02 | 1.8 |
| 7/29/02 | 6.9 |
| 7/30/02 | 12.1 |
| 7/31/02 | 12 |
| 8/01/02 | 11.9 |
| 8/02/02 | 12.1 |
| 8/05/02 | 10.1 |
| 8/06/02 | 10 |
| 8/07/02 | 12.1 |
| 8/08/02 | 1.2 |
| 8/08/02 | 7.6 |
| 8/12/02 | 9.5 |
| 8/13/02 | 12.1 |
| 8/15/02 | 12 |
| 8/24/02 | 9 |
| 8/25/02 | 6.5 |

| *Pltf. Petition, Ex. C Entry* | *Hours Claimed* |
| --- | --- |
| 8/26/02 | 6.1 |
| 8/29/02 | 12 |
| 8/31/02 | 12 |
| 9/01/02 | 12.1 |
| 9/02/02 | 9 |
| 9/03/02 | 12.1 |
| 9/03/02 | 8 |
| 9/04/02 | 8.1 |
| 9/05/02 | 6 |
| **TOTAL** | **299.6** |

# REDUCTION OF HOURS FOR EXCESSIVENESS AND INADEQUATE DOCUMENTATION

| Work Performed | Reductions in Hours |
|---|---|
| Research and Drafting | 159.2 |
| Preparing for Depositions | 358.6 |
| Taking Depositions | 11.6 |
| Trial Preparation | 219.6 |
| Reviewing Transcripts and Documents | 157.6 |
| Preparing for January Hearing | 24.6 |
| **TOTAL** | **931.2** |

D

# CALCULATION OF AWARDABLE ATTORNEY'S FEES AND COSTS

| | |
|---|---|
| Hours Claimed | 1757.7 |
| Excessiveness and Inadequate Documentation | -931.2 |
| | 826.5 |
| | |
| Reasonable Hours | 826.5 |
| Reduction for Work Unrelated to Success | -31.8 |
| | 794.7 |
| | |
| Compensable Hours | 826.5 |
| Reasonable Hourly Rate | x $160.00 |
| Adjusted Lodestar | $132.240.00 |
| | |
| | $132.240.00 |
| Reduction for Limited Success | x .3 |
| | $39,672.00 |
| | |
| Attorneys Fees | $39,672.00 |
| Taxable Costs | $5,849.30 |
| Reduced Costs as Part of Fee | $6,593.40 |
| **TOTAL AWARD** | **$52,114.70** |

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on June 9, 2003, I caused to be served a copy of the foregoing document entitled **Defendant's Memorandum in Opposition to Plaintiff's Petition for an Award of Attorneys Fees and Costs,** by depositing same in the United States Mail, first class, postage prepaid, in Harrisburg, Pennsylvania, upon the following:

Nathan C. Pringle, Jr., Esquire
3601 North Progress Avenue, Suite 200
Harrisburg, PA 17110


SUSAN J. FORNEY
Chief Deputy Attorney General
I.D. No. 27744