ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,
    Plaintiff

v.   :   NO. 1:CV-01-1057

COMMONWEALTH OF   :   (JUDGE RAMBO)
PENNSYLVANIA and the
PENNSYLVANIA STATE POLICE,   :
    Defendants

FILED
HARRISBURG, PA
JUL 29 2003
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### DEFENDANT'S OBJECTIONS TO HOURS CLAIMED FOR RESEARCH ON PAGES 4 AND 5 OF PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ATTORNEY'S FEES

### RELEVANT PROCEDURAL HISTORY

Plaintiff filed a petition for an award of attorneys' fees and costs in this matter on May 5, 2003. Defendant filed an opposing brief containing objections on June 9, 2003. Subsequently, plaintiff filed a reply brief which contained further information about how certain hours, claimed as research time, were spent. By order dated July 18, 2003 this Court granted defendant until July 28, 2003 to file objections to the information which is contained on page 4 and at the top of page 5 in plaintiff's reply brief[1].

This memorandum contains defendant's objections.

---

[1] Defendant subsequently sought an extension of time until July 29, 2003 to file objections.

## **STATEMENT OF FACTS**

Pages 4 and 5 of plaintiff's reply brief in support of her motion for an award of attorneys' fees and costs, contains new information regarding how approximately 115.7 hours of time claimed for research was spent. The brief states that hours claimed for research on 4/6/02, 4/10/02, 4/11/02, 4/18/02 and 4/19/02 related to plaintiff's motion and brief in support of summary judgment (Pl. Br. at 5). Counsel's time records for these dates show a total of 49.1 hours were expended (Pl. Pet., Ex. C, p. 6, 7).

Plaintiff moved for summary judgment on the grounds that she had been subjected to disparate treatment in the workplace based on her sex and that she had been dismissed based on her sex (Pl. SJ Br., pp. 3-6). Plaintiff's brief in support of her motion was 7 pages long (Pl. SJ Br.). Two pages were devoted to the statement of the case (*Id.*) Three and a half pages contained the argument; and the rest of the pages contained the caption and signature block (*Id.*). The brief did not cite or discuss any case law. (*Id.*).

The reply brief on attorneys' fees also claims that the research time claimed on 5/6/02 and 5/11/02 was devoted to opposing defendants' motion for summary judgment (Pl. Br. at 5). Counsel's time records indicate the total time spent on research on those days was 16.2 hours (Pl. Pet., Ex. C., pp.7, 8). Plaintiff's brief opposing defendant's motion for summary judgment contained 14 pages of argument in which four cases were cited (Pl. Memo in Opp. SJ, pp. 6, 10, 12, 15).

This Court denied plaintiff's motion for summary judgment and granted defendants' motion as to all plaintiff's claims except for her claim of retaliatory discharge (Memorandum and Order of June 28, 2002).

The reply brief on attorneys' fees states that time claimed for research on 6/7/02 and 6/17/02[2] was related to plaintiff's opposition to defendants' motions in limine. (Pl. Br. at 5). Counsel's time records show a total of 13.5 hours was spent in this effort (Pl. Pet., Ex. C, p.8). Defendants filed two motions in limine. Plaintiff filed a memorandum in opposition to each motion. Neither memorandum exceeded 4 pages and neither cited or discussed legal authorities (Pl. Memos Op. Mot. In Limine (McNeal and Simmers). On July 11, 2002 this Court granted both of defendants' motions (Orders of July 11, 2002).

The reply brief on attorneys' fees also states that time spent on research on 7/1/02 and 7/17/02 related to a court order and a pretrial memorandum (Pl. Br. at 5). Counsel's time records indicate 17 hours were spent on those dates (Pl. Pet., Ex. C, pp. 8, 9). Plaintiff's pretrial memorandum was 8 pages long excluding plaintiff's exhibit list and proposed voir dire and jury charge. It cites three cases and one statute (Pl. Pretrial Memo, pp. 7, 8). Plaintiff's proposed jury instructions do not contain any legal citations (Pl. Pretrial Memo, Pl. Proposed Jury Instructions, attached).

---

[2]Counsel's time records for 6/17/02 do not reflect time spent on research (Pl. Pet., Ex. C., p.8). Defendant assumes plaintiff intended to refer to 6/15/02 which does show time spent on research (*Id.*)

The reply brief on attorneys' fees also asserts that research time spent on 8/28/02 related to jury selection (Pl. Br. at 5). Counsel's records show 12 hours were spent (Pl. Pet., Ex. C, p. 10).

The brief also claims research time claimed for 10/4/02 relates to the hearing on equitable relief (Pl. Br. at 5). Three hours were spent on that date (Pl. Pet C, p. 11). This Court declared the equitable relief hearing held on October 23, 2002 to be a nullity based on plaintiff's failure to disclose material relevant to the hearing, and awarded defendant attorneys' fees for the time expended on the hearing (Order of October 23, 2002; Order of December 26, 2002).

And finally, plaintiff claims that time spent on research on 10/30/02 and 11/14/02 were related to opposing defendants' motion for reconsideration of the October 23, 2002 order (Pl. Br. at 5). According to counsel's time records 4.9 hours were spent (Pl. Pet., Ex. C, pp. 12, 13). The Court denied defendant's motion (Order of December 26, 2002).

## ARGUMENT

### MUCH OF THE TIME CLAIMED FOR RESEARCH IS EXCESSIVE AND DID NOT MATERIALLY CONTRIBUTE TO PLAINTIFF'S SUCCESS.

Plaintiff's claim for the research time described on pages 4 and 5 of her reply brief should be reduced because many of the claimed hours are excessive and because much of the time expended did not materially contribute to plaintiff's success. We will address each item for which research time is claimed.

1.  **Time Expended in Research for Plaintiff's Motion for Summary Judgment**

Plaintiff claims a total of 49.1 hours--more than 6 8-hour workdays[3]-- for research on her motion for summary judgment and supporting brief (Pl. Br. at 5; Pl. Pet., Ex.C, pp.6, 7). Plaintiff's motion and brief were limited to the questions of whether plaintiff had been subjected to disparate treatment in the workplace and whether she had been dismissed based on her sex (Pl. SJ Br., pp. 3-6). The brief was six pages long, contained a limited discussion of the facts, and cited no case law at all (Pl. SJ Br.). The hours spent on research are certainly not reflected in the product to which they were devoted. Nor has plaintiff offered an explanation as to why it was necessary for counsel to spend so many hours researching a rather abbreviated motion and brief. The hours claimed are excessive and should be reduced.

A second reason supports reduction of the hours claimed. The research performed did not materially contribute to plaintiff's success. Her motion for

---

[3]Plaintiff takes issue with defendant's reference to an 8 hour workday in the brief opposing the fee petition. The reference was not intended to suggest that attorneys can or should only work 8 hours a day. The reference was intended to put the hours claimed in context. Very few lawyers, outside of trials or depositions, have the luxury of devoting entire days to one case. As a result, most lawyers find ways to handle their cases as efficiently as possible. Defendant contends that was not done in this case and therefore many of the hours claimed are excessive compared to what an attorney of comparable experience would have charged. Of course, the question will ultimately call for this Court to make a judgment call as to how much time a case of this sort requires, based on its experience, both generally and in this case. *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir. 1989).

summary judgment was devoted exclusively to her sex discrimination claims--claims on which the Court granted defendants summary judgment (Order of June 28, 2002).

Based on excessiveness alone, the hours should be reduced by 29.1 leaving 20 hours as reasonable. Because the research did not contribute to plaintiff's ultimate success, however, they should be eliminated altogether.

2. **Time Expended in Research to Oppose Defendants' Motion for Summary Judgment**

Plaintiff claims 16.2 hours for research related to her memorandum opposing defendants motion for summary judgment (Pl. Br., p. 5). The memorandum cited four cases, two of which dealt with the standards for granting summary judgment (Pl. Memo in Opp. SJ, pp. 6, 10. 12, 15). Again, the hours expended are excessive in light of the work produced. Defendant suggests 8 hours is a reasonable time to have spent on research opposing defendant's motion for summary judgment.

3. **Time Expended in Research to Oppose Defendant's Motions in Limine**

Defendant filed two motions in limine, both of which were granted (Orders of July 11, 2002). Plaintiff claims 13.5 hours for research in connection with the motions. Each of plaintiff's opposing memoranda failed to cite or discuss any legal authority. And, neither exceeded four pages in length. Over 13 hours is an excessive amount of time for an attorney to spend researching two relatively straight forward issues. This is particularly true for an attorney who claims to experienced and to be entitled to an hourly rate of $200. *See Holmes v. Millcreek Township*

*School District,* 205 F.3d 583, 596 (3d Cir. 2000) (with experience, the time spent performing routine tasks in the area of one' experience should decrease).

Five hours of research time is more than sufficient to allow the preparation of plaintiff's opposition to defendant's motions. Because this Court granted both motions, however, counsel's efforts did not contribute to her success. Therefore, the time should be disallowed in its entirety.

4. **Time Spent in Research for Plaintiff's Pretrial Memorandum and Jury Selection.**

Plaintiff claims counsel spent 17 hours doing research for her pretrial memorandum and 12 hours in researching jury selection. Defendant's principal brief argues that 3 hours is sufficient for jury selection, we will not repeat the argument here.

Regarding the pretrial memorandum, the time claimed is excessive in light of the document produced. The pretrial memorandum contains very little discussion of the law. It cites three cases and one statute (Pl. Pretrial Memo, pp.7, 8). Moreover, plaintiff's jury instructions do not cite to any authority at all. At the point when a case is ready to go to trial, it is reasonable to expect that counsel would already have the pertinent statutory and legal authorities at hand and that very little additional research would be necessary to prepare a pretrial memorandum. Accordingly, the hours claimed by plaintiff are excessive. Three hours of research is more than sufficient.

5. **The Hours Spent on Research in Preparation for the October Equity Hearing Should Be Excluded Because the Hearing Was Declared a Nullity by the Court Based on Plaintiff's Failure to Disclose Material Evidence.**

Plaintiff claims 3 hours of research time on October 4, 2002 in connection with the truncated equitable relief hearing held on October 23, 2003 (Pl. Br. at 5). The hearing was truncated because the Court declared it to be a nullity in light of plaintiff's failure to disclose her expert's identity and opinions in sufficient time before the hearing to permit defendant to prepare (Order of October 23,.2002). As a result in response to defendant's objection, the Court declared the hearing to be a nullity and eventually awarded defendant attorneys fees for the time counsel expended in preparing for and attending the hearing (*Id.*; Order of December 26, 2003).

Awarding plaintiff attorneys' fees in connection with the hearing, would dilute the sanction imposed by the Court for plaintiff's failure to disclose material information in a timely manner. Therefore the Court should exclude the 3 hours of research time plaintiff claims in connection with the October 23, 2002 equitable relief hearing.

6. **Defendant Does Not Object to the Research Time Claimed in Connection with Defendant's Motion for Reconsideration.**

Plaintiff claims 4.9 hours of research time in connection with opposing defendant's motion for reconsideration of the Court's order of October 23, 2002 (Pl. Br. at 5). Plaintiff successfully opposed defendant's motion (Order of December 26, 2002). Defendant does not object to the time claimed for research in opposing the motion.

## CONCLUSION

For all of the preceding reasons, the Court should reduce the hours for research claimed by plaintiff on pages 4 and 5 of her reply brief by 91.8 hours and compensate her for 33.9 hours.

                                                **Respectfully submitted,**

                                                **D. MICHAEL FISHER**
                                                **Attorney General**

**BY:** _____
                                                **SUSAN J. FORNEY**
                                                **Chief Deputy Attorney General**
                                                **I.D. No. 27744**

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED: July 29, 2003**

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on July 29, 2003, I caused to be served the foregoing document entitled **Defendants' Objections to Hours Claimed for Research on Pages 4 and 5 of Plaintiff's Reply Memorandum in Support of Attorney's Fees and Costs** by depositing same in the United States Mail, first class, postage prepaid in Harrisburg, Pennsylvania upon the following:

Nathan C. Pringle, Jr., Esquire
3601 N. Progress Avenue, Suite 200
Harrisburg, PA 17110

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**