IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA A. WILHELM,** | **CIVIL NO. 1:CV-01-1057** |
| **Plaintiff** | |
| v. | |
| **COMMONWEALTH OF PENNSYLVANIA and THE PENNSYLVANIA STATE POLICE,** | |
| **Defendants** | |

## **M E M O R A N D U M**

Before the court is Plaintiff's petition for attorney's fees and costs. The parties have the briefed the issue, and the matter is ripe for disposition.

**I.      Background**

On May 1, 2000, the Pennsylvania State Police ("PSP") terminated Plaintiff from her employment with the PSP's Office of Legislative Affairs. On June 14, 2001, Plaintiff filed the captioned action, alleging violations of (1) the Equal Pay Act of 1963, 29 U.S.C. § 206(d); (2) the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e; (3) the Pennsylvania Human Relations Act ("PHRA"), 42 Pa. Cons. Stat. § 955; and (4) the Pennsylvania Whistleblower Law, 43 Pa. Cons. Stat. § 1421 *et seq.* The court granted summary judgment in favor of Defendants on all claims except Plaintiff's claim for retaliatory discharge under Title VII – Count 5 of the

seven-count complaint.[1]  After a three day trial, the jury returned a verdict in favor of Plaintiff on this count on September 11, 2002.  On February 5, 2003, the court granted Plaintiff's motion for equitable relief and awarded her additional back pay and reinstatement.

Plaintiff now seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k).  Defendants object to the fee petition claiming that (1) the hourly rate is unreasonable, (2) the hours expended are unreasonable, (3) the loadstar should be reduced because of limited success, and (4) some costs are not reimbursable and others should be reduced to reflect Plaintiff's limited success.

**II.        Discussion**

   **A.  Hourly Rate**

An applicant for a fee has the burden of showing that the rates and hours claimed are reasonable.  *Hensley v. Eckerhard*, 461 U.S. 424, 437 (1983).  Generally, a reasonable hourly rate "is the attorney's usual billing rate, but this is not dispositive."  *Public Interest Group of New Jersey, Inc. v. Wendall*, 51 F.3d 1179, 1185 (1995); *see also Cunningham v. City of McKeesport*, 753 F.2d 262 (3d Cir. 1985) ("An attorney's customary billing rate is the proper starting point for calculating fees."), *vacated on other grounds by*, 478 U.S. 1015 (1986).

In the instant case, Plaintiff's counsel has not submitted an affidavit or any copies of billings to demonstrate his usual billing rate.  Instead, he submitted an affidavit from Renardo Hicks, a partner with a Harrisburg law firm.  Hicks opines that Plaintiff's counsel is entitled to an hourly rate of $200 per hour based on his 22.5

---

[1] ( *See* Order dated June 28, 2002, document of record number 53.)

years of employment law experience. Hicks' expertise, however, is in commercial litigation and public utility work. Therefore, his opinion regarding the appropriate rate to be assessed in this employment case is of little assistance. It is the court's opinion that, given the quality of the written work submitted in this case, a $160 hourly rate is not appropriate, let alone the $200 suggested by Hicks. However, because Defendants have conceded that a $160 hourly rate is reasonable, the court is not in a position to impose a lower rate.

### B. Hours Expended

In *Rode v. Dellarceprete*, the Third Circuit held that, with regards to attorney's fees, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted, nor the specific attainments of each attorney" but a fee petition "is required to be specific enough to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.' " 892 F.2d 1177, 1190 (3d Cir. 1990) (quoting *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir. 1983)) (other citations omitted). As a result, where documentation is inadequate, the court may reduce the award. *Hensley*, 461 U.S. at 433.

Defendants claim that the time Plaintiff's counsel spent on research and drafting pleadings, preparing for depositions, preparing for trial, reviewing documents, reviewing transcripts, and preparing for the January 2003 hearing, was not reasonable.

### 1. Research and Drafting

Defendants claim that 41.8 hours of research related to the complaint and another 21.4 hours for drafting the complaint are excessive. Plaintiff replies that

numerous hours were expended reading policies, regulations, and documents relevant to employee relations in Pennsylvania agencies. Despite this research, however, Plaintiff's counsel still included in his complaint Title VII claims against *individual* defendants. It is beyond dispute that Title VII does not impose liability on individuals. *See, e.g., Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (concluding "that Congress did not intend to hold individual employees liable under Title VII"). Plaintiff's counsel also included PHRA claims against the PSP. However, because the PSP is a unit of the Commonwealth of Pennsylvania, which is entitled to Eleventh Amendment sovereign immunity from most state law causes of action, the court granted summary judgment in favor of Defendants' on this claim. *See Williams v. Pennsylvania State Police*, 108 F. Supp.2d 460, 465 (E.D. Pa. 2000) ("Thus, a plaintiff may never pursue a PHRA claim against Pennsylvania or its agencies in federal court."). The complaint also contained an allegation based on the Pennsylvania Whistleblower Act, even though the statute of limitations had expired as to that claim. 43 Pa. Cons. Stat. § 1424(a) (establishing a 180 day statute of limitations).

  Counsel, with the expertise he claims to have and with the amount of research he claims to have performed, could or should have realized that the claims stated above would not be viable. In addition, as Defendants point out, Plaintiff's counsel had familiarity with this case having been involved in the PHRC proceedings on behalf of Plaintiff. As a result, the court finds that the complaint, if properly drafted, could have been drafted in 12 hours. Thus, 9.4 hours will be deducted for the drafting of the complaint. Additionally, the necessary research to draft the

complaint could have been completed in 25 hours. Thus, 16.8 hours will be deducted for this.

### 2. Unidentified Research

Plaintiff's counsel claimed 117.3 hours for unidentified matters in his original petition. Because the court must determine whether hours are unreasonable, the court must know how or for what purpose the hours were expended. Plaintiff's counsel replies that, in a previous fee petition filed by Defendants, that petition did not specifically identify work performed. However, Plaintiff did not file specific objections to this. A court cannot reduce hours to which there is no objection. *See Bell v. United Princeton Properties*, 884 F.2d 713, 719 (3d Cir. 1989). Plaintiff also cites *Rode* for the proposition that a category containing "miscellaneous research" was an approved description. 892 F.2d at 1191 n.13. The "miscellaneous research" in *Rode*, however, was part of 1.3 hours containing other work product; another part of a .2 hour segment; another part of a 1.8 hour segment, and another part of a .2 hour segment. In the instant case, we have a total of 117.3 hours of unidentified research. The situations are not comparable.

Plaintiff's counsel, however, in the reply brief, broke down the 117.3 hours. As a result, Defendants were granted leave to respond to the breakdown. The breakdown consists of the following entries:

| | |
|---|---|
| Research re plaintiff's motion for summary judgment | 49.1 |
| Research to oppose defendants' motion for summary judgment | 16.2 |
| Research to oppose defendant's motions *in limine* | 13.5 |
| Research for pretrial memorandum and jury selection | 17.0 |
| Research for October equity hearing | 3.0 |

        Research for motion for reconsideration        4.9

Defendants have objected to the time spent on all the above except for the motion for reconsideration.

        a. Research on Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment was limited to her disparate treatment claims. Not only was summary judgment denied to Plaintiff, but summary judgment was granted to Defendants on that claim. Because Plaintiff was unsuccessful on these issues, 49.1 hours expended on this motion will be deducted.

        b. Research Opposing Defendants' Motion for Summary Judgment

Defendants argue that 8.2 hours of the 16.2 hours claimed by Plaintiff's counsel for work opposing Defendants' motion for summary judgment is unreasonable. Plaintiff's brief in opposition to Defendants' summary judgment motion relied almost entirely on argument from Plaintiff's affidavit and portions of depositions. Plaintiff's counsel cited only four cases in the entire brief; two of which merely set forth the legal standards for granting summary judgment motions. However, because approximately eight depositions needed to be read and a brief drafted, the court does not believe that 16.2 hours is unreasonable.

        c. Research Opposing Defendants' Motions In Limine

Defendants' two motions *in limine* were successful. Because Plaintiff's opposition to those motions was unsuccessful, 13.5 hours will be deducted.

        d. Preparation for Pretrial Memorandum

Defendants argue that three hours of the 17 hours cited to prepare the pretrial memoranda are sufficient. In preparing pretrial memoranda, parties are to follow the form set forth in the Rules of Court for the Middle District of Pennsylvania

at Appendix B.  The statement of facts and law relied upon in that document required no additional research.  By the time of the pretrial conference, one can presume that Plaintiff's counsel should have known the case's background.  This is especially true in cases, like the instant one, wherein the parties filed cross-motions for summary judgment.  Moreover, of Plaintiff's eight-page memorandum, three pages contained a list of witnesses.

An exhibit list needed to be prepared for the pretrial memorandum.  However, counsel are required to have a face-to-face meeting at a date preceding the pretrial conference and at which time exhibits are to be exchanged.  Thus, it is assumed counsel had his exhibit list prepared for that meeting or needed very little time to refine it for the pretrial memorandum.

Proposed jury instructions must be attached to the pretrial memorandum.  The jury instructions that were submitted on Plaintiff's behalf, however, did not conform in any way to Rule 51.1 of the Rules of Court for the Middle District of Pennsylvania.  It is obvious these rules were not read.

Eighteen *voir dire* questions were submitted with the memorandum.  However, Plaintiff's counsel seeks compensation for research regarding jury selection in addition to research required for the *voire dire* questions.  The court presumes that the research required for the *voire dire* questions is accounted for under the research for jury selection.  *See infra* at Part II.B.2.e.  Therefore, only the hours expended drafting the *voir dire* questions, rather than researching *voire dire*, will be allowed under the pretrial memo.

Given the explanation above, it is the court's opinion that eight hours is a generous amount of time to research and draft the pretrial memorandum.

Therefore, nine hours will be deducted from Plaintiff's claimed hours for the pretrial memorandum.

### e. Jury Selection Research

Defendants object to the 12 hours for researching jury selection. Plaintiff responds that hours were spent reviewing books and articles on the latest research on jury selection. Awarding of attorney's fees should not be used as a training school at the expense of the losing party. *See Maldonado v. Houstoun*, 256 F.3d 181, 185 (3d Cir. 2001). Furthermore, an attorney who has litigated employment law for over twenty-five years should not need such extensive time researching jury selection. Eight hours is deemed sufficient. Four hours will be deducted.

### f. Preparing for Depositions

Plaintiff claims 458.6 hours in *preparing* for depositions. However, the total amount of time spent taking and defending depositions was only 49.1 hours. (Defendants' Resp. to Fee Petition, Ex. A.) Thus, it took Plaintiff 51.2 days (assuming an eight hour day) to prepare for six and one-half days of depositions. Approximately 21 depositions were taken – 17 by Plaintiff and four by Defendants. Defendants specifically objects to the preparation time for the depositions of Plaintiff, Major Morris, Colonel Evanko, Captain Simmers and Rose Polek.

Plaintiff spent 35 hours in preparation for Plaintiff's 7.65 hour deposition; 43.3 hours in preparation for the 5.1 hour deposition of Morris; 35.2 hours in preparation for the 4 hour deposition of Simmers and 54.1 hours in preparation for the half hour deposition of Polek. (Defendants' Resp. to Fee Petition, Ex. A.)

Plaintiff's counsel responds that it was necessary to review the Commonwealth's personnel rules, the state police regulations, the collective bargaining agreement, and the leave records of Simmers before each deposition. Plaintiff's counsel claims that this repetitive review was necessary because he did not know what Defendants' intended to explore in their noticed depositions. The needs set forth above are repeated for each deposition except that of Polek. While Defendants' objection centers specifically on the depositions of Plaintiff, Morris, Evanko, Simmers and Polek, the objection is broad enough for the court to consider all of the hours spent on depositions.

The court finds, however, that the repetitive research was not necessary, and, therefore, a significant number of these hours must be eliminated. For example, while Polek's deposition lasted one half hour, Plaintiff's counsel expended 54.1 hours preparing for that deposition. The 54.1 hours of preparation for a one-half hour deposition is so out of proportion that 50 hours will be deducted. Of the remaining 404.5 hours of preparation for 48.6 hours of depositions will be further reduced by 50 percent, leaving a reasonable total of 206.35 (4.1 hours for Polek's deposition, 202.25 for all other depositions) compensable hours for deposition preparations. This constitutes a reduction of 252.25 hours.

g. Trial Preparation

Defendants argue that by the time of trial, only one issue remained to be tried. The trial lasted three days. The sum of 299.6 hours of preparation is claimed to be excessive. Plaintiff argues that the time was necessary to have a working knowledge of 2000 documents and 1500 pages of deposition testimony. Using a ten hour day, the 299.6 hours equals 29.96 days. However, considering all the research

hours claimed, the preparation for depositions claimed, a month's preparation for a three-day, one-issue trial is excessive. Counsel will be compensated for one-half of the time claimed or 150 hours.

        h. Time Reviewing Transcripts and Documents

Defendants make several objections to Plaintiff's claims for reviewing transcripts and documents. The court will only address the hours spent reviewing interrogatories, the answer to the complaint (6.1 hours), the Defendants' brief in opposition to Plaintiff's motion for summary judgment (12.1 hours), and responses to interrogatories (7 hours).[2] The remaining hours are reasonable.

As noted by Defendants, the answer responded to 137 paragraphs. Some answers were single words; 37 paragraphs asserted conclusions of law; 7 incorporated prior paragraphs, and five of the defenses are each asserted in one-line sentences. Placing the complaint side by side with the answer so as to make notations beside each paragraph of the complaint is a task that can be done in less than two hours. According, four hours will be deducted from this task.

The 12 hours claimed for the reading of Defendants' brief in opposition to Plaintiff's motion for summary judgment will be deducted because Plaintiff's motion was unsuccessful. *See supra* at Part II.B.2.b. The time spent on the Ovita Johnson expert report will not be trimmed. While the report itself is only four pages, the documents in support of the report are daunting, and the 31.1 hours of review do not appear excessive.

---

[2]The court has reread the documents in question when addressing this issue.

i. Time Spent Preparing For the October and January Hearings

Defendants object to the time claimed for the preparation of an equity hearing held on January 31, 2003. The court previously scheduled an equity hearing for October 23, 2002. At that time, Plaintiff appeared with an expert that had not been previously disclosed to Defendants and, therefore, the hearing was postponed. For the October 23, 2002 hearing, the court calculates that at least the following hours were spent in preparation:

| Date | Description | Hours |
|---|---|---|
| 10/4 | Research | 3.0 |
| 10/11 | Meeting with Boyer and Ritter | 2.0 |
| 10/18 | Meeting with Murphy | 1.5 |
| 10/21 | Review of Murphy Report | 5.1 |
| 10/21 | Review of Murphy Report | 6.9 |
| 10/22 | Meeting with Murphy | 1.0 |
| 10/22 | Preparation for hearing | 0.7 |
| 10/22 | Preparation for hearing | 3.9 |
| 10/22 | Preparation for hearing | 0.5 |
| 10/23 | Hearing | 1.6 |
| 10/23 | Review of Defendants' Brief for Equitable Relief | 1.1 |
| | Total Hours | 27.3 |

For the same hearing held on January 31, 2003, which lasted one day, Plaintiff claims 24.6 hours. Plaintiff's counsel presented testimony at the January hearing from the same two witnesses he intended to use at the aborted hearing in October. Defendants produced four witnesses, one of whom was an expert. While the court believes that the hours claimed may be high, those hours will not be

11

reduced. Defendants, however, should not have to suffer the cost of Plaintiff's preparation for the October hearing which had to be aborted because Plaintiff did not comply with Federal Rule of Civil Procedure 26(a)(2)(A). (*See* Order dated October 23, 2002, Doc. of Record 85.) Consequently, the 27.3 hours that Plaintiff's counsel seeks for that hearing will be deducted from the hours claimed.

### 3. Travel Time

At page 8, footnote 4 of Defendants' brief in opposition to Plaintiff's fee petition, an objection is raised as to the rate of compensation for travel time. The Third Circuit Court of Appeals has made clear that the standard hourly rate for travel time is generally recoverable "when it is the custom of the attorneys in the local community to bill their clients separately for it." *Planned Parenthood v. Attorney General of the State of New Jersey*, 297 F.3d 253, 267 (3d Cir. 2002) (quoting *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1255 (3d Cir. 1995)). This court, in a recent decision, noted that – in this district – travel time is billed at that attorney's standard hourly rate. *See Vieth v. Commonwealth of Pennsylvania*, Civil No. 01-2439 (slip op. July 11, 2003). However, the travel time rate will be adjusted in accordance with the reduced hourly rate as set forth in this opinion, $160 per hour. *See supra* at Part II.A.

### 4. Unsuccessful Claims

Defendants also seek to eliminate hours spent for time expended (1) before Plaintiff's claim arose, (2) at the October equity hearing, and (3) opposing Defendants' motion for attorney's fees connected with the aborted October 2002 equity hearing. The time expended for the October 2002 equity hearing has already been addressed. *See supra* at Part II.B.2.i. The time spent opposing Defendants'

motion for counsel fees due to the aborted October 2002 hearing will be deleted as well.  Additionally, all hours incurred before May 1, 2000, the date of Plaintiff's dismissal, will likewise be deducted.

As to the work performed prior to May 1, 2000, Plaintiff argues that many of these hours were spent preparing the complaint filed with the Pennsylvania Human Relations Commission ("PHRC").  Regardless of whether Plaintiff's counsel was preparing Plaintiff's PHRC complaint at that time, the only matter upon which Plaintiff ultimately prevailed was the retaliatory discharge.  That issue was not viable, however, until the PSP discharged Plaintiff on May 1, 2000.  Thus, all hours expended before that date related to claims which were not successful and for which Plaintiff's counsel cannot recover his fees.  Therefore, the 21.8 hours performed before May 1, 2000 will be deducted.

### 5. Limited Success

Defendants also request an across-the-board reduction of the fee because of Plaintiff's limited success.  Plaintiff's initial claims alleged a violation of equal pay, failure to promote, discriminatory discharge, retaliatory discharge, and violation of the state whistleblower laws.  Ultimately, Plaintiff was successful only on the retaliatory discharge claim.

In determining the appropriate fee to award a partially successful Plaint, the product of reasonable hours times a reasonable rate does not end the court's inquiry.  An important factor to consider is the result obtained.  "[D]id the plaintiff achieve a level of success that makes hours reasonably expended a satisfactory basis for making a fee award?"  *Hensley,* 461 U.S. at 433.  In addressing the "results obtained" consideration, the *Hensley* court stated:

> This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?
>
> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants – often in an institution and its officers, as in this case – counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on the unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." . . . In other cases, the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. *See Davis v. County of Los Angeles, supra,* at 509. Litigants *in good faith may raise alternative legal grounds* for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.
>
> . . .
>
> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonably hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, *nonfrivolous*, and raised in good faith.

*Id.* 461 U.S. at 434, 436 (emphasis added) (citation omitted).

In this case, Plaintiff essentially sought compensatory damages and equitable relief under the rubric of Title VII. Viewed in this manner, Plaintiff's lone claim which survived summary judgment, the retaliatory discharge claim, was successful. Thus, it can be said that Plaintiff achieved her desired result, even though she may not have received the specific relief which she sought. As noted above, some of Plaintiff's claims were not raised in good faith or were frivolous.[3] The court, however, has deducted hours for these unsuccessful claims from the hours claimed in preparing the complaint, as well as a deduction on research for the unsuccessful claims. The court, therefore, will not grant Defendants' request for an across-the-board fee reduction based on limited success.

### C. Costs

As with fees, costs must be reasonable and necessary. *Soughner v. University of Pittsburgh*, 260 F.3d 173, 180-81 (3d Cir. 2001).

#### 1. Taxable Costs Pursuant to 28 U.S.C. § 1920

Defendants object to the claim for the cost of the trial transcript and the transcript of the testimony from the equity hearing of January 31, 2003. The transcript, except for Plaintiff's trial testimony, was not obtained for use in the case. Thus, Defendants claim that $1,496.00 should be deducted from taxable costs. Plaintiff has not replied to this argument. Defendants' position is correct, and the amount of $1,496.00 will be deducted.

Defendants also argue that the cost of the process server should be deducted because the United States Marshal did not provide service. *See* 28 U.S.C.

---

[3] The following claims by Plaintiff were dismissed: the Title VII claims against individual defendants, the PHRA claims against the Pennsylvania State Police (Eleventh Amendment immunity), and the Pennsylvania Whistleblower Act claim (statute of limitations).

§ 1920(1). Therefore, an additional deduction will be granted in the amount of $187.50.

### 2. Costs as Part of Attorney's Fees

Defendants object to claims for postage and parking fees incurred by Plaintiff, not Plaintiff's counsel. With respect to postage, Plaintiff has indicated that she incurred these costs providing assistance to her counsel in prosecuting the claim. That is, she incurred these charges while filing documents in the case. Because the costs are connected to the claim upon which Plaintiff succeeded, the court will allow these charges. However, with respect to parking, these charges only related to parking charges that Plaintiff incurred by attending the trial and the equity hearings. Plaintiff is not entitled to compensation for these charges. Accordingly, they will be disallowed in the amount of $89.00.

Defendants' request for a downward deduction of 70% for limited success will be denied. The court did not grant a reduction for limited success with respect to the lodestar calculation and, therefore, will not grant such a reduction with respect to costs. *See supra* at Part II.B.5.

### III.       Conclusion

In summation, the following hours will be excluded from Plaintiff's counsel's calculations:

| | |
|---|---:|
| Researching complaint | 16.80 |
| Drafting complaint | 9.40 |
| Plaintiff's motion for summary judgment | 49.10 |
| Opposing motions *in limine* | 13.50 |
| Pretrial memorandum | 9.00 |
| Jury research | 4.00 |
| Deposition preparation | 252.25 |
| Trial preparation | 149.60 |

|  |  |
|---|---|
| Review answer | 4.00 |
| Review Defendants' brief in opposition to Plaintiff's motion for summary judgment | 12.00 |
| October 2002 aborted hearing | 27.30 |
| Opposing Defendants' fee petition re: October aborted hearing and work performed prior to cause of action arose. | 21.80 |
| TOTAL | 568.75 |

The following costs will be disallowed:

|  |  |
|---|---|
| Trial transcript | $1,496.00 |
| Process server | $   187.50 |
| Plaintiff's parking fees | $     89.00 |
| TOTAL | $1,772.50 |

Counsel fees will be awarded as follows:

    1188.95 hours x $160 per hour    = $190,232.00

Costs will be awarded as follows:

    $29,679.55 - $1772.50    = $27,907.05

An appropriate order will issue.

                                                      s/Sylvia H. Rambo
                                                      Sylvia H. Rambo
                                                      United States District Judge

Dated: August 15, 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA A. WILHELM,** : | **CIVIL NO. 1:CV-01-1057** |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA and THE** : | |
| **PENNSYLVANIA STATE POLICE,** : | |
| : | |
| **Defendants** : | |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Attorney's fees are awarded in favor of Plaintiff and against Defendants in the amount of $190,232.00.

2) Costs are awarded in favor of Plaintiff and against Defendants in the amount of $27,907.05.

3) The Clerk of Court shall enter the award of attorneys fees and costs as stated above and close the case file.

                                                    s/Sylvia H. Rambo
                                                    Sylvia H. Rambo
                                                    United States District Judge

Dated: August 15, 2003.