IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA A. WILHELM,** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| **COMMONWEALTH OF PA.;** | : | **(JUDGE RAMBO)** |
| **PENNSYLVANIA STATE POLICE;** | : | |
| **COLONEL PAUL J. EVANKO,** | : | |
| **COMMISSIONER; LIEUTENANT** | : | **Electronically Filed** |
| **COLONEL THOMAS K. COURY; and** | : | |
| **CAPTAIN MICHAEL. D. SIMMERS,** | : | |
| **Defendants** | | |

### PLAINTIFF'S MOTION FOR RECONSIDERATION
### OF ORDER OF FEBRUARY 5, 2003

AND NOW, comes Plaintiff, Barbara A. Wilhelm, by and through her attorney, Nathan C. Pringle, Jr., to file her Motion for Reconsideration of this Court's Order of February 5, 2003, in the above captioned matter, and avers as follows:

1.  Barbara Wilhelm filed a complaint with this Court alleging defendants violated her rights under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq*., among other allegations.

2.	In granting, in part, defendants' motion for summary judgment, only Count V of Ms. Wilhelm's complaint, related to her claim of retaliation, went to jury trial.

3.	Ms. Wilhelm won a jury verdict on September 11, 2002, on Count V.

4.	On January 31, 2003, a hearing was held to determine the appropriate equitable relief for Ms. Wilhelm's future earnings.

5.	Ms. Wilhelm argued that reinstatement is not feasible and presented evidence of future lost earnings to assist in the Court's calculation of front pay.

6.	The defendants presented no evidence to counter Ms. Wilhelm's calculations of front pay, and presented a proposal for reinstatement to a position with the Department of Corrections as a Deputy Press Secretary.

7.	At that hearing the defendants presented Exhibit 94, a job description for the position as Deputy Press Secretary for the Department of Corrections.

8.	The defendants presented Exhibit 94 as evidence and represented that the exhibit had been provided to Ms. Wilhelm's counsel by fax the day before.

9.     At the time of hearing, counsel for Ms. Wilhelm could not refute defendants assertion that the exhibit had been faxed to him, and therefore could not object to its admission.

10.    After the conclusion of the equity hearing, counsel for Ms. Wilhelm discovered that the fax was sent to him after normal business hours.

11.    By sending the fax after business hours and representing that it was sent in timely manner, defendants acted in bad faith by intentionally deceiving counsel and this Court.

12.    Exhibit 94, should have been excluded pursuant to Fed. R. Civ. P. 37(c)(1) on the grounds that the defendants failed to provide the exhibit before the equity hearing in violation of Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 26(e)(1).

13.    Commissioner Miller testified regarding the proposed position relying entirely on Exhibit 94.

14.    Over plaintiff's objection, Commissioner Miller's testimony was admitted despite the absence of personal knowledge in violation of Federal Rule of Evidence 602.

13.    This Court relied on the Exhibit 94 and Commissioner Miller's testimony regarding the position, and ordered the reinstatement of Ms.

3

Wilhelm to the position of Deputy Press Secretary for the Department of Corrections.

14. As a direct result of the defendants' bad faith and this Court's reliance on Commissioner Miller's testimony, Ms. Wilhelm has been subjected to further indignities, humiliation, and damage to her career.

15. As a direct result this Court's ruling, Ms. Wilhelm's career remains dependent on the largess of the defendants because her position remains funded by the Pennsylvania State Police.

16. As direct result of defendants continued bad faith, Ms. Wilhelm's personnel record has not been adjusted in a manner consistent with the representations of Commissioner Miller and ordered by this Court.

17. The defendants' counsel, Susan Forney, Esquire, does not concur in this motion.

WHEREFORE, Ms. Wilhelm urges this Honorable Court to reconsider its decision to reinstate Ms. Wilhelm, and order an award of front

pay based on the evidence presented by Ms. Wilhelm at the equity hearing, and order her entire personnel record be adjusted to make her whole.

                                      Respectfully Submitted,

                                      /s Nathan C. Pringle, Jr.  
                                      NATHAN C. PRINGLE, JR.  
                                      Attorney I. D. Number PA30142  
                                      3601 North Progress Avenue  
                                      Suite 200  
                                      Harrisburg, PA 17110  
                                      Phone: (717) 909-8520  
                                      Fax:   (717) 909-8550  
January 26, 2004                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Nathan C. Pringle, Jr., hereby certify that on January 26, 2004, I caused to be filed electronically the foregoing document, Plaintiff's Motion for Reconsideration of the Order of February 5, 2003.

/s Nathan C. Pringle, Jr._____