IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| COMMONWEALTH OF PA.; | : | (JUDGE RAMBO) |
| PENNSYLVANIA STATE POLICE; | : | |
| COLONEL PAUL J. EVANKO, | : | |
| COMMISSIONER; LIEUTENANT | : | Electronically Filed |
| COLONEL THOMAS K. COURY; and | : | |
| CAPTAIN MICHAEL. D. SIMMERS, | : | |
| Defendants | | |

**BRIEF IN SUPPORT OF MOTION TO COMPEL PAYMENT OF DAMAGES, ATTORNEYS' FEES AND COSTS PLUS INTEREST**

**I.                    PROCEDURAL HISTORY**

The plaintiff, Barbara A. Wilhelm, was employed by the Pennsylvania State Police as a Legislative Specialist within the Office of Legislative Affairs. She filed a complaint containing seven counts against the defendants alleging she was discriminated on the basis of her sex, and alleging she was subjected to retaliation for complaining about the discrimination. This Court granted, in part, defendants' motion for partial summary judgment. All counts except Count V, relating to her retaliation claim under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, were dismissed.

On September 11, 2002, a jury returned a verdict for Ms. Wilhelm, awarding her $250,000. On January 31, 2003, an equitable relief hearing was held before this Court. On February 5, this Court reinstated Ms. Wilhelm to a position as Deputy Press Secretary with the Commonwealth of Pennsylvania's Department of Corrections at her the applicable pay rate, denied plaintiff's motion to exclude Commissioner Miller's testimony regarding the position, awarded $27,148.05 in front pay, and instructed the Clerk of Court to defer entry of the order until directed. On May 8, 2003, this Court ordered the District Court Clerk to enter judgment for plaintiff in the amount of $280,020.17, plus $12.62 per day in interest. On August 15, 2003, this Court awarded $190,232 in attorney's fees and $27,907.05 in costs and closed this case.

II.       **STATEMENT OF THE FACTS**

Plaintiff has vigorously sought payment of all damages and costs awarded by this Court. At all times since this Court order of February 5, 2003, defendant has been able to pay damages owed plaintiff, but has refused to pay. At all times since this Court's order of August 15, 2003, defendant has been able to pay attorney's fees and costs plus interest but has refused to pay until recently. Notwithstanding the current promise to pay attorney's fees and costs, no timeframe for payment given. As of the filing of this motion the Pennsylvania State Police has made no payments.

III. **ARGUMENT**

Upon issuance of this Court's unambiguous orders of February 5, 2003, April and On August 15, 2003, the Pennsylvania State Police to pay damages, attorneys' fees and costs. Upon entry of the respective orders, the Pennsylvania State Police was required to pay plaintiff all damages, attorney's fees and costs awarded as soon as reasonable. Pursuant to 28 U.S.C. § 1961(a), the Pennsylvania State Police's failure to pay immediately, entitled Ms. Wilhelm to interest on those monetary awards from the dates of the respective judgment entries. *Eaves v. County of Cape May*, 239 F.3d 527, 532 (2001).

The Pennsylvania State Police has steadfastly ignored the plaintiff's consistent, and inordinately patient, attempts at seeking compliance with this Court's orders without this Court's intervention. The Pennsylvania State Police does not assert it cannot pay. To the contrary, in furtherance of its retaliation of plaintiff, and in utter defiance, blatant disregard and absolute contempt for the jury's verdict and this Court's subsequent orders, the Pennsylvania State Police, simply, has refused to comply with the orders of this Court. The plaintiff has been unsuccessful in its efforts to get the plaintiff to honor its obligations ordered by this Court, and now requests the intervention of this Court to compel the Pennsylvania State Police to do what has been required of it for almost a year.

Recently the Pennsylvania State Police has agreed to pay attorney's fees and costs plus interest. Unfortunately, no timeframe for payment has accompanied the agreement to pay. The Pennsylvania State Police has been successfully and unnecessarily deprived Ms. Wilhelm of the compensation awarded her almost one year ago. The Pennsylvania State Police has no interest in ending its protracted scheme designed to further torment her. The Pennsylvania State Police's deliberate dilatory tactics reflect nothing short of contempt for the judicial process and for this Court. Fourteen days is more than enough time to make all payments, after almost one year intentional delay.

IV. **<u>CONCLUSION</u>**

For all of the reasons set forth above, Ms. Wilhelm respectfully urges this Honorable Court to grant her motion to compel payment of all damages, fees and costs plus interest within fourteen days.

Respectfully Submitted,

/s Nathan C. Pringle, Jr.
NATHAN C. PRINGLE, JR.
Attorney I. D. Number PA 30142
3601 North Progress Avenue
Suite 200
Harrisburg, PA 17110
Phone: (717) 909-8520
Fax:  (717) 909-8550

February 14, 2004          Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

     I, Nathan C. Pringle, Jr., hereby certify that on February 14, 2004, I caused to be filed electronically the foregoing document, Memorandum in Support of Plaintiff's Motion to Compel of Payment of Damages, Attorney's Fees and Costs with Interest.

                                            /s Nathan C. Pringle, Jr.