## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA A. WILHELM,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 1:CV-01-1057** |
| | : | |
| **COMMONWEALTH OF** | : | **(JUDGE RAMBO)** |
| **PENNSYLVANIA and the** | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| **Defendants** | : | **Electronically Filed** |

## DEFENDANT'S MEMORANDUM IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR RECONSIDERATION

## STATEMENT OF THE CASE

### A.    PROCEDURAL HISTORY

This action alleges sex discrimination and retaliation in employment in violation of several state and federal statutes including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.  Plaintiff is Barbara Wilhelm.  Defendants are the Commonwealth of Pennsylvania, Pennsylvania State Police, former Commissioner Paul J. Evanko, former Deputy Commissioner Thomas K. Coury and Captain Michael D. Simmers.

Summary judgment was granted in favor of the individual defendants on all of plaintiff's claims (Order of June 28, 2002).  In addition, summary judgment was

granted in favor the Commonwealth and the State Police on all claims except for the Title VII retaliatory discharge claim (*Id*).

Following trial on the retaliation claim, the jury returned a verdict in favor of the plaintiff and awarded her $250,000 in compensatory damages (Verdict, Docket Document #73). This Court then scheduled a hearing on whether to award plaintiff equitable relief in the form of front pay or reinstatement (Order of October 22, 2002).

Following some delay, the hearing on equitable relief was held on January 31, 2003 (Docket Document #116). At the hearing, the Commonwealth took the position that it was prepared to reinstate Ms. Wilhelm to a position comparable to the one from which she was discharged (Memorandum of February 5, 2003, p. 2). On the other hand, Ms. Wilhelm argued that she distrusted the Commonwealth and could not return to work for a Commonwealth agency (*Id*). She urged the Court instead to award her $944,336 in front pay (*Id.*).

On February 5, 2003, this Court ordered the Commonwealth to hire Ms. Wilhelm as a Deputy Press Secretary with the Department of Corrections from March 3, 2003 through September 3, 2003 (Order of February 5, 2003). After September 3, the Commonwealth was ordered, if necessary, to place Wilhelm in a permanent position with any Commonwealth agency located in Dauphin or Cumberland

Counties (*Id.*).  The Order required the permanent position to be commensurate in responsibilities with her former position with the State Police and ordered the Commonwealth to pay her at a pay rate that she would have been earning had she not been dismissed (*Id.*).  Finally this Court awarded front pay in the amount of $27,148.05 to cover the period from the date of the jury verdict to the date of Ms. Wilhelm's reinstatement (*Id.*).

In the same order, the Court directed the clerk to delay entering final judgment until further order of the Court (*Id.*).

Ms. Wilhelm did not seek reconsideration of the Court's order within the 10 days permitted by Local Rule 7.10.  During a conference call with the Court on February 12, 2003, Wilhelm's counsel did question the Court's failure to award her retroactive retirement credit as part of her equitable relief (*See* Order of February 12, 2003).  Counsel also discussed the schedule for moving for attorneys' fees and for interest on the award of compensatory damages (*Id.*).  No other issues were raised, however (*Id.*).

Pursuant to 28 U.S.C. §1961, the Court awarded Wilhelm interest on her compensatory damages and on her front pay on April 9, 2003 (April 9, 2003). Subsequently, the Court directed the clerk to enter judgment based on the unopposed motion of the State Police (Order of May 8, 2003).  On the same date, the Clerk

entered judgment in favor of defendants on the claims disposed of on summary judgment and entered a separate judgment in favor of plaintiff on the claims disposed of at trial and by the Court's February 5 order on equitable relief (Documents #139 and #140).

Both judgments were entered before the Court ruled upon Wilhelm's motion for attorneys' fees and costs. On August 15, 2003, the Court awarded plaintiff attorneys' fees and costs and directed the clerk to close the file (Order of August 15, 2003).

In the meantime, Wilhelm did not file a Rule 59 seeking a new trial on equitable relief or seeking to alter or amend the judgment (Docket). Instead, Wilhelm appealed the final judgment and the Order of February 5, 2003 (Notice of Appeal, June 6, 2003). That appeal is pending before the Court of Appeals.[1]

Despite her pending appeal, Wilhelm has now moved this Court to reconsider its order of February 5, 2003. Defendants submit this brief in opposition to her motion.

---

[1]On February 13, 2004, the Court of Appeals denied Wilhelm's motion to stay the appeal pending disposition of her motion for reconsideration before this Court. A copy of the order is being submitted in support of this brief.

-4-

**B.    RELEVANT FACTS**

At the hearing on equitable relief, the Commonwealth presented the testimony of Jeffrey B. Miller, then the Acting Commissioner of the State Police (N.T. 124)[2].  Miller testified that he had been named as Acting Commissioner approximately 10 days before the hearing by the Commonwealth's new Governor, Edward Rendell (N.T. 124, 125).

On direct examination, Miller testified that the Commonwealth was prepared to reinstate plaintiff to Commonwealth employment (N.T. 126).  He explained that the Commonwealth was willing to offer Ms. Wilhelm a position as a Deputy Press Secretary with the Department of Corrections for six months (N.T. 129). The State Police would underwrite the cost of her salary and benefits but would have "no role whatsoever in the supervision, direction or in any other capacity manage the day-to-day employment operations of Ms. Wilhelm." (N.T. 129).  Miller further explained that if at the end of six months Ms. Wilhelm could not continue in that position for any reason, the Commonwealth would place her in a comparable position immediately (N.T. 130).

_____

[2]"N.T." refers to the notes of testimony from the January 31, 2003 hearing on equitable relief.  Pertinent excepts from that transcript are being submitted in support of this brief.

In support of its position the Commonwealth offered in evidence the job description for the Deputy Press Secretary's position at the Department of Corrections (N.T. 130, 207, 208). Counsel first attempted to use the job description during Ms. Wilhelm's cross-examination (N.T. 72). At that time, counsel for Ms. Wilhelm advised the Court that he had not seen the document before (N.T. 72). A discussion between counsel on the record indicated that the Commonwealth's counsel had faxed the document to Wilhelm's counsel in the afternoon of the day before the hearing, following a telephone conversation between counsel regarding exhibits (N.T. 72-73)[3]. The Court did not permit counsel to question Ms. Wilhelm about the document (N.T. 73).

The Commonwealth again presented the job description during Acting Commissioner Miller's testimony (N.T. 130). Counsel for Wilhelm noted that he did not have the document (N.T. 130). The following ensued:

_____

[3]Miller's testimony on cross-examination, casts some light on why the description was not produced until the day before the hearing. He explained that attempts had been made to find Ms. Wilhelm a position before the Commonwealth's administration changed (N.T. 141). Those attempts were unsuccessful. (N.T. 141). Miller further explained that after the new administration took over the State Police approached the new administration and offered to underwrite Ms. Wilhelm's salary and benefits for six months an incentive for another with an appropriate position to hire Ms. Wilhelm (N.T. 141-143). The Rendell administration assumed office on January 21, 2003, just 10 days before the hearing on equitable relief (Judicial Notice).

-6-

MS. FORNEY: It is among your documents.

MR. PRINGLE: It is. I am sorry. I apologize.

(N.T. 130).

Counsel proceeded to question Miller about the job description (N.T. 132-133). Although Wilhelm objected to Miller's testimony on the basis that he was not an expert and that he lacked personal knowledge of the job (N.T. 131), she did not object that the description had not been produced in a timely fashion (N.T. 130-133). Nor, did she ask the Court to exclude the evidence or continue the hearing so that she could investigate the position (N.T. 130-133, 207-208).

At the conclusion of the Commonwealth's case, counsel moved the admission of the job description, which was identified as Defendant's Exhibit 94 (N.T. 130, 207-208). It was admitted without objection (N.T. 208).

## QUESTIONS PRESENTED

1.  **Whether this Court Is Without Jurisdiction over this Matter in Light of the Pending Appeal?**

2.  **Whether Plaintiff's Motion Is Untimely under Rule 59(a) and (e) and under Rule 60(b)?**

# ARGUMENT

## I.   THIS COURT LACKS JURISDICTION TO GRANT THE RELIEF SOUGHT.

Wilhelm's appeal of the February 5, 2003 order is pending before the Court of Appeals (Notice of Appeal, June 6, 2003). That court has not ruled on the appeal nor has it remanded the matter to this Court. Indeed the Court of Appeals specifically refused to stay the appeal pending disposition of Wilhelm's motion for reconsideration (Order of February 13, 2004). The Court of Appeals and not this Court has jurisdiction over the matter.

When Wilhelm filed her notice of appeal on June 6, 2003, the Court of Appeals assumed jurisdiction over this matter. 28 U.S.C. §1291. Until that Court relinquishes jurisdiction, this Court is without authority to consider Wilhelm's motion. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (*per curiam).* As the *Griggs* court explained:

> The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.

*Id.; accord Sheet Metal Workers Inter. Assoc. Local 19 v. Herre Bros., Inc.,* 198 F.3d 391, 394 (3d Cir. 1999).

-8-

The purpose of the rule is evident. The Seventh Circuit explained its practical underpinnings as follows:

> Someone must be in charge of a case; simultaneous proceedings in multiple forums create confusion and duplication of effort; the notice of appeal and mandate after its resolution avoid these by allocating control between forums.

*Apostol v. Gallion,* 870 F.2d 1335, 1337 (7th Cir. 1989).

Here, the Court of Appeals is in charge of this case until it relinquishes its jurisdiction. Accordingly, Wilhelm's motion for reconsideration must be denied.

## II.    PLAINTIFF'S MOTION IS UNTIMELY UNDER BOTH RULE 59 AND RULE 60.

The Federal Rules of Civil Procedure provide two means for seeking relief from a judgment. Under Rule 59, a party may move for a new trial, Rule 59(a); or a party may move to alter or amend the judgment, Rule 59(e). Rule 59 motions must be filed no later than 10 days after entry of judgment. Fed. R. Civ. P. 59(b).

Rule 60 permits parties to seek relief from a judgment on a variety of grounds. Unlike Rule 59, however, the rule does not permit the Court to afford the movant affirmative relief. *U.S. v. $119,980,* 680 F.2d 106, 107 (11th Cir. 1982); *see also Aduduono v. World Hockey Ass'n,* 824 F.2d 617, 620 (8th Cir. 1987). It simply authorizes the Court to relieve it of the obligations of the judgment. As the Eleventh

Circuit recognized, to hold otherwise would circumvent Rule 59 and its strict filing deadline. *U.S. v. $119,980,* 680 F.2d at 107.[4]

A Rule 60 motion based on anything but clerical errors, must be filed in a reasonable time. Fed. R. Civ. P. 60(b). Where mistake, newly discovered evidence or fraud are alleged the motion must be filed in a reasonable time but in no event later than a year after "the judgment, order or proceeding was entered." *Id.* The reasonableness of the time of filing is dependent of the facts of each case. *Nucor Corp. v. Nebraska Public Power District,* 999 F.2d 372, 374-375 (8th Cir. 1993). The failure of a party to raise an issue after several opportunities to do so, however, militates against finding a delay in filing "reasonable." *Id.*

Wilhelm does not identify her motion as brought under either Rule 59 or Rule 60. Regardless of how it is treated by the Court, it is untimely.

Rule 59 motions must be filed within 10 days of the entry of judgment. Judgment was entered in this case on May 8, 2003 (Docket, Documents #139, #140). The motion for reconsideration was not filed until January 27, 2004, approximately eight months later. If Wilhelm's motion is construed as a Rule 59 motion it is clearly untimely.

---

[4]For these reasons, we do not concede that Wilhelm's motion is a proper Rule 60 motion.

Wilhelm attempts to avoid this result with a confused argument that seems to contend that final judgment was never entered in this case. Her argument misunderstands the concept of final judgment.

Fed. R. Civ. P. 54(a) defines "judgment" as a"decree and any other order from which an appeal lies." Pursuant to 28 U.S.C. §1291, courts of appeals have jurisdiction over "all final decisions of the district courts."[5] Final decisions are those which "leave nothing for the district court to do." *Cooper v. Salomon Bros., Inc.,* 1 F.3d 82, 84-85 (2d Cir. 1993), *cert. denied,* 510 U.S. 1063 (1994). A final decision disposes of all claims against all parties. *See* Fed. R. Civ. P. 54(b); *Eisenberg v. Gagnon,* 766 F.2d 770, 774, n.1 (3d Cir. 1985) ( a plaintiff cannot appeal a judgment in favor of some but not all defendants); *Aitya v. Salt Lake County,* 988 F.2d 1013, 1016 (10th Cir. 1993) ( in the absence of an order to the contrary, a decision disposing of some but not all claims is not appealable until all claims have been decided).

In this case, all claims against all parties were decided as of April 9 2003 when the court awarded post- judgment interest on the jury verdict and on the award

---

[5]The courts of appeals also have jurisdiction over certain interlocutory orders which are not relevant here. *See* 28 U.S.C. §1292.

of front pay. The court then directed the entry of judgment, which occurred on May 8, 2003.[6] At that point all claims against all parties had been decided.

The equitable relief awarded by the order of February 5, 2003 merged into the final judgment and was properly appealable at that time. *See Aaro, Inc. v. Daewoo Int'l. (Am.)Corp.,* 755 F.2d. 1398, 1400.[7] Thus, any Rule 59 motion was due no later than May 22, 2003. Wilhelm's motion for reconsideration, filed January 27, 2004, is clearly untimely.

Wilhelm's motion fares no better under Rule 60.[8] The rule requires filing in a reasonable time, but with regard to certain grounds, in no event later than a year from the entry of judgment. Fed. R. Civ. P. 60(b). Under the facts of this case, Wilhelm's eight month delay in filing her motion is not reasonable.

---

[6]Rule 58(c) makes it clear that entry of judgment need not be delayed to permit an award of attorneys fees or taxation of costs. In this case fees and costs were not awarded until August 15, 2003 (Order of August 15, 2003).

[7]Even if the court concludes that for some reason, the judgment did not include the equitable relief. Wilhelm's motion is still untimely. Under Rule 58, if an order is entered in the civil docket, judgment is considered entered 150 days later, even if the order was not entered as a separate document. Fed. R. Civ. P. 58(b)(2)(B). One hundred fifty days after February 5, 2003 is July 5, 2003. Under this reasoning, Wilhelm's Rule 59 motion was due July 15, 2003 and is therefore still untimely.

[8]We do not concede that the motion is a proper Rule 60 motion because it seeks affirmative remedies beyond relief from the judgment. *See U.S. v. $119,980,* 680 F.2d at 107; *Aduduono v. World Hockey Ass'n,* 824 F.2d at 620.

As Wilhelm's brief makes clear, at the time of the equitable relief hearing her counsel was aware that he had not seen the Deputy Press Secretary's job description (*See* Pl. Br. p.5). At that point he could have moved to exclude the evidence on that basis or he could have asked the Court to continue the hearing so that he could investigate the position. He did neither.

After the hearing concluded, plaintiff contends her counsel discovered that the description had been faxed to his office after normal business hours on the day before the hearing.[9] Nonetheless, she did not bring the matter to the Court's attention even though she had multiple opportunities to do so. She could have asked the Court to reopen the record the day after the hearing. She could have moved the Court to reconsider its order of February 5, 2003 and raised the issue regarding the exhibit then. *See* Local Rule 7.10 (motions for reconsideration shall be filed 10 days after the entry of the order concerned). She could also have raised the issue by a timely Rule 59 motion after the Court entered final judgment three months later. She did none of these things. As a result her current motion for reconsideration was not filed within a reasonable time and must be denied. *See Three Boys Music Corp. v.*

---

[9]Counsel for defendants does not believe that the exhibit was faxed after normal business hours. The exhibit was faxed by her secretary and at the time her secretary's work hours were 8:30 a.m. to 5:00 p.m. Counsel does agree that the exhibit was faxed the afternoon of the day before the hearing, as was pointed out at the hearing (N.T. 72-73).

*Bolton,* 212 F.3d 477, 481, 488-489 (9th Cir. 2000), *cert. denied,* __ U.S. __ (2001) (Rule 60(b) motion based on discovery of new evidence deemed untimely even though it was filed less than a month after judgment was entered where the party knew about the evidence before the deadline for Rule 59 motions expired); *Nucor Corp.,* 999 F.3d at 374-375 (repeated failure to raise an issue despite prior opportunities to do so militates against finding delay in filing "reasonable").

### CONCLUSION

For all of the preceding reasons, Wilhelm's motion for reconsideration should be denied.

Respectfully submitted,

**GERALD J. PAPPERT**
**Attorney General**


BY:    /s/ Susan J. Forney
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED: February 17, 2004**

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on February 17, 2004, I caused to be electronically filed the foregoing document entitled **Defendants' Memorandum in Opposition to Plaintiff's Motion for Reconsideration,** by serving same upon the following:

**Nathan C. Pringle, Jr., Esquire**
**3601 North Progress Avenue, Suite 200**
**Harrisburg, PA  17110**
*service via electronic mail*


_____/s/ Susan J. Forney_____
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**