IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| COMMONWEALTH OF PA.; | : | (JUDGE RAMBO) |
| PENNSYLVANIA STATE POLICE; | : | |
| COLONEL PAUL J. EVANKO, | : | |
| COMMISSIONER; LIEUTENANT | : | Electronically Filed |
| COLONEL THOMAS K. COURY; and | : | |
| CAPTAIN MICHAEL. D. SIMMERS, | : | |
| Defendants | | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR RECONSIDERATION
OF THE ORDER OF FEBRUARY 5, 2003**

**ARGUMENT**

A.   JUSTICE REQUIRES THAT THIS COURT REVIEW THE DEFENDANTS' ACTS OF BAD FAITH

On May 8, 2003 this Court directed the District Clerk to: (1) enter judgment in favor of Defendants and against Plaintiff on Counts I, II, III, IV and VI of the complaint; enter Judgment in favor of Plaintiff and against Defendants on Count V in the amount of $280,020.17, plus $12.62 in interest per day until the judgment is satisfied in full; and (3) keep the case

file open until the court has disposed of the currently pending petition for attorney's fees . By way of a separate document, the Clerk entered: Judgment in favor of the Plaintiff and against the Defendants on count V pursuant to jury verdict of 9/11/02. The Clerk also entered: Judgment in favor of defendants against plaintiff on counts I, II, III, IV and VI of the complaint.

The Clerk did not enter judgment on the equitable relief order of February 5, 2003, because this Court directed the Clerk to defer entry of that judgment until directed. On August 15, 2003, this court issued a memorandum and order awarding attorney's fees and costs. The Clerk was directed to enter the order for attorney's fees and costs. The Clerk was also ordered to close the case. Pursuant to this Court's direction to defer entry of the equitable relief order, and in the absence of a subsequent directive to enter the order for equitable relief, no order for equitable relief was entered. In fact, in the absence of a directive, no order closing the case was entered.

      Plaintiff awaited the Clerk's entry of those orders so that she could determine whether to pursue a motion for reconsideration or file a notice of appeal. Had the judgment been entered her choice would have been well-defined. As the deadline for filing a notice of appeal approached in the absence of the Clerk entering the judgment by separate document, the

Plaintiff was forced to elect the safest interpretation of the civil and appellate rules and file a notice of appeal to preserve her right to appeal.[1] As is evidenced by the defendants' brief in opposition, the defendants probably would have challenged as untimely a notice of appeal as well as her motion for reconsideration had she waited until the expiration of the 150 day period for a definitive entry of the judgment.

The problem was, and remains, that this Court never had an opportunity to review the bad faith actions committed by the defendants during the equitable relief trial. So while this matter has been presented to the appellate court, its acceptance of this issue is not certain. The defendants have filed vigorously opposed the appellate court's review of defendants bad faith actions. The inability to resolve that motion quickly, further complicated matters because the 150 day deadline for filing a motion for reconsideration before this court approached. As a result the instant motion was filed.

Denying Plaintiff's motion for reconsideration will result in manifest injustice. "[A] trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result. *Swietlowich v. County of Bucks*,

---

[1] Had the plaintiff filed a request for reconsideration prematurely and asserted the motioned tolled the application of Fed. App. R. 4 (a), she risked the expiration of the time limits for appeal.

3

610 f.2d 1157, 1164 (3d Cir. 1979). The Supreme Court has also suggested that a court's ability to reconsider a prior ruling is related to a need to eliminate an unjust result. In *Arizona v. California*, the Court stated: Under the law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work manifest injustice. 460 U.S. at 619 n.8. Similarly, in *Al Tech Specialty Steel Corp.*, we listed three 'exceptional circumstances,' including preventing an unjust result, that may justify a court's reconsideration of a prior ruling: It is appropriate for an appellate court to reconsider a decision made in an earlier appeal in exceptional circumstances, such as where there has been an intervening change in the law, where new evidence has become available, or where reconsideration is necessary to prevent clear error or a manifest injustice. 104 F.3d 601 at 605." In this case justice would not be served if this Court did not have an opportunity to reconsider its decision in light of the new evidence of bad faith, and misleading evidence presented by the defendants at the equity trial.

      While Plaintiff contends that the appellate Court should accept and remand this issue to this Court. In the event that the appellate Court does not accept this issue, or does not remand the issue, this Court could, and should,

4

delay its decision to reconsider this matter until the appellate Court rules. In the event the issue of the defendants' bad faith actions is dismissed by the appellate court, this Court would then be free to take jurisdiction over this matter because the instant motion was timely filed.

B.   THE MOTION WAS TIMELY FILED

The parties disagree on the day the February 5, 2003 order for reinstatement was entered. The issue is whether the 150 day entry period set forth in Fed. R. Civ. P. 58 (b) (2)(B) starts on February 5, 2003, as the defendants' contend, or August 15, 2003, as the plaintiff contends.

Given this Court's specific and express direction to the Clerk to defer entry of the February 5, 2003 order for reinstatement, the order could not have been entered until directed by this Court or until the Court closed the case. In other words, the order of this Court deferring entry of judgment of the February 5, 2003 order tolled the operation of Fed. R. Civ. P. 58 (b) (2)(B) because the order was not final. In *Steel Metal Workers International Association Local 19 v. Herre Bros., Inc.*, 201 F.3d 231 (3rd Cir. 1999), our Third Circuit held that an order is not a final judgment where it does not dispose of all the damages issues and defers entry of judgment until a later undetermined time. 201 F.3d at 237. When this Court did not direct the

Clerk to enter the judgment upon closing the case, having resolved all other damages issues, the judgment became final and the provisions of Fed. R. Civ. P. 58 (b) (2)(B) went into effect on the date the case was closed, August 15, 2003. As such, the instant motion is timely.

C.   CONCLUSION

For all the reasons set forth above, the Plaintiff's motion for reconsideration should be granted.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | /s Nathan C. Pringle, Jr.<br>NATHAN C. PRINGLE, JR.<br>Attorney I. D. Number PA30142<br>3601 North Progress Avenue<br>Suite 200<br>Harrisburg, PA 17110<br>Phone: (717) 909-8520<br>Fax:   (717) 909-8550 |
| February 29, 2004 | Attorney for Plaintiff |

CERTIFICATE OF SERVICE

I, Nathan C. Pringle, Jr., hereby certify that on February 29, 2004, I caused to be filed electronically the foregoing document, Plaintiff's Reply Memorandum in Support of Motion for Reconsideration of the Order of February 5, 2003.

/s Nathan C. Pringle, Jr.