IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. WILHELM,<br>　　　　Plaintiff | : <br> : <br> : |
| v. | : 　NO. 1:CV-01-1057 |
| | : |
| COMMONWEALTH OF PA.;<br>PENNSYLVANIA STATE POLICE;<br>COLONEL PAUL J. EVANKO,<br>COMMISSIONER; LIEUTENANT<br>COLONEL THOMAS K. COURY; and<br>CAPTAIN MICHAEL. D. SIMMERS,<br>　　　　Defendants | : 　(JUDGE RAMBO)<br>:<br>:<br>:<br>:<br>:<br>: 　Electronically Filed |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PAYMENT OF DAMAGES,
ATTORNEYS' FEES AND COSTS PLUS INTEREST**

**STATEMENT OF THE CASE**

**A.   Procedural History**

This is an employment action alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* and other federal and state statutes. Plaintiff is Barbara A. Wilhelm. The remaining defendants are the Commonwealth of Pennsylvania and the Pennsylvania State Police.

Plaintiff's Title VII retaliation claim survived summary judgment and proceeded to trial. On September 11, 2002, the jury returned a verdict in favor of

plaintiff and awarded her $250,000 in damages (Document 73).[1]  Following a hearing, the Court awarded plaintiff an additional $27,148.05 in front pay and directed that she be reinstated to Commonwealth employment effective March 3, 2003(Order of February 5, 2003).  On April 9, 2003, the Court awarded plaintiff post-judgment interest on both the damage and front pay awards (Document 130).

Judgment in favor of plaintiff was entered on May 8, 2003 in the amount of $280,020.17 plus $12.62 per day until the judgment is satisfied in full (Document 138).  Neither the judgment nor any of the prior orders directed payment by a certain date.

On June 6, 2003 plaintiff filed a notice of appeal from the judgment and the Court's order of February 5, 2003 (Document 145).  Subsequently, the Court granted plaintiff's motion for attorneys' fees and costs and awarded her $190,232 in attorneys' fees and $27,907.03 in costs (Order of August 15, 2003, Document 161).

On February 14, 2004, plaintiff filed a motion to compel payment of the judgment, the attorneys fees and costs plus interest.  Defendants submit this memorandum in opposition to that motion.

---

[1]Document numbers refer to the documents as docketed with the Court.

**B.    Relevant Facts**

The Court of Appeals did not immediately issue a briefing schedule on plaintiff's appeal but instead assigned the case to mediation (Notice of Assignment for Telephone Mediation).[2] The mediation occurred on September 30, 2003.

During the mediation defendants offered to take the steps necessary to provide plaintiff with retirement credit and accrued leave status for the period between the time she was dismissed and the effective date of her reinstatement on March 3, 2003. In exchange for that defendants proposed that plaintiff bear the Commonwealth's out-of-pocket cost[3] in providing her with those benefits, reduce her compensatory damage award and end the litigation.

In response plaintiff demanded that the Commonwealth provide her with retirement credit and accrued leave from the time she was dismissed until the time she was reinstated and pay her an additional $380,000. In exchange, she offered to drop her appeal.

---

[2]The Notice of Mediation and other documents cited which are not already of record in this case are being separately submitted in support of this memorandum.

[3]In order to provide plaintiff with retirement credit and accrued leave, the Commonwealth would have to retroactively restore plaintiff's employment status for the period involved. She would have to be paid a salary, payroll taxes would have to be withheld and benefit contributions made. These are the costs defendants proposed that plaintiff bear.

The mediation concluded without resolving the case. The Court of Appeals issued a briefing schedule which the parties followed. The appeal is still pending before the Court.

The Commonwealth did not pay the judgment or the award of attorneys fees and costs pending the mediation. Following the mediation, the Commonwealth decided to proceed to pay the fees and costs but to refrain from paying the judgment until the appeal was resolved.

The Commonwealth decided not to pay the judgment pending appeal because it appears that the primary obstacle to settling the case is the very different value the parties place on the appeal. The Commonwealth believes that the disposition of the appeal will affect the parties settlement positions, and settlement might be feasible after the appeal is decided. The Commonwealth communicated its position to plaintiff through her counsel (*See* letter to Nathan C. Pringle, February 10, 2003).

Because of an internal misunderstanding, the attorneys' fees and costs were not paid after the mediation concluded. The Commonwealth has acted to correct that situation[4] (Letter to Nathan C. Pringle, February 10, 2004). The Commonwealth

---

[4]An additional short delay occurred because of some confusion regarding how the checks were to be prepared. Counsel for the Commonwealth understood the checks were to be issued in the name of plaintiff's counsel (*See* letter to

expects the Treasury to issue the checks for costs and attorneys fees during the week of March 1, 2004 (*See* e-mail to Susan J. Forney, February 27, 2004).

## ARGUMENT

### I. BECAUSE DEFENDANTS ARE PAYING PLAINTIFF'S ATTORNEYS FEES AND COSTS, THERE IS NO NEED FOR AN ORDER COMPELLING PAYMENT.

Defendants have taken steps to pay plaintiff's attorneys fees and costs. Based on information provided by the comptroller, they anticipate payment will be made during the week of March 1 (*see* e-mail to Susan J. Forney, February 27, 2004). Thus, there is no need for the Court to order that payment be made.

Plaintiff is also seeking interest on the award of fees and costs. Defendants agree that plaintiff is entitled to interest under 28 U.S.C. §1961 (letter to Nathan C. Pringle, February 10, 2004). According to §1961:

> Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors for the Federal System, for the calendar week preceding the date of the judgment.

---

Nathan C. Pringle, February 10, 2003). When the comptroller refused to process the checks, counsel sought further clarification (*See* e-mails exchanged between Susan J. Forney and Nathan C. Pringle, February 19, 2004). Clarification was provided and the checks were processed (*See* e-mails exchanged between Susan J. Forney and Nathan C. Pringle, February 19, 2004; e-mail to Susan J. Forney, February 27, 2004).

The order awarding attorneys' fees and costs was entered on August 15, 2003 (Document 161). The weekly average 1-year constant maturity Treasury yield for the calendar week preceding the entry of the order is 1.26%, as published by the Board of Governors for the Federal Reserve System. Thus, the appropriate interest rate on the award of costs and attorneys' fees is 1.26%.

Accordingly, the Court should enter an order confirming that interest on the award of costs and attorneys fees is 1.26% and directing defendants to pay interest on the award.

## II. THE COURT SHOULD DIRECT DEFENDANTS TO PAY THE JUDGMENT NO LATER THAN 45 DAYS AFTER THE COURT OF APPEALS FINALLY DISPOSES OF THE APPEAL.

This Court entered judgment against defendants for $280.020.17 with interest of $12.62 per day until the judgment is paid in full. The judgment does not require defendants to pay by a date certain.

Defendants have refrained from paying the judgment until the Court of Appeals disposes of plaintiff's appeal because it appears to them that disposition of the appeal will substantially affect the parties' settlement positions. Defendants fully intend to pay the judgment plus interest after the appeal has been decided and the parties determine that settlement is not feasible.

Defendants believe that requiring payment 45 days after the Court of Appeals disposes of plaintiff's appeal is reasonable. It will allow the parties sufficient time to decide whether settlement is feasible and it will permit defendants sufficient time to process the payment through the Commonwealth's self-insurance fund, the comptroller's office and the Treasury. Moreover, plaintiff will not be harmed by the delay in payment because interest continues to run on the judgment until it is paid in full.

## CONCLUSION

For all of the preceding reasons, the Court should deny plaintiff's motion to compel payment of the judgment, attorneys' fees and costs. Instead, the Court should issue an order awarding interest on the award of attorneys' fees at costs at a rate of 1.26%. In addition, should the Court wish to do so, it should order defendants to pay the judgment no later than 45 days after the Court of Appeals finally disposes of plaintiff's appeal.

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Attorney General**

       BY:  /s/ Susan J. Forney
           SUSAN J. FORNEY
           Chief Deputy Attorney General
           I.D. No. 27744

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9831- Direct**
**(717) 772-4526 - Fax**

**DATED: March 1, 2004**

-8-

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on March 1, 2004, I caused to be electronically filed the foregoing document entitled **Memorandum in Opposition to Plaintiff's Motion to Compel Payment of Damages, Attorneys' Fees and Costs Plus Interest,** by serving same upon the following:

**Nathan C. Pringle, Jr., Esquire**
**3601 North Progress Avenue, Suite 200**
**Harrisburg, PA 17110**
*service via electronic mail*


    /s/ Susan J. Forney
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**