IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA A. WILHELM,          :
      Plaintiff          :
                :
    v.          :          NO. 1:CV-01-1057
                :
COMMONWEALTH OF          :          (JUDGE RAMBO)
PENNSYLVANIA and the          :
PENNSYLVANIA STATE POLICE,          :
      Defendants          :          Electronically Filed


**DOCUMENTS IN SUPPORT OF
DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL PAYMENT OF DAMAGES,
ATTORNEYS' FEES AND COSTS PLUS INTEREST**


Respectfully submitted,

GERALD J. PAPPERT
Attorney General


BY:      /s/ Susan J. Forney
        SUSAN J. FORNEY
        Chief Deputy Attorney General
        I.D. No. 27744


Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-9831- Direct
(717) 772-4526 - Fax

DATED: March 1, 2004

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

RECEIVED
Office of Attorney General

JUL 1 7 2003

Litigation Section

### No. 03-2691

### WILHELM V. COMM. OF PA

### NOTICE OF ASSIGNMENT FOR TELEPHONE MEDIATION

This matter has been assigned for mediation, and Joseph A. Torregrossa, Program Director, will be the Mediator, pursuant to the 3rd Circuit Local Appellate Rule L.A.R. 33.0 amended January 1, 2000.

A telephone mediation session has been scheduled for **10:00 A.M., TUESDAY, SEPTEMBER 30, 2003**. This office shall place the conference call. **IMPORTANT**: The attorney in charge of the appeal for each of the parties AND THE PARTIES THEMSELVES, are required to participate and must be prepared to discuss settlement. In the case of corporate entities, the corporate official with settlement authority is required to participate, and where an insurance company is involved, a representative of the insurance company must also participate. Counsel and the parties should be prepared to spend at least 2 to 3 hours for this mediation.

The Rule also states that **POSITION PAPERS ARE DUE 15 DAYS FROM DATE OF NOTICE**; therefore, counsel are directed to forward confidential position papers not longer than 10 pages directly to the Mediator at the address referred to above. **POSITION PAPERS ARE DUE IN THIS OFFICE ON OR BEFORE JULY 30, 2003**. Position Papers can be either mailed, hand delivered or faxed (**if faxed, DO NOT send a hard copy**). Enclosed for your information are instructions regarding confidential position papers. If you have questions regarding the position papers or the mediation session, please contact the Program Administrator, Carol Giordano, at (267) 299-4131, or visit our web site at www.ca3.uscourts.gov and click on "Mediation."

For the Court,

Joseph A. Torregrossa

Joseph A. Torregrossa
Program Director
U. S. Courthouse
601 Market Street
Philadelphia, PA 19106-1720
Phone: (267) 299-4130
Fax: (267) 299-4134

Dated:  July 15, 2003

cc     Susan J. Forney, Esquire
       Nathan C. Pringle, Jr., Esquire



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
February 10, 2004

Gerald J. Pappert
Attorney General

**Litigation Section**
**15th Fl., Strawberry Square**
**Harrisburg, PA 17120**
**DIRECT: 717-787-9831**
**FAX: 717-772-4526**

Nathan C. Pringle, Esquire
3601 North Progress Ave.
Suite 200
Harrisburg, PA 17110

RE:  *Wilhelm v. Commonwealth, et al.,*
     C.A. No. 1:CV-01-1057 (M.D.Pa.)

Dear Nate:

I am writing in response to our telephone conversation concerning payment of the judgment and attorneys fees in this matter. As I explained in my e-mails and over the telephone, the failure to pay the attorneys' fees and costs was due to an internal miscommunication which has now been resolved. We are moving ahead to pay those fees. You requested two separate checks, one for the fees and one for the costs. Both are to be made out to you. We will prepare the checks as you requested.

In our conversation, you told me that you believe you are entitled to interest on the award. Having reviewed the case you cited to me and done some additional research, I agree. Pursuant to 28 U.S.C. § 1961, I believe that 1.26% is the appropriate rate. I also believe that interest runs daily from August 15, 2003, the date the Court issued the award, until payment of the award.

Please let me know if you agree with the rate and the period for which it is due.

Assuming we reach an agreement on the rate and the period, I propose that we proceed to pay the principal and then prepare separate checks for the interest. That will make the interest calculation more straight forward and it will prevent further delay in paying the principal.

Letter to Nathan C. Pringle, Esquire
February 10, 2004

PAGE TWO

We also talked to some extent about payment of the judgment. I reiterated that we were delaying payment until after the appeal is disposed of because we believe that the result on appeal will affect the parties' settlement positions. We understand that interest is running on the award. We will pay the judgment plus interest after the appeal is decided and the parties have determined settlement is not feasible.

My clients continue to believe that the retroactive restoration of your client's employment status with the concomitant restoration of her leave and retirement credits can be the basis for settling this matter. In order to do that my clients want your client to cover their costs in effecting the restoration and they want some reduction of your client's compensatory damages.

As I understand your client's position, she wants the restoration of her employment status, leave and retirement credit plus payment of an additional $380,000. In exchange, she offers to drop her appeal. Obviously, your client places a great deal of value on the appeal. My clients do not. That is why I believe the appeal presents a major obstacle to settling.

You informed me that you will move to compel my clients to pay the judgment. Please understand that if my clients pay the judgment, the chances that they will be willing to restore your clients' employment status, leave and retirement credits as part of a settlement, will be very small and probably non-existent.

Very truly yours,

SUSAN J. FORNEY
Chief Deputy Attorney General

SJF/lls

**Susan J. Forney**

| | |
|---|---|
| **From:** | npringle [npringle@ezonline.com] |
| **Sent:** | Thursday, February 19, 2004 5:52 PM |
| **To:** | Susan J. Forney |
| **Cc:** | npringle |
| **Subject:** | RE: Wilhelm attorneys fees |



RE_ Wilhelm
attorneys fees.TXT..

       Susan,

I will call her immediately.

Nate
-----Original Message-----
From: sforney@attorneygeneral.gov [mailto:sforney@attorneygeneral.gov]
Sent: Thursday, February 19, 2004 9:56 AM
To: npringle@ezonline.com
Cc: joreynolds@state.pa.us; vbucher@state.pa.us
Subject: Wilhelm attorneys fees


Nate,
      The Comptroller has informed the State Police that it will not
process the request for payment of your client's attorneys fees and
costs without additional information.  As you requested, we asked that
the checks be made out to you.  Because the Court's order of August 15,
2003 awards fees and costs to the plaintiff, the Comptroller wants a
letter from your client indicating that you are her attorney and that
she wants the fee award and the costs paid directly to you.  Would you
please have Barbara prepare the requested letter and fax it to Vickie
Bucher at 772-2883?  We are trying to expedite issuance of the checks,
but we need your assistance to do so.
      If you have any questions or concerns please do not hesitate to
call.

       Susan

**Susan J. Forney**

| | |
|---|---|
| **From:** | npringle [npringle@ezonline.com] |
| **Sent:** | Thursday, February 19, 2004 6:59 PM |
| **To:** | Susan J. Forney |
| **Cc:** | npringle |
| **Subject:** | RE: Wilhelm attorneys fees |



RE_ Wilhelm
attorneys fees.TXT..

Susan,

Attorney's fees go to me. Costs go to her. Sorry for the confusion.


Nate

-----Original Message-----
From: sforney@attorneygeneral.gov [mailto:sforney@attorneygeneral.gov]
Sent: Thursday, February 19, 2004 3:14 PM
To: npringle@ezonline.com
Cc: joreynolds@state.pa.us; vbucher@state.pa.us
Subject: Wilhelm attorneys fees

Nate,
        Thank you for acting so quickly.  Barbara faxed a letter to Vickie
asking that the fees be paid to you and the costs to her.  This is a
little different than we had discussed.  I understood that you wanted
both checks made out to you.  I don't care which it is as long as
everyone is on the same page.  Please advise.

                    Susan

**Susan J. Forney**

| | |
|---|---|
| **From:** | vbucher [vbucher@state.pa.us] |
| **Sent:** | Friday, February 27, 2004 11:37 |
| **To:** | Susan J. Forney |
| **Cc:** | vbucher; joreynolds |
| **Subject:** | Wilhelm Payments |

The payments were posted in the Comptroller's Office on 2/23/04, with a scheduled pay
date of March 2, 2004.

Vickie A. Bucher
Administrative Officer
Office of Chief Counsel
Pa. State Police
1800 Elmerton Avenue
Harrisburg, PA  17110
Phone:  717-783-5568
Fax: 717-772-2883
e-mail:  vbucher@state.pa.us

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on March 1, 2004, I caused to be electronically filed the foregoing document entitled **Documents in Support of Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel Payment of Damages, Attorneys' Fees and Costs Plus Interest,** by serving same upon the following:

**Nathan C. Pringle, Jr., Esquire**
**3601 North Progress Avenue, Suite 200**
**Harrisburg, PA 17110**
*service via electronic mail*


_____/s/ Susan J. Forney_____
**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**I.D. No. 27744**