IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. WILHELM, | : | |
|    Plaintiff | : | |
| | : | |
| v. | : | NO. 1:CV-01-1057 |
| | : | |
| COMMONWEALTH OF PA.; | : | (JUDGE RAMBO) |
| PENNSYLVANIA STATE POLICE; | : | |
| COLONEL PAUL J. EVANKO, | : | |
| COMMISSIONER; LIEUTENANT | : | Electronically Filed |
| COLONEL THOMAS K. COURY; and | : | |
| CAPTAIN MICHAEL. D. SIMMERS, | : | |
|    Defendants | | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PAYMENT OF DAMAGES, ATTORNEYS' FEES AND COSTS PLUS INTEREST**

**ARGUMENT**

Since the filing of this motion the Pennsylvania State Police has delivered checks for attorneys fees and costs. Neither check included interest. In the Pennsylvania State Police's brief in opposition to this motion Pennsylvania State Police acknowledge owing interest and argues that the appropriate rate is 1.26%. Ms. Wilhelm does not contest this rate. Ms. Wilhelm simply asks this Court to compel the Pennsylvania State Police to pay within a prescribed period of time.

The only remaining issue is Pennsylvania State Police's refusal to pay the damages awarded by the jury and the front pay awarded by this Court plus interest. The Pennsylvania State Police has had the check since the first week of June 2003, waved it in front Ms. Wilhelm's counsel, but refused to deliver the check in retaliation for Ms. Wilhelm asserting her right to file an appeal. Since that time the Pennsylvania State Police has used the check as leverage to terminate the appeal and recover virtually all of the awarded damages. In fact, the Pennsylvania State Police has held the check for so long that on or about March 3, 2004, the State Treasurer contacted Ms. Wilhelm asking her why she did not cash the check. As a result of the Treasurer's inquiry the check had to be returned by the Pennsylvania State Police because it was not cashed within 180 days of date it was signed by the Treasurer.

The Pennsylvania State Polices' sole argument is that the Ms. Wilhelm will recognize the value of the Pennsylvania State Police's settlement proposal upon disposition of the appeal. In this regard, the Pennsylvania State Police has offered no argument supported by law. Moreover, the disposition of the appeal is irrelevant to the Ms. Wilhelm's entitlement to her award. The Pennsylvania State Police has no right to hold the check as a carrot or a stick in an effort to coerce recovery of monetary

damages owed. Whether Ms. Wilhelm will settle after the disposition of the appeal is her decision, not the Pennsylvania State Police's.

Contrary to the assertion of the Pennsylvania State Police, Ms. Wilhelm has been harmed by the Pennsylvania State Police delay tactic. The purpose of damages, especially compensatory damages, is to compensate the victim for pain and suffering, including psychological suffering. Prolonging payment of Ms. Wilhelm's damages is nothing short of torturous for her. She may have won an award, but the Pennsylvania State Polices have made sure she derives no benefit from it. This tactic to further inflict psychological torture is an egregious act worthy of sanction. Ms. Wilhelm asks that this Court immediately end the continued unchecked vindictiveness and arrogance of the Pennsylvania State Police. Ms. Wilhelm has suffered enough. She should not be denied the benefit of her victory. She simply asks that this Court order immediate payment of all monetary damages plus interest owed her.

## **CONCLUSION**

For all of the reasons set forth above, Ms. Wilhelm respectfully asks this Honorable Court to grant her motion to compel payment of all remaining money owed.

Respectfully Submitted,

/s Nathan C. Pringle, Jr._____
NATHAN C. PRINGLE, JR.
Attorney I. D. Number PA 30142
3601 North Progress Avenue
Suite 200
Harrisburg, PA 17110
Phone: (717) 909-8520
Fax:   (717) 909-8550

March 18, 2004                              Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Nathan C. Pringle, Jr., hereby certify that on March 18, 2004, I caused to be filed electronically the foregoing document, Reply Memorandum in Support of Plaintiff's Motion to Compel of Payment of Damages, Attorney's Fees and Costs with Interest.

/s Nathan C. Pringle, Jr._____