IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA A. WILHELM,** | **CIVIL NO. 1:CV-01-1057** |
| **Plaintiff** | |
| v. | |
| **COMMONWEALTH OF PENNSYLVANIA and THE PENNSYLVANIA STATE POLICE,** | |
| **Defendants** | |

**MEMORANDUM**

Before the court is Plaintiff's Motion for Reconsideration of Order of February 5, 2003. Because the captioned matter is currently on appeal to the Third Circuit, the resolution of Plaintiff's motion depends on whether the court has jurisdiction. For the reasons set forth below, the court concludes it lacks jurisdiction to hear Plaintiff's arguments regarding reconsideration; therefore, the court will deny Plaintiff's motion.

**I.        Factual and Procedural Background**

The background of the captioned matter is well-known to the parties, and the court will not reiterate it at length. The relevant facts regarding Plaintiff's motion for reconsideration are as follows. Plaintiff filed the instant action on June 14, 2001 alleging, among other things, violations of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. On June 28, 2002, the court granted summary judgment in favor of three of the original defendants, Paul J. Evanko, Thomas K. Coury, and Michael D. Simmers. The court also granted summary

judgment in favor of Defendants Commonwealth of Pennsylvania ("the Commonwealth") and the Pennsylvania State Police ("the Police") on all of Plaintiff's claims except a Title VII retaliatory discharge claim. The parties took the retaliation claim to trial, and a jury returned a verdict for Plaintiff, awarding her $250,000 in compensatory damages.

Following the trial, the court held a hearing on Plaintiff's request for equitable relief. At the hearing, Plaintiff argued that she did not want to return to work for the Commonwealth and urged the court to award her front pay of $944,336. Defendants, on the other hand, informed the court that the Commonwealth could reinstate Plaintiff to a comparable position in a different government agency at the same salary and benefits. In support of its proposal, Jeffrey Miller, then Acting Commissioner of the Police, testified on behalf of Defendants and explained the details of the comparable position. Additionally, Defendants presented Exhibit 94, which also described the comparable position. When Defendants introduced Exhibit 94 at the hearing, Plaintiff's counsel objected to its admission on the ground that he had not previously received a copy.

On February 5, 2003, the court issued an order reinstating Plaintiff to the comparable position and awarding her front pay of $27,148.05 for the period from the date of the jury's verdict to the date the court ordered Defendants to re-employ Plaintiff. In paragraph five of the order, the court permitted Plaintiff to file a petition for attorney's fees within a certain time frame. In that same paragraph, the court ordered the Clerk of Court to defer entry of judgment until further order of the court.

In a May 8, 2003 order, the court, in response to Defendants' unopposed motion for entry of judgment, directed the Clerk of Court to enter

judgment "[i]n accordance with the court's orders of June 28, 2002, *February 5, 2003*, and April 9, 2003, in addition to the jury's verdict rendered on September 11, 2002." (Doc. 138.) The court also ordered the Clerk of Court to keep the case file open until the court disposed of Plaintiff's pending motion for attorney's fees. On June 6, 2003, Plaintiff filed a notice of appeal with respect to the court's February 5, 2003 and May 8, 2003 orders. On August 15, 2003, the court awarded Plaintiff attorney's fees and costs and ordered the Clerk of Court to close the case file.

On January 26, 2004, Plaintiff filed this motion for reconsideration. After filing the motion, Plaintiff filed a "Motion by Appellant to Stay Appellate Proceedings Pending Disposition of Appellant's Motion for Reconsideration Before the District Court" with the Third Circuit. On February 13, 2004, the Third Circuit denied Plaintiff's request for a stay of the appellate proceedings. (*See* Docs. in Supp. of Defs.' Mem. in Opp'n to Pl.'s Mot. for Recons.)

**II.        Legal Standard: Motion for Reconsideration**

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment.[1] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present

---

[1] Plaintiff does not specify the Federal Rule of Civil Procedure her motion for reconsideration was brought under. Defendants address Plaintiff's motion as both a Rule 59(e) motion to alter or amend the judgment and a Rule 60(b) motion for relief from a judgment or order due to mistake, inadvertence, and so forth. However, when a Plaintiff files a motion for reconsideration without further specification, the court will view the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment."). Thus, the court will only review Plaintiff's motion under Rule 59(e).

3

newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).  "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'"  *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 U.S. Dist. LEXIS 20813, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (citations and internal quotation marks omitted)).  Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment.  *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541.  Finally, reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

### III.        **Discussion**

Plaintiff contends that her motion for reconsideration should be granted for the following reasons.  First, her motion is timely.  Second, Exhibit 94 should have been excluded from the equitable relief hearing because Plaintiff's counsel had

not received a copy of the exhibit prior to the hearing.  Finally, Commissioner Miller's testimony should also have been excluded because he lacked personal knowledge of the position Plaintiff would eventually be reinstated to.  In short, Plaintiff argues that if Exhibit 94 and Commissioner Miller's testimony had been excluded, the court would not have been able to conclude that the new position was commensurate with her previous position.  Thus, Plaintiff requests the court to reconsider its decision to reinstate Plaintiff and urges the court to award Plaintiff front pay based on other evidence presented at the equitable relief hearing.[2]

In response to Plaintiff's arguments, Defendants posit two counter-arguments.  First, the court lacks jurisdiction to grant the relief sought, and second, Plaintiff's motion is untimely under Rule 59(e).  The court finds these arguments to be dispositive of Plaintiff's motion; therefore, the court will deny Plaintiff's motion for the reasons stated below.

In *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), the Supreme Court explained that "[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *See also Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros.*, 198 F.3d 391, 394 (3d Cir. 1999).  Exceptions to this rule include allowing the district court to retain

---

[2]Plaintiff also urges the court to "order [Plaintiff's] entire personnel record be adjusted to make her whole."  (Pl.'s Mot. for Recons. at 4.)  Plaintiff contends that her "personnel record has not been adjusted in a manner consistent with the representations of Commissioner Miller." (*Id*. ¶ 16.)  In the court's February 5, 2003 order, the court noted that Defendants had already expunged Plaintiff's dismissal from her employment record and removed the dismissal letter from her employment file as of the time of the hearing. *See Wilhelm v. Pennsylvania*, No. 1:CV-01-1057 at 2 n.2 (M.D. Pa. Feb. 5, 2003).  In her motion for reconsideration, Plaintiff does not indicate what else she would like her personnel record to reflect.  Regardless, because the court concludes that it does not have jurisdiction to hear Plaintiff's arguments regarding reconsideration, the court is not in a position to grant Plaintiff this affirmative relief.

jurisdiction to "issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record on appeal and the granting or vacating of bail." *Id*. However, if a party files a timely Rule 59(e) motion in the district court while an appeal is pending, "the court of appeals should be moved to '. . . remand the case to the district court so that the latter court may pass on the motion . . . that was timely made there.'" *Hattersley v. Bollt*, 512 F.2d 209, 215-16 (3d Cir. 1975) (quoting 6A James Wm. Moore, Moore's Federal Practice ¶ 59-223 (2d ed. 1974)); *see also* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2821 (2d ed. 1995).

In applying these principles to the instant matter, the court concludes that Plaintiff's notice of appeal filed on June 6, 2003 divested the court of jurisdiction except for the limited purpose of addressing Plaintiff's petition for attorney's fees. Nevertheless, when Plaintiff filed her motion for reconsideration on January 26, 2004, the court could have had jurisdiction to hear the case if the motion was (1) timely and (2) the court of appeals remanded the case to the district court for consideration of the motion. *Hattersley*, 512 F.2d at 215-16. The court will discuss each of these elements in turn.

Plaintiff presents the following argument as to why her motion was timely. On February 5, 2003, the court ordered Plaintiff's reinstatement, but directed the Clerk of Court to defer entry of judgment until further order. Plaintiff argues that the court never ordered the Clerk of Court to enter judgment on the February 5, 2003 order. Because the order was not entered on a separate document in accordance with Federal Rule of Civil Procedure 58(a)(1), Plaintiff argues, the order was instead

entered by operation of Rule 58(b)(2)(B). This rule states that judgment is entered "when 150 days have run from entry in the civil docket" if the judgment is not set forth in a separate document. Fed. R. Civ. P. 58(b)(2)(B). Plaintiff proposes that the 150 days starts when the case was closed on August 15, 2003. Thus, under Plaintiff's theory, the February 5, 2003 order was not entered until January 12, 2004. Rule 59(e) mandates that a motion for reconsideration "shall be filed no later than 10 days after entry of the judgment." Therefore, Plaintiff maintains that her motion, filed on January 26, 2004, fell within the 10-day limitation when calculating time as provided by Rule 6.

The court rejects Plaintiff's argument. Plaintiff's theory of timeliness fails to account for the court's May 8, 2003 order, which directed the Clerk of Court to enter judgment "in accordance with the court's order[] of . . . February 5, 2003." Thus, the February 5, 2003 order was entered as of May 8, 2003. If Plaintiff desired to file a motion for reconsideration under Rule 59(e), the motion would have been due by May 22, 2003. Plaintiff's January 26, 2004 filing, therefore, was clearly untimely.[3]

The second prerequisite to the court's ability to retain jurisdiction for review of Plaintiff's motion for reconsideration is that the court of appeals must remand the case to the district court. *Hattersley*, 512 F.2d at 215-16. Plaintiff filed a motion with the Third Circuit requesting a stay of the appellate proceedings, but the

---

[3]Plaintiff alleges that she could not determine when judgment on the February 5, 2003 was entered. However, the May 8, 2003 order must have had some significance to Plaintiff as a possible date of entry of judgment. Plaintiff apparently relied on the date as the beginning of the 30-day time period within which she could file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A) ("[A] notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."). Plaintiff filed her notice of appeal, which sought review of, among other things, the court's February 5, 2003 order, on June 6, 2003–29 days after the May 8, 2003 order.

Third Circuit denied Plaintiff's motion. (*See* Docs. in Supp. of Defs.' Mem. in Opp'n to Pl.'s Mot. for Recons.) The Third Circuit's unwillingness to stay the appellate proceedings indicates that it will not confer jurisdiction upon this court to evaluate Plaintiff's motion. In short, the Third Circuit has evidenced its desire to maintain jurisdiction over the captioned matter.

In sum, the court lacks jurisdiction to examine Plaintiff's motion for reconsideration.[4] First, Plaintiff's motion was untimely. Further, the Third Circuit rejected Plaintiff's request to stay the appellate proceedings and confer jurisdiction on this court to review the motion. Accordingly, the court will deny Plaintiff's motion for reconsideration.[5]

### III.    Conclusion

In accordance with the foregoing discussion, the court will deny Plaintiff's motion for reconsideration. An appropriate order will issue.

---

[4] In deciding the instant matter, the court considered the applicability of Federal Rule of Appellate Procedure 4(a)(4), which explains the effect that a timely Rule 59(e) motion has on a notice of appeal. Under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), a notice of appeal filed before the disposition of a Rule 59(e) motion will become effective upon disposition of the motion. As the Advisory Committee Notes to the 1993 Amendments to Rule 4(a)(4) explain, "[a] notice filed before the filing of [a Rule 59(e) motion] is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." This rule, however, does not apply here because the Rule 59(e) motion must be timely. Plaintiff's motion was untimely; therefore, Federal Rule of Appellate Procedure 4(a)(4)(B)(i) does not operate to "suspend" Plaintiff's notice of appeal.

[5] In the alternative to deciding the instant matter at the present time, Plaintiff requests the court to defer judgment until after the Third Circuit renders its decision. The court, however, declines to grant Plaintiff's request. Deferring judgment will not affect the ultimate result of Plaintiff's motion for reconsideration. Even if the court had jurisdiction to review the motion, the court would not be able to entertain its merits because the motion was untimely. Rule 59(e) only permits a court to consider a motion to alter or amend the judgment if the motion was filed within 10 days after entry of the judgment. The fact that Plaintiff filed her motion well outside the time limit precludes the court from addressing the merits of the motion.

                                                s/Sylvia H. Rambo
                                                Sylvia H. Rambo
                                                United States District Judge

Dated: April 28, 2004.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BARBARA A. WILHELM,** : CIVIL NO. 1:CV-01-1057
:
**Plaintiff** :
:
v. :
:
**COMMONWEALTH OF** :
**PENNSYLVANIA and THE** :
**PENNSYLVANIA STATE POLICE,** :
:
**Defendants** :

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's Motion for Reconsideration of Order of February 5, 2003 (Doc. 163) is **DENIED**.

2) The Clerk of Court shall close the case file.

                                         s/Sylvia H. Rambo
                                         Sylvia H. Rambo
                                         United States District Judge

Dated:  April 28, 2004.