**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 03-2691

_____

BARBARA A. WILHELM,
Appellant

v.

COMMONWEALTH OF PA;
PENNSYLVANIA STATE POLICE;
PAUL J. EVANKO, COMMISSIONER;
THOMAS K. COURY;
MICHAEL D. SIMMERS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-cv-01057)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
on May 24, 2004

BEFORE: ROTH and STAPLETON, Circuit Judges, and
SCHWARZER,* Senior District Judge

(Opinion Filed: December 21, 2004)

_____

*The Honorable William W Schwarzer, Senior United States District Judge for the
Northern District of California, sitting by designation.

**ROTH**, Circuit Judge:

On September 11, 2002, Barbara Wilhelm won a jury verdict against the Commonwealth of Pennsylvania for violation of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-3(a). Wilhelm was awarded $250,000 in damages. In addition, there was an equitable relief hearing on the issue of Wilhelm's request for front pay. This appeal arises from the District Court's denial of front pay.

## I. FACTUAL AND PROCEDURAL HISTORY

The retaliation incident occurred while Wilhelm worked for the Pennsylvania State Police (PSP) as a Legislative Specialist. She alleged that she was terminated on May 1, 2000, in retaliation for complaining about incidents of sexual harassment. In addition to her Title VII claim, Wilhelm had also asserted claims under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), Pennsylvania's Human Relations Act, 43 PA. CONS. STAT. ANN. § 955, and the state Whistleblower Act, 43 PA. CONS. STAT. ANN. § 1421. The District Court granted summary judgment for the defendants on all charges except the Title VII retaliation charge. At trial, the jury awarded Wilhelm $250,000 in damages for the retaliation claim. The equitable hearing was then held to determine whether Wilhelm should be reinstated or receive front pay.

At the hearing, Wilhelm testified that she did not want to be reinstated with the

2

PSP or with any other Commonwealth agency. She argued that her relationship with the Commonwealth had become too contentious and that she could no longer trust the Commonwealth. Wilhelm presented expert testimony at the hearing claiming that the Commonwealth should pay her $944,336 for compensation. The defendants disputed this claim and provided evidence that the Commonwealth was willing to reinstate Wilhelm in a comparable position.

Jeffrey Miller, the Acting Commissioner of the PSP, testified that the Commonwealth was willing to place Wilhelm in the Department of Corrections as a Deputy Press Secretary for six months and that the PSP would pay her salary during that period – the same salary that she had received at the PSP. After the expiration of six months, the Commonwealth would guarantee Wilhelm employment commensurate with her skills. The District Court ordered the Commonwealth to reinstate Wilhelm in accordance with Commissioner Miller's testimony. Wilhelm appealed.

## II. DISCUSSION

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. Wilhelm raised three issues on appeal: 1) whether the PSP acted in bad faith by failing to timely disclose the proposed position for reinstatement, 2) whether the District Court erred in allowing Commissioner Miller to testify about the proposed position, and 3) whether the District Court erred in granting reinstatement as opposed to front pay.

### A. Commissioner Miller's Testimony

In reviewing whether the District Court erred in its evidentiary ruling to allow Commissioner Miller to testify about the duties of the proposed Deputy Press Secretary position, we use an abuse of discretion standard. *Abrams v. Lightolier, Inc.,* 50 F.3d 1204, 1213 (3d. Cir. 1995). Wilhelm argues that Commissioner Miller lacked the personal knowledge to testify about Wilhelm's capability to hold the proposed position. We disagree.

Federal Rule of Evidence 602 provides in pertinent part, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding the witness has personal knowledge of the matter. Evidence to prove personal knowledge may . . . consist of the witness' own testimony." Fed. R. Ev. 602. The court alerted Miller that more was needed than simply stating that he had reviewed the job description. Miller stated he was familiar with the position because he works with a press secretary in the PSP and he had worked with press secretaries for years in the Governor's office. He opined that Wilhelm possessed the skills to excel in the press secretary post.

The District Court has discretion to decide whether this burden of personal knowledge has been met. *See U.S. v. Lake,* 150 F.3d. 269, 273 (3d. Cir. 1998). An abuse of discretion occurs "when no reasonable person would adopt the district court's view." *Hanover Potato Prod., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993) (citation omitted). A reasonable person would conclude that Miller's experience qualified him to testify about the position. Accordingly, we will affirm the allowance of Miller's

4

testimony.[2]

## B. Reinstatement

Turning to the issue of reinstatement versus front pay, we conclude that the District Court did not err by ordering reinstatement. The court has broad discretion to determine whether reinstatement is proper; we will overrule it only if it abuses that discretion. *See Feldman v. Phila. Hous. Auth.,* 43 F.3d 823, 832 (3d Cir. 1994). We see no abuse of discretion here.

Whenever feasible, reinstatement is preferred over front pay. *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 796 (3d Cir. 1985). Reinstatement may not be feasible when there is no position left or the relationship between the two parties is too hostile. *Id.* This is a question for the District Court. *Id.*

Here, there was a position available for Wilhelm in the Department of Corrections. While the Deputy Press Secretary position was not identical to Wilhelm's former position, the District Court found that it was substantially similar. The court noted that the salary was the same and that Wilhelm's health and retirement benefits were to be restored so that the records do not indicate that she ever left state employment. The court also found that the responsibilities of the Deputy Press Secretary position are as substantial as

---

[2]Because Wilhelm did not object when Miller was examined concerning the job description or when it was admitted into evidence, we conclude that she waived her objection to its untimely disclosure.

Wilhelm's previous post.  Although Wilhelm contends that the two jobs are not commensurate, the "process of recreating the past will necessarily involve a degree of approximation and imprecision."  *Int'l Bhd. Of Teamsters v. United States,* 431 U.S. 324, 372 (1977).  Therefore, we cannot conclude that the District Court abused its discretion by holding that there was an available position which made reinstatement feasible.

Wilhelm also contends that reinstatement was not feasible because she no longer trusts the Commonwealth.  The District Court found that Wilhelm's distrust of the entire Commonwealth was unreasonable.  Wilhelm testified that before her time with the PSP, she had enjoyed her employment in various Commonwealth positions.  The employment with the PSP amounted to only two years of her eighteen year Commonwealth career. The Deputy Press Secretary position was within the Department of Corrections.  The only connection with the PSP was that the PSP was responsible for paying the first six months of Wilhelm's salary.  Other than that, she would not be supervised by the PSP, nor answerable to it.  Moreover, Wilhelm sent resumes to Commonwealth agencies after the jury trial had been completed.  In view of the above evidence, we conclude that there was no abuse of discretion by the District Court and that reinstatement was proper.

### III.  CONCLUSION

For the aforementioned reasons, we will affirm the judgment of the District Court.